

JOHN M. NORMANLY
San Diego Office
2011 Palomar Airport Road, Suite 207
Carlsbad, CA 92011
T 760-274-2110
F 760-274-2111
jnormanly@ccllp.law

December 1, 2023

Hon. Barbara L. Major
James M. Carter and Judith N. Keep
United States Courthouse
333 West Broadway, Suite 1180
San Diego, CA 92101

Re:  Estate of Lonnie Rupard et al. v. County of San Diego et al.
     Our File Number:      25163

Dear Honorable Barbara L. Major:

Defendant County of San Diego ("County") respectfully submits this letter brief in opposition to Plaintiffs Justino Rupard and Ronnie Rupard individually, and in their capacities as successors-in-interest to the estate of Lonnie Rupard (hereinafter, "Plaintiffs") letter brief arguing that Plaintiffs' Ex Parte Motion for Leave to Conduct Limited Discovery is not moot despite the filing of the First Amended Complaint ("FAC"). Docket No. 30.

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003). "Expedited discovery is not the norm. Plaintiff must make some *prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).

Los Angeles County
Orange County
San Diego County
Northern California
Inland Empire
Nevada

www.ccllp.law

Hon. Barbara L. Major
December 1, 2023
Page 2

## PLAINTIFFS' STATED REASONS FOR THE NEED FOR THE EXPEDITED DISCOVERY ARE NOT COMPELLING

Plaintiffs argue that they "still have the same time-sensitive need to identify" the DOE medical providers, deputies, and deputy supervisors because "federal claims brought under 42 U.S.C § 1983 require Plaintiffs to identify the specific individuals by name who are alleged to be responsible for the civil rights violations." Plaintiffs' Letter Brief, Pg. 1, ¶ 3. Plaintiffs do not cite to any statute or case law supporting their assertion that they are required to identify specific individuals by name. The reason for this: there are none.

County acknowledges that the Ninth Circuit generally disfavors the use of "Doe" to identify defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980.) Notwithstanding, "Doe pleading is not expressly prohibited by the federal rules, nor is it always inappropriate." *Estate of Morris v. Imperial County*, No. 16-CV-02334-BAS-PCL, 2017 WL 1237933, at *4 (S.D. Cal. Apr. 4, 2017), citing to *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). In fact, "federal courts have routinely allowed the use of fictitious names for defendants – even without discussion." *Id.*, citing as an *e.g.*, *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "Moreover, federal courts have generally approved the use of Doe pleading 'where the identity of alleged defendants [is not] known prior to the filing of the complaint,' and where 'the plaintiff [may have] an opportunity through discovery to identify the unknown defendants.'" *Id.*, citing to *Gillespie*, 629 F.2d at 642.[1] If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiffs could move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time.

Plaintiffs are also misguided when they assert that "absent early discovery, Plaintiffs would also not likely have access to the identities of DOE defendants until after the two-year anniversary of Rupard's death on March 17, 2022." Plaintiffs' Letter Brief, Pg. 2, first full ¶. "Where a district court 'borrows the statute of limitations from California State Law, California's procedure for relation back in the suing of fictitious defendants controls.'" *Kubal v. Disc. Tire.com*, No. 12-CV-1398-IEG BGS, 2012 WL 3648607, at *1 (S.D. Cal. Aug. 23, 2012), citing to *Provencio v. Vasquez,* 258 F.R.D. 626, 631 (E.D.Cal.2009), internal citations omitted. "As to relation back, 'the general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original

---

[1] As a reminder, *Gillespie* did not involve an ex parte application for limited early discovery, but rather was decided on a motion to dismiss.

Hon. Barbara L. Major
December 1, 2023
Page 3

complaint is filed.'" *Id.*, citing to *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176. "But '[a] recognized exception to the general rule is the substitution under Section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint.'" *Id.*, citing Cal Code Civ. P. § 474. "Where section 474 applies, 'the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed.'" *Id.*, citing to *Woo*, 75 Cal.App.4th at 176, internal citations omitted. If Plaintiffs are truly ignorant of the Doe Defendants' identities as they allege, then their concerns of the possible running of the applicable statute of limitations is unwarranted.[2]

## THERE IS NO GOOD CAUSE/NEED FOR THE EARLY DISCOVERY

Doe Medical Providers

There are numerous specific allegations in the FAC relating to the medical treatment of Decedent Lonnie Rupard ("Decedent"). These allegations contain the name and identity of medical personnel, whether direct employees of the County or contractors of the County. See FAC, ¶¶ 37 – 41, 48 – 127; Docket No. 30. Most notably, ¶ 67 of the FAC lists the names and titles of numerous medical personnel who purportedly had some sort of interaction with Decedent. See FAC, ¶ 67; Docket No. 30. It seems Plaintiffs have now named all the new Doe Medical Defendants thereby making the proposed early discovery regarding the Doe Medical Defendants moot and unnecessary. One certainly could argue that paragraph 67 lends credence to County's suspicion that Plaintiffs already have all the relevant documents in their possession. If this Court is inclined to grant Plaintiffs' Ex Parte Application, at the very least, proposed Special Interrogatory No. 5 should be stricken from any order granting such relief.

Doe Deputy Supervisors and Doe Deputies

To the extent Plaintiffs still seek early discovery regarding the Doe Deputies and Doe Deputy Supervisors, the proposed discovery is not narrowly tailored to the identities of the Doe Deputy Supervisors and Doe Deputies, times, and places per the allegations of the FAC. See *Coreno v. Hiles*, No. CIV.09CV2504LABPOR, 2010 WL 2404395, at *3 (S.D. Cal. June 14, 2010) ("[p]laintiff's interrogatories and requests for production are narrowly tailored to these

---

[2] Under Cal Code Civ. P. § 474 the substitution of a named party for a Doe defendant is deemed to relate back to the original complaint so long as the plaintiff was "genuinely ignorant" of the newly added defendant's identity. *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 980 (E.D. Cal. 2013), citing *Woo*, 75 Cal.App.4th at 177.

Hon. Barbara L. Major
December 1, 2023
Page 4

individuals, times, and places. *See, e.g.,* Interrogatory No. 1 [Doc. 13–1] ('Please state the names of the correctional officers [ ] who escorted the Plaintiff, Joseph Coreno, who was housed in Administrative Segregation [ ] on Fac. 2–7–124, from his cell to the Correctional Treatment Center [ ] and back on 2–18–07 in between 6:00 p.m. and 9:00 p.m.'") Here, Plaintiffs' proposed special interrogatories seek the identities of individuals based on a vague, ambiguous, overbroad and general description of job duties and responsibilities. Plaintiffs do not point to specific events involving Doe Deputy Supervisors and Doe Deputies.[3]

The good cause standard may be satisfied where a party seeks a preliminary injunction. See *Qwest Communications Intern., Inc.*, 213 F.R.D. at 419; see also *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex.2004) ("[e]xpedited discovery [is] appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction.") Here, there is no preliminary injunction pending nor has there been a challenge to personal jurisdiction.

If the Court grants the ex parte relief, the burden on County to comply with the requested discovery would be substantial. Plaintiffs are improperly seeking discovery of contentions under the guise of limited discovery about Doe Defendant identities. Rule 26 expressly states that discovery on a parties' contentions even after discovery has begun is subject to limitations.

## CONCLUSION

Based on the new allegations contained in the FAC, specifically those allegations relating to the original Doe Medical Providers, Plaintiffs ex parte motion is moot. As to the Doe Deputy Supervisors and Doe Deputies, Plaintiffs' proposed early discovery are not narrowly tailored to any specific events thereby making them overbroad and improper. County respectfully requests that the Court find the ex parte application to conduct limited discovery moot.

---

[3] As a reminder, Plaintiffs' Ex Parte Application is almost identical to the one filed in *Estate of Schuck v. County of San Diego* (S.D. Cal., June 16, 2023, No. 323CV00785DMSAHG) 2023 WL 4055705, at *1. The Court in *Schuck* granted in part and denied in part Plaintiffs' ex parte application. The difference in that case to the present is that there were specific allegations relating to the Doe Deputy Supervisors and Doe Deputies' wrongdoing contained in the complaint. *Estate of Schuck*, 2023 WL 4055705, at *4. Here, there are no such similar specific allegations.

Hon. Barbara L. Major
December 1, 2023
Page 5

      If the Court finds the FAC does not render the ex parte application moot, County nevertheless requests the Court deny the ex parte application to conduct limited discovery based on Plaintiff's failure to show good cause for the requested relief.


Respectfully Submitted,

COLLINS + COLLINS LLP

*John M. Normanly*


Attorneys for Defendants
COUNTY OF SAN DIEGO, WILLIAM GORE,
KELLY MARTINEZ, and JON MONTGOMERY

*25163*