UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, By and Through His Successors In-Interest, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.:  23-cv-1357-CAB-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART** *EX PARTE* **MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY TO ASCERTAIN "DOE" DEFENDANTS' IDENTITIES** |

Currently before the Court is Plaintiffs' November 10, 2023 *Ex Parte* Motion for Leave to Conduct Limited Discovery to Ascertain "Doe" Defendants' Identities ("Motion"). ECF No. 25. On November 13, 2023, the Court issued a briefing schedule wherein Defendant County of San Diego ("County Defendant") was required to file any opposition to Plaintiffs' Motion on or before November 16, 2023. ECF No. 26. No reply would be accepted. Id. On November 16, 2023, Defendant County of San Diego ("County Defendant") filed an opposition to Plaintiff's Motion ("Oppo."). ECF No. 27. On November 21, 2023, the Court issued an order requiring Plaintiff to file a letter brief to explain why Plaintiffs' Motion was not mooted by the filing of their First Amended Complaint ("FAC"), and, if the Motion is not moot, explain what additional information regarding the identities of the Doe Defendants is still necessary. ECF No. 31. Plaintiffs filed their letter brief ("Plaintiffs' Brief") on November 28, 2023 [ECF No. 33], and County Defendant filed its opposition letter brief ("Opposition Brief") on December 1, 2023. ECF No. 34.

Having reviewed Plaintiffs' Motion, County Defendant's Oppo., Plaintiffs' Brief, County Defendant's Opposition Brief, and all supporting documents, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for the reasons set forth below.

## RELEVANT BACKGROUND

On July 26, 2023, Plaintiffs, proceeding as successors in interest for their late father ("Decedent"), filed a complaint[1] containing numerous causes of action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that the Defendants violated their civil rights by allowing the Decedent to die from pneumonia, malnutrition, and dehydration while incarcerated in Defendants' facility. Motion at 2; see also ECF No. 1 at ¶¶ 37-75. In their complaint, Plaintiffs also allege causes of action for wrongful death, dependent adult neglect, violation of Cal. Gov. Code § 52.1 (Bane Act), Cal. Gov. Code § 845.6 (Failure to Summon Medical Care), negligence, and negligent training and supervision. Motion at 2; ECF No. 1 at ¶¶ 108, 116-122, 165, 179-180, 183-191. On October 4, 2023, Defendants County of San Diego, Bill Gore, Barbara Lee, Kelly Martinez, and Jon Montgomery filed a Motion to Dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b). ECF Nos. 20, 21. On November 10, 2023, Plaintiffs filed the instant Motion. ECF No. 25. On November 21, 2023, Plaintiffs filed a First Amended Complaint ("FAC") alleging the same causes of action contained in Plaintiffs' original complaint. ECF No. 30.

## LEGAL STANDARD

A party is generally not permitted to obtain discovery before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] by stipulation, or by court order."). However, courts have made exceptions to allow limited early discovery when there is good cause. Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F.Supp.2d 1086, 1099 (N.D. Cal. 2012) ("In the Ninth Circuit, courts use the good cause standard

---

[1] On July 26, 2023, Plaintiffs filed their original complaint. ECF No. 1. On November 21, 2023, Plaintiffs filed their FAC. ECF No. 30. Though the instant Motion was filed before the FAC, the Court will consider the operative FAC in its analysis.

to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference."). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether a party has shown good cause to grant expedited discovery, courts "commonly consider[ ]" the following non-exhaustive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009) (internal quotation omitted); see, e.g., Synopsys, Inc. v. AzurEngine Techs., Inc., 401 F.Supp.3d 1068, 1076–77 (S.D. Cal. 2019) (applying the same factors); Palermo v. Underground Solutions, Inc., No. 12cv1223-WQH-BLM, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) (same).

Consistent with this generally recognized exception to Rule 26(f), the Ninth Circuit has held that " 'where the identity of the alleged defendant[ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.' " Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (brackets in original) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Thus, in cases where plaintiffs are seeking to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity so that the court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). These factors are considered to ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted

traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." Id.

### PLAINTIFFS' POSITION

In Plaintiffs' FAC, they identify pseudonymously named Doe defendants to preserve their claims against them, alleged in three distinct categories:

> Defendant Medical Providers Does 1-10 (hereinafter "Doe Medical Providers") are all County employees, agents, or contractors working within the Sheriff's Department Medical Services Division who were responsible for [Decedent]'s medical care, including follow-up assessments and referrals for further treatment, whether or not they actually provided [Decedent] with any medical care. Doe Medical Providers include all Qualified Mental Health Providers. Doe Medical Providers were acting under color of law and within the scope of their employment at all times relevant to the events described in this Complaint.

FAC at ¶ 32.

> Defendant Deputy Does 1-10 are all Sheriff's Department deputies who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks on [Decedent] in any housing unit in which [Decedent] was housed leading up to his death on March 17, 2022, including but not limited to deputies in the housing unit "7D" or Module D on the seventh floor.

FAC at ¶ 42.

> Defendant Deputy Supervisor Does 1-10 (hereinafter "Doe Deputy Supervisors") are Sheriff's Department deputies who were responsible for training and supervising Doe Deputies.

FAC at ¶ 44.

Plaintiffs seek the Court's leave to conduct early limited discovery to identify Doe Defendants as "Plaintiffs have been unable to identify all of those involved with [Decedent]'s care – or lack thereof – at the County Jail." Motion at 2; see also Plaintiffs' Brief at 1 ¶ 3. Plaintiffs request expedited limited discovery as it is "directly responsive to identifying the particular DOE defendants set forth in the FAC who are unable to be identified" and "it is anticipated that the County Defendants will seek to dismiss/strike the DOE defendant allegations from the FAC[.]" Plaintiffs' Brief at 2 ¶ 2. Further, they argue that "[a]bsent early discovery, Plaintiffs would also not likely have access to the identities of DOE defendants until after the two-year anniversary of [Decedent]'s death" such that the statute of limitations may expire prior to Plaintiff

4

ascertaining their identities.[2] Id. Plaintiffs argue they are entitled to discovery regarding the identities of the Doe Defendants to "preserve their rights" as this request is analogous to other Ninth Circuit precedents where the court granted early limited discovery to identify John Doe defendants when a motion to dismiss a plaintiff's claims is pending. Motion at 5, 10; see Plaintiffs' Brief at 3 ¶ 2. Plaintiffs indicate that County Defendant has failed to provide "individual names of those involved in responses to record requests or in response to Plaintiff's government claim under the California Tort Claims Act." Motion at 5, 10. Moreover, Plaintiffs state that the County Defendant did not release the identities of individuals involved with Decedent's care "in Sheriff's Department press releases" or "the Sheriff's Critical Incident Review Board In-Custody Information release regarding [Decedent]'s death." Id. at 3. Plaintiffs also indicate that the Medical Examiner's autopsy report, which determined the manner of death to be a homicide due to neglect, did not state the names of any individuals responsible for the Decedent's care. Id. Plaintiff claims that County Defendant refused to provide the names of individuals sought in the instant Motion despite the parties meeting and conferring on this issue. Id. at 4; see ECF No. 25-1 ("Lowe Decl.").

## COUNTY DEFENDANT'S POSITION

First, County Defendant argues that "[i]f the true identity of any of the Doe Defendants comes to light during discovery, Plaintiffs could move to substitute the true names of Doe Defendants." Opposition Brief at 2 ¶ 2. Similarly, they contend that California's procedure regarding the statute of limitations as to the Doe defendants would relate back to the original filing of the complaint. Id. at ¶ 3. Next, County Defendant argues that Plaintiffs have named all Doe Medical Defendants in their FAC so no expedited limited discovery should be allowed to ascertain their identities. Id. at 3 ¶ 2. County Defendants further argue that Plaintiff's discovery regarding the Doe Deputies and Doe Deputy Supervisors is "not narrowly tailored to the identities of the Doe Deputy Supervisors and Doe Deputies, times, and places per the allegations of the FAC." Opposition Brief at ¶ 4; see also Oppo. at 11-12. County Defendant further argues

---

[2] Plaintiffs do not concede that the statute of limitations started to run on March 17, 2022.

that the burden to comply with the requested discovery "would be substantial." Oppo. at 15. County Defendant asserts that the suggested discovery requests, among other arguments, ask about legal contentions and facts subject to dispute, are unrelated to the issue of whether Plaintiffs have adequately pled their claims, and that some of the information and documents they request must be sought from another entity who is wholly separate from County Defendant. Id. at 11-13. County Defendant also argues that the need for the expedited discovery does not outweigh the prejudice to the County should the Motion be granted. Id. at 15. Finally, they argue that the Motion is moot due to Plaintiffs' filing of the FAC. Opposition Brief at 4 ¶ 4.

## DISCUSSION

To determine whether good cause exists for early discovery, courts generally consider the following: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet, 673 F.Supp.2d at 1067 (internal quotation omitted). Here, the Court finds that three of the five factors clearly support early discovery. First, there is no preliminary injunction pending in this case so the first factor weighs against early discovery. See Docket. Second, as discussed in greater detail below, the Court finds that some of Plaintiffs' proposed discovery requests are narrowly tailored and will be served for the legitimate purpose of identifying unnamed Doe Defendants before the statute of limitations may run and to add them to the operative complaint. Next, the Court is persuaded that County Defendant readily has the information sought in their possession as "[t]he County directed and/or participated in multiple investigations regarding [Decedent]'s death." Motion at 9. For example, the Sheriff's Homicide Unit was required to investigate the Decedent's death and the Medical Examiner's Department investigated his death. Id. The County does not provide any clear explanation as to why providing this information would be a burden aside from stating, "[i]f the Court grants the ex parte relief, the burden on the County to comply [] would be substantial." Oppo. at 15. Also, the Plaintiffs' requests are not made significantly in advance of the discovery process, but do come before any Defendant has answered Plaintiffs' FAC.

However, County Defendant has already responded to Plaintiff's complaint by filing a motion to dismiss [ECF Nos. 20, 21], opposed this Motion [ECF No. 27], and filed an *ex parte* motion for extension of time to respond to Plaintiffs' FAC [ECF No. 35]. Thus, the Court finds the final factor is neutral. Accordingly, the Court finds good cause exists for limited early discovery.

The second issue is whether there is good cause for expedited discovery for the specific purpose of ascertaining the identities of the Doe Defendants. In this analysis, the Court will consider whether Plaintiffs (1) identify the Doe Defendants with sufficient specificity so that the Court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describe all previous steps taken to identify and locate the defendants; (3) establish that the suit could withstand a motion to dismiss; and (4) establish that the discovery requested is likely to lead to identifying information about the defendants that will permit service of process. See Columbia Ins. Co., 185 F.R.D. at 578–80

### a. Identification of Doe Defendant with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. Columbia Ins. Co., 185 F.R.D. at 578.

District Courts have found that a plaintiff may satisfy the first factor by demonstrating that the operative complaint details sufficient allegations of the events and individuals whom a plaintiff seeks to identify. See e.g., Coreno v. Hiles, 2010 WL 2404395, at *3 (S.D. Cal., June 14, 2010) (the plaintiff satisfied the first factor by including detailed allegations against the Doe Defendants in the operative complaint); see also Raiser v. San Diego County, 2019 WL 4675773, (S.D. Cal., Sep. 25, 2019) (finding that the plaintiff satisfied the first factor by sufficiently identifying the times, dates, and locations of the unlawful actions in the operative complaint).

Plaintiff argues that "[t]he Complaint [] alleges all of the details that the County would need to identify the defendants - [Decedent]'s identity, the jail [Decedent] was booked into, the date of his booking, the date of his death, and his housing locations within the jail according to the Medical Examiner's report[.]" Motion at 6. Defendant does not address this issue. See Oppo; see also Opposition Brief.

Here, Plaintiffs' FAC describes the unidentified Doe Defendants' respective positions within the jail with specificity in paragraphs 32, and 42 through 44. FAC at ¶¶ 32, 42-44. In paragraph 32, Plaintiffs allege that "Defendant Medical Providers Does 1-10[] are all County employees, agents, or contractors working within the Sheriff's Department Medical Services Division who were responsible for [Decedent]'s medical care." Id. at ¶ 32. In paragraphs 42, the Plaintiffs allege that:

> Defendant Deputy Does 1-10 are all Sheriff's Department deputies who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks on [Decedent] [] leading up to his death on March 17, 2022, including but not limited to deputies in the housing unit '7D' or Module D on the seventh floor.

Id. at ¶ 42.

Plaintiffs further allege in their FAC that "Defendant Deputy Supervisor Does 1-10[] are Sheriff's Department deputies who were responsible for training and supervising Doe Deputies." Id. at ¶ 44. The FAC also makes clear that the Decedent was under the care of Doe Defendants between December 19, 2021, the date of his arrest, and March 17, 2022, the date of his death. Id. at ¶¶ 49-55. The Court finds that the Plaintiffs have sufficiently alleged the times, dates, and locations of the Doe Defendants. Accordingly, the Court finds that Plaintiffs have sufficiently identified the Doe Defendants for the purpose of this analysis. See Estate of Schuck v. County of San Diego, 2023 WL 4055705, at *4 (S.D. Cal. June 16, 2023) (finding that the Plaintiff had established the first factor by describing the Doe Defendants with sufficient specificity that they may be identified and served by referencing the dates and locations of the incidents); see also Raiser v. San Diego County, 2019 WL 4675773, (S.D. Cal., Sep. 25, 2019) (finding that the plaintiff satisfied the first factor by sufficiently identifying the times, dates, and locations of the unlawful actions in the operative complaint).

### b.  Previous Attempts to Locate Defendant

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. Columbia Ins. Co., 185 F.R.D. at 579. Plaintiffs indicate they have been unable to identify all of those involved with the Decedent's care but have been "diligent" in their efforts to identify them. Motion at 6. Plaintiffs state that

"[w]hile the Sheriff's Department produced some medical records in response to Plaintiff's [records] request, it did not produce any audio and video recordings of [Decedent] while in the County Jail, as well as any information regarding personnel responsible for performing rounds[] [and] checking on [Decedent]." Id. at 6. Plaintiffs further indicate that "none of the reports or press releases publicly issued by the County, the Sherrif's Department, or the Medical Examiner contain the identities of those responsible[.]" Id. Counsel for Plaintiffs also contacted counsel for Defendant to request a stipulation for limited discovery, but counsel for Defendant declined. Id.; see also Lowe Decl. at ¶¶ 4-5. Accordingly, the Court finds that Plaintiff has made a good-faith effort to identify and locate the Doe defendants before filing the instant application. See Raiser, 2019 WL 4675773, at *2 (S.D. Cal., Sep. 25, 2019) (plaintiff made a good faith effort to identify the unnamed deputies when he contacted the clerk in the Records Department of the San Diego County Sheriff).

### c. Ability to Withstand a Motion to Dismiss

Plaintiff must establish that its lawsuit can withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579. The Court is persuaded that Plaintiffs' allegations against the Doe Defendants could withstand a motion to dismiss as they "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). County Defendant argues that Plaintiffs' claims could not survive a motion to dismiss. Oppo. at 13. The County relies on Keavney v. County of San Diego, No. 3:19cv1947-AJB-BGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 20, 2020) for the proposition that, to withstand a motion to dismiss, a plaintiff must allege specific facts regarding how each doe defendant violated his rights. Id. However, Keavney is distinguishable from this case as the court in that case *sua sponte* dismissed claims against doe defendants pursuant to *in forma pauperis* screening because plaintiff "fail[ed] to even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his constitutional rights." Keavney, 2020 WL 4192286 at *4-5. County Defendant also relies on Estate of Schuck v. County of San Diego, No. 3:23cv785-DMS-AHG, 2023 WL 4055705, at *4 (S.D. Cal. June 16, 2023) for the proposition that Plaintiffs must

allege that "there were specific allegations relating to the Doe Deputy Supervisors and Doe Deputies' wrongdoing contained in the complaint." Opposition Brief at 4 fn. 3. However, the court in Estate of Schuck, found that

> Plaintiffs' groupings are [] descriptive enough to withstand a motion to dismiss. For example, Plaintiffs allege that one group of Doe Deputies were those 'who were responsible for transporting Hayden to and from court, holding cells, and transportation vehicles on March 15, 2022,' and another group of Doe Deputies were those 'who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks on Hayden in any housing unit in which Hayden was housed from March 10, 2022 to March 16, 2022.'

Estate of Schuck, 2023 WL 4055705, at *4.

Here, the Court finds that Plaintiffs' groupings are likewise descriptive enough to withstand a motion to dismiss.[3] For example, Plaintiff alleges that one group of Doe Defendants are "Medical Providers [who] are all County employees, agents, or contractors working within the Sheriff's Department Medical Services Division who were responsible for [] follow-up assessments and referrals for further treatment[.]" FAC at ¶ 32. Similarly, Plaintiffs allege that another group of Doe Defendants "all Sheriff's Department deputies who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks [] in any housing unit in which [Decedent] was housed leading up to his death on March 17, 2022, including [] deputies in the housing unit "7D" or Module D on the seventh floor." Id. at ¶ 42. Plaintiffs allege that Doe Deputy Supervisors were those who were responsible for training and supervising the Doe Deputies. Id. at 44. Plaintiffs also point to specific events undertaken by the Doe Deputies. Compare Keavney, 2020 WL 4192286 at *4-5; with FAC at ¶ 76-78 (a February 9, 2022 report by deputies on the 7th floor reported that Decedent spoke to himself and, despite "[Decedent]'s psychotic presentation, obvious weight loss and overall physical health, he was not referred by [] Medical Provider Does 1-10 to be assessed by a medical doctor."); id at ¶ 188 (Doe Defendants failed to summon medical care in

---

[3] The Court notes that it is not prejudging or prohibiting a motion to dismiss that may be filed by any Defendant. The Court is simply finding that for this analysis, the FAC may (not will) be able to withstand a motion to dismiss.

the face of obvious signs that [Decedent]'s health was deteriorating, including, Decedent rambling incoherently, having an unkept and dirty appearance, and his cell containing contaminated food with larvae); id at ¶ 102 (Doe Defendants failed to check on [Decedent] in the days leading up to his death).

Accordingly, the Court finds that the Plaintiffs have "made some showing that an act giving rise to civil liability actually occurred." Columbia Ins. Co., 185 F.R.D. at 580.

### d. Proposed Discovery Requests

Plaintiffs seek permission to propound limited Requests for Production of Documents and Special Interrogatories. Motion at 7; see also Plaintiffs' Brief at 4 ¶ 1. Plaintiffs argue that the requests are "narrowly tailored requests for production and special interrogatories geared at identifying the Doe defendants described in the Complaint[.]" Motion at 7.

"Courts have indicated that 'some limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted.'" Raiser, 2019 WL 4675773, at *1 (S.D. Cal., Sep. 25, 2019) (quoting Columbia, 185 F.R.D. 573, 578 (N.D. Cal. 1999)). Early discovery should be limited to "ensure that this unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service and will prevent use of this method to harass or intimidate." Id.

### 1. Requests for Production of Documents

Plaintiffs wish to propound the following Requests for Production of Documents on County Defendant:

**Request for Production No. 1:** Any and all information provided to CLERB [Citizens' Law Enforcement Review Board] responsive to their death investigation of Lonnie Rupard, Case #22-031.

**Request for Production No. 2:** Any and all documents regarding the County Medical Examiner's investigation into Rupard's death that ultimately led to the determination that the manner of death was a homicide.

**Request for Production No. 3:** Any and all video surveillance of Lonnie Rupard in the 72 hours leading up to his death.

**Request for Production No. 4:** Any and all audio recordings of Lonnie Rupard in the 72 hours leading up to his death.

Motion at 7-8.

Plaintiff does not address in their Motion how or why these requests for production are narrowly tailored to identify the Doe Defendants in their Motion. See Motion. County Defendant argues that "CLERB is independent from the County" and "[s]uch records should be subpoenaed from CLERB under the Rule 45 process." Oppo. at 11. Further, County Defendant argues that Request for Production No. 2 should not be allowed as "Plaintiffs [] are already in possession of the Medical Examiner's records." Id. Finally, regarding Requests for Production Nos. 3 and 4, County Defendant argues they are unrelated to the issue of identifying Doe Defendants for purposes of opposing Defendant's motion to dismiss. Id. at 11-12.

The Court finds that the first two requests for production of documents are overbroad and not narrowly tailored to determine the identities of the Doe Defendants. The Court also notes that Plaintiffs have not established that they cannot obtain the CLERB information by other means or that information identifying the Doe Defendants would be found within the CLERB documents. Similarly, Plaintiffs admit that they have received a variety of medical records and reports and Defendants claim that Plaintiffs have received all of the Medical Examiner's records so Plaintiffs have not established that there are missing records or that the requested records will identify the remaining Doe Defendants. With regards to the fourth request, Plaintiffs have not established how the requested audio recordings will help identify the Doe Defendants as it is unlikely Plaintiffs will recognize voices and Plaintiffs do not explain why the recordings would contain identifying information. While the requests for production likely would produce relevant information about Plaintiffs' claims, the Court finds them to be overbroad and not suited for early limited discovery regarding the identities of the Doe Defendants. See Raiser, 2019 WL 4675773, at *1 (S.D. Cal., Sep. 25, 2019) (quoting Columbia, 185 F.R.D. 573, 578 (N.D. Cal. 1999)). Accordingly, the Court **DENIES** Plaintiffs' request to propound Requests for Production of Documents Nos. 1, 2, and 4 on County Defendant.

The Court finds that the third request is narrowly tailored to obtain identifying information. Plaintiffs allege that decedent was seen by a court-ordered psychiatrist on March 14, 2022, who noted significant mental illness symptoms and unsanitary cell conditions. FAC at

¶¶ 91-100; Oppo. at 7-8. Decedent was found unresponsive in his bunk on March 17, 2022. Id. at ¶ 48. As a result, the requested video, if it exists, may contain images of Defendant Deputy Does. Accordingly, the Court **GRANTS** Plaintiffs' request to propound Request for Production of Documents No. 3.

### 2. Special Interrogatories

Plaintiffs also seek to propound the following Special Interrogatories on County Defendant:

> **Special Interrogatory No. 1:** Identify the Sheriff's Department deputies whose duties included summoning medical or mental healthcare, observing any audio or video monitors, and/or conducting wellness or safety checks on Rupard in any housing unit at the San Diego County Jail in which Rupard was housed from March 14, 2022 through March 17, 2022.
>
> **Special Interrogatory No. 2:** Identify the Sheriff's Department deputies who worked shifts in housing unit "7D" of "Module D" on the seventh floor from March 14, 2022, through March 17, 2022.
>
> **Special Interrogatory No. 3:** Identify the Sheriff's Department deputies who were responsible for training all deputies identified in Special Interrogatories 1-40.
>
> **Special Interrogatory No. 4:** Identify the Sheriff's Department deputies who were responsible for supervising all deputies identified in Special Interrogatories 1-40.
>
> **Special Interrogatory No. 5:** Identify the County employees, agents, or contractors working within the Sheriff's Department Medical Services Division from December 19, 2021 to March 17, 2022 who were responsible for Rupard's medical care, including follow-up assessments and referrals for further treatment, whether or not they actually provided Rupard with any medical care.

Motion at 8.

Plaintiffs generally argue that the requests are "narrowly tailored." Id. County Defendant argues that all these Special Interrogatories "ask County [Defendant] about legal contentions and facts subject to dispute at this juncture" and "[t]he information [they] seek is unrelated to the issue of whether Plaintiffs have adequately pled their claims[.]" Oppo. at 12.

The Court finds that Plaintiffs' requested Special Interrogatory Nos. 1 and 2 are narrowly tailored and would not create an undue burden on Defendants. First, the Special Interrogatories are narrowly tailored as to time as they seek information for the day Decedent died and the three preceding days. Second, contrary to Defendant's arguments, they do not seek legal

conclusions. They merely seek the identity of deputies who had specific duties or who worked in Decedent's housing unit. Third, the requests are narrowly tailored to obtain identifying information.

Special Interrogatory Nos. 3 and 4 are overbroad as they seek the identities of deputies who trained or supervised other deputies identified in "Special Interrogatories 1-40." Motion at 8. Plaintiffs do not provide the referenced 40 interrogatories nor the County's response to the 40 interrogatories. See Motion; Plaintiffs' Brief. The Court therefore finds these requests are not narrowly tailored and **DENIES** Plaintiffs' request to serve them.

In Special Interrogatory No. 5, Plaintiffs ask County Defendant who was responsible for Decedent's medical care for the entire three months he was in custody. Motion at 8. Plaintiffs acknowledge that they received medical records [Plaintiffs' Brief at 3] and the FAC includes the identities of medical providers. FAC at ¶¶ 34-35, 37-40. Plaintiffs do not explain why the medical records are insufficient nor why they cannot use the medical records to narrowly tailor this request (for example, requesting the identity of the person who treated or refused to treat Decedent on a specific date). Instead, Plaintiffs' request asks County Defendant to determine who was "responsible" for Decedent's care for a three-month period and then to provide the name of every such person. The Court finds this request is not narrowly tailored to obtain the identities of unknown Doe Defendants and therefore **DENIES** the request to propound it.

e. **Prejudice to the Responding Party**

Lastly, the Court will consider whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276. The Court finds that the prejudice to County Defendant is minimal for the single Request for Production of Documents and two Special Interrogatories authorized by the Court. The permitted requests are narrowly tailored and County Defendant will not be unduly burdened to respond to them. The Court also finds that the potential harm to Plaintiffs of being unable to preserve their rights and bring claims in this matter outweighs the County's concern for the unnamed defendants' privacy. See Estate of Schuck, 2023 WL 4055705, at *5 (the plaintiff's need to preserve its rights and bring claims outweighed unnamed defendants' concern for

privacy). Therefore, the balancing test supports the conclusion that Plaintiffs' motion should be granted as set forth in this order.

## CONCLUSION

Having found good cause for Plaintiffs to conduct limited expedited discovery to ascertain the identity of the Doe Defendants named in Plaintiffs' FAC, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to conduct limited discovery.  For the foregoing reasons, it is hereby ordered that:

1. On or before **December 15, 2023**, Plaintiffs must serve Request for Production of Documents, No. 3 and Special Interrogatories, Nos. 1-2 on County Defendant in accordance with this order.  Plaintiffs may not serve any additional discovery requests.

2. County Defendant must serve its responses to the requests on or before **January 5, 2024**.

**IT IS SO ORDERED**.

Dated:  12/12/2023

Hon. Barbara L. Major
United States Magistrate Judge