**CLAUDIA G. SILVA, County Counsel (SBN 167868)**
**FERNANDO KISH, Senior Deputy (State Bar No. 236961)**
**ANDREI DUMITRESCU, Senior Deputy (State Bar No. 320456)**
**OFFICE OF COUNSEL COUNSEL, SAN DIEGO**
**1600 Pacific Highway, Room 355**
**San Diego, CA 92101**
**619-531-6229**
**Email: andrei.dumitrescu@sdcounty.ca.gov; Fernando.kish@sdcounty.ca.gov**

Rada Feldman, Esq. (State Bar No. 285931)
John M. Normanly, Esq. (State Bar No. 306588)
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: jnormanly@ccllp.law**

Attorneys for Defendants
County of San Diego, Bill Gore, Kelly Martinez, Jon Montgomery, Christina Anosike, Ben Samonte, and May Ng

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, By and Through His Successors-In-Interest Justino Rupard & Ronnie Rupard; JUSTINO RUPARD, Individually and In His Capacity as Successor in Interest; RONNIE RUPARD, Individually and In His Capacity as Successor in Interest;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; BILL GORE, In His Individual Capacity; | CASE NO. 3:23-cv-1357-CAB-BLM<br>*Assigned to Hon. Cathy Ann Bencivengo; Magistrate Hon. Barbara L. Major; Dept. 15A*<br><br>**COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFFS' RENEWED *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>**Complaint Filed:** 7/26/2023<br>**Trial Date:** None |

25163

1
COUNTY DEF'S MEMO OF P&A ISO OPPOSITION TO PLAINTIFFS' RENEWED *EX PARTE* MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

| | |
|---|---|
| 1 | KELLY MARTINEZ, In Her Individual Capacity; CORRECTIONAL HEALTHCARE PARTNERS (CHP); JON MONTGOMERY, DO, In His Individual Capacity; LIBERTY HEALTHCARE CORPORATION; CHRISTINA ANOSIKE, In Her Individual Capacity; ANTHONY CRUZ, MD, In His Individual Capacity; BEN SAMONTE, In His Individual Capacity; MAY NG, In Her Individual Capacity; DEFENDANT DEPUTIES DOES 1-10, DEFENDANT MEDICAL PROVIDERS DOES 1-10; DEFENDANT SUPERVISOR DOES; 1-10 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Defendants. |

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Renewed Ex Parte Motion for Leave to Conduct Limited Discovery (hereinafter, "Renewed Motion") argues that Defendant County of San Diego's ("County") responses to their recently served special interrogatories are insufficient to identify the relevant Defendant Doe Deputies and that the only means of doing so is review of video surveillance of the 72 hours leading up to the death of Lonnie Rupard ("Decedent"). Plaintiffs argue, without any support in law or fact, that disclosure of the video surveillance will have no impact on the integrity of the ongoing, pending criminal investigations.

The video surveillance at-issue is part of an ongoing, pending criminal homicide investigation of Decedent's death and as such is protected from disclosure by the official information/law enforcement privilege. Safeguarding this information under these circumstances is precisely the purpose of the privilege.

County has submitted a signed declaration from Detective Max Blumenshine ("Blumenshine"), the designated lead investigator relating to the in-custody death of Decedent at San Diego Central Jail (SDCJ) on March 17, 2022, who avers that he personally reviewed the subject surveillance videos from the pending homicide investigation and explains the need for the privilege: an ongoing, pending criminal investigation of Decedent's death by the San Diego County Sheriff's Homicide Unit that will be subject to review by the San Diego District Attorney's Office, the United States Attorney's Office, and the Federal Bureau of Investigations at the conclusion of the homicide investigation. Additionally, Detective Blumenshine sets forth in his declaration the facts regarding the District Attorney's Office and United States Attorney's Office's objections to disclosure of the materials from the homicide investigation, including the video, until their review of the investigation is complete based on his personal discussions with the DDA and AUSA. (See Declaration of Max Blumenshine ("Blumenshine Decl."), ¶¶ 3-5.) County has met its burden.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Plaintiffs, on the other hand, have not established their burden and lack good cause for disclosure of this privileged information. Plaintiffs fail to explain how the information County has already provided in response to the Special Interrogatories is insufficient for Plaintiffs to identify the Doe Deputy Defendants. Plaintiffs do not demonstrate that they are unable to identify the Doe Deputy Defendants from the remaining discovery. In fact, Plaintiffs admit the contrary: County's responses to the Special Interrogatories identify each deputy by name and the day/night shift worked on each of the requested dates from March 14, 2022 through March 17, 2022.

Plaintiffs' Renewed Motion should be denied. It lacks any law and facts supporting their request. The information Plaintiffs seek is readily obtainable from the remaining discovery without compromising active criminal investigations or pending prosecutions. Further, Plaintiffs' Renewed Motion ignores a long line of cases upholding the protection of materials that are subject of a pending, ongoing criminal investigation from disclosure.

## II. COUNTY HAS MET ITS BURDEN ESTABLISHING THE OFFICIAL INFORMATION/LAW ENFORCEMENT PRIVILEGE

Although the Ninth Circuit has not expressly recognized the law enforcement privilege, several courts within this Circuit have acknowledged and applied it.[1] *Lien v. City of San Diego*, No. 21-cv-224-MMA-WVG, 2022 WL 134896, at *2 (S.D. Cal. Jan. 14, 2022), citing as examples *Jones v. Hernandez*, No. 16-CV-1986 W (WVG), 2018 WL 1981207, at *3 (S.D. Cal. Apr. 27, 2018); *Roy v. County of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 914773, at *12 (C.D. Cal. Feb. 7, 2018); *United States v. Rodriguez-Landa*, No. 2:13-cr-00484-CAS, 2019 WL 653853, at *16 (C.D. Cal. Feb. 13, 2019). The law enforcement investigatory privilege is based on the harm to law

---

[1] The "official information privilege" is another term that has been used for the law enforcement privilege. *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 617 (N.D. Cal. 2020) ("[The government investigatory] privilege has been variously referred to as the 'investigatory privilege,' the '*law enforcement privilege*,' the "federal investigatory privilege," and the "*official information privilege*."') (citing *NLRB v. Silver Spur Casino*, 623 F.2d 571, 580 (9th Cir. 1980)) (emphasis added).

enforcement efforts that might arise from public disclosure of investigatory files. *Id.*; citing to *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981); see also *Moore v. Garnand*, No. CV19-0290-TUC-RM(LAB), 2020 U.S. Dist. LEXIS 120496, at *6-7 (D. Ariz. July 9, 2020). The party claiming the privilege has the burden to establish its existence. *Id.*; see also *Bradley v. Cty. of San Joaquin*, No. 2:17-CV-02313 KJM AC, 2018 WL 4502481, at *5 (E.D. Cal. Sept. 20, 2018).

"'In order to assert the privilege, the following requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information, (2) assertion of the privilege must be based on actual personal consideration by that official, and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.'" *Lien*, 2022 WL 134896, at *2; see also *Roman v. Wolf*, 2020 WL 6588399, at *5 (C.D. Cal., 2020). Thus, in *Lien*, the privilege applied to protect material maintained by the San Diego Police Department relating to "an ongoing, pending criminal prosecution" and "ongoing active criminal investigations" from disclosure in a civil action. *Lien*, 2022 WL 134896, at **3-4.

Here, County has submitted with this opposition a declaration from lead homicide detective, Max Blumenshine. In it, Detective Blumenshine declares that he is a Detective in the Homicide Unit of the San Diego County Sheriff's Department and on March 18, 2022, was designated lead investigator relating to the in-custody death of Decedent at the San Diego Central Jail on March 17, 2022. Blumenshine Decl., ¶¶ 1, 3. Detective Blumenshine declares that he became aware that this Court ordered video surveillance and then clearly states the factual basis for his objection, declaring that "[t]here is an ongoing criminal investigation of Decedent's death by the San Diego County Sheriff's Homicide Unit" and that "[a]t the conclusion of the investigation, it will be subject to review by the San Diego District Attorney's Office, the United States Attorney's Office,

and the Federal Bureau of Investigations."[2] *Id*. at ¶ 5. Detective Blumenshine makes clear that the aforementioned agencies object "to disclosure of materials from the homicide investigation, including the videos, until their review of the investigation… is complete." *Id*. County has met its burden establishing that the law enforcement privilege applies.

Additionally, "[f]ederal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990). To determine the level of protection afforded by this privilege, "courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). County satisfies its burden of establishing the official information privilege applies by submitting a declaration "from a responsible official with personal knowledge of the matters to be attested to in the affidavit." *Id*.[3] Detective Blumenshine's declaration makes the requisite showing.

Courts have held that the pendency of a criminal investigation is a reason for denying discovery. See *Youngblood v. Gates*, 112 F.R.D. 342, 346 (C.D. Cal. 1985); *M.H. v. City of San Bernardino,* 2020 WL 7247341, at *5 (C.D. Cal., 2020); *Gutierrez v. Mora*, 2019 WL 8060079, at *11 (C.D. Cal., Dec. 9, 2019, No. CV 18-781-KS) (denying discovery of investigation reports and holding "while the Court recognizes the potential

---

[2] In *Lien*, the District Court found the privilege applied to internal documents maintained by the San Diego Police Department relating to "*an ongoing, pending criminal prosecution*" and "*ongoing active criminal investigations*" and affirmed the production of those documents to the civil action plaintiffs with redactions to information identifying those individuals. *Lien*, 2022 WL 134896, at **3-4 (emphasis added).

[3] The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. *Id*.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

relevance of the [] Investigation documents,… in light of the ongoing investigation, the Court sustains Defendant City's objection to producing these documents based on the qualified official information privilege").

In assessing whether to disclose information subject to the law enforcement/investigative privilege, courts balance the civil litigant's need for the discovery against the government's interest in maintaining the integrity of the official investigation and may consider (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the *Frankenhauser* factors"). See *O'Connell v. Smith*, 2015 WL 13721841 at *3 (C.D. Cal. Oct. 8, 2015) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D. Cal. 1987) and *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

The balancing analysis weighs against disclosure of the subject videos to Plaintiffs given the impact its disclosure may have on any pending criminal referral and ongoing criminal investigations. As detailed in Detective Blumenshine's declaration, Decedent's death is currently under investigation and will be submitted for review by the District Attorney's Office and United States Attorney's Office, and the DDA and AUSA have expressly advised of their objection to disclosure and requested the videos not be disclosed until their review is complete.

///
///
///

25163

### III. COUNTY'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE PROVIDE SUFFICIENT INFORMATION FOR PLAINTIFF TO IDENTIFY THE DEFENDANT DOE DEPUTIES

Per this Court's order allowing limited discovery, on December 15, 2023, Plaintiff Justino Rupard served Special Interrogatories, Set One to County asking for the identity of the deputies "whose duties included summoning medical or mental health care, observing any audio or video monitors, and/or conducting wellness or safety checks on Decedent Lonnie Rupard in any housing unit at the San Diego County Jail in which Lonnie Rupard was housed from March 14, 2022 through March 17, 2022," and the deputies who worked shifts in the housing unit "7D" from March 14, 2022 through March 17, 2022 where Decedent was housed at SDCJ. See Dkt. 38; Declaration of John M. Normanly ("Normanly Decl."), ¶ 3; Exhibit A attached thereto. On January 5, 2024, County Defendants served responses to Plaintiffs' Special Interrogatories, Set One. Normanly Decl., ¶¶ 4-6; Exhibit B attached thereto. In their response to Special Interrogatories, Set One, County Defendants identified each deputy that worked the day and night shifts from March 14, 2022 to March 17, 2022 in Decedent's housing module.[4] Indeed, as this Court stated in its order granting in part and denying in part Plaintiffs' first ex parte motion for leave to conduct limited discovery (hereinafter, "First Motion"), the special interrogatories "merely seek the identity of deputies who had specific duties or who worked in Decedent's housing unit" and "are narrowly tailored to obtain identifying information." Dkt. 38, 14:1-3. County Defendants' responses to the special interrogatories provide that exact information.

As to the video surveillance from the 72 hours leading up to Decedent's death on March 17, 2022, in its order granting in part and denying in part Plaintiff's First Motion,

---

[4] Plaintiffs argue that County's responses do not indicate "where, when, or how" the identified deputies interacted with Decedent during the 72 hours preceding his death. Renewed Motion, Pg. 3:4-6. County was not asked to provide that information. See Normanly Decl., Exhibit A attached thereto.

25163

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

this Court stated that it "may contain images of Defendant Deputy Does" based on Plaintiffs' allegation that on March 14, 2022, the court-ordered psychiatrist noted mental illness symptoms and unsanitary cell conditions and that Decedent was found unresponsive in his bunk on March 17, 2022. Dkt. 38, 12:26 – 13:4. Plaintiffs do not explain how the Defendant Deputy Does, whose names have already been provided to Plaintiffs via County's responses to the special interrogatories, are not the same Defendant Deputy Does whose images might be on the video. Indeed, Plaintiffs do not dispute that the deputies already listed per day/night shifts on the requested dates are the same Deputy Does whose images would appear on the video.

County's responses to the interrogatories list the Defendant Deputy Does having duties to summon care, observe audio/video monitors, and conduct checks on Decedent during the relevant time period, including the timeframe involving the allegation that the court-ordered psychiatrist noted Decedent's mental illness symptoms/unsanitary cell conditions on March 14, 2022, and when Decedent is alleged to have been found unresponsive in his bunk March 17, 2022. County already provided Plaintiffs with the information they seek by identifying all the deputies in response to the interrogatories. Plaintiffs have not shown why this information is not sufficient as the Court's Order directed Plaintiffs must demonstrate and there is no basis in fact or law to justify Plaintiffs' renewed request for disclosure of the surveillance videos.

On the other hand, County has demonstrated that the videos are protected under the official information/law enforcement privilege. Protecting the videos from disclosure is warranted here because there is an ongoing, pending criminal investigation. County has submitted a Declaration from Detective Blumenshine with information supporting the protection from disclosure at this juncture in this case and detailing the discussion with the DDA and AUSA objecting to disclosure because it will compromise their investigations.

///

///

## IV.     **THE RENEWED MOTION SHOULD BE DENIED BASED ON ITS FAILURE TO COMPLY WITH THIS COURT'S ORDER**

It should be noted that the Renewed Motion served on County did not include a Declaration from counsel Jeremiah Lowe nor did it include any exhibits. (See Plaintiffs' Renewed Motion, Pgs. 2:26-28, 3:1-4, 4:15-16.) Accordingly, because of the failure by Plaintiff to include this declaration with the purported exhibits attached thereto, Plaintiffs have not complied with this Court's order regarding County's request for clarification where this Court specifically ordered the parties to provide law and *facts* supporting their request. Dkt. 49, Pg. 2:7-9. Therefore, the Renewed Motion should be denied in its entirety.

Plaintiffs lack support for the requested limited discovery of surveillance videos before the start of Rule 26 discovery and when the pleadings are still at-issue. The videos sought are unequivocally part of a pending, ongoing criminal investigation that is subject to review by the District Attorney's Office and United States Attorney's Office. It is imperative that the appropriate agencies maintain the ability to complete their investigations relating to the death of Decedent without interruption or interference or compromising their investigations. "'[R]ooted in common sense as well as common law,'" the law enforcement privilege aims "'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 3487823, at *2 (S.D. Cal. June 26, 2020), citing to *Hemstreet v. Duncan*, No. CV-07-732-ST, 2007 WL 4287602, at *2 (D. Or. Dec. 4, 2007) (citations omitted). Here, the Court should deny Plaintiffs' renewed attempt for limited discovery of the videos from the homicide investigation because disclosure of these materials would interfere with the investigations, as clearly set forth in Detective Blumenshine's Declaration and the applicable law compelling protection under these circumstances.

25163

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

## V. CONCLUSION

Based on the foregoing, County Defendants respectfully request that Plaintiffs' Renewed Motion be denied in its entirety.

DATED: January 25, 2024         COLLINS + COLLINS LLP

By: _____
JOHN M. NORMANLY
RADA FELDMAN
Attorneys for Defendants
County of San Diego, Bill Gore, Kelly Martinez, Jon Montgomery, Christina Anosike, Ben Samonte, and May Ng

*25163*

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111