Thomas P. Gmelich, Esq., State Bar No. 166562
  tgmelich@bgwlawyers.com
Mark L. Kiefer, Esq., State Bar No. 116633
  mkiefer@bgwlawyers.com
Royce Y. Huang, Esq., State Bar No. 285136
  rhuang@bgwlawyers.com
BRADLEY, GMELICH & WELLERSTEIN LLP
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1202
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266

Attorneys for Defendants, Anthony Cruz, M.D. and Liberty
Healthcare of California, Inc. (erroneously sued and served herein as
Liberty Healthcare Corporation)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, BY AND THROUGH HIS SUCCESSORS-IN-INTEREST JUSTINO RUPARD & RONNIE RUPARD; JUSTINO RUPARD INDIVIDUALLY AND IN HIS CAPACITY AS SUCCESSOR IN INTEREST; AND RONNIE RUPARD INDIVIDUALLY AND IN HIS CAPACITY AS SUCCESSOR IN INTEREST, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO; BILL GORE, IN HIS INDIVIDUAL CAPACITY; KELLY MARTINEZ, , IN HER INDIVIDUAL CAPACITY; CORRECTIONAL HEALTHCARE PARTNERS (CHP); JON MONTGOMERY, DO, , IN HIS INDIVIDUAL CAPACITY; LIBERTY HEALTHCARE CORPORATION; CHRISTINA ANOSIKE, , IN HER INDIVIDUAL CAPACITY; ANTHONY CRUZ MD, , IN HIS INDIVIDUAL CAPACITY; BEN SAMONTE, IN HIS INDIVIDUAL CAPACITY; MAY NG, IN HER INDIVIDUAL CAPACITY; DEFENDANT DEPUTIES DOES 1-10, DEFENDANT MEDICAL | **Case No. 23cv01357-CAB-BLM** <br><br> **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC. (erroneously sued and served herein as Liberty Healthcare Corporation)** <br><br> Judge: Hon. Cathy Ann Bencivengo <br> Courtroom: 15A <br> Magistrate Judge: Barbara Lynn Major <br><br> Discovery Cutoff:  None Set <br> Motion Cutoff:     None Set <br> Trial Date:        None Set |

Bradley
Gmelich+
Wellerstein LLP

PROVIDERS DOES 1-10;
DEFENDANT SUPERVISOR DOES;
1-10,

          Defendants.

COMES NOW Defendants, ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC. (erroneously sued and served herein as Liberty Healthcare Corporation) ("Defendants") and hereby answer the First Amended Complaint filed by the Plaintiffs, ESTATE OF LONNIE RUPARD, by and through his Successors-in-Interest JUSTINO RUPARD and RONNIE RUPARD, JUSTINO RUPARD, individually and in his capacity as Successor-in-Interest, and RONNIE RUPARD, individually and in his capacity as Successor-in-Interest ("Plaintiffs") in the above-entitled action as follows:

## **INTRODUCTION**

1.      In answering paragraph 1, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

2.      In answering paragraph 2, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

3.      In answering paragraph 3, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

4.      In answering paragraph 4, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

5.      In answering paragraph 5, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that

Bradley
Gmelich +
Wellerstein LLP

2

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  ground, deny generally and specifically each and every allegation contained therein.

2      6.      In answering paragraph 6, these answering Defendants lack information

3  and belief sufficient to enable them to answer thereto and basing their denial on that

4  ground, deny generally and specifically each and every allegation contained therein.

5      7.      In answering paragraph 7, these answering Defendants deny generally

6  and specifically each and every allegation contained therein.

7      8.      In answering paragraph 8, these answering Defendants deny generally

8  and specifically each and every allegation contained therein.

9      9.      In answering paragraph 9, these answering Defendants state that

10  paragraph 9 is a request by Plaintiffs for a jury trial and that a request for trial by

11  jury does not require a response.

12

13                     **JURISDICTION AND VENUE**

14      10.     In answering paragraph 10, these answering Defendants admit that

15  Plaintiffs are ostensibly invoking subject matter jurisdiction of this district court

16  under 28 U.S.C. § 1331. Except as so admitted, these answering Defendants lack

17  information and belief sufficient to enable them to answer thereto and basing their

18  denial on that ground, deny generally and specifically each and every allegation

19  contained therein.

20      11.     In answering paragraph 11, these answering Defendants admit that

21  Plaintiffs are ostensibly invoking supplemental jurisdiction of this district court

22  under 28 U.S.C. § 1367. Except as so admitted, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26      12.     In answering paragraph 10, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation

Bradley Gmelich + Wellerstein LLP

3

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2       13.    In answering paragraph 13, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6       14.    In answering paragraph 14, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10      15.    In answering paragraph 15, these answering Defendants lack

11 information and belief sufficient to enable them to answer thereto and basing their

12 denial on that ground, deny generally and specifically each and every allegation

13 contained therein.

14      16.    In answering paragraph 16, these answering Defendants lack

15 information and belief sufficient to enable them to answer thereto and basing their

16 denial on that ground, deny generally and specifically each and every allegation

17 contained therein.

18      17.    In answering paragraph 17, these answering Defendants lack

19 information and belief sufficient to enable them to answer thereto and basing their

20 denial on that ground, deny generally and specifically each and every allegation

21 contained therein.

22      18.    In answering paragraph 18, these answering Defendants  lack

23 information and belief sufficient to enable them to answer thereto and basing their

24 denial on that ground, deny generally and specifically each and every allegation

25 contained therein.

26      19.    In answering paragraph 19, these answering Defendants lack

27 information and belief sufficient to enable them to answer thereto and basing their

28 denial on that ground, deny generally and specifically each and every allegation

Bradley
Gmelich +
Wellerstein LLP

contained therein.

20.    In answering paragraph 20, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

21.     In answering paragraph 21, these answering Defendants deny generally and specifically each and every allegation contained therein.

22.    In answering paragraph 22, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

23.    In answering paragraphs 23, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

24.    In answering paragraph 24, these answering Defendants admit that Plaintiffs are ostensibly representing that venue is proper in this district court under 28 U.S.C. § 1391. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

## **PARTIES**

25.    In answering paragraph 25, these answering Defendants state on information and belief that Plaintiffs Justino Rupard and Ronnie Rupard are surviving biological children of decedent Lonnie Rupard, but these answering Defendants lack information and belief sufficient to enable them to answer whether decedent Lonnie Rupard left other biological children, still living, or other financial

Bradley
Gmelich +
Wellerstein LLP

1  dependents who might qualify as Plaintiffs with standing to bring a wrongful death

2  claim under either State of Federal Law.  See California Code of Civil Procedure,

3  Section 377.60, California Probate Code, Section 6401 and Ruttenberg v.

4  Ruttenberg (1997) 53 Cal.App.4th 801, 808, 809, 62 Cal.Rptr.2d 78 (concerning

5  "omitted heirs").  Except as so admitted, these answering Defendants lack

6  information and belief sufficient to enable them to answer thereto and basing their

7  denial on that ground, deny generally and specifically each and every allegation

8  contained therein.

9       26.    In answering paragraph 26, these answering Defendants lack

10  information and belief sufficient to enable them to answer thereto and basing their

11  denial on that ground, deny generally and specifically each and every allegation

12  contained therein.

13       27.    In answering paragraph 27, these answering Defendants state on

14  information and belief that Plaintiffs Justino Rupard and Ronnie Rupard are

15  surviving biological children of decedent Lonnie Rupard, but these answering

16  Defendants lack information and belief sufficient to enable them to answer whether

17  decedent Lonnie Rupard left other biological children, still living, or other financial

18  dependents who might qualify as Plaintiffs with standing to bring a wrongful death

19  claim under either State of Federal Law.  See California Code of Civil Procedure,

20  Section 377.60, California Probate Code, Section 6401 and Ruttenberg v.

21  Ruttenberg (1997) 53 Cal.App.4th 801, 808, 809, 62 Cal.Rptr.2d 78 (concerning

22  "omitted heirs").  These answering Defendants also lack information and belief

23  sufficient to enable them to answer whether Plaintiffs have standing to sue as

24  decedent's successors-in-interest pursuant to California Civil Code, Section 377.60.

25  Except as so admitted, these answering Defendants lack information and belief

26  sufficient to enable them to answer thereto and basing their denial on that ground,

27  deny generally and specifically each and every allegation contained therein.

28       28.    In answering paragraph 28, these answering Defendants lack

6

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1    information and belief sufficient to enable them to answer thereto and basing their
2    denial on that ground, deny generally and specifically each and every allegation
3    contained therein.

4          29.    These answering Defendants admit the allegations of paragraph 29.

5          30.    In answering paragraph 30, these answering Defendants lack
6    information and belief sufficient to enable them to answer thereto and basing their
7    denial on that ground, deny generally and specifically each and every allegation
8    contained therein.

9          31.    In answering paragraph 31, these answering Defendants lack
10   information and belief sufficient to enable them to answer thereto and basing their
11   denial on that ground, deny generally and specifically each and every allegation
12   contained therein.

13         32.    In answering paragraph 32, these answering Defendants lack
14   information and belief sufficient to enable them to answer thereto and basing their
15   denial on that ground, deny generally and specifically each and every allegation
16   contained therein3

17         33.    In answering paragraph 30, these answering Defendants lack
18   information and belief sufficient to enable them to answer thereto and basing their
19   denial on that ground, deny generally and specifically each and every allegation
20   contained therein.

21         34.    In answering paragraph 34, these answering Defendants lack
22   information and belief sufficient to enable them to answer thereto and basing their
23   denial on that ground, deny generally and specifically each and every allegation
24   contained therein.

25         35.    In answering paragraph 35, these answering Defendants lack
26   information and belief sufficient to enable them to answer thereto and basing their
27   denial on that ground, deny generally and specifically each and every allegation
28   contained therein.


Bradley
Gmelich +
Wellerstein LLP

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

36.     In answering paragraph 36, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

37.     In answering paragraph 37, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

38.     In answering paragraph 38, these answering Defendants admit that at the time of the incident alleged herein as concerns decedent Lonnie Rupard, Liberty Healthcare Corporation  had a contract with County of San Diego, Sheriffs' Department, to provide certain contracted-for mental health services for certain correctional facilities in San Diego County, inclusive of the Men's Central Jail, but deny that it provided medical services.  These answering Defendants also deny that Liberty Healthcare of California, Inc. and its agents and employees were responsible for all aspects of decedent's mental health care, there being certain health care that was being provided by other individuals, entities and corporations who are not these answering Defendants.  The answering Defendants admit that Defendant Liberty Healthcare of California, Inc. (erroneously sued and served herein as "Liberty Healthcare Corporation)," employed Defendant Anthony Cruz, M.D. as a Psychiatrist providing certain mental health services at the Men's Central Jail, but deny that he provided medical services.  These answering Defendants admit that Defendant Anthony Cruz, M.D. was working within the course and scope of his employment with Liberty Healthcare of California, Inc. when he provided certain mental health services to decedent. These answering Defendants admit that Liberty Healthcare of California, Inc. does business within the County of San Diego. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground,

8

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1    deny generally and specifically each and every allegation contained therein.

2        39.    In answering paragraph 39, these answering Defendants lack

3    information and belief sufficient to enable them to answer thereto and basing their

4    denial on that ground, deny generally and specifically each and every allegation

5    contained therein.

6        40.    In answering paragraph 40, these answering Defendants lack

7    information and belief sufficient to enable them to answer thereto and basing their

8    denial on that ground, deny generally and specifically each and every allegation

9    contained therein.

10        41.    In answering paragraph 41, these answering admit that at the time of

11    the incident alleged herein as concerns decedent Lonnie Rupard, Liberty Healthcare

12    Corporation had a contract with County of San Diego, Sheriffs' Department, to

13    provide certain contracted-for mental health services for certain correctional

14    facilities in San Diego County, inclusive of the Men's Central Jail, but deny that it

15    provided medical services.  These answering Defendants also deny that Liberty

16    Healthcare of California, Inc. and its agents and employees were responsible for all

17    aspects of decedent's mental health care, there being certain health care that was

18    being provided by other individuals, entities and corporations who are not these

19    answering Defendants.  The answering Defendants admit that Defendant Liberty

20    Healthcare of California, Inc. (erroneously sued and served herein as "Liberty

21    Healthcare Corporation)," employed Defendant Anthony Cruz, M.D. as a

22    Psychiatrist providing certain mental health services at the Men's Central Jail, but

23    deny that he provided medical services.  These answering Defendants admit that

24    Defendant Anthony Cruz, M.D. was working within the course and scope of his

25    employment with Liberty Healthcare of California, Inc. when he provided certain

26    mental health services to decedent. These answering Defendants admit that Liberty

27    Healthcare of California, Inc. provided certain training in mental health care to

28    Defendant Anthony Cruz, M.D. These answering Defendants admit that Liberty

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

Healthcare of California, Inc. does business within the County of San Diego. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

42.    In answering paragraph 42, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

43.    In answering paragraph 43, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

44.    In answering paragraph 44, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

45.    In answering paragraph 45, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

46.    In answering paragraph 46, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

47.    In answering paragraph 47, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

# FACTUAL ALLEGATIONS

48.    In answering paragraph 48, these answering Defendants admit that Lonnie Rupard died while in custody at the Men's Central Jail, but deny that his death was "in the setting of neglected schizophrenia." These answering Defendants lack information and belief sufficient to enable them to answer whether decedent died from pneumonia, malnutrition and/or dehydration. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

49.    In answering paragraph 49, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

50.    In answering paragraph 50, these answering Defendants deny generally and specifically each and every allegation contained therein.

51.    In answering paragraph 51, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

52.    In answering paragraph 52, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

53    In answering paragraph 53, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

54.    In answering paragraph 54, these answering Defendants lack

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1    information and belief sufficient to enable them to answer thereto and basing their

2    denial on that ground, deny generally and specifically each and every allegation

3    contained therein.

4        55.    In answering paragraph 55, these answering Defendants lack

5    information and belief sufficient to enable them to answer thereto and basing their

6    denial on that ground, deny generally and specifically each and every allegation

7    contained therein.

8        56.    In answering paragraph 56, these answering Defendants deny generally

9    and specifically each and every allegation contained therein. In answering paragraph

10    56, these answering Defendants especially deny that decedent required housing at

11    the PSU.

12        57.    In answering paragraph 57, these answering Defendants state, on

13    information and belief, that to these answering Defendants' knowledge decedent

14    was not seen by a medical doctor at intake, but deny that decedent should have been

15    "screened by a medical doctor at intake."  In answering paragraph 57, these

16    answering Defendants also state that the use of the word, "Despite," appears to

17    allege that whatever Defendants did nor did not do for decedent, as set forth in the

18    balance of paragraph 57, was inappropriate based upon decedent's alleged

19    presentation, which allegations these answering Defendants further deny.   Except as

20    so admitted, these answering Defendants lack information and belief sufficient to

21    enable them to answer thereto and basing their denial on that ground, deny generally

22    and specifically each and every allegation contained therein.

23        58.    In answering paragraph 58, these answering Defendants state, on

24    information and belief, that decedent was not placed in the Psychiatric Stabilization

25    Unit ("PSU"), but deny that decedent should have been placed in the PSU.  In

26    answering paragraph 58, these answering Defendants also state that the use of the

27    word, "Despite," appears to allege that whatever Defendants did nor did not do for

28    decedent, as set forth in the balance of paragraph 58, was inappropriate based upon

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  decedent's alleged presentation, which allegations these answering Defendants

2  further deny.   Except as so admitted, these answering Defendants lack information

3  and belief sufficient to enable them to answer thereto and basing their denial on that

4  ground, deny generally and specifically each and every allegation contained therein.

5       59.    In answering paragraph 59, these answering Defendants state, on

6  information and belief, that decedent was not housed in PSU, but deny that decedent

7  should have been "housed in…PSU."  In answering paragraph 59, these answering

8  Defendants also state that the use of the word, "Despite," appears to allege that

9  whatever Defendants did nor did not do for decedent, as set forth in the balance of

10 paragraph 59, was inappropriate based upon decedent's alleged presentation, which

11 allegations these answering Defendants further deny.   Except as so admitted, these

12 answering Defendants lack information and belief sufficient to enable them to

13 answer thereto and basing their denial on that ground, deny generally and

14 specifically each and every allegation contained therein.

15      60.    In answering paragraph 60, these answering Defendants lack

16 information and belief sufficient to enable them to answer thereto at this time as

17 these answering Defendants do not at this time have access to decedent's jail

18 medical/mental health records; the records are in the possession, custody and control

19 of the County of San Diego.  Basing their denial on that ground, these Answering

20 Defendants deny generally and specifically each and every allegation contained

21 therein.

22      61.    In answering paragraph 61, these answering Defendants lack

23 information and belief sufficient to enable them to answer thereto at this time as

24 these answering Defendants do not at this time have access to decedent's jail

25 medical/mental health records; the records are in the possession, custody and control

26 of the County of San Diego. Basing their denial on that ground, these Answering

27 Defendants deny generally and specifically each and every allegation contained

28 therein.

**Bradley Gmelich + Wellerstein** LLP

13

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

62.    In answering paragraph 62, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego. Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

63.    In answering paragraph 63, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego. Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

64.    In answering paragraph 64, these answering Defendants admit the allegations but clarify that Defendant Anthony Cruz was made "aware" by review of decedent's records from prior incarceration.

65.    In answering paragraph 65, these answering Defendants admit that Dr. Cruz noted a history of mental illness, use of certain, a history of specified medications during prior incarceration, a history of treatment at Patton State Hospital and a history of a plan to treat decedent with Haldol, Decanoate, Depakene, Vistaril and Cogentin during prior incarceration. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

66.    In answering paragraph 66, these answering Defendants admit that Dr. Cruz prescribed Haldol, Cogentin and Valproic acid.  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to

Bradley Gmelich + Wellerstein LLP

1  answer thereto and basing their denial on that ground, deny generally and
2  specifically each and every allegation contained therein.

3      67.    In answering paragraph 67, these answering Defendants lack
4  information and belief sufficient to enable them to answer thereto and basing their
5  denial on that ground, deny generally and specifically each and every allegation
6  contained therein.

7      68.    In answering paragraph 68, these answering Defendants admit that at
8  on a given date Dr. Cruz discontinued the mental health medications that Dr. Cruz
9  had prescribed for decedent to take due to decedent's repeated refusal to accept or
10 take the medications.  In answering paragraph 68, these answering Defendants
11 further state that they lack information and belief sufficient to enable them to
12 confirm the date that Dr. Cruz discontinued the mental health medications that
13 decedent had repeatedly refused to accept or take since these answering Defendants
14 do not at this time have access to decedent's jail medical/mental health records; the
15 records are in the possession, custody and control of the County of San Diego.
16 Basing their denial on that ground, these Answering Defendants deny generally and
17 specifically the allegation of the date of this occurrence.

18     69.    In answering paragraph 69, these answering Defendants admit that Dr.
19 Cruz did not refer Lonnie to the PSU, admit that Dr. Cruz had discontinued certain
20 of decedent's mental health medications (as set forth in answer to paragraph 68
21 above and which is incorporated herein by reference), deny that referral to the PSU
22 was "required," deny that decedent was "unable" to sign medical consent forms,
23 state that decedent refused to sign medical consent forms, and deny that decedent
24 had an "extensive psychiatric history" which is vague and ambiguous in description
25 and nowhere defined.  Except as so admitted, these answering Defendants lack
26 information and belief sufficient to enable them to answer thereto and basing their
27 denial on that ground, deny generally and specifically each and every allegation
28 contained therein.

Bradley
Gmelich +
Wellerstein LLP

15                                    Case No. 23cv01357-CAB-BLM
ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

1      70.    In answering paragraph 70, these answering Defendants deny that Dr.

2   Cruz's discontinuance of certain of decedent's mental health medications (as set

3   forth in answer to paragraph 68 above and which is incorporated herein by

4   reference) presented a substantial risk to decedent of any mental (or physical)

5   deterioration, the discontinuance being medically appropriate and reasonable.  These

6   answering Defendants also deny that Dr. Cruz should have referred decedent to PSU

7   as PSU was not appropriate for decedent.  These answering Defendants also deny

8   that at the time that Dr. Cruz discontinued certain of decedent's mental health

9   medications that decedent was undergoing "deterioration" of his mental health.

10   These answering defendants lack information and belief sufficient to enable them to

11   answer as concerns the state of decedent's medical health at the time of the

12   discontinuance of certain of decedent's mental health medications thereto as these

13   answering Defendants do not at this time have access to decedent's jail

14   medical/mental health records; the records are in the possession, custody and control

15   of the County of San Diego.  Basing their denial on that ground, these Answering

16   Defendants deny generally and specifically each and every allegation contained

17   therein as to the state of decedent's physical condition.

18      71.    In answering paragraph 71, these answering Defendants deny generally

19   and specifically each and every allegation contained therein.

20      72.    In answering paragraph 72, these answering Defendants lack

21   information and belief sufficient to enable them to answer thereto and basing their

22   denial on that ground, deny generally and specifically each and every allegation

23   contained therein.

24      73.    In answering paragraph 73, these answering Defendants lack

25   information and belief sufficient to enable them to answer thereto and basing their

26   denial on that ground, deny generally and specifically each and every allegation

27   contained therein.  These answering Defendants add, however, that it does not

28   follow that use of force and resulting physical injuries would be an insufficient

1    basis, without more information, upon which to refer a detainee/inmate to PSU.

2         74.    In answering paragraph 74, these answering Defendants lack

3    information and belief sufficient to enable them to answer thereto at this time as

4    these answering Defendants do not at this time have access to decedent's jail

5    medical/mental health records; the records are in the possession, custody and control

6    of the County of San Diego.  Basing their denial on that ground, these Answering

7    Defendants deny generally and specifically each and every allegation contained

8    therein.

9         75.    In answering paragraph 75, these answering Defendants lack

10   information and belief sufficient to enable them to answer thereto at this time as

11   these answering Defendants do not at this time have access to decedent's jail

12   medical/mental health records; the records are in the possession, custody and control

13   of the County of San Diego.  Basing their denial on that ground, these Answering

14   Defendants deny generally and specifically each and every allegation contained

15   therein.

16        76.    In answering paragraph 76, these answering Defendants lack

17   information and belief sufficient to enable them to answer thereto at this time as

18   these answering Defendants do not at this time have access to decedent's jail

19   medical/mental health records; the records are in the possession, custody and control

20   of the County of San Diego.  Basing their denial on that ground, these Answering

21   Defendants deny generally and specifically each and every allegation contained

22   therein.

23        77.    In answering paragraph 77, these answering Defendants lack

24   information and belief sufficient to enable them to answer thereto at this time as

25   these answering Defendants do not at this time have access to decedent's jail

26   medical/mental health records; the records are in the possession, custody and control

27   of the County of San Diego.  Basing their denial on that ground, these Answering

28   Defendants deny generally and specifically each and every allegation contained

Bradley
Gmelich +
Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

therein.

78.     In answering paragraph 78, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

79.     In answering paragraph 79, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

80.     In answering paragraph 80, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

81.     In answering paragraph 81, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  therein.

2       82.    In answering paragraph 82, these answering Defendants admit

3  the allegations contained therein.

4       83.    In answering paragraph 83, these answering Defendants admit the

5  allegations contained therein.

6       84.    In answering paragraph 84, these answering Defendants admit that as

7  of February 22, 2022 decedent was not referred to PSU.  Except as expressly

8  admitted, Defendants deny the remaining allegations contained in this paragraph.

9       85.    In answering paragraph 85, these answering Defendants deny generally

10  and specifically each and every allegation contained therein.

11       86.    In answering paragraph 86, these answering Defendants admit that as

12  of February 22, 2022 decedent was not referred to PSU by Dr. Cruz and state that

13  referral to PSU was not appropriate.  These answering Defendants also admit that

14  the plan included, but was not limited to, continued monitoring with follow up in six

15  to seven weeks or sooner if needed. Except as expressly admitted, Defendants deny

16  the remaining allegations contained in this paragraph.

17       87.    In answering paragraph 87, these answering Defendants deny generally

18  and specifically each and every allegation contained therein.

19       88.    In answering paragraph 88, these answering Defendants lack

20  information and belief sufficient to enable them to answer thereto and basing their

21  denial on that ground, deny generally and specifically each and every allegation

22  contained therein.

23       89.    In answering paragraph 89, these answering Defendants lack

24  information and belief sufficient to enable them to answer thereto and basing their

25  denial on that ground, deny generally and specifically each and every allegation

26  contained therein.

27       90.    In answering paragraph 90, these answering Defendants lack

28  information and belief sufficient to enable them to answer thereto and basing their

Bradley
Gmelich +
Wellerstein LLP

1   denial on that ground, deny generally and specifically each and every allegation

2   contained therein.

3       91.    In answering paragraph 91, these answering Defendants state, on

4   information and belief, that they believe the allegations of paragraph 91 to be true.

5       92.    In answering paragraph 92, these answering Defendants lack

6   information and belief sufficient to enable them to answer thereto and basing their

7   denial on that ground, deny generally and specifically each and every allegation

8   contained therein.

9       93.    In answering paragraph 93, these answering Defendants lack

10  information and belief sufficient to enable them to answer thereto and basing their

11  denial on that ground, deny generally and specifically each and every allegation

12  contained therein.

13      94.    In answering paragraph 94, these answering Defendants lack

14  information and belief sufficient to enable them to answer thereto and basing their

15  denial on that ground, deny generally and specifically each and every allegation

16  contained therein.

17      95.    In answering paragraph 95, these answering Defendants lack

18  information and belief sufficient to enable them to answer thereto and basing their

19  denial on that ground, deny generally and specifically each and every allegation

20  contained therein.

21      96.    In answering paragraph 96, these answering Defendants lack

22  information and belief sufficient to enable them to answer thereto and basing their

23  denial on that ground, deny generally and specifically each and every allegation

24  contained therein.

25      97.    In answering paragraph 97, these answering Defendants lack

26  information and belief sufficient to enable them to answer thereto and basing their

27  denial on that ground, deny generally and specifically each and every allegation

28  contained therein.

Bradley Gmelich + Wellerstein LLP

20

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

98.    In answering paragraph 98, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

99.    In answering paragraph 99, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

100.   In answering paragraph 100, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

101.   In answering paragraph 101, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

102.   In answering paragraph 102, these answering Defendants deny generally and specifically each and every allegation contained therein.

103.   In answering paragraph 103, these answering Defendants admit the allegations contained therein.

104.   In answering paragraph 104, these answering Defendants admit the allegations contained therein.  Paragraph 104 repeats paragraph 103.

105.   In answering paragraph 105, these answering Defendants admit the allegations as set forth, in the abstract, but adds that the patient has the right, unless ordered by a Court of competent jurisdiction, to refuse the taking of his/her vital signs and/or the taking of his/her weight which these answering Defendants are informed and believe that decedent refused the taking of his vital signs and the taking of his weight.

Bradley
Gmelich +
Wellerstein LLP

106.   In answering paragraph 106, these answering Defendants admit that a psychiatric sick call was requested for decedent for 12/29/21 but these answering Defendants lack information and belief sufficient to enable them to answer the rest of the allegations in this paragraph and basing their denial on that ground, deny generally and specifically each and every other allegation contained therein.

107.   In answering paragraph 107, these answering Defendants deny that decedent underwent a deterioration of his mental health condition at any time to and including his last assessment by Dr. Cruz, and they lack information and belief sufficient to enable them to answer the rest of the allegations in this paragraph and basing their denial on that ground, deny generally and specifically each and every other allegation contained therein.

108.   In answering paragraph 108, these answering Defendants deny that decedent underwent a deterioration of his mental health condition at any time to and including his last assessment by Dr. Cruz, and they lack information and belief sufficient to enable them to answer the rest of the allegations in this paragraph except for stating that they are informed and believe that decedent refused to allow his weight to be taken.  Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

109.   In answering paragraph 109, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

110.   In answering paragraph 110, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

111.   In answering paragraph 111, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their

1  denial on that ground, deny generally and specifically each and every allegation

2  contained therein.

3      112.   In answering paragraph 112, these answering Defendants lack

4  information and belief sufficient to enable them to answer thereto and basing their

5  denial on that ground, deny generally and specifically each and every allegation

6  contained therein.

7      113.   In answering paragraph 113, these answering Defendants lack

8  information and belief sufficient to enable them to answer thereto and basing their

9  denial on that ground, deny generally and specifically each and every allegation

10  contained therein.

11      114.   In answering paragraph 114, these answering Defendants lack

12  information and belief sufficient to enable them to answer thereto and basing their

13  denial on that ground, deny generally and specifically each and every allegation

14  contained therein.

15      115.   In answering paragraph 115, these answering Defendants deny that

16  decedent showed "obvious signs of psychosis."  In answering the remainder of

17  paragraph 115, these answering Defendants lack information and belief sufficient to

18  enable them to answer thereto and basing their denial on that ground, deny generally

19  and specifically each and every allegation contained therein.

20      116.   In answering paragraph 116, these answering Defendants deny that

21  decedent showed "obvious signs of psychosis."  In answering the remainder of

22  paragraph 116, these answering Defendants lack information and belief sufficient to

23  enable them to answer thereto and basing their denial on that ground, deny generally

24  and specifically each and every allegation contained therein.

25      117.   In answering paragraph 117, these answering Defendants lack

26  information and belief sufficient to enable them to answer thereto and basing their

27  denial on that ground, deny generally and specifically each and every allegation

28  contained therein.

Bradley
Gmelich +
Wellerstein LLP

23                          Case No. 23cv1357-CAB-BLM
ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

118.   In answering paragraph 118, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

119.   In answering paragraph 119, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

120.   In answering paragraph 120, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

121.   In answering paragraph 121, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

123.   In answering paragraph 117, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

124.   In answering paragraph 124, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

125.   In answering paragraph 125, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

126.   In answering paragraph 126, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

127.   In answering paragraph 127, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

128.   In answering paragraph 128, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

129.   In answering paragraph 129, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

130.   In answering paragraph 130, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

131.   In answering paragraph 131, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

132.   In answering paragraph 132, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

Case No. 23cv01357-CAB-BLM
ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1    133.   In answering paragraph 133, these answering Defendants deny that
2   decedent showed "obvious signs of psychosis."  In answering the remainder of
3   paragraph 116, these answering Defendants lack information and belief sufficient to
4   enable them to answer thereto and basing their denial on that ground, deny generally
5   and specifically each and every allegation contained therein.

6    134.   In answering paragraph 134, these answering Defendants lack
7   information and belief sufficient to enable them to answer thereto and basing their
8   denial on that ground, deny generally and specifically each and every allegation
9   contained therein.

10    135.   In answering paragraph 135, these answering Defendants lack
11   information and belief sufficient to enable them to answer thereto and basing their
12   denial on that ground, deny generally and specifically each and every allegation
13   contained therein.

14    136.   In answering paragraph 136, these answering Defendants lack
15   information and belief sufficient to enable them to answer thereto and basing their
16   denial on that ground, deny generally and specifically each and every allegation
17   contained therein.

18    137.   In answering paragraph 137, these answering Defendants lack
19   information and belief sufficient to enable them to answer thereto and basing their
20   denial on that ground, deny generally and specifically each and every allegation
21   contained therein.

22    138.   In answering paragraph 138, these answering Defendants lack
23   information and belief sufficient to enable them to answer thereto and basing their
24   denial on that ground, deny generally and specifically each and every allegation
25   contained therein.

26    139.   In answering paragraph 139, these answering Defendants lack
27   information and belief sufficient to enable them to answer thereto and basing their
28   denial on that ground, deny generally and specifically each and every allegation

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  contained therein.

2      140.  In answering paragraph 140, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      141.  In answering paragraph 141, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10      142.  In answering paragraph 142, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14      143.  In answering paragraph 143, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18      144.  In answering paragraph 144, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto and basing their

20  denial on that ground, deny generally and specifically each and every allegation

21  contained therein.

22      145.  In answering paragraph 145, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26      146.  In answering paragraph 146, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation



27

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2      147.  In answering paragraph 147, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      148.  In answering paragraph 148, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10      149.  In answering paragraph 149, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14      150.  In answering paragraph 150, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18      151.  In answering paragraph 151, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto and basing their

20  denial on that ground, deny generally and specifically each and every allegation

21  contained therein.

22      152.  In answering paragraph 152, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26      153.  In answering paragraph 153, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation


Bradley
Gmelich +
Wellerstein LLP

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2       154.   In answering paragraph 154, these answering Defendants lack
3  information and belief sufficient to enable them to answer thereto and basing their
4  denial on that ground, deny generally and specifically each and every allegation
5  contained therein.

6       155.   In answering paragraph 155, these answering Defendants lack
7  information and belief sufficient to enable them to answer thereto and basing their
8  denial on that ground, deny generally and specifically each and every allegation
9  contained therein.

10      156.   In answering paragraph 156, these answering Defendants lack
11  information and belief sufficient to enable them to answer thereto and basing their
12  denial on that ground, deny generally and specifically each and every allegation
13  contained therein.

14      157.   In answering paragraph 157, these answering Defendants lack
15  information and belief sufficient to enable them to answer thereto and basing their
16  denial on that ground, deny generally and specifically each and every allegation
17  contained therein.

18      158.   In answering paragraph 158, these answering Defendants lack
19  information and belief sufficient to enable them to answer thereto and basing their
20  denial on that ground, deny generally and specifically each and every allegation
21  contained therein.

22      159.   In answering paragraph 159, these answering Defendants lack
23  information and belief sufficient to enable them to answer thereto and basing their
24  denial on that ground, deny generally and specifically each and every allegation
25  contained therein.

26      160.   In answering paragraph 150, these answering Defendants state that it
27  does not appear from the allegations that this paragraph is directed to these
28  answering Defendants.  To the extent that this paragraph is directed to these

Bradley
Gmelich +
Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

1    answering Defendants, these answering Defendants deny generally and specifically

2    each and every allegation contained therein.  To the extent that this paragraph is

3    directed to defendants other than these answering Defendants, these answering

4    Defendants lack information and belief sufficient to enable them to answer thereto

5    and basing their denial on that ground, deny generally and specifically each and

6    every allegation contained therein.

7        161.   In answering paragraph 161, these answering Defendants lack

8    information and belief sufficient to enable them to answer thereto and basing their

9    denial on that ground, deny generally and specifically each and every allegation

10   contained therein.

11       162.   In answering paragraph 162, these answering Defendants lack

12   information and belief sufficient to enable them to answer thereto and basing their

13   denial on that ground, deny generally and specifically each and every allegation

14   contained therein.

15       163.   In answering paragraph 163, these answering Defendants lack

16   information and belief sufficient to enable them to answer thereto and basing their

17   denial on that ground, deny generally and specifically each and every allegation

18   contained therein.

19       164.   In answering paragraph 164, these answering Defendants lack

20   information and belief sufficient to enable them to answer thereto and basing their

21   denial on that ground, deny generally and specifically each and every allegation

22   contained therein.

23       165.   In answering paragraph 165, these answering Defendants state that it

24   does not appear from the allegations that this paragraph is directed to these

25   answering Defendants.  To the extent that this paragraph is directed to these

26   answering Defendants, these answering Defendants deny generally and specifically

27   each and every allegation contained therein.  To the extent that this paragraph is

28   directed to defendants other than these answering Defendants, these answering

Bradley
Gmelich +
Wellerstein LLP

Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

166.   In answering paragraph 166, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

167.   In answering paragraph 167, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

168.   In answering paragraph 168, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

169.   In answering paragraph 169, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

170.   In answering paragraph 170, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

171.   In answering paragraph 171, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

172.   In answering paragraph 172, these answering Defendants lack

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

173.   In answering paragraph 173, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

174.   In answering paragraph 174, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

175.   In answering paragraph 175, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

176.   In answering paragraph 176, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

177.   In answering paragraph 177, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

178.   In answering paragraph 178, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

///

Bradley
Gmelich +
Wellerstein LLP

32                        Case No. 23cv1357-CAB-BLM
ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY
HEALTHCARE OF CALIFORNIA, INC.

# I.

## FIRST CAUSE OF ACTION

179.    In answering paragraph 179, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 178.

180.    In answering paragraph 180, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

181.    In answering paragraph 181, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

182.    In answering paragraph 182, these answering Defendants state that the allegations are legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

183.    In answering paragraph 183, these answering Defendants state that the allegations are legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

184.    In answering paragraph 184, these answering Defendants state that the allegations are legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

185.    In answering paragraph 185, these answering Defendants deny generally and specifically each and every allegation contained therein.

186.    In answering paragraph 186, these answering Defendants deny generally and specifically each and every allegation contained therein.

187.    In answering paragraph 187, these answering Defendants deny generally and specifically each and every allegation contained therein.

188.    In answering paragraph 188, these answering Defendants deny generally and specifically each and every allegation contained therein.

Bradley
Gmelich +
Wellerstein LLP

1    189.   In answering paragraph 189, these answering Defendants deny

2  generally and specifically each and every allegation contained therein.

3    190.   In answering paragraph 190, these answering Defendants deny

4  generally and specifically each and every allegation contained therein.

5    191.   In answering paragraph 191, these answering Defendants deny

6  generally and specifically each and every allegation contained therein.

7    192.   In answering paragraph 192, these answering Defendants deny

8  generally and specifically each and every allegation contained therein.

9    193.   In answering paragraph 193, these answering Defendants deny

10  generally and specifically each and every allegation contained therein.

11    194.   In answering paragraph 194, these answering Defendants deny

12  generally and specifically each and every allegation contained therein.

13    195.   In answering paragraph 195, these answering Defendants deny

14  generally and specifically each and every allegation contained therein.

15    196.   In answering paragraph 193, these answering Defendants lack

16  information and belief sufficient to enable them to answer thereto and basing their

17  denial on that ground, deny generally and specifically each and every allegation

18  contained therein.

19    197.   In answering paragraph 197, these answering Defendants deny

20  generally and specifically each and every allegation contained therein.

21    198.   In answering paragraph 198, these answering Defendants deny

22  generally and specifically each and every allegation contained therein.

23    199.   In answering paragraph 199, these answering Defendants deny

24  generally and specifically each and every allegation contained therein.

25    200.   In answering paragraph 200, these answering Defendants deny

26  generally and specifically each and every allegation contained therein.

27  ///

28  ///

Bradley
Gmelich +
Wellerstein LLP

34

Case No. 23cv01357-CAB-BLM
ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

## II.

## __SECOND CAUSE OF ACTION__

201.   In answering paragraph 201, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 200.

202.   In answering paragraph 202, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

203.   In answering paragraph 203, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

204.   In answering paragraph 204, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

205.   In answering paragraph 205, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

206.   In answering paragraph 206, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

207.   In answering paragraph 207, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

208.   In answering paragraph 208, these answering Defendants lack

Bradley
Gmelich +
Wellerstein LLP

1  information and belief sufficient to enable them to answer thereto and basing their

2  denial on that ground, deny generally and specifically each and every allegation

3  contained therein.

4       209.   In answering paragraph 209, these answering Defendants lack

5  information and belief sufficient to enable them to answer thereto and basing their

6  denial on that ground, deny generally and specifically each and every allegation

7  contained therein.

8       210.   In answering paragraph 210, these answering Defendants lack

9  information and belief sufficient to enable them to answer thereto and basing their

10  denial on that ground, deny generally and specifically each and every allegation

11  contained therein.

12       211.   In answering paragraph 211, these answering Defendants lack

13  information and belief sufficient to enable them to answer thereto and basing their

14  denial on that ground, deny generally and specifically each and every allegation

15  contained therein.

16       212.   In answering paragraph 212, these answering Defendants lack

17  information and belief sufficient to enable them to answer thereto and basing their

18  denial on that ground, deny generally and specifically each and every allegation

19  contained therein.

20       213.   In answering paragraph 213, these answering Defendants lack

21  information and belief sufficient to enable them to answer thereto and basing their

22  denial on that ground, deny generally and specifically each and every allegation

23  contained therein.

24       214.   In answering paragraph 214, these answering Defendants lack

25  information and belief sufficient to enable them to answer thereto and basing their

26  denial on that ground, deny generally and specifically each and every allegation

27  contained therein.

28       215.   In answering paragraph 215, these answering Defendants lack

Bradley Gmelich + Wellerstein LLP

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

216.   In answering paragraph 216, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

217.   In answering paragraph 217, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

218.   In answering paragraph 218, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

219.   In answering paragraph 219, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

220.   In answering paragraph 220, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

221.   In answering paragraph 221, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

222.   In answering paragraph 222, these answering Defendants lack

Bradley
Gmelich+
Wellerstein LLP

1  information and belief sufficient to enable them to answer thereto and basing their

2  denial on that ground, deny generally and specifically each and every allegation

3  contained therein.

4       223.   In answering paragraph 223, these answering Defendants lack

5  information and belief sufficient to enable them to answer thereto and basing their

6  denial on that ground, deny generally and specifically each and every allegation

7  contained therein.

8  **III.**

9  **<u>THIRD CAUSE OF ACTION</u>**

10       224.   In answering paragraph 224, these answering Defendants repeat and re-

11  allege their responses to paragraphs 1 through 223.

12       225.   In answering paragraph 225, these answering Defendants state that the

13  allegations are in the form of legal statements proposed by Plaintiffs which do not

14  require a response from these answering Defendants.

15       226.   In answering paragraph 226, these answering Defendants deny

16  generally and specifically each and every allegation contained therein.

17       227.   In answering paragraph 227, these answering Defendants deny

18  generally and specifically each and every allegation contained therein.

19       228.   In answering paragraph 228, these answering Defendants deny

20  generally and specifically each and every allegation contained therein.

21       229.   In answering paragraph 229, these answering Defendants deny

22  generally and specifically each and every allegation contained therein.

23       230.   In answering paragraph 230, these answering Defendants deny

24  generally and specifically each and every allegation contained therein.

25       231.   In answering paragraph 231, these answering Defendants deny

26  generally and specifically each and every allegation contained therein.

27       232.   In answering paragraph 232, these answering Defendants deny

28  generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

38

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

# IV.

## FOUR CAUSE OF ACTION

233.   In answering paragraph 233, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 232.

234.   In answering paragraph 234, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

235.   In answering paragraph 235, these answering Defendants state that they did not train or supervise deputies, sworn staff contractors and agents who were not employees of Liberty Healthcare of California, Inc.  These answering Defendants state that Defendant Anthony Cruz, M.D. did not have employees.  These answering Defendants admit that Defendant Liberty Healthcare of California, Inc. had a duty to use reasonable care in the training and supervision of its employees in the area of mental health.

236.   In answering paragraph 236, these answering Defendants state that they did not provide medical treatment for detainees but that they instead provided certain mental health treatment for detainees.   These answering Defendants admit that Liberty Healthcare of California, Inc. had a duty to properly train and supervise its employees to use reasonable care in evaluating the health of and risks to detainees and determining the proper and adequate course of treatment for detainees in need of mental health treatment.  Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

237.   In answering paragraph 237, these answering Defendants admit the allegations contained therein.

238.   In answering paragraph 238, these answering Defendants deny generally and specifically each and every allegation contained therein.

239.   In answering paragraph 239, these answering Defendants deny

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  generally and specifically each and every allegation contained therein.

2  240.   In answering paragraph 240, these answering Defendants deny

3  generally and specifically each and every allegation contained therein.

4  241.   In answering paragraph 241, these answering Defendants deny

5  generally and specifically each and every allegation contained therein.

6  242.   In answering paragraph 242, these answering Defendants deny

7  generally and specifically each and every allegation contained therein.

8  243.   In answering paragraph 243, these answering Defendants lack

9  information and belief sufficient to enable them to answer thereto and basing their

10  denial on that ground, deny generally and specifically each and every allegation

11  contained therein.

12  244.   In answering paragraph 244, these answering Defendants lack

13  information and belief sufficient to enable them to answer thereto and basing their

14  denial on that ground, deny generally and specifically each and every allegation

15  contained therein.

16  245.   In answering paragraph 245, these answering Defendants lack

17  information and belief sufficient to enable them to answer thereto and basing their

18  denial on that ground, deny generally and specifically each and every allegation

19  contained therein.

20  246.   In answering paragraph 246, these answering Defendants lack

21  information and belief sufficient to enable them to answer thereto and basing their

22  denial on that ground, deny generally and specifically each and every allegation

23  contained therein.

24  247.   In answering paragraph 247, these answering Defendants deny

25  generally and specifically each and every allegation contained therein.

26  248.   In answering paragraph 248, these answering Defendants deny

27  generally and specifically each and every allegation contained therein.

28  249.   In answering paragraph 249, these answering Defendants deny

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

generally and specifically each and every allegation contained therein.

250.   In answering paragraph 250, these answering Defendants deny generally and specifically each and every allegation contained therein.

251.   In answering paragraph 251, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

## V.

## **FIFTH CAUSE OF ACTION**

252.   In answering paragraph 252, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 251.

253.   In answering paragraph 253, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

254.   In answering paragraph 254, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

255.   In answering paragraph 255, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

256.   In answering paragraph 256, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

257.   In answering paragraph 257, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM

1  denial on that ground, deny generally and specifically each and every allegation

2  contained therein.

3      258.   In answering paragraph 258, these answering Defendants lack

4  information and belief sufficient to enable them to answer thereto and basing their

5  denial on that ground, deny generally and specifically each and every allegation

6  contained therein.

7      259.   In answering paragraph 259, these answering Defendants deny

8  generally and specifically each and every allegation contained therein.

9      260.   In answering paragraph 260, these answering Defendants deny

10  generally and specifically each and every allegation contained therein.

11      261.   In answering paragraph 261, these answering Defendants state that the

12  allegations are in the form of legal statements proposed by Plaintiffs which do not

13  require a response from these answering Defendants.

## VI.

## SIXTH CAUSE OF ACTION

17      262.   In answering paragraph 262, these answering Defendants repeat and re-

18  allege their responses to paragraphs 1 through 261.

19      263.   In answering paragraph 263, these answering Defendants state that the

20  allegations are in the form of legal statements proposed by Plaintiffs which do not

21  require a response from these answering Defendants.

22      264.   In answering paragraph 264, these answering Defendants deny

23  generally and specifically each and every allegation contained therein.

24      265.   In answering paragraph 265, these answering Defendants deny

25  generally and specifically each and every allegation contained therein.

26      266.   In answering paragraph 266, these answering Defendants deny

27  generally and specifically each and every allegation contained therein.

28      267.   In answering paragraph 267, these answering Defendants state that the

Bradley Gmelich + Wellerstein LLP

allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

268.   In answering paragraph 268, these answering Defendants deny generally and specifically each and every allegation contained therein.

269.   In answering paragraph 269, these answering Defendants deny generally and specifically each and every allegation contained therein.

## VII.

## SEVENTH CAUSE OF ACTION

270.   In answering paragraph 270, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 269.

271.   In answering paragraph 271, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

272.   In answering paragraph 272, these answering Defendants deny generally and specifically each and every allegation contained therein.

273.   In answering paragraph 273, these answering Defendants deny generally and specifically each and every allegation contained therein.

274.   In answering paragraph 274, these answering Defendants deny generally and specifically each and every allegation contained therein.

275.   In answering paragraph 275, these answering Defendants deny generally and specifically each and every allegation contained therein.

276.   In answering paragraph 275, these answering Defendants deny generally and specifically each and every allegation contained therein.

277.   In answering paragraph 267, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

///

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

# VIII.

## **EIGHT CAUSE OF ACTION**

278.   In answering paragraph 278, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 277.

279.   In answering paragraph 279, these answering Defendants deny generally and specifically each and every allegation contained therein.

280.   In answering paragraph 280, these answering Defendants deny generally and specifically each and every allegation contained therein.

281.   In answering paragraph 281, these answering Defendants deny generally and specifically each and every allegation contained therein.

282.   In answering paragraph 282, these answering Defendants deny generally and specifically each and every allegation contained therein.

283.   In answering paragraph 283, these answering Defendants deny generally and specifically each and every allegation contained therein.

284.   In answering paragraph 284, these answering Defendants deny generally and specifically each and every allegation contained therein.

285.   In answering paragraph 285, these answering Defendants deny generally and specifically each and every allegation contained therein.

# IX.

## **NINTH CAUSE OF ACTION**

### **NEGLIGENCE**

286.   In answering paragraph 278, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 285.

287.   In answering paragraph 287, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

288.   In answering paragraph 288, these answering Defendants deny

Bradley Gmelich + Wellerstein LLP

1  generally and specifically each and every allegation contained therein.

2      289.   In answering paragraph 289, these answering Defendants deny

3  generally and specifically each and every allegation contained therein.

4      290.   In answering paragraph 290, these answering Defendants deny

5  generally and specifically each and every allegation contained therein.

6      291.   In answering paragraph 291, these answering Defendants deny

7  generally and specifically each and every allegation contained therein.

8      292.   In answering paragraph 292, these answering Defendants deny

9  generally and specifically each and every allegation contained therein.

10     293.   In answering paragraph 293, these answering Defendants deny

11  generally and specifically each and every allegation contained therein.

12     294.   In answering paragraph 294, these answering Defendants state that the

13  allegations are in the form of legal statements proposed by Plaintiffs which do not

14  require a response from these answering Defendants.

15

16  ## AFFIRMATIVE DEFENSES

17  ### I.

18  ### (Failure to State Cause of Action)

19      As a further, separate and affirmative defense, Defendants allege the First

20  Amended Complaint, and each and every cause of action contained therein, fails to

21  state facts sufficient to constitute a cause of action against these answering

22  Defendants.

23  ### II.

24  ### (Active - Passive Negligence Defense)

25      As a further, separate and affirmative defense, Defendants allege that if, in fact,

26  Defendants are found to have been negligent in any manner, their negligence could

27  only be passive and secondary, while the negligence of other named Defendants, or

28  other unknown, unnamed parties would be active and primary and thus bar recovery

Bradley
Gmelich+
Wellerstein LLP

45

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  on Plaintiffs' First Amended Complaint.

2  ### III.

3  ### (Negligence of Others/Independent Contractors)

4  As a further, separate and affirmative defense, Defendants allege that at all

5  times mentioned herein, if Plaintiffs were damaged, such damage was proximately

6  caused by the independent conduct of third parties or entities, both known or

7  unknown, and/or by independent contractors and each of them, who were negligent,

8  careless, and reckless and unlawfully conducted themselves so as to substantially

9  contribute to Plaintiffs' injuries.  Said negligence, if any, either bars in whole or in

10 part damages sought herein against these answering Defendants and recovery against

11 these Defendants must therefore be reduced accordingly.  This answering Defendants

12 would not be responsible for any actions or omissions by independent contractors.

13 ### IV.

14 ### (Comparative Negligence)

15 As a further, separate and affirmative defense, Defendants allege that at all

16 times mentioned herein, Plaintiffs and or Plaintiffs' decedent were negligent, careless

17 and reckless and unlawfully conducted themselves so as to substantially contribute to

18 Plaintiffs' alleged injuries and damages compared to the conduct of all other parties,

19 all of which said negligence either bars in whole or in part damages sought herein or

20 any recovery by Plaintiffs against these answering Defendants.

21 ### V.

22 ### (Joint and Several Liability)

23 As a further, separate and affirmative defense, Defendants allege that in the

24 event Plaintiffs should establish any liability on the part of these answering

25 Defendants, which liability is expressly denied, these answering Defendants may be

26 obligated to pay sums representing a percentage of fault not its own, but that of

27 Plaintiffs and/or Plaintiffs' decedent, other parties to this action and/or third persons

28 not parties to this action.  These answering  Defendants are entitled to adjudication

Bradley
Gmelich+
Wellerstein LLP

and determination of the respective proportions or percentages of fault, if any, on these answering Defendants' part and on the part of the Plaintiffs and other parties to this action and third persons not parties to this action pursuant to the Doctrines of Comparative Negligence and the Fair Responsibility Act of 1986, codified in *C.C.P.* §§ 1431, 1431.1, 1431.2, 1431.4, 1431.5 and 1432.

## VI.

### (Unavoidable Accident)

As a further, separate and affirmative defense, Defendants allege that the damages sustained by Plaintiffs, if any, were the result of an unavoidable accident insofar as Defendants are concerned which occurred without any negligence, want of care, default or other breach of duty to the Plaintiffs on the part of these Defendants.

## VII.

### (Failure to Mitigate Damages)

As a further, separate and affirmative defense, Defendants allege that at all times mentioned herein, Plaintiffs and/or Plaintiffs' decedent failed to use reasonable care to reduce and mitigate or minimize as much as reasonably possible, the damages, if any, and that said failure was the direct and proximate cause of any and all damages, if any, sustained by Plaintiffs.

## VIII.

### (Statute of Limitations)

As a further, separate and affirmative defense, Defendants allege that the First Amended Complaint and every cause of action contained therein is barred by the Statute of Limitations set forth in *C.C.P.* §§ 335, 335.1, 337 and 340.5.

## IX.

### (*Civil Code* § 1714.8)

As a further, separate and affirmative defense, Defendants allege that Plaintiffs are barred from recovering the relief sought within the First Amended Complaint on file herein pursuant to *Civil Code* § 1714.8.

Bradley
Gmelich+
Wellerstein LLP

## X.

### (MICRA)

As a further, separate and affirmative defense, Defendants allege that pursuant to *Civil Code* §§ 3333.1, 3333.2 and *C.C.P.* § 667.6, Defendants intend, at the time of trial, to diminish, strike or eliminate those damages allegedly sustained by Plaintiffs.

## XI.

### (Superseding Causes)

As a further, separate and affirmative defense, Defendants allege that if Plaintiffs herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or not yet served, either known or unknown, and not these answering Defendants and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiffs herein.

## XII.

### (*Health and Safety Code* § 1317(c))

As a further, separate and affirmative defense, Defendants allege that Plaintiffs are barred from recovering the relief sought within the First Amended Complaint on file herein pursuant to *Health and Safety Code* § 1317(c).

## XIII.

### (Protection and Immunity)

As a further, separate and affirmative defense, Defendants allege that Plaintiffs have failed to state facts sufficient to constitute a cause of action or basis for recovery and Defendants are entitled to the protections and immunities contained in *Health and Safety Code*, including but not limited to sections 1799.102, 1799.104, 1799.106-108 and 1799.110.

///

///

Bradley Gmelich + Wellerstein LLP

## XIV.

### (Failure to Join Indispensable Parties)

As a further, separate and affirmative defense, Defendants allege that to the extent Plaintiffs have failed to join necessary and indispensable parties to this action, some or all of Plaintiffs' claims are barred.

## XV.

### (Qualified Immunity)

As and for a further affirmative defense, Defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, Defendants are entitled to qualified immunity.

## XVI.

### (Government Code Section 815)

As and for a further affirmative defense, Defendants allege that pursuant to Government Code Section 815, these answering Defendants are not liable for any injury, except as otherwise provided by statute.

## XVII.

### (Government Code Section 820.4)

As and for a further affirmative defense, Defendants allege that these answering Defendants are immune from liability pursuant to Government Code Section 820.4

## XVIII.

### (Government Code Immunities)

As and for a further affirmative defense, Defendants allege that Plaintiffs' action is barred by all applicable Government Code immunities, including but not limited to, Sections 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846.  Said sections are pleaded as though fully set forth herein.

///

Bradley Gmelich + Wellerstein LLP

## XIX.

### (California Penal Code)

As and for a further affirmative defense, Defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Sections 43, 55.

## XX.

### (California Code of Civil Procedure Section 425.13(a))

As and for a further affirmative defense, Defendants allege that Plaintiffs have failed to comply with the California Code of Procedure Section 425.13(a) with respect to its alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

## XXI.

### (Immune under Federal Civil Rights Act)

These answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where they reasonably believed their actions were lawful.

## XII.

### (No Violation of Federal Civil Rights)

Plaintiffs and/or Decedent did not sustain an injury sufficient to give rise to a violation of their federal civil rights.

## XXIII.

### (Policy, Custom, Usage Not Established)

The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## XXIV.

### (Superseding and Intervening Cause)

These answering Defendants allege that the damages allegedly suffered by

Bradley
Gmelich +
Wellerstein LLP

1   Plaintiffs, which said damages are generally and specifically denied to exist, were

2   the result the active and affirmative negligent acts or omissions to act of

3   independent third parties and/or entities whose active and affirmative negligence

4   and/or omissions to act resulted in superseding and intervening causes of Plaintiffs'

5   alleged damages which thereby relieves these answering Defendants from liability.

6                                    **XXV.**

7                         **(Civil Code §§ 1431 to 1431.5)**

8        The damages, if any, should be in direct proportion to the fault of this

9   Defendants/Decedent, if any, as provided by Civil Code §§ 1431 to 1431.5.

10                                   **XXVI.**

11                           **(Assumption of Risk)**

12       Defendants are not liable pursuant to the doctrine of assumption of risk.

13                                  **XXVII.**

14                         **(Health and Safety Code)**

15       Neither a public entity nor a public employee is liable for any injury resulting

16  from his act or omission where the act or omission was providing emergency

17  services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

18                                  **XXVIII.**

19       As a separate and affirmative defense to the Complaint and to the alleged

20  violations of U.S.C. §1983, Defendants allege that Plaintiffs have failed to exhaust

21  administrative and/or contractual remedies.

22                                   **XXIX.**

23                          **(Reckless and Wanton)**

24       At all times mentioned in the First Amended Complaint, Decedent acted in a

25  careless, reckless, wanton, and negligent manner in and about the matters set forth in

26  the First Amended Complaint; that such careless, reckless, and wanton and

27  negligent conduct proximately contributed to the injuries and damages sustained or

28  claimed by Plaintiffs; that as a consequence, Plaintiffs' claims are barred.

Bradley
Gmelich +
Wellerstein LLP

51

Case No. 23cv01357-CAB-BLM

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

## XXI.

### (Reservation for Additional, Unknown Affirmative Defenses)

As a further, separate and affirmative defense, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether or not they have additional, as yet unstated affirmative defenses available. Discovery has not yet commenced in this case, and additional facts may be uncovered during the course of discovery which give rise to additional affirmative defenses in the event that they are indicated by the evidence. Defendants reserve the right to assert such affirmative defenses by this reservation.

WHEREFORE, these answering Defendants pray for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing by way of their First Amended Complaint;

2.    That the Court award Defendants their costs of suit incurred herein;

3.    That the Court award Defendants their reasonable attorney's fees and legal expenses; and

4.    For such other and further relief as the Court may deem just and proper.

### DEMAND FOR A JURY TRIAL

Defendants demand a trial by jury in this matter.


BRADLEY, GMELICH & WELLERSTEIN LLP

Dated:  February 9, 2024


By: _____
        Thomas P. Gmelich
        Mark L. Kiefer
        Royce Y. Huang
        Attorneys for Defendants, Anthony Cruz,
        M.D. and Liberty Healthcare of California,
        Inc.

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP