UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, By and Through His Successors-In-Interest,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.:  23-cv-1357-CAB-BLM<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER STAYING THE COURT'S FEBRUARY 9, 2024 ORDER GRANTING PLAINTIFFS' RENEWED EX PARTE MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PENDING DISTRICT JUDGE REVIEW**<br><br>**[ECF No. 68]** |

Currently before the Court is Defendants County of San Diego ("County"), Bill Gore, Kelly Martinez, Jon Montgomery, Christina Anosike, Ben Samonte, and May Ng's (collectively "County Defendants") February 16, 2024 *Ex Parte* Application for Order Staying the Court's February 9, 2024 Order Granting Plaintiffs' Renewed Ex Parte Motion for Leave to Conduct Limited Discovery Pending District Judge Review ("Motion"). ECF No. 68. On February 20, 2024, Plaintiffs filed an opposition ("Oppo.") to County Defendants' Motion. ECF No. 69. Having considered County Defendants' Motion, Plaintiffs' Oppo., and all supporting documents, the Court hereby **DENIES** County Defendants' Motion for the reasons set forth below.

//

**RELEVANT FACT & PROCEDURAL BACKGROUND**

On July 26, 2023, Plaintiffs, proceeding as successors in interest for their late father ("Decedent"), filed a complaint containing numerous causes of action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that the Defendants violated their civil rights by allowing the Decedent to die from pneumonia, malnutrition, and dehydration while incarcerated in Defendants' facility. ECF No. 1 at ¶¶ 37-75. In their complaint, Plaintiffs also allege causes of action for wrongful death, dependent adult neglect, violation of Cal. Gov. Code § 52.1 (Bane Act), Cal. Gov. Code § 845.6 (Failure to Summon Medical Care), negligence, and negligent training and supervision. Motion at 2; ECF No. 1 at ¶¶ 108, 116-122, 165, 179-180, 183-191. On October 4, 2023, Defendants County of San Diego, Bill Gore, Barbara Lee, Kelly Martinez, and Jon Montgomery filed a Motion to Dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b). ECF Nos. 20, 21.

On November 10, 2023, Plaintiffs filed an Ex Parte Motion to Conduct Limited Discovery to Ascertain Doe Defendants' Identities seeking to elicit the identities of certain Doe Defendants alleged to be responsible for the circumstances leading to the Decedent's death in order to adequately oppose County Defendants' motion to dismiss. ECF No. 25. On November 16, 2023, County Defendants filed an opposition to Plaintiffs' Ex Parte Motion. ECF No. 27. On November 21, 2023, Plaintiffs filed a First Amended Complaint ("FAC") alleging the same causes of action contained in Plaintiffs' original complaint but adding several new previously unnamed Defendants. ECF No. 30. On November 21, 2023, the Court issued an order requiring simultaneous letter briefing as it was unclear whether Plaintiffs' FAC contained new Defendants whose identities were sought in Plaintiffs' November 10, 2023 Ex Parte Motion. ECF No. 31. On November 28, 2023, Plaintiffs filed their letter brief explaining that the FAC did not moot their Ex Parte Motion and they still required the limited early discovery to identify the Doe Defendants. ECF No. 33. On December 1, 2023, County Defendants filed a letter brief opposing Plaintiffs' request for early limited discovery. ECF No. 34.

On December 12, 2023, the Court issued an order granting in part and denying in part Plaintiffs' November 10, 2023 Ex Parte Motion. ECF No. 38. Pertinent to the instant Motion, the

Court granted Plaintiffs' request to propound request for production No. 3, which sought "[a]ny and all video surveillance of Lonnie Rupard in the 72 hours leading up to his death" and required County Defendants to provide the surveillance videos to Plaintiffs on or before January 5, 2024. Id. at 13. On January 5, 2024, County Defendants served their responses to Plaintiffs' discovery requests wherein they identified 33 Sherriff's deputies by name in response to Plaintiffs' interrogatories, but did not provide the surveillance videos in accordance with this Court's order. ECF No. 63 at 3.

On January 4, 2024, County Defendants filed a Request for Clarification regarding the Court's December 12, 2023 order wherein they requested the Court suspend its order granting Plaintiffs' request to obtain surveillance videos of the Decedent; the County explained that the homicide detective investigating the Decedent's death objected to disclosure of the surveillance videos. ECF No. 47. On January 5, 2024, the Court granted County Defendants' request without prejudice noting that Defendants failed to provide facts or law supporting their request. ECF No. 49. The Court authorized Plaintiffs to file a renewed motion, supported with law and facts, to obtain the surveillance videos. Id. On January 15, 2024, County Defendants filed a motion to dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 53. On January 18, 2024, Plaintiffs filed a renewed motion to obtain the surveillance videos. ECF No. 57. On January 25, 2024, County Defendants opposed the renewed motion and, on January 31, 2024, the Plaintiffs filed a reply in support of their renewed motion. ECF No. 60.

On February 9, 2024, the Court issued an order granting Plaintiffs' renewed motion to obtain the surveillance videos from County Defendants. ECF No. 63. The Court explained that the County Defendants failed to carry their burden to establish that the surveillance videos were properly withheld pursuant to the law enforcement privilege, finding:

> County Defendants have not carried their burden to establish that the law enforcement privilege applies to the surveillance videos withheld by County Defendants. Detective Blumenshine's declaration is legally insufficient because it fails to "describe[] with specificity both the information to be protected and the harm that would ensue from its disclosure." Wagafe, 334 F.R.D. at 623. While his declaration states that there is an ongoing criminal investigation, it does not explain why the release of the surveillance videos in this case would cause any harm to the ongoing criminal investigation or to any other governmental interests. Id.; see also Al Otro Lado, 2020 WL 3487823, at *2 (quoting Kelly, 114 F.R.D. at

>663). The mere assertion that there is an ongoing criminal investigation that is subject to review by a prosecutorial agency is legally and factually insufficient to properly invoke the law enforcement privilege and County Defendants do not provide law supporting their argument that it is sufficient. To carry their burden, Detective Blumenshine's declaration had to provide specific information about how disclosure of the specific surveillance videos requested would threaten the specific governmental and privacy interests at stake. See Al Otro Lado, 2020 WL 3487823, at *4 (citing Bernat v. City of California City, 2010 WL 4008361, at *3 (E.D. Cal. Oct. 12, 2010) (emphasis added). It did not. Instead, the declaration makes a vague assertion that there is an ongoing criminal investigation that, when finished, is subject to review by other law enforcement entities. The declaration does not identify the specific harm, the specific way in which production of surveillance videos would cause harm, and the specific governmental or privacy interest that would be harmed. County Defendants' showing is insufficient.
>
>Even if Detective Blumenshine's declaration made the requisite showing of specific harm to the investigation or the government's interest, the County Defendants have not articulated any argument explaining why the harm could not and would not be mitigated by the protective order in place. The Court expects the parties to comply with the protective order, and finds that production of the surveillance videos under its terms will "minimize the impact on the interests at issue." Bernat, 2010 WL 4008361, at *2 (overruling objections based on law enforcement privilege where supporting declaration failed to address the impact of a protective order); see also Maria Del Socorro Quintero Perez, CY v. United States, 2016 WL 362508, at *4 (S.D. Cal. Jan. 29, 2016) (same); Al Otro Lado, 2020 WL 3487823, at *5 (same).
>
>The Court finds that because Detective Blumenshine's declaration fails to provide any specific assertions of harm to the criminal investigation or the government's privacy interest, and fails to demonstrate why disclosing the surveillance videos subject to the protective order would insufficiently protect the criminal investigation or the government's privacy interest, County Defendants have failed to make the requisite threshold showing that the surveillance videos are protected by the law enforcement privilege. See Conan v. City of Fontana, 2017 WL 2874623, at *5 (C.D. Cal. July 5, 2017) (denying Defendants' request to preclude disclosure based on the law enforcement privilege as the declarations submitted failed to provide specific assertions of harm and failed to demonstrate why disclosure subject to the protective order would be inadequate to protect the government's interest); Al Otro Lado, 2020 WL 3487823, at *5 (same).

ECF No. 63 at 9-11. The Court continued its analysis and found that even if the County Defendants had carried their burden to establish that the law enforcement privilege applied to the surveillance videos, that Plaintiffs' need for the videos surpasses the County Defendants' stated need to withhold their production, explaining:

>the Court finds that even if County Defendants made the requisite threshold showing that the surveillance videos are protected by the law enforcement privilege, Plaintiffs' need for the surveillance videos far surpasses the County Defendants' stated need for asserting the privilege. For example, only Frankenhauser factors six and seven could potentially support non-disclosure of the surveillance videos as the investigation is allegedly incomplete and there potentially may be interdepartmental discipline stemming from the Decedent's

death, but again, it is difficult to determine how much weight to give these factors due to the lack of specificity included in Detective Blumenshine's declaration and the lack of analysis provided by County Defendants. See Wagafe, 334 F.R.D. at 623-24 (quoting Frankenhauser, 59 F.R.D. at 344). In contrast, Plaintiffs have identified a specific need for the surveillance videos. County Defendants have filed another motion to dismiss Plaintiffs' operative complaint partially on the grounds that the actions (or inactions) of the Doe Defendants are not adequately pled. See ECF No. 53-1 at 21-23. County Defendants' assertion that Plaintiffs can adequately oppose the motion to dismiss based solely on a list of 33 Sheriff's deputies' names is nonsensical. County Defendants provided the list of names without any identifying information and specifically declined to provide information regarding the actions of each officer. See Oppo. at 8, n.4. Plaintiffs need this information to identify the Doe Defendants and oppose the motion to dismiss. County Defendants' strategic decision not to provide the necessary additional information bolsters Plaintiffs' need to obtain the surveillance videos. Accordingly, Plaintiffs' need for this evidence outweighs any asserted law enforcement privilege. See Hemstreet v. Duncan, 2007 WL 4287602, at *2 (D. Or. Dec. 4, 2007) ("When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome.").

Id. at 11-12. On February 16, 2024, County Defendants filed the instant Motion requesting this Court stay its February 9, 2024 order [ECF No. 63] pending District Judge review of that order. Motion at 7-11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters, such as discovery motions, may be decided by a magistrate judge. Fed. R. Civ. P. 72(a). However, a magistrate judge's ruling on a non-dispositive matter is subject to reconsideration by the district judge, if a party serves and files objections to the order within 14 days. Id. Upon a party's timely objection, the district judge may modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Id. See also 28 U.S.C. § 636(b)(1)(A). Filing an objection pursuant to Rule 72 does not automatically stay the magistrate judge's order. See, e.g., Alvarez v. Larose, 2020 WL 5632659, at *1 (S.D. Cal. Sep. 21, 2020); United States Aviation Underwriters Inc. v. Aerospike Iron, LLC, 2023 WL 1090873, at *2 (S.D. Cal. Jan. 26, 2023).

In considering whether to grant a motion to stay the effect of a magistrate judge's order, many courts have applied the same four-factor test that applies to the stay of a district court order pending appellate review: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the

stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. See In re Republic of Ecuador, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (applying the four-factor test because the motion to stay the effect of the magistrate judge's order pending resolution of Rule 72 objections "is akin to a motion for stay pending appeal"); Alvarez, 2020 WL 5632659, at *1 (same); United States Aviation Underwriters Inc., 2023 WL 1090873, at *2 (same). "The requesting party bears the burden of demonstrating that the circumstances justify a stay." United States Aviation Underwriters Inc., 2023 WL 1090873, at *2 (citing Nken v. Holder, 556 U.S. 418, 433-34 (2009)).

## COUNTY DEFENDANTS' POSITION

County Defendants argue that "[t]he videos are protected by the law enforcement privilege" and "[a]s set forth in section II *infra*, Judge Major's Order is clearly erroneous and contrary to law and there has been a development relevant to the materials sought" so "County's objection and motion for reconsideration is substantially likely to prevail on the merits." Motion at 8. County Defendants contend that it "will inevitably suffer irreparable harm if the instant Application is not granted" as "[t]he order compels County's production of official information/law enforcement privileged video surveillance material that is part of the homicide investigation" and "disclosure of such documents and information cannot be undone, and thus courts routinely grant stays." Id. at 9. Finally, they argue that "there is no risk of harm to other parties if a stay is granted and public interest weighs substantially in favor of protecting County Defendants' right to object to the Order prior to disclosure of the subject surveillance footage of Decedent." Id. at 10.

## PLAINTIFFS' POSITION

Plaintiffs argue that "County Defendants cannot simply refuse to comply with the Court's Order while waiting for a ruling. The deadline to produce the video has passed, and County Defendants have not complied with this Court's Order nor have they provided a privilege log explaining the legal and factual basis for continuing to withhold the surveillance video in violation of the Court order." Oppo. at 4. Next, Plaintiffs contend that County Defendants' "ex parte

motion fails to explain how this Court failed to apply, or misapplied, statutes, case law, or rules of procedure. The mere fact that the surveillance footage is part of a homicide investigation[] is not evidence that disclosure would compromise the investigation or prosecutorial review." Id. Plaintiffs argue that County Defendants have provided no new evidentiary support or competent evidence demonstrating how disclosure of the surveillance videos would harm government interests. Id. at 6. Similarly, Plaintiffs argue that County Defendants will not suffer irreparable harm as County Defendants "do not state what harm they are referring to, what interests would be harmed, or how disclosure would compromise prosecutorial review." Id. at 7. Plaintiffs assert that "granting the stay and delaying disclosure of the video footage will prevent Plaintiffs from identifying DOE deputies while there is a motion to dismiss pending, and potentially even by the two year statute of limitations" that may expire on March 17, 2024. Id. at 8. Plaintiffs contend that the existing protective order will mitigate any potential risk of harm, and that delay in the production will unfairly and unduly prejudice Plaintiffs. Id. at 9.

## **DISCUSSION**

The Court finds that County Defendants have not met their burden to show that a stay is justified. First, County Defendants have not established that they are likely to succeed on the merits. County Defendants argue generally that the Court's decision was clearly erroneous and specifically that the Court erred by failing to apply the holding of Lien v. City of San Diego, 2022 WL 134896, at *2 (S.D. Cal. Jan. 14, 2022). Motion at 4-7. With regard to the first basis, Defendants present the same arguments they made in their original motion with no additional facts other than a statement in the brief, but not in a declaration, that the investigation "is in the hands of the prosecutorial agency/agencies and under their review." Id. at 4-7, 9; see also Declaration of Rada Feldman In Support of County Defendants' Motion ("Feldman Decl.") at 3-4. County Defendants again assert that Detective Blumenshine's declaration was sufficient to invoke the privilege because he was the "lead investigator relating to the in-custody death of Decedent" and he "clearly state[d] the factual basis for his objection." Id. at 6. Unfortunately for Defendants, the only factual basis provided by Detective Blumenshine is that there is an ongoing investigation. ECF No. 57-2 at ¶ 5. His declaration does not provide specific

information, beyond the existence of a two-year old investigation, explaining how the release of the videos will harm a specific governmental interest.  Id.; see also ECF No. 63 at 9-11. Defendants also failed to explain why the existing protective order (or a more restrictive protective order) is insufficient to protect the contemplated harm.  ECF No. 63 at 11-12. Defendants do not address or remedy these failures in the instant motion.  Defendants' additional fact, that the investigation "is in the hands" of a prosecutor, has minimal value as it is not contained in a declaration, the name of the prosecutor or prosecuting agency is not provided, and the unnamed prosecutor does not object to the production of the videos or provide an explanation of the harm that could be caused by producing the videos and why a protective order is insufficient.  As a result, County Defendants have not established that the Court's analysis was clearly erroneous or that they are likely to succeed on the merits.

With regard to the second argument, the facts of the instant case are significantly different from the facts in Lien. In Lien, the defendant produced documents regarding an incident that occurred at a Trump demonstration but redacted, based on the law enforcement privilege, the "name of a suspect who threw a burning munition canister at ant-Trump protestors" and the "full names, dates of birth, photographs, and prior arrest history of two suspected antifa members" who were present at the event. Lien, 2022 WL 134896, at *1. The Lien court analyzed the declaration submitted by San Diego Police Department Captain Novak and found that "he personally reviewed the redacted documents and explain[ed] the need for the privilege and redactions: an ongoing, pending criminal prosecution against the male shown holding what appears to be an incendiary grenade" and "ongoing active investigations by the Joint Terrorism Task Force against the [ ] two individuals." Id. at *3.  The Court specifically noted that Captain Novak explained that the two individuals are targets of the investigation and that the "investigation could be compromised if their identifying information is released." Id. at *4.  The Court further found that a protective order was not sufficient to prevent the possibility of alerting the individuals being investigated that there was a criminal investigation into their conduct and that they were targets of the investigation. Id. at *4. In reaching this decision, the court noted that the civil lawsuit was filed within months of the incident under investigation and

that plaintiffs seek to depose or interview the individuals. Id. at *1, *4. Finally, the court noted that there were many other witnesses to the event and that plaintiffs can obtain much, if not all, of the relevant information from other sources without compromising a pending investigation. Id. at *4

In contrast, in the instant case, the investigation has been pending for almost two years and neither Detective Blumenshine nor County Defendants indicate that the officers depicted on the video are unaware of the ongoing investigation. In fact, County Defendants already have provided to Plaintiffs the names of the officers who worked in decedent's housing unit and therefore are likely to be depicted in the videos so identity is not the issue and Defendants do not explain why the conduct depicted on the video cannot be produced. Similarly, Captain Novak's declaration "explained the need for the privilege and redactions" whereas Detective Blumenshine's declaration did not. Finally, unlike Lien, because this event occurred in a prison, there are not other individuals that Plaintiffs could contact to obtain video or similar information. Plaintiffs attempted to obtain the necessary identifying information from Defendants via other discovery requests but Defendants specifically declined to provide any identifying information other than a list of names [see ECF No. 57 at 8, n.4] so Plaintiffs have no other options to obtain the required identifying information and oppose Defendants' motion to dismiss. The decision regarding the applicability of the privilege is fact-driven and the Court finds that facts of the Lien case do not provide guidance as to the correct decision in the instant case. Even if Lien was factually analogous to this case, "as the Supreme Court has pointed out, '[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" Evans v. Skolnik, 997 F.3d 1060, 1067 (9th Cir. 2021) (citing Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011)). The Court finds that Defendants have not established that they are likely to succeed on the merits and that this factor weighs against Defendants' motion.

Second, County Defendants argue that they will be irreparably harmed if the stay is not granted because they will be forced to produce "material protected under the official information law enforcement privilege that is presently in the hands of the prosecutorial agency/agencies

and under their review, prior to having an opportunity to object to the Order and bring a motion for reconsideration." Motion at 9. The first part of Defendants' argument fails for the same reason it failed in the initial briefing and order: lack of specificity. Defendants' conclusory statement is insufficient to establish the applicability of the claimed privilege and the alleged irreparable harm. Defendants state that their new evidence is that prosecutors are reviewing the evidence [Id.] and yet, they do not identify a prosecutor or prosecutors and do not provide a declaration from a prosecutor stating that the prosecutor objects to the production of the videos and explaining the basis for the objection and why the existing protective order is insufficient. As previously explained, Detective Blumenshine's declaration suffers from the same lack of factual specificity. As to the second part of the argument, that is not the correct standard. If it were, there would be no need for a motion to stay because a magistrate judge's order would automatically be stayed as soon as a party filed a motion for review or until the deadline for filing a motion for review passed. That is not the law. See Alvarez, 2020 WL 5632659, at *1. This factor weighs against Defendants' motion.

Third, County Defendants assert that "there is no risk of harm to the other parties if a stay is granted[.]" Motion at 10. The Court disagrees. As Plaintiffs note, "granting the stay and delaying disclosure of the video footage will prevent Plaintiffs from identifying DOE deputies while there is a motion to dismiss pending, and potentially even by the two-year statute of limitations" that may expire on March 17, 2024. Oppo. at 8. As the Court previously explained,

> Plaintiffs have identified a specific need for the surveillance videos. County Defendants have filed another motion to dismiss Plaintiffs' operative complaint partially on the grounds that the actions (or inactions) of the Doe Defendants are not adequately pled. See ECF No. 53-1 at 21-23. County Defendants' assertion that Plaintiffs can adequately oppose the motion to dismiss based solely on a list of 33 Sheriff's deputies' names is nonsensical. County Defendants provided the list of names without any identifying information and specifically declined to provide information regarding the actions of each officer. See Oppo. at 8, n.4. Plaintiffs need this information to identify the Doe Defendants and oppose the motion to dismiss. County Defendants' strategic decision not to provide the necessary additional information bolsters Plaintiffs' need to obtain the surveillance videos.

ECF No. 63 at 11-12. Accordingly, the Court finds that there may be substantial harm to Plaintiffs if they are not able to obtain the surveillance videos and this factor also weighs against Defendants' motion.

Last, County Defendants provide a cursory argument that "[]public interest weighs substantially in favor of protecting County Defendants' right to object to the Order prior to disclosure of the subject surveillance footage of Decedent." County Defendants have failed to identify how the granting of a stay in this matter would specifically serve the public interest beyond reference to a general interest in the protection of their right to object to the undersigned's order. See United States Aviation Underwriters Inc., 2023 WL 1090873, at *2 (finding the plaintiff's argument that there is a general public interest in protection of confidential information insufficient). Thus, this factor also weighs against Defendants' motion.

## CONCLUSION

For the reasons stated above, County Defendants' Motion to Stay the Court's February 9, 2024 Order is **DENIED.** County Defendants are ordered to produce the surveillance videos pursuant to the terms of the protective order by **February 29, 2024**.

**IT IS SO ORDERED.**

Dated: 2/26/2024

Hon. Barbara L. Major
United States Magistrate Judge