1 | Thomas P. Gmelich, Esq., State Bar No. 166562
    *tgmelich@bgwlawyers.com*
2 | Mark L. Kiefer, Esq., State Bar No. 116633
    *mkiefer@bgwlawyers.com*
3 | Angela M. Rossi, Esq., State Bar No. 131581
    *arossi@bgwlawyers.com*
4 | BRADLEY, GMELICH & WELLERSTEIN LLP
    700 North Brand Boulevard, 10th Floor
5 | Glendale, California 91203-1202
    Telephone: (818) 243-5200
6 | Facsimile: (818) 243-5266

7 | Attorneys for Defendants, Anthony Cruz, M.D. and Liberty
8 | Healthcare of California, Inc. (erroneously sued and served herein as Liberty Healthcare Corporation)

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

11 |

12 | ESTATE OF LONNIE RUPARD, BY AND THROUGH HIS SUCCESSORS-IN-INTEREST JUSTINO RUPARD & RONNIE RUPARD; JUSTINO RUPARD INDIVIDUALLY AND IN HIS CAPACITY AS SUCCESSOR IN INTEREST; AND RONNIE RUPARD INDIVIDUALLY AND IN HIS CAPACITY AS SUCCESSOR IN INTEREST, | **Case No. 3:23-cv-01357-CAB-BLM**

**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC. (erroneously sued and served herein as Liberty Healthcare Corporation)**

Judge: Hon. Cathy Ann Bencivengo
Courtroom: 15A
Magistrate Judge: Barbara Lynn Major

Plaintiff,

vs.

COUNTY OF SAN DIEGO; BILL GORE, IN HIS INDIVIDUAL CAPACITY; KELLY MARTINEZ, , IN HER INDIVIDUAL CAPACITY; CORRECTIONAL HEALTHCARE PARTNERS (CHP); JON MONTGOMERY, DO, , IN HIS INDIVIDUAL CAPACITY; LIBERTY HEALTHCARE CORPORATION; CHRISTINA ANOSIKE, , IN HER INDIVIDUAL CAPACITY; ANTHONY CRUZ MD, , IN HIS INDIVIDUAL CAPACITY; BEN SAMONTE, IN HIS INDIVIDUAL CAPACITY; MAY NG, IN HER INDIVIDUAL CAPACITY; AGUILERA, M., VILADIU, J., MARTINEZ, G., SCHMITZ, D., | Discovery Cutoff: None Set
Motion Cutoff: None Set
Trial Date: None Set

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

AMADO, J., MACE. T., ACKERMAN,
M., KEY, K., MOSER, M., AGUIRRE,
E., JAMES, T., ROMERO, B.,
JOHNSON, M., TORRES, A.,
DELANEY, C., TREYVONNE, J.,
EVERSOLL, T., WERESKSI, A.,
ROMANS, B., GUTIERREZ, L., IN
THEIR INDIVIDUAL CAPACITIES,
DEFENDANT DEPUTIES DOES 1-10,
DEFENDANT MEDICAL
PROVIDERS DOES 1-10;
DEFENDANT SUPERVISOR DOES;
1-10,

        Defendants.

COMES NOW Defendants, ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC. (erroneously sued and served herein as Liberty Healthcare Corporation) ("Defendants") and hereby answer the Second Amended Complaint filed by the Plaintiffs, ESTATE OF LONNIE RUPARD, by and through his Successors-in-Interest JUSTINO RUPARD and RONNIE RUPARD, JUSTINO RUPARD, individually and in his capacity as Successor-in-Interest, and RONNIE RUPARD, individually and in his capacity as Successor-in-Interest ("Plaintiffs") in the above-entitled action as follows:

## **INTRODUCTION**

1.    In answering paragraph 1, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

2.    In answering paragraph 2, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

3.    In answering paragraph 3, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

2

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1    4.    In answering paragraph 4, these answering Defendants lack information

2  and belief sufficient to enable them to answer thereto and basing their denial on that

3  ground, deny generally and specifically each and every allegation contained therein.

4    5.    In answering paragraph 5, these answering Defendants lack information

5  and belief sufficient to enable them to answer thereto and basing their denial on that

6  ground, deny generally and specifically each and every allegation contained therein.

7    6.    In answering paragraph 6, these answering Defendants lack information

8  and belief sufficient to enable them to answer thereto and basing their denial on that

9  ground, deny generally and specifically each and every allegation contained therein.

10    7.    In answering paragraph 7, these answering Defendants deny generally

11  and specifically each and every allegation contained therein.

12    8.    In answering paragraph 8, these answering Defendants deny generally

13  and specifically each and every allegation contained therein.

14    9.    In answering paragraph 9, these answering Defendants state that

15  paragraph 9 is a request by Plaintiffs for a jury trial and that a request for trial by

16  jury does not require a response.

17

18    **JURISDICTION AND VENUE**

19    10.    In answering paragraph 10, these answering Defendants admit that

20  Plaintiffs are ostensibly invoking subject matter jurisdiction of this district court

21  under 28 U.S.C. § 1331. Except as so admitted, these answering Defendants lack

22  information and belief sufficient to enable them to answer thereto and basing their

23  denial on that ground, deny generally and specifically each and every allegation

24  contained therein.

25    11.    In answering paragraph 11, these answering Defendants admit that

26  Plaintiffs are ostensibly invoking supplemental jurisdiction of this district court

27  under 28 U.S.C. § 1367. Except as so admitted, these answering Defendants lack

28  information and belief sufficient to enable them to answer thereto and basing their

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  denial on that ground, deny generally and specifically each and every allegation
2  contained therein.

3      12.    In answering paragraph 12, these answering Defendants lack
4  information and belief sufficient to enable them to answer thereto and basing their
5  denial on that ground, deny generally and specifically each and every allegation
6  contained therein.

7      13.    In answering paragraph 13, these answering Defendants lack
8  information and belief sufficient to enable them to answer thereto and basing their
9  denial on that ground, deny generally and specifically each and every allegation
10  contained therein.

11      14.    In answering paragraph 14, these answering Defendants lack
12  information and belief sufficient to enable them to answer thereto and basing their
13  denial on that ground, deny generally and specifically each and every allegation
14  contained therein.

15      15.    In answering paragraph 15, these answering Defendants lack
16  information and belief sufficient to enable them to answer thereto and basing their
17  denial on that ground, deny generally and specifically each and every allegation
18  contained therein.

19      16.    In answering paragraph 16, these answering Defendants lack
20  information and belief sufficient to enable them to answer thereto and basing their
21  denial on that ground, deny generally and specifically each and every allegation
22  contained therein.

23      17.    In answering paragraph 17, these answering Defendants lack
24  information and belief sufficient to enable them to answer thereto and basing their
25  denial on that ground, deny generally and specifically each and every allegation
26  contained therein.

27      18.    In answering paragraph 18, these answering Defendants lack
28  information and belief sufficient to enable them to answer thereto and basing their

Bradley
Gmelich +
Wellerstein LLP

1  denial on that ground, deny generally and specifically each and every allegation
2  contained therein.

3      19.    In answering paragraph 19, these answering Defendants lack
4  information and belief sufficient to enable them to answer thereto and basing their
5  denial on that ground, deny generally and specifically each and every allegation
6  contained therein.

7      20.    In answering paragraph 20, these answering Defendants lack
8  information and belief sufficient to enable them to answer thereto and basing their
9  denial on that ground, deny generally and specifically each and every allegation
10 contained therein.

11     21.    In answering paragraph 21, these answering Defendants deny
12 generally and specifically each and every allegation contained therein.

13     22.    In answering paragraph 22, these answering Defendants lack
14 information and belief sufficient to enable them to answer thereto and basing their
15 denial on that ground, deny generally and specifically each and every allegation
16 contained therein.

17     23.    In answering paragraphs 23, these answering Defendants lack
18 information and belief sufficient to enable them to answer thereto and basing their
19 denial on that ground, deny generally and specifically each and every allegation
20 contained therein.

21     24.    In answering paragraph 24, these answering Defendants admit that
22 Plaintiffs are ostensibly representing that venue is proper in this district court under
23 28 U.S.C. § 1391. Except as so admitted, these answering Defendants lack
24 information and belief sufficient to enable them to answer thereto and basing their
25 denial on that ground, deny generally and specifically each and every allegation
26 contained therein.

27 ///
28 ///

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

# PARTIES

25.     In answering paragraph 25, these answering Defendants state on information and belief that Plaintiffs Justino Rupard and Ronnie Rupard are surviving biological children of decedent Lonnie Rupard, but these answering Defendants lack information and belief sufficient to enable them to answer whether decedent Lonnie Rupard left other biological children, still living, or other financial dependents who might qualify as Plaintiffs with standing to bring a wrongful death claim under either State of Federal Law.  See California Code of Civil Procedure, Section 377.60, California Probate Code, Section 6401, and Ruttenberg v. Ruttenberg (1997) 53 Cal.App.4th 801, 808, 809, 62 Cal.Rptr.2d 78 (concerning "omitted heirs").  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

26.     In answering paragraph 26, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

27.     In answering paragraph 27, these answering Defendants state on information and belief that Plaintiffs Justino Rupard and Ronnie Rupard are surviving biological children of decedent Lonnie Rupard, but these answering Defendants lack information and belief sufficient to enable them to answer whether decedent Lonnie Rupard left other biological children, still living, or other financial dependents who might qualify as Plaintiffs with standing to bring a wrongful death claim under either State of Federal Law.  See California Code of Civil Procedure, Section 377.60, California Probate Code, Section 6401, and Ruttenberg v. Ruttenberg (1997) 53 Cal.App.4th 801, 808, 809, 62 Cal.Rptr.2d 78 (concerning "omitted heirs").  These answering Defendants also lack information and belief

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1    sufficient to enable them to answer whether Plaintiffs have standing to sue as

2    decedent's successors-in-interest pursuant to California Civil Code, Section 377.60.

3    Except as so admitted, these answering Defendants lack information and belief

4    sufficient to enable them to answer thereto and basing their denial on that ground,

5    deny generally and specifically each and every allegation contained therein.

6        28.    In answering paragraph 28, these answering Defendants lack

7    information and belief sufficient to enable them to answer thereto and basing their

8    denial on that ground, deny generally and specifically each and every allegation

9    contained therein.

10        29.    These answering Defendants admit the allegations of paragraph 29.

11        30.    In answering paragraph 30, these answering Defendants lack

12    information and belief sufficient to enable them to answer thereto and basing their

13    denial on that ground, deny generally and specifically each and every allegation

14    contained therein.

15        31.    In answering paragraph 31, these answering Defendants lack

16    information and belief sufficient to enable them to answer thereto and basing their

17    denial on that ground, deny generally and specifically each and every allegation

18    contained therein.

19        32.    In answering paragraph 32, these answering Defendants lack

20    information and belief sufficient to enable them to answer thereto and basing their

21    denial on that ground, deny generally and specifically each and every allegation

22    contained therein.

23        33.    In answering paragraph 33, these answering Defendants lack

24    information and belief sufficient to enable them to answer thereto and basing their

25    denial on that ground, deny generally and specifically each and every allegation

26    contained therein.

27        34.    In answering paragraph 34, these answering Defendants lack

28    information and belief sufficient to enable them to answer thereto and basing their

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  denial on that ground, deny generally and specifically each and every allegation

2  contained therein.

3      35.    In answering paragraph 35, these answering Defendants lack

4  information and belief sufficient to enable them to answer thereto and basing their

5  denial on that ground, deny generally and specifically each and every allegation

6  contained therein.

7      36.    In answering paragraph 36, these answering Defendants lack

8  information and belief sufficient to enable them to answer thereto and basing their

9  denial on that ground, deny generally and specifically each and every allegation

10  contained therein.

11      37.    In answering paragraph 37, these answering Defendants lack

12  information and belief sufficient to enable them to answer thereto and basing their

13  denial on that ground, deny generally and specifically each and every allegation

14  contained therein.

15      38.    In answering paragraph 38, these answering Defendants admit that at

16  the time of the incident alleged herein as concerns decedent Lonnie Rupard, Liberty

17  Healthcare Corporation  had a contract with County of San Diego, Sheriffs'

18  Department, to provide certain contracted-for mental health services for certain

19  correctional facilities in San Diego County, inclusive of the Men's Central Jail, but

20  deny that it provided medical services.  These answering Defendants also deny that

21  Liberty Healthcare of California, Inc. and its agents and employees were responsible

22  for all aspects of decedent's mental health care, there being certain health care that

23  was being provided by other individuals, entities and corporations who are not these

24  answering Defendants.  The answering Defendants admit that Defendant Liberty

25  Healthcare of California, Inc. (erroneously sued and served herein as "Liberty

26  Healthcare Corporation)," employed Defendant Anthony Cruz, M.D. as a

27  Psychiatrist providing certain mental health services at the Men's Central Jail but

28  deny that he provided medical services.  These answering Defendants admit that

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

1    Defendant Anthony Cruz, M.D. was working within the course and scope of his

2    employment with Liberty Healthcare of California, Inc. when he provided certain

3    mental health services to decedent. These answering Defendants admit that Liberty

4    Healthcare of California, Inc. does business within the County of San Diego.

5    Except as so admitted, these answering Defendants lack information and belief

6    sufficient to enable them to answer thereto and basing their denial on that ground,

7    deny generally and specifically each and every allegation contained therein.

8         39.    In answering paragraph 39, these answering Defendants lack

9    information and belief sufficient to enable them to answer thereto and basing their

10   denial on that ground, deny generally and specifically each and every allegation

11   contained therein.

12        40.    In answering paragraph 40, these answering Defendants lack

13   information and belief sufficient to enable them to answer thereto and basing their

14   denial on that ground, deny generally and specifically each and every allegation

15   contained therein.

16        41.    In answering paragraph 41, these answering admit that at the time of

17   the incident alleged herein as concerns decedent Lonnie Rupard, Liberty Healthcare

18   Corporation had a contract with County of San Diego, Sheriffs' Department, to

19   provide certain contracted-for mental health services for certain correctional

20   facilities in San Diego County, inclusive of the Men's Central Jail, but deny that it

21   provided medical services.  These answering Defendants also deny that Liberty

22   Healthcare of California, Inc. and its agents and employees were responsible for all

23   aspects of decedent's mental health care, there being certain health care that was

24   being provided by other individuals, entities and corporations who are not these

25   answering Defendants.  The answering Defendants admit that Defendant Liberty

26   Healthcare of California, Inc. (erroneously sued and served herein as "Liberty

27   Healthcare Corporation)," employed Defendant Anthony Cruz, M.D. as a

28   Psychiatrist providing certain mental health services at the Men's Central Jail but

Bradley
Gmelich +
Wellerstein LLP

1  deny that he provided medical services.  These answering Defendants admit that

2  Defendant Anthony Cruz, M.D. was working within the course and scope of his

3  employment with Liberty Healthcare of California, Inc. when he provided certain

4  mental health services to decedent. These answering Defendants admit that Liberty

5  Healthcare of California, Inc. provided certain training in mental health care to

6  Defendant Anthony Cruz, M.D. These answering Defendants admit that Liberty

7  Healthcare of California, Inc. does business within the County of San Diego.

8  Except as so admitted, these answering Defendants lack information and belief

9  sufficient to enable them to answer thereto and basing their denial on that ground,

10  deny generally and specifically each and every allegation contained therein.

11      42.    In answering paragraph 42, these answering Defendants lack

12  information and belief sufficient to enable them to answer thereto and basing their

13  denial on that ground, deny generally and specifically each and every allegation

14  contained therein.

15      43.    In answering paragraph 43, these answering Defendants lack

16  information and belief sufficient to enable them to answer thereto and basing their

17  denial on that ground, deny generally and specifically each and every allegation

18  contained therein.

19      44.    In answering paragraph 44, these answering Defendants lack

20  information and belief sufficient to enable them to answer thereto and basing their

21  denial on that ground, deny generally and specifically each and every allegation

22  contained therein.

23      45.    In answering paragraph 45, these answering Defendants lack

24  information and belief sufficient to enable them to answer thereto and basing their

25  denial on that ground, deny generally and specifically each and every allegation

26  contained therein.

27      46.    In answering paragraph 46, these answering Defendants lack

28  information and belief sufficient to enable them to answer thereto and basing their

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1   denial on that ground, deny generally and specifically each and every allegation

2   contained therein.

3      47.    In answering paragraph 47, these answering Defendants lack

4   information and belief sufficient to enable them to answer thereto and basing their

5   denial on that ground, deny generally and specifically each and every allegation

6   contained therein.

7      48.    In answering paragraph 48, these answering Defendants lack

8   information and belief sufficient to enable them to answer thereto and basing their

9   denial on that ground, deny generally and specifically each and every allegation

10   contained therein.

11                         **FACTUAL ALLEGATIONS**

12      49.    In answering paragraph 49, these answering Defendants admit that

13   Lonnie Rupard died while in custody at the Men's Central Jail but deny that his

14   death was "in the setting of neglected schizophrenia."  These answering Defendants

15   lack information and belief sufficient to enable them to answer whether decedent

16   died from pneumonia, malnutrition and/or dehydration.  Except as so admitted, these

17   answering Defendants lack information and belief sufficient to enable them to

18   answer thereto and basing their denial on that ground, deny generally and

19   specifically each and every allegation contained therein.

20      50.    In answering paragraph 50, these answering Defendants lack

21   information and belief sufficient to enable them to answer thereto and basing their

22   denial on that ground, deny generally and specifically each and every allegation

23   contained therein.

24      51.    In answering paragraph 51, these answering Defendants deny generally

25   and specifically each and every allegation contained therein.

26      52.    In answering paragraph 52, these answering Defendants lack

27   information and belief sufficient to enable them to answer thereto and basing their

28   denial on that ground, deny generally and specifically each and every allegation

Bradley Gmelich + Wellerstein LLP

Case No. 23cv01357-CAB-BLM
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2      53.    In answering paragraph 53, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      54.    In answering paragraph 54, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10     55.    In answering paragraph 55, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14     56.    In answering paragraph 56, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18     57.    In answering paragraph 57, these answering Defendants deny generally

19  and specifically each and every allegation contained therein. In answering paragraph

20  57, these answering Defendants especially deny that decedent required housing at

21  the PSU.

22     58.    In answering paragraph 58, these answering Defendants state, on

23  information and belief, that to these answering Defendants' knowledge decedent

24  was not seen by a medical doctor at intake, but deny that decedent should have been

25  "screened by a medical doctor at intake."  In answering paragraph 58, these

26  answering Defendants also state that the use of the word, "Despite," appears to

27  allege that whatever Defendants did nor did not do for decedent, as set forth in the

28  balance of paragraph 58, was inappropriate based upon decedent's alleged

Bradley
Gmelich+
Wellerstein LLP

presentation, which allegations these answering Defendants further deny.   Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

59.     In answering paragraph 59, these answering Defendants state, on information and belief, that decedent was not placed in the Psychiatric Stabilization Unit ("PSU"), but deny that decedent should have been placed in the PSU.  In answering paragraph 59, these answering Defendants also state that the use of the word, "Despite," appears to allege that whatever Defendants did nor did not do for decedent, as set forth in the balance of paragraph 59, was inappropriate based upon decedent's alleged presentation, which allegations these answering Defendants further deny.   Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

60.     In answering paragraph 60, these answering Defendants state, on information and belief, that decedent was not housed in PSU, but deny that decedent should have been "housed in…PSU."  In answering paragraph 60 these answering Defendants also state that the use of the word, "Despite," appears to allege that whatever Defendants did nor did not do for decedent, as set forth in the balance of paragraph 60, was inappropriate based upon decedent's alleged presentation, which allegations these answering Defendants further deny.   Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

61.     In answering paragraph 61, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control

Bradley
Gmelich +
Wellerstein LLP

1   of the County of San Diego.  Basing their denial on that ground, these Answering

2   Defendants deny generally and specifically each and every allegation contained

3   therein.

4         62.     In answering paragraph 62, these answering Defendants lack

5   information and belief sufficient to enable them to answer thereto at this time as

6   these answering Defendants do not at this time have access to decedent's jail

7   medical/mental health records; the records are in the possession, custody and control

8   of the County of San Diego. Basing their denial on that ground, these Answering

9   Defendants deny generally and specifically each and every allegation contained

10  therein.

11        63.     In answering paragraph 63, these answering Defendants lack

12  information and belief sufficient to enable them to answer thereto at this time as

13  these answering Defendants do not at this time have access to decedent's jail

14  medical/mental health records; the records are in the possession, custody and control

15  of the County of San Diego. Basing their denial on that ground, these Answering

16  Defendants deny generally and specifically each and every allegation contained

17  therein.

18        64.     In answering paragraph 64, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto at this time as

20  these answering Defendants do not at this time have access to decedent's jail

21  medical/mental health records; the records are in the possession, custody and control

22  of the County of San Diego. Basing their denial on that ground, these Answering

23  Defendants deny generally and specifically each and every allegation contained

24  therein.

25        65.     In answering paragraph 65, these answering Defendants admit the

26  allegations but clarify that Defendant Anthony Cruz was made "aware" by review of

27  decedent's records from prior incarceration.

28        66.     In answering paragraph 66, these answering Defendants admit that Dr.

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1  Cruz noted a history of mental illness, use of certain, a history of specified

2  medications during prior incarceration, a history of treatment at Patton State

3  Hospital and a history of a plan to treat decedent with Haldol, Decanoate, Depakene,

4  Vistaril and Cogentin during prior incarceration. Except as so admitted, these

5  answering Defendants lack information and belief sufficient to enable them to

6  answer thereto and basing their denial on that ground, deny generally and

7  specifically each and every allegation contained therein.

8      67.   In answering paragraph 67, these answering Defendants admit that Dr.

9  Cruz prescribed Haldol, Cogentin and Valproic acid.  Except as so admitted, these

10  answering Defendants lack information and belief sufficient to enable them to

11  answer thereto and basing their denial on that ground, deny generally and

12  specifically each and every allegation contained therein.

13      68.   In answering paragraph 68, these answering Defendants lack

14  information and belief sufficient to enable them to answer thereto and basing their

15  denial on that ground, deny generally and specifically each and every allegation

16  contained therein.

17      69.   In answering paragraph 69, these answering Defendants admit that at/

18  on a given date (to be determined) Dr. Cruz discontinued the mental health

19  medications that Dr. Cruz had prescribed for decedent to take due to decedent's

20  repeated refusal to accept or take the medications.  In answering paragraph 69, these

21  answering Defendants further state that they lack information and belief sufficient to

22  enable them to confirm the date that Dr. Cruz discontinued the mental health

23  medications that decedent had repeatedly refused to accept or take since these

24  answering Defendants do not at this time have access to decedent's jail

25  medical/mental health records; the records are in the possession, custody and control

26  of the County of San Diego.  Basing their denial on that ground, these Answering

27  Defendants deny generally and specifically the allegation of the date of this

28  occurrence.

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

70.    In answering paragraph 70, these answering Defendants admit that Dr. Cruz did not refer Lonnie to the PSU, admit that Dr. Cruz had discontinued certain of decedent's mental health medications (as set forth in answer to paragraph 68 above and which is incorporated herein by reference), deny that referral to the PSU was "required," deny that decedent was "unable" to sign medical consent forms, state that decedent refused to sign medical consent forms, and deny that decedent had an "extensive psychiatric history" which is vague and ambiguous in description and nowhere defined.  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

71.    In answering paragraph 71, these answering Defendants deny that Dr. Cruz's discontinuance of certain of decedent's mental health medications (as set forth in answer to paragraph 70 above and which is incorporated herein by reference) presented a substantial risk to decedent of any mental (or physical) deterioration, the discontinuance being medically appropriate and reasonable.  These answering Defendants also deny that Dr. Cruz should have referred decedent to PSU as PSU was not appropriate for decedent.  These answering Defendants also deny that at the time that Dr. Cruz discontinued certain of decedent's mental health medications that decedent was undergoing "deterioration" of his mental health. These answering defendants lack information and belief sufficient to enable them to answer as concerns the state of decedent's medical health at the time of the discontinuance of certain of decedent's mental health medications thereto as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein as to the state of decedent's physical condition.

Case No. 23cv01357-CAB-BLM
ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

72.    In answering paragraph 72, these answering Defendants deny generally and specifically each and every allegation contained therein.

73.    In answering paragraph 73, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

74.    In answering paragraph 74, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.  These answering Defendants add, however, that it does not follow that use of force and resulting physical injuries would be an insufficient basis, without more information, upon which to refer a detainee/inmate to PSU.

75.    In answering paragraph 75, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

76.    In answering paragraph 76, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as these answering Defendants do not at this time have access to decedent's jail medical/mental health records; the records are in the possession, custody and control of the County of San Diego.  Basing their denial on that ground, these Answering Defendants deny generally and specifically each and every allegation contained therein.

77.    In answering paragraph 77, these answering Defendants lack information and belief sufficient to enable them to answer thereto at this time as

17

1  these answering Defendants do not at this time have access to decedent's jail

2  medical/mental health records; the records are in the possession, custody and control

3  of the County of San Diego.  Basing their denial on that ground, these Answering

4  Defendants deny generally and specifically each and every allegation contained

5  therein.

6        78.    In answering paragraph 78, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto at this time as

8  these answering Defendants do not at this time have access to decedent's jail

9  medical/mental health records; the records are in the possession, custody and control

10  of the County of San Diego.  Basing their denial on that ground, these Answering

11  Defendants deny generally and specifically each and every allegation contained

12  therein.

13        79.    In answering paragraph 79, these answering Defendants lack

14  information and belief sufficient to enable them to answer thereto at this time as

15  these answering Defendants do not at this time have access to decedent's jail

16  medical/mental health records; the records are in the possession, custody and control

17  of the County of San Diego.  Basing their denial on that ground, these Answering

18  Defendants deny generally and specifically each and every allegation contained

19  therein.

20        80.    In answering paragraph 80, these answering Defendants deny generally

21  and specifically each and every allegation contained therein.

22        81.    In answering paragraph 81, these answering Defendants

23  deny generally and specifically each and every allegation contained therein.

24        82.    In answering paragraph 82, these answering Defendants lack

25  information and belief sufficient to enable them to answer thereto at this time as

26  these answering Defendants do not at this time have access to decedent's jail

27  medical/mental health records; the records are in the possession, custody and control

28  of the County of San Diego.  Basing their denial on that ground, these Answering

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1    Defendants deny generally and specifically each and every allegation contained

2    therein.

3          83.    In answering paragraph 83, these answering Defendants admit

4    the allegations contained therein.

5          84.    In answering paragraph 84, these answering Defendants admit the

6    allegations contained therein.

7          85.    In answering paragraph 85, these answering Defendants admit that as

8    of February 22, 2022, decedent was not referred to PSU and state that referral to

9    PSU was not appropriate.  Except as expressly admitted, Defendants deny the

10   remaining allegations contained in this paragraph.

11         86.    In answering paragraph 86, these answering Defendants deny generally

12   and specifically each and every allegation contained therein.

13         87.    In answering paragraph 87, these answering Defendants admit that as

14   of February 22, 2022, decedent was not referred to PSU by Dr. Cruz and state that

15   referral to PSU was not appropriate.  These answering Defendants also admit that

16   the plan included, but was not limited to, continued monitoring with follow-up in six

17   to seven weeks or sooner if needed. Except as expressly admitted, Defendants deny

18   the remaining allegations contained in this paragraph.

19         88.    In answering paragraph 88, these answering Defendants deny generally

20   and specifically each and every allegation contained therein.

21         89.    In answering paragraph 89, these answering Defendants lack

22   information and belief sufficient to enable them to answer thereto and basing their

23   denial on that ground, deny generally and specifically each and every allegation

24   contained therein.

25         90.    In answering paragraph 90, these answering Defendants lack

26   information and belief sufficient to enable them to answer thereto and basing their

27   denial on that ground, deny generally and specifically each and every allegation

28   contained therein.

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

91.    In answering paragraph 91, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

92.    In answering paragraph 92, these answering Defendants state, on information and belief, that they believe the allegations of paragraph 92 to be true.

93.    In answering paragraph 93, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

94.    In answering paragraph 94, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

95.    In answering paragraph 95, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

96.    In answering paragraph 96, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

97.    In answering paragraph 97, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

98.    In answering paragraph 98, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

1  denial on that ground, deny generally and specifically each and every allegation
2  contained therein.

3      99.    In answering paragraph 99, these answering Defendants lack
4  information and belief sufficient to enable them to answer thereto and basing their
5  denial on that ground, deny generally and specifically each and every allegation
6  contained therein.

7      100.   In answering paragraph 100, these answering Defendants lack
8  information and belief sufficient to enable them to answer thereto and basing their
9  denial on that ground, deny generally and specifically each and every allegation
10 contained therein.

11     101.   In answering paragraph 101, these answering Defendants lack
12 information and belief sufficient to enable them to answer thereto and basing their
13 denial on that ground, deny generally and specifically each and every allegation
14 contained therein.

15     102.   In answering paragraph 102, these answering Defendants lack
16 information and belief sufficient to enable them to answer thereto and basing their
17 denial on that ground, deny generally and specifically each and every allegation
18 contained therein.

19     103.   In answering paragraph 103, these answering Defendants lack
20 information and belief sufficient to enable them to answer thereto and basing their
21 denial on that ground, deny generally and specifically each and every allegation
22 contained therein.

23     104.   In answering paragraph 104, these answering Defendants deny
24 generally and specifically each and every allegation contained therein.

25     105.   In answering paragraph 105, these answering Defendants admit the
26 allegations contained therein.

27     106.   In answering paragraph 106, these answering Defendants admit the
28 allegations as set forth, in the abstract, but adds that the patient has the right, unless

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  ordered by a Court of competent jurisdiction, to refuse the taking of his/her vital

2  signs and/or the taking of his/her weight which these answering Defendants are

3  informed and believe that decedent refused the taking of his vital signs and the

4  taking of his weight.

5      107.   In answering paragraph 107, these answering Defendants admit that a

6  psychiatric sick call was requested for decedent for 12/29/21 but these answering

7  Defendants lack information and belief sufficient to enable them to answer the rest

8  of the allegations in this paragraph and basing their denial on that ground, deny

9  generally and specifically each and every other allegation contained therein.

10     108.   In answering paragraph 108, these answering Defendants deny that

11  decedent underwent a deterioration of his mental health condition at any time to and

12  including his last assessment by Dr. Cruz, and they lack information and belief

13  sufficient to enable them to answer the rest of the allegations in this paragraph and

14  basing their denial on that ground, deny generally and specifically each and every

15  other allegation contained therein.

16     109.   In answering paragraph 109, these answering Defendants deny that

17  decedent underwent a deterioration of his mental health condition at any time to and

18  including his last assessment by Dr. Cruz, and they lack information and belief

19  sufficient to enable them to answer the rest of the allegations in this paragraph

20  except for stating that they are informed and believe that decedent refused to allow

21  his weight to be taken.  Except as expressly admitted, Defendants deny the

22  remaining allegations contained in this paragraph.

23     110.   In answering paragraph 110, these answering Defendants lack

24  information and belief sufficient to enable them to answer thereto and basing their

25  denial on that ground, deny generally and specifically each and every allegation

26  contained therein.

27     111.   In answering paragraph 111, these answering Defendants lack

28  information and belief sufficient to enable them to answer thereto and basing their

22

1  denial on that ground, deny generally and specifically each and every allegation
2  contained therein.

3      112.    In answering paragraph 112, these answering Defendants lack
4  information and belief sufficient to enable them to answer thereto and basing their
5  denial on that ground, deny generally and specifically each and every allegation
6  contained therein.

7      113.    In answering paragraph 113, these answering Defendants lack
8  information and belief sufficient to enable them to answer thereto and basing their
9  denial on that ground, deny generally and specifically each and every allegation
10  contained therein.

11      114.    In answering paragraph 114, these answering Defendants lack
12  information and belief sufficient to enable them to answer thereto and basing their
13  denial on that ground, deny generally and specifically each and every allegation
14  contained therein.

15      115.    In answering paragraph 115, these answering Defendants lack
16  information and belief sufficient to enable them to answer thereto and basing their
17  denial on that ground, deny generally and specifically each and every allegation
18  contained therein.

19      116.    In answering paragraph 116, these answering Defendants deny that
20  decedent showed "obvious signs of psychosis."  In answering the remainder of
21  paragraph 116, these answering Defendants lack information and belief sufficient to
22  enable them to answer thereto and basing their denial on that ground, deny generally
23  and specifically each and every allegation contained therein.

24      117.    In answering paragraph 117, these answering Defendants deny that
25  decedent showed "obvious signs of psychosis."  In answering the remainder of
26  paragraph 117, these answering Defendants lack information and belief sufficient to
27  enable them to answer thereto and basing their denial on that ground, deny generally
28  and specifically each and every allegation contained therein.

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

118.    In answering paragraph 118, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

119.    In answering paragraph 119, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

120.    In answering paragraph 120, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

121.    In answering paragraph 121, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

122.    In answering paragraph 122, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

123.    In answering paragraph 123, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

124.    In answering paragraph 124, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

125.   In answering paragraph 125, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

126.   In answering paragraph 126, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

127.   In answering paragraph 127, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

128.   In answering paragraph 128, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

129.   In answering paragraph 129, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

130.   In answering paragraph 130, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

131.   In answering paragraph 131, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

1    132.   In answering paragraph 132, these answering Defendants lack

2  information and belief sufficient to enable them to answer thereto and basing their

3  denial on that ground, deny generally and specifically each and every allegation

4  contained therein.

5    133.   In answering paragraph 133, these answering Defendants deny that

6  decedent showed "obvious signs of psychosis."  In answering the remainder of

7  paragraph 116, these answering Defendants lack information and belief sufficient

8  to enable them to answer thereto and basing their denial on that ground, deny generally

9  and specifically each and every allegation contained therein.

10    134.   In answering paragraph 134, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14    135.   In answering paragraph 135, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18    136.   In answering paragraph 136, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto and basing their

20  denial on that ground, deny generally and specifically each and every allegation

21  contained therein.

22    137.   In answering paragraph 137, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26    138.   In answering paragraph 138, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2      139.   In answering paragraph 139, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      140.   In answering paragraph 140, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10      141.   In answering paragraph 141, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14      142.   In answering paragraph 142, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18      143.   In answering paragraph 143, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto and basing their

20  denial on that ground, deny generally and specifically each and every allegation

21  contained therein.

22      144.   In answering paragraph 144, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26      145.   In answering paragraph 145, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation



27

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2      146.   In answering paragraph 146, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      147.   In answering paragraph 147, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10     148.   In answering paragraph 148, these answering Defendants lack

11 information and belief sufficient to enable them to answer thereto and basing their

12 denial on that ground, deny generally and specifically each and every allegation

13 contained therein.

14     149.   In answering paragraph 149, these answering Defendants deny

15 generally and specifically each and every allegation contained therein.

16     150.   In answering paragraph 150, these answering Defendants deny

17 generally and specifically each and every allegation contained therein.

18     151.   In answering paragraph 151, these answering Defendants lack

19 information and belief sufficient to enable them to answer thereto and basing their

20 denial on that ground, deny generally and specifically each and every allegation

21 contained therein.

22     152.   In answering paragraph 152, these answering Defendants lack

23 information and belief sufficient to enable them to answer thereto and basing their

24 denial on that ground, deny generally and specifically each and every allegation

25 contained therein.

26     153.   In answering paragraph 153, these answering Defendants lack

27 information and belief sufficient to enable them to answer thereto and basing their

28 denial on that ground, deny generally and specifically each and every allegation



Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

1  contained therein.

2      154.   In answering paragraph 154, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6      155.   In answering paragraph 155, these answering Defendants lack

7  information and belief sufficient to enable them to answer thereto and basing their

8  denial on that ground, deny generally and specifically each and every allegation

9  contained therein.

10      156.   In answering paragraph 156, these answering Defendants lack

11  information and belief sufficient to enable them to answer thereto and basing their

12  denial on that ground, deny generally and specifically each and every allegation

13  contained therein.

14      157.   In answering paragraph 157, these answering Defendants lack

15  information and belief sufficient to enable them to answer thereto and basing their

16  denial on that ground, deny generally and specifically each and every allegation

17  contained therein.

18      158.   In answering paragraph 158, these answering Defendants lack

19  information and belief sufficient to enable them to answer thereto and basing their

20  denial on that ground, deny generally and specifically each and every allegation

21  contained therein.

22      159.   In answering paragraph 159, these answering Defendants lack

23  information and belief sufficient to enable them to answer thereto and basing their

24  denial on that ground, deny generally and specifically each and every allegation

25  contained therein.

26      160.   In answering paragraph 160, these answering Defendants lack

27  information and belief sufficient to enable them to answer thereto and basing their

28  denial on that ground, deny generally and specifically each and every allegation

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1    contained therein.

2        161.   In answering paragraph 161, these answering Defendants state that it

3    does not appear from the allegations that this paragraph is directed to these

4    answering Defendants.  To the extent that this paragraph is directed to these

5    answering Defendants, these answering Defendants deny generally and specifically

6    each and every allegation contained therein.  To the extent that this paragraph is

7    directed to defendants other than these answering Defendants, these answering

8    Defendants lack information and belief sufficient to enable them to answer thereto

9    and basing their denial on that ground, deny generally and specifically each and

10   every allegation contained therein.

11       162.   In answering paragraph 162, these answering Defendants state that it

12   does not appear from the allegations that this paragraph is directed to these

13   answering Defendants.  To the extent that this paragraph is directed to these

14   answering Defendants, these answering Defendants deny generally and specifically

15   each and every allegation contained therein.  To the extent that this paragraph is

16   directed to defendants other than these answering Defendants, these answering

17   Defendants lack information and belief sufficient to enable them to answer thereto

18   and basing their denial on that ground, deny generally and specifically each and

19   every allegation contained therein.

20       163.   In answering paragraph 163, these answering Defendants state that it

21   does not appear from the allegations that this paragraph is directed to these

22   answering Defendants.  To the extent that this paragraph is directed to these

23   answering Defendants, these answering Defendants deny generally and specifically

24   each and every allegation contained therein.  To the extent that this paragraph is

25   directed to defendants other than these answering Defendants, these answering

26   Defendants lack information and belief sufficient to enable them to answer thereto

27   and basing their denial on that ground, deny generally and specifically each and

28   every allegation contained therein.

Bradley
Gmelich +
Wellerstein LLP

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

164.   In answering paragraph 164, these answering Defendants deny generally and specifically each and every allegation contained therein.

165.   In answering paragraph 165, these answering Defendants state that it does not appear from the allegations that this paragraph is directed to these answering Defendants.  To the extent that this paragraph is directed to these answering Defendants, these answering Defendants deny generally and specifically each and every allegation contained therein.  To the extent that this paragraph is directed to defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

166.   In answering paragraph 166, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

167.   In answering paragraph 167, these answering Defendants state that it does not appear from the allegations that this paragraph is directed to these answering Defendants.  To the extent that this paragraph is directed to these answering Defendants, these answering Defendants deny generally and specifically each and every allegation contained therein.  To the extent that this paragraph is directed to defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

168.   In answering paragraph 168, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

1    169.   In answering paragraph 169, these answering Defendants state that it

2    does not appear from the allegations that this paragraph is directed to these

3    answering Defendants.  To the extent that this paragraph is directed to these

4    answering Defendants, these answering Defendants deny generally and specifically

5    each and every allegation contained therein.  To the extent that this paragraph is

6    directed to defendants other than these answering Defendants, these answering

7    Defendants lack information and belief sufficient to enable them to answer thereto

8    and basing their denial on that ground, deny generally and specifically each and

9    every allegation contained therein.

10    170.   In answering paragraph 170, these answering Defendants lack

11    information and belief sufficient to enable them to answer thereto and basing their

12    denial on that ground, deny generally and specifically each and every allegation

13    contained therein.

14    171.   In answering paragraph 171, these answering Defendants lack

15    information and belief sufficient to enable them to answer thereto and basing their

16    denial on that ground, deny generally and specifically each and every allegation

17    contained therein.

18    172.   In answering paragraph 172, these answering Defendants lack

19    information and belief sufficient to enable them to answer thereto and basing their

20    denial on that ground, deny generally and specifically each and every allegation

21    contained therein.

22    173.   In answering paragraph 173, these answering Defendants lack

23    information and belief sufficient to enable them to answer thereto and basing their

24    denial on that ground, deny generally and specifically each and every allegation

25    contained therein.

26    174.   In answering paragraph 174, these answering Defendants lack

27    information and belief sufficient to enable them to answer thereto and basing their

28    denial on that ground, deny generally and specifically each and every allegation

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1    contained therein.

2         175.   In answering paragraph 175, these answering Defendants lack

3    information and belief sufficient to enable them to answer thereto and basing their

4    denial on that ground, deny generally and specifically each and every allegation

5    contained therein.

6         176.   In answering paragraph 176, these answering Defendants lack

7    information and belief sufficient to enable them to answer thereto and basing their

8    denial on that ground, deny generally and specifically each and every allegation

9    contained therein.

10         177.   In answering paragraph 177, these answering Defendants lack

11    information and belief sufficient to enable them to answer thereto and basing their

12    denial on that ground, deny generally and specifically each and every allegation

13    contained therein.

14         178.   In answering paragraph 178, these answering Defendants lack

15    information and belief sufficient to enable them to answer thereto and basing their

16    denial on that ground, deny generally and specifically each and every allegation

17    contained therein.

18         179.   In answering paragraph 179, these answering Defendants lack

19    information and belief sufficient to enable them to answer thereto and basing their

20    denial on that ground, deny generally and specifically each and every allegation

21    contained therein.

22         180.   In answering paragraph 180, these answering Defendants lack

23    information and belief sufficient to enable them to answer thereto and basing their

24    denial on that ground, deny generally and specifically each and every allegation

25    contained therein.

26         181.   In answering paragraph 181, these answering Defendants lack

27    information and belief sufficient to enable them to answer thereto and basing their

28    denial on that ground, deny generally and specifically each and every allegation

Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1  contained therein.

2      182.   In answering paragraph 182, these answering Defendants lack

3  information and belief sufficient to enable them to answer thereto and basing their

4  denial on that ground, deny generally and specifically each and every allegation

5  contained therein.

6  **I.**

7  **<u>FIRST CAUSE OF ACTION</u>**

8  **42 U.S.C. § 1983: Deliberate Indifference of Serious Medical Needs**

9  **(By the Estate of Lonnie Rupard Against Defendants**

10  **Montgomery, Gore, Martinez, CHP, Liberty Healthcare of California Inc,**

11  **Anosike, Cruz, Samonte, Ng, Defendant Deputies, Doe Deputies, Doe Medical**

12  **Providers, Doe Deputy Supervisors.)**

13      183.   In answering paragraph 183, these answering Defendants repeat and re-

14  allege their responses to paragraphs 1 through 182.

15      184.   In answering paragraph 184, these answering Defendants lack

16  information and belief sufficient to enable them to answer thereto and basing their

17  denial on that ground, deny generally and specifically each and every allegation

18  contained therein.

19      185.   In answering paragraph 185, these answering Defendants state that the

20  allegations are in the form of legal statements proposed by Plaintiffs which do not

21  require a response from these answering Defendants.

22      186.   In answering paragraph 186, these answering Defendants state that the

23  allegations are legal statements proposed by Plaintiffs which do not require a

24  response from these answering Defendants.

25      187.   In answering paragraph 187, these answering Defendants state that the

26  allegations are legal statements proposed by Plaintiffs which do not require a

27  response from these answering Defendants.

28      188.   In answering paragraph 188, these answering Defendants state that the

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

allegations are legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

189.   In answering paragraph 189, these answering Defendants deny generally and specifically each and every allegation contained therein.

190.   In answering paragraph 190, these answering Defendants deny generally and specifically each and every allegation contained therein.

191.   In answering paragraph 191, these answering Defendants deny generally and specifically each and every allegation contained therein.

192.   In answering paragraph 192, these answering Defendants deny generally and specifically each and every allegation contained therein.

193.   In answering paragraph 193, these answering Defendants deny generally and specifically each and every allegation contained therein.

194.   In answering paragraph 194, these answering Defendants deny generally and specifically each and every allegation contained therein.

195.   In answering paragraph 195, these answering Defendants deny generally and specifically each and every allegation contained therein.

196.   In answering paragraph 196, these answering Defendants deny generally and specifically each and every allegation contained therein.

197.   In answering paragraph 197, these answering Defendants deny generally and specifically each and every allegation contained therein.

194.   In answering paragraph 194, these answering Defendants deny generally and specifically each and every allegation contained therein.

198.   In answering paragraph 198, these answering Defendants deny generally and specifically each and every allegation contained therein.

199.   In answering paragraph 199, these answering Defendants deny generally and specifically each and every allegation contained therein.

200.   In answering paragraph 200, these answering Defendants deny generally and specifically each and every allegation contained therein.

Bradley Gmelich + Wellerstein LLP

1    201.   In answering paragraph 201, these answering Defendants deny

2  generally and specifically each and every allegation contained therein.

3    202.   In answering paragraph 202, these answering Defendants deny

4  generally and specifically each and every allegation contained therein.

5    203.   In answering paragraph 203, these answering Defendants deny

6  generally and specifically each and every allegation contained therein.

7    204.   In answering paragraph 204, these answering Defendants deny

8  generally and specifically each and every allegation contained therein.

9

10                                **II.**

11                    **SECOND CAUSE OF ACTION**

12         **42 U.S.C. § 1983:** *Monell* **Municipal Liability For**

13         **Deliberate Indifference of Serious Medical Needs**

14         (**By all Plaintiffs Against Defendant County and Liberty**

15                    **Healthcare of California, Inc.)**

16    205.   In answering paragraph 205, these answering Defendants repeat and re-

17  allege their responses to paragraphs 1 through 204.

18    206.   In answering paragraph 206, these answering Defendants state that the

19  allegations are in the form of legal statements proposed by Plaintiffs which do not

20  require a response from these answering Defendants.

21    207.   In answering paragraph 207, these answering Defendants deny

22  generally and specifically each and every allegation contained therein.

23    208.   In answering paragraph 208, these answering deny generally and

24  specifically each and every allegation contained therein.

25    209.   In answering paragraph 209, these answering Defendants deny

26  generally and specifically each and every allegation contained therein.

27    210.   In answering paragraph 210, these answering Defendants deny

28  generally and specifically each and every allegation contained therein.

**Bradley Gmelich + Wellerstein** LLP

211.   In answering paragraph 211, these answering Defendants deny generally and specifically each and every allegation contained therein.

212.   In answering paragraph 212, these answering Defendants deny generally and specifically each and every allegation contained therein.

213.   In answering paragraph 213, these answering Defendants deny generally and specifically each and every allegation contained therein.

214.   In answering paragraph 214, these answering Defendants deny generally and specifically each and every allegation contained therein.

215.   In answering paragraph 215, these answering Defendants deny generally and specifically each and every allegation contained therein.

216.   In answering paragraph 216, these answering Defendants deny generally and specifically each and every allegation contained therein.

217.   In answering paragraph 217, these answering Defendants deny generally and specifically each and every allegation contained therein.

218.   In answering paragraph 218, these answering Defendants deny generally and specifically each and every allegation contained therein.

219.   In answering paragraph 219, these answering Defendants deny generally and specifically each and every allegation contained therein.

220.   In answering paragraph 220, these answering Defendants deny generally and specifically each and every allegation contained therein.

221.   In answering paragraph 221, these answering Defendants deny generally and specifically each and every allegation contained therein.

222.   In answering paragraph 222, these answering Defendants deny generally and specifically each and every allegation contained therein.

223.   In answering paragraph 223, these answering Defendants deny generally and specifically each and every allegation contained therein.

224.   In answering paragraph 224, these answering Defendants deny generally and specifically each and every allegation contained therein.

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

225.   In answering paragraph 225, these answering Defendants deny generally and specifically each and every allegation contained therein.

226.   In answering paragraph 226, these answering deny generally and specifically each and every allegation contained therein.

227.   In answering paragraph 227, these answering Defendants deny generally and specifically each and every allegation contained therein.

228.   In answering paragraph 228, these answering Defendants deny generally and specifically each and every allegation contained therein.

229.   In answering paragraph 229, these answering Defendants deny generally and specifically each and every allegation contained therein.

230.   In answering paragraph 230, these answering deny generally and specifically each and every allegation contained therein.

## III.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983: Right of Association

**(By Justino Rupard and Ronnie Rupard individually Against Defendants County, Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Samonte, Ng, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy Supervisors.)**

231.   In answering paragraph 231, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 230.

232.   In answering paragraph 232, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

233.   In answering paragraph 233, these answering Defendants deny generally and specifically each and every allegation contained therein.

234.   In answering paragraph 234, these answering Defendants deny

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  generally and specifically each and every allegation contained therein.

2       235.   In answering paragraph 235, these answering Defendants deny
3  generally and specifically each and every allegation contained therein.

4       236.   In answering paragraph 236, these answering Defendants deny
5  generally and specifically each and every allegation contained therein.

6       237.   In answering paragraph 237, these answering Defendants deny
7  generally and specifically each and every allegation contained therein.

8       238.   In answering paragraph 238, these answering Defendants deny
9  generally and specifically each and every allegation contained therein.

10      239.   In answering paragraph 239, these answering Defendants deny
11 generally and specifically each and every allegation contained therein.

12

13                              **IV.**

14                   **FOUR CAUSES OF ACTION**

15            **Failure to Properly Train (42 U.S.C. § 1983)**

16 **(By The Estate of Lonnie Rupard Against Defendants Montgomery, Gore,**

17    **Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz,**

18          **Samonte, Ng, Defendant Deputies, Doe Deputies, Doe**

19            **Medical Providers, Doe Deputy Supervisors.)**

20      240.   In answering paragraph 240, these answering Defendants repeat and re-
21 allege their responses to paragraphs 1 through 239.

22      241. In paragraph 241, these answering Defendants lack information and
23 belief sufficient to enable them to answer thereto and basing their denial on that
24 ground, deny generally and specifically each and every allegation contained therein.

25      242.   In answering paragraph 242, these answering Defendants state that they
26 did not train or supervise deputies, sworn staff contractors and agents who were not
27 employees of Liberty Healthcare of California, Inc.  These answering Defendants
28 state that Defendant Anthony Cruz, M.D. did not have employees.  These answering

Bradley
Gmelich+
Wellerstein LLP

Defendants admit that Defendant Liberty Healthcare of California, Inc. had a duty to use reasonable care in the training and supervision of its employees in the area of mental health.

243.   In answering paragraph 243, these answering Defendants state that they did not provide medical treatment for detainees but that they instead provided certain mental health treatment for detainees.   These answering Defendants admit that Liberty Healthcare of California, Inc. had a duty to properly train and supervise its employees to use reasonable care in evaluating the health of and risks to detainees and determining the proper and adequate course of treatment for detainees in need of mental health treatment.  Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

244.   In answering paragraph 244, these answering Defendants admit the allegations contained therein.

245.   In answering paragraph 245, these answering Defendants deny generally and specifically each and every allegation contained therein.

246.   In answering paragraph 246, these answering Defendants deny generally and specifically each and every allegation contained therein.

247.   In answering paragraph 247, these answering Defendants deny generally and specifically each and every allegation contained therein.

248.   In answering paragraph 248, these answering Defendants deny generally and specifically each and every allegation contained therein.

249.   In answering paragraph 249, these answering Defendants deny generally and specifically each and every allegation contained therein.

250.   In answering paragraph 250, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

251.   In answering paragraph 251, these answering Defendants lack

Bradley Gmelich + Wellerstein LLP

1    information and belief sufficient to enable them to answer thereto and basing their

2    denial on that ground, deny generally and specifically each and every allegation

3    contained therein.

4         252.   In answering paragraph 252, these answering Defendants lack

5    information and belief sufficient to enable them to answer thereto and basing their

6    denial on that ground, deny generally and specifically each and every allegation

7    contained therein.

8         253.   In answering paragraph 253, these answering Defendants lack

9    information and belief sufficient to enable them to answer thereto and basing their

10   denial on that ground, deny generally and specifically each and every allegation

11   contained therein.

12        254.   In answering paragraph 254, these answering Defendants deny

13   generally and specifically each and every allegation contained therein.

14        255.   In answering paragraph 255, these answering Defendants deny

15   generally and specifically each and every allegation contained therein.

16        256.   In answering paragraph 256, these answering Defendants deny

17   generally and specifically each and every allegation contained therein.

18        257.   In answering paragraph 257, these answering Defendants deny

19   generally and specifically each and every allegation contained therein.

20        258.   In answering paragraph 258, these answering Defendants state that the

21   allegations are in the form of legal statements proposed by Plaintiffs which do not

22   require a response from these answering Defendants.

23                                          **V.**

24                          **FIFTH CAUSE OF ACTION**

25        **Cal. Gov. Code § 845.6 (Failure to Summon Medical Care)**

26        **(By the Estate of Lonnie Rupard Against Defendants County,**

27   **Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation,**

28   **Anosike, Cruz, Samonte, Ng, Defendant Deputies, Doe Deputies,**

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1      **Doe Medical Providers, Doe Deputy Supervisors)**

2      259.   In answering paragraph 259, these answering Defendants repeat and re-

3      allege their responses to paragraphs 1 through 258.

4      260.   In answering paragraph 260, these answering Defendants state that the

5      allegations are in the form of legal statements proposed by Plaintiffs which do not

6      require a response from these answering Defendants.

7      261.   In answering paragraph 261, these answering Defendants lack

8      information and belief sufficient to enable them to answer thereto and basing their

9      denial on that ground, deny generally and specifically each and every allegation

10     contained therein.

11     262.   In answering paragraph 262, these answering Defendants lack

12     information and belief sufficient to enable them to answer thereto and basing their

13     denial on that ground, deny generally and specifically each and every allegation

14     contained therein.

15     263.   In answering paragraph 263, these answering Defendants lack

16     information and belief sufficient to enable them to answer thereto and basing their

17     denial on that ground, deny generally and specifically each and every allegation

18     contained therein.

19     264.   In answering paragraph 264, these answering Defendants lack

20     information and belief sufficient to enable them to answer thereto and basing their

21     denial on that ground, deny generally and specifically each and every allegation

22     contained therein.

23     265.   In answering paragraph 265, these answering Defendants lack

24     information and belief sufficient to enable them to answer thereto and basing their

25     denial on that ground, deny generally and specifically each and every allegation

26     contained therein.

27     266.   In answering paragraph 266, these answering Defendants deny

28     generally and specifically each and every allegation contained therein.

Bradley
Gmelich +
Wellerstein LLP

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

267.   In answering paragraph 267, these answering Defendants deny generally and specifically each and every allegation contained therein.

268.   In answering paragraph 268, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

## VI.

### SIXTH CAUSE OF ACTION

**Cal. Gov. Code § 52.1 (Bane Act)**

**(By the Estate of Lonnie Rupard Against Defendants County, Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Samonte, Ng, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy Supervisors)**

269.   In answering paragraph 269, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 268.

270.   In answering paragraph 270, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

271.   In answering paragraph 271, these answering Defendants deny generally and specifically each and every allegation contained therein.

272.   In answering paragraph 272, these answering Defendants deny generally and specifically each and every allegation contained therein.

273.   In answering paragraph 273, these answering Defendants deny generally and specifically each and every allegation contained therein.

274.   In answering paragraph 274, these answering Defendants state that the allegations are in the form of legal statements proposed by Plaintiffs which do not require a response from these answering Defendants.

275.   In answering paragraph 275, these answering Defendants deny

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1  generally and specifically each and every allegation contained therein.

2      276.   In answering paragraph 276, these answering Defendants deny

3  generally and specifically each and every allegation contained therein.

## VII.

## SEVENTH CAUSE OF ACTION

### Wrongful Death

### (By Plaintiffs as Individuals Against All Defendants)

9      277.   In answering paragraph 277, these answering Defendants repeat and

10  re-allege their responses to paragraphs 1 through 276.

11      278.   In answering paragraph 278, these answering Defendants state that the

12  allegations are in the form of legal statements proposed by Plaintiffs which do not

13  require a response from these answering Defendants.

14      279.   In answering paragraph 279, these answering Defendants deny

15  generally and specifically each and every allegation contained therein.

16      280.   In answering paragraph 280, these answering Defendants deny

17  generally and specifically each and every allegation contained therein.

18      281.   In answering paragraph 281, these answering Defendants deny

19  generally and specifically each and every allegation contained therein.

20      282.   In answering paragraph 282, these answering Defendants deny

21  generally and specifically each and every allegation contained therein.

22      283.   In answering paragraph 283, these answering Defendants deny

23  generally and specifically each and every allegation contained therein.

24      284.   In answering paragraph 284, these answering Defendants state that the

25  allegations are in the form of legal statements proposed by Plaintiffs which do not

26  require a response from these answering Defendants.

27  ///

28  ///

Bradley Gmelich + Wellerstein LLP

# VIII.

## EIGHT CAUSE OF ACTION

### Dependent Adult Neglect

**(By the Estate of Lonnie Rupard Against Defendants Montgomery, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Samonte, Ng, Doe Medical Providers)**

285.   In answering paragraph 285, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 284.

286.   In answering paragraph 286, these answering Defendants deny generally and specifically each and every allegation contained therein.

287.   In answering paragraph 287, these answering Defendants deny generally and specifically each and every allegation contained therein.

288.   In answering paragraph 288, these answering Defendants deny generally and specifically each and every allegation contained therein.

289.   In answering paragraph 289, these answering Defendants deny generally and specifically each and every allegation contained therein.

290.   In answering paragraph 290, these answering Defendants deny generally and specifically each and every allegation contained therein.

291.   In answering paragraph 291, these answering Defendants deny generally and specifically each and every allegation contained therein.

292.   In answering paragraph 292, these answering Defendants deny generally and specifically each and every allegation contained therein.

# IX.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

**(By the Estate of Lonnie Rupard Against Defendants Montgomery, CHP, Liberty Healthcare Corporation,**

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley Gmelich + Wellerstein LLP

1    Anosike, Cruz, Samonte, Ng, Doe Medical Providers)

2    293.   In answering paragraph 293, these answering Defendants repeat and re-

3    allege their responses to paragraphs 1 through 292.

4    294.   In answering paragraph 294, these answering Defendants state that the

5    allegations are in the form of legal statements proposed by Plaintiffs which do not

6    require a response from these answering Defendants.

7    295.   In answering paragraph 295, these answering Defendants deny

8    generally and specifically each and every allegation contained therein.

9    296.   In answering paragraph 296, these answering Defendants deny

10    generally and specifically each and every allegation contained therein.

11    297.   In answering paragraph 297, these answering Defendants deny

12    generally and specifically each and every allegation contained therein.

13    298.   In answering paragraph 298, these answering Defendants deny

14    generally and specifically each and every allegation contained therein.

15    299.   In answering paragraph 299, these answering Defendants deny

16    generally and specifically each and every allegation contained therein.

17    300.   In answering paragraph 300, these answering Defendants deny

18    generally and specifically each and every allegation contained therein.

19    301.   In answering paragraph 301, these answering Defendants state that the

20    allegations are in the form of legal statements proposed by Plaintiffs which do not

21    require a response from these answering Defendants.

22

23    **<u>AFFIRMATIVE DEFENSES</u>**

24    **I.**

25    **(Failure to State Cause of Action)**

26    As a further, separate and affirmative defense, Defendants allege the First

27    Amended Complaint, and each and every cause of action contained therein, fails to

28    state facts sufficient to constitute a cause of action against these answering

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich+
Wellerstein LLP

1 │ Defendants.

2 │ ## II.

3 │ ## (Active - Passive Negligence Defense)

4 │ As a further, separate and affirmative defense, Defendants allege that if, in fact,

5 │ Defendants are found to have been negligent in any manner, their negligence could

6 │ only be passive and secondary, while the negligence of other named Defendants, or

7 │ other unknown, unnamed parties would be active and primary and thus bar recovery

8 │ on Plaintiffs' First Amended Complaint.

9 │ ## III.

10 │ ## (Negligence of Others/Independent Contractors)

11 │ As a further, separate and affirmative defense, Defendants allege that at all

12 │ times mentioned herein, if Plaintiffs were damaged, such damage was proximately

13 │ caused by the independent conduct of third parties or entities, both known or

14 │ unknown, and/or by independent contractors and each of them, who were negligent,

15 │ careless, and reckless and unlawfully conducted themselves so as to substantially

16 │ contribute to Plaintiffs' injuries.  Said negligence, if any, either bars in whole or in

17 │ part damages sought herein against these answering Defendants and recovery against

18 │ these Defendants must therefore be reduced accordingly.  This answering Defendants

19 │ would not be responsible for any actions or omissions by independent contractors.

20 │ ## IV.

21 │ ## (Comparative Negligence)

22 │ As a further, separate and affirmative defense, Defendants allege that at all

23 │ times mentioned herein, Plaintiffs and or Plaintiffs' decedent were negligent, careless

24 │ and reckless and unlawfully conducted themselves so as to substantially contribute to

25 │ Plaintiffs' alleged injuries and damages compared to the conduct of all other parties,

26 │ all of which said negligence either bars in whole or in part damages sought herein or

27 │ any recovery by Plaintiffs against these answering Defendants.

28 │ ///

Bradley Gmelich + Wellerstein LLP

# V.

## (Joint and Several Liability)

As a further, separate and affirmative defense, Defendants allege that in the event Plaintiffs should establish any liability on the part of these answering Defendants, which liability is expressly denied, these answering Defendants may be obligated to pay sums representing a percentage of fault not its own, but that of Plaintiffs and/or Plaintiffs' decedent, other parties to this action and/or third persons not parties to this action. These answering Defendants are entitled to adjudication and determination of the respective proportions or percentages of fault, if any, on these answering Defendants' part and on the part of the Plaintiffs and other parties to this action and third persons not parties to this action pursuant to the Doctrines of Comparative Negligence and the Fair Responsibility Act of 1986, codified in *C.C.P.* §§ 1431, 1431.1, 1431.2, 1431.4, 1431.5 and 1432.

# VI.

## (Unavoidable Accident)

As a further, separate and affirmative defense, Defendants allege that the damages sustained by Plaintiffs, if any, were the result of an unavoidable accident insofar as Defendants are concerned which occurred without any negligence, want of care, default or other breach of duty to the Plaintiffs on the part of these Defendants.

# VII.

## (Failure to Mitigate Damages)

As a further, separate and affirmative defense, Defendants allege that at all times mentioned herein, Plaintiffs and/or Plaintiffs' decedent failed to use reasonable care to reduce and mitigate or minimize as much as reasonably possible, the damages, if any, and that said failure was the direct and proximate cause of any and all damages, if any, sustained by Plaintiffs.

///

///

Bradley Gmelich + Wellerstein LLP

## VIII.

### (Statute of Limitations)

As a further, separate and affirmative defense, Defendants allege that the First Amended Complaint and every cause of action contained therein is barred by the Statute of Limitations set forth in *C.C.P.* §§ 335, 335.1, 337 and 340.5.

## IX.

### (*Civil Code* § 1714.8)

As a further, separate and affirmative defense, Defendants allege that Plaintiffs are barred from recovering the relief sought within the First Amended Complaint on file herein pursuant to *Civil Code* § 1714.8.

## X.

### (MICRA)

As a further, separate and affirmative defense, Defendants allege that pursuant to *Civil Code* §§ 3333.1, 3333.2 and *C.C.P.* § 667.6, Defendants intend, at the time of trial, to diminish, strike or eliminate those damages allegedly sustained by Plaintiffs.

## XI.

### (Superseding Causes)

As a further, separate and affirmative defense, Defendants allege that if Plaintiffs herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or not yet served, either known or unknown, and not these answering Defendants and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiffs herein.

## XII.

### (*Health and Safety Code* § 1317(c))

As a further, separate and affirmative defense, Defendants allege that Plaintiffs are barred from recovering the relief sought within the First Amended Complaint on

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1  file herein pursuant to *Health and Safety Code* § 1317(c).

2  ### XIII.

3  ### (Protection and Immunity)

4  As a further, separate and affirmative defense, Defendants allege that Plaintiffs

5  have failed to state facts sufficient to constitute a cause of action or basis for recovery

6  and Defendants are entitled to the protections and immunities contained in *Health and*

7  *Safety Code*, including but not limited to sections 1799.102, 1799.104, 1799.106-108

8  and 1799.110.

9  ### XIV.

10 ### (Failure to Join Indispensable Parties)

11 As a further, separate and affirmative defense, Defendants allege that to the

12 extent Plaintiffs have failed to join necessary and indispensable parties to this action,

13 some or all of Plaintiffs' claims are barred.

14 ### XV.

15 ### (Qualified Immunity)

16 As and for a further affirmative defense, Defendants allege that all actions

17 taken, were undertaken in good faith and with reasonable belief that said actions were

18 valid, necessary and constitutionally proper, thus, Defendants are entitled to qualified

19 immunity.

20 ### XVI.

21 ### (Government Code Section 815)

22 As and for a further affirmative defense, Defendants allege that pursuant to

23 Government Code Section 815, these answering Defendants are not liable for any

24 injury, except as otherwise provided by statute.

25 ### XVII.

26 ### (Government Code Section 820.4)

27 As and for a further affirmative defense, Defendants allege that these answering

28 Defendants are immune from liability pursuant to Government Code Section 820.4

Bradley
Gmelich +
Wellerstein LLP

# XVIII.
## (Government Code Immunities)

As and for a further affirmative defense, Defendants allege that Plaintiffs' action is barred by all applicable Government Code immunities, including but not limited to, Sections 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846.  Said sections are pleaded as though fully set forth herein.

# XIX.
## (California Penal Code)

As and for a further affirmative defense, Defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Sections 43, 55.

# XX.
## (California Code of Civil Procedure Section 425.13(a))

As and for a further affirmative defense, Defendants allege that Plaintiffs have failed to comply with the California Code of Procedure Section 425.13(a) with respect to its alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

# XXI.
## (Immune under Federal Civil Rights Act)

These answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where they reasonably believed their actions were lawful.

# XXII.
## (No Violation of Federal Civil Rights)

Plaintiffs and/or Decedent did not sustain an injury sufficient to give rise to a violation of their federal civil rights.

///
///

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.

**XXIII.**

**(Policy, Custom, Usage Not Established)**

The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

**XXIV.**

**(Superseding and Intervening Cause)**

These answering Defendants allege that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves these answering Defendants from liability.

**XXV.**

**(Civil Code §§ 1431 to 1431.5)**

The damages, if any, should be in direct proportion to the fault of this Defendants/Decedent, if any, as provided by Civil Code §§ 1431 to 1431.5.

**XXVI.**

**(Assumption of Risk)**

Defendants are not liable pursuant to the doctrine of assumption of risk.

**XXVII.**

**(Health and Safety Code)**

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was providing emergency services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

**XXVIII.**

As a separate and affirmative defense to the Complaint and to the alleged

Bradley
Gmelich+
Wellerstein LLP

1    violations of U.S.C. §1983, Defendants allege that Plaintiffs have failed to exhaust
2    administrative and/or contractual remedies.

### XXIX.

#### (Reckless and Wanton)

5    At all times mentioned in the First Amended Complaint, Decedent acted in a
6    careless, reckless, wanton, and negligent manner in and about the matters set forth in
7    the First Amended Complaint; that such careless, reckless, and wanton and
8    negligent conduct proximately contributed to the injuries and damages sustained or
9    claimed by Plaintiffs; that as a consequence, Plaintiffs' claims are barred.

### XXX.

#### (Reservation for Additional, Unknown Affirmative Defenses)

12    As a further, separate and affirmative defense, Defendants presently have
13    insufficient knowledge or information upon which to form a belief as to whether or
14    not they have additional, as yet unstated affirmative defenses available. Discovery has
15    not yet commenced in this case, and additional facts may be uncovered during the
16    course of discovery which give rise to additional affirmative defenses in the event that
17    they are indicated by the evidence. Defendants reserve the right to assert such
18    affirmative defenses by this reservation.

19    WHEREFORE, these answering Defendants pray for judgment against
20    Plaintiffs as follows:

21    1.    That Plaintiffs take nothing by way of their First Amended Complaint;

22    2.    That the Court award Defendants their costs of suit incurred herein;

23    3.    That the Court award Defendants their reasonable attorney's fees and
24    legal expenses; and

25    4.    For such other and further relief as the Court may deem just and proper.

26    ///
27    ///

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.

Bradley
Gmelich +
Wellerstein LLP

1

## DEMAND FOR A JURY TRIAL

2

Defendants demand a trial by jury in this matter.

3

4

BRADLEY, GMELICH & WELLERSTEIN LLP

5

Dated: March 25, 2024

6

7

8

By: _____

Thomas P. Gmelich

9

Mark L. Kiefer

10

Angela M. Rossi

Attorneys for Defendants, Anthony Cruz,

11

M.D. and Liberty Healthcare of California,

Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Case No. 23cv01357-CAB-BLM

ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ANTHONY CRUZ, M.D. AND
LIBERTY HEALTHCARE OF CALIFORNIA, INC.