UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 23-CV-1357-CAB-BLM<br><br>**ORDER OVERRULING DEFENDANT COUNTY OF SAN DIEGO'S OBJECTION TO MAGISTRATE JUDGE ORDER**<br><br>[Doc. No. 70] |

On February 9, 2024, Magistrate Judge Barbara L. Major issued an Order that granted Plaintiff's motion for leave to conduct limited discovery to ascertain certain Doe Defendants in this matter. [Doc. No. 63]. On February 16, 2024, Defendants filed a motion to stay Judge Major's order [Doc. No. 68] which Judge Major denied [Doc. No. 71].[1] On February 23, 2024, Defendant County of San Diego objected to Judge Major's Order

---

[1] In light of the denial of the motion to stay, the County produced the videos at issue on February 29, 2024. [Doc. No. 85 at 3].

1

pursuant to Federal Rule of Civil Procedure 72(a). [Doc. No. 70]. For the reasons set forth, Defendant County of San Diego's objection to February 9, 2024 Judge Major's Order is **OVERRULED.**

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days of service of the order. Fed. R. Civ. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." (b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002). A magistrate judge's order is also contrary to law if it fails to consider an element of the applicable standard. *See Hunt v. Nat'l Broad Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

Here, upon review of the entire record, including Judge Major's February 9, 2024 Order and the Parties' briefs, the Court is not persuaded that the February 9, 2024 Order was clearly erroneous or contrary to law. Judge Major twice reviewed Plaintiffs' request for production of any video surveillance of Decedent Lonnie Rupard in the 72 hours leading up to his death. [Doc. No. 63 at 3]. She ultimately determined that, contrary to the Defendants arguments, the federal law enforcement privilege did not apply to the surveillance videos due to the failure of Defendants' affidavit to "provide any specific assertions of harm to the [pending] criminal investigation or the government's privacy

interest." [Doc. No. 63 at 11]. Judge Major further found that Plaintiffs' need for the surveillance footage to identify the Doe Defendants surpassed the County Defendants' stated needs for asserting the privilege. She properly relied on applicable case law in coming to these conclusions. Considering Judge Major's thorough analysis, and the fact that the videos at issue have already been produced, Defendant County of San Diego's objection to Judge Major's February 9, 2024 Order is **OVERRULED.**

It is **so ORDERED.**

Dated: April 16, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge