**CLAUDIA G. SILVA, County Counsel (SBN 167868)**
**ANDREI DUMITRESCU, Senior Deputy (State Bar No. 320456)**
**OFFICE OF COUNTY COUNSEL, SAN DIEGO**
**1600 Pacific Highway, Room 355**
**San Diego, CA 92101**
**619-531-6229**
**Email: andrei.dumitrescu@sdcounty.ca.gov**

**Rada Feldman, Esq. (State Bar No. 285931)**
**Adam A. Ainslie, Esq. (State Bar No. 311427)**
**Sofia Torrez, Esq. (State Bar No. 355321)**
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law; aainslie@ccllp.law; storrez@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON
MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE),
MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF
AMADO, MICHAEL MOSER, ERNESTO AGUIRRE, TREYVONNE JAMES
(sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL
JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, AND
LINDA GUTIERREZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO RUPARD, et al. | CASE NO. 3:23-cv-1357-CAB-BLM |
| Plaintiffs, | ***Assigned to Hon. Cathy Ann Bencivengo; Magistrate Hon. Barbara L. Major; Dept. 15A*** |
| vs. | |
| COUNTY OF SAN DIEGO, et al., | **COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| Defendants. | |
| | **Complaint Filed:   07/26/2023** |
| | **FAC Filed:         11/21/2023** |
| | **SAC Filed:         03/07/2024** |
| | **Trial Date:        02/02/2026** |

25163                                    1
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    Defendants COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ,

2    JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE),

3    MIGUEL AGUILERA, JASON VALADIU, GUSTAVO MARTINEZ, DANIEL

4    SCHMITZ, JEFF AMADO, MORGAN ACKERMAN, KRISTOPHER KEY,

5    MICHAEL MOSER, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in

6    duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON,

7    ANDREW TORRES, CODY DELANEY, TIMOTHY EVERSOLL, ALLEN

8    WERESKI, BLADE ROMANS, AND LINDA GUTIERREZ (collectively, "County

9    Defendants") hereby answer Plaintiffs JUSTINO RUPARD, individually, and

10   RONNIE LUPARD, individually (collectively, "Plaintiffs") Second Amended

11   Complaint ("SAC") by admitting, denying, and alleging as follows:

## INTRODUCTION

13   1.    Answering paragraph 1, County Defendants are without sufficient

14   knowledge or information to form a belief as to the truth of the allegations contained

15   in said paragraph, and on that basis deny each and every allegation.

16   2.    Answering paragraph 2, County Defendants admit that Decedent died on

17   March 17, 2022 while at SDCJ. As to the remainder, this paragraph sets forth legal

18   conclusions and questions of law to which no response is required. To the extent an

19   answer is required, County Defendants deny each and every allegation contained

20   therein.

21   3.    Answering paragraph 3, County Defendants are without sufficient

22   knowledge or information to form a belief as to the truth of the allegations contained

23   in said paragraph, and on that basis deny each and every allegation.

24   4.    Answering paragraph 4, this paragraph sets forth legal conclusions and

25   questions of law to which no response is required. To the extent an answer is required,

26   County Defendants deny each and every allegation contained therein.

27   5.    Answering paragraph 5, County Defendants are without sufficient

28   knowledge or information to form a belief as to the truth of the allegations contained

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    in said paragraph, and on that basis deny each and every allegation.

2    6.    Answering paragraph 6, County Defendants are without sufficient

3    knowledge or information to form a belief as to the truth of the allegations contained

4    in said paragraph, and on that basis deny each and every allegation. To the extent the

5    allegations of paragraph 6 are based on the contents of written documents, County

6    Defendants admit that to the extent such allegations accurately reflect the contents of

7    the documents, such statements exist, and otherwise deny them. County Defendants

8    deny that Plaintiffs' characterization of these documents is accurate, and deny

9    Plaintiffs' framing of these issues.

10    7.    Answering paragraph 7, this paragraph sets forth legal conclusions and

11    questions of law to which no response is required. To the extent an answer is required,

12    County Defendants deny each and every allegation contained therein.

13    8.    Answering paragraph 8, this paragraph sets forth legal conclusions and

14    questions of law to which no response is required. To the extent an answer is required,

15    County Defendants deny each and every allegation contained therein.

16    9.    Answering paragraph 9, County Defendants state that this paragraph is a

17    request by Plaintiffs for a jury trial and such a request does not require a response.

18    **<u>JURISDICTION AND VENUE</u>**

19    10.    Answering paragraph 10, this paragraph sets forth legal conclusions and

20    questions of law to which no response is required.

21    11.    Answering paragraph 11, this paragraph sets forth legal conclusions and

22    questions of law to which no response is required.

23    12.    Answering paragraph 12, County Defendants are without sufficient

24    knowledge or information to form a belief as to the truth of the allegations contained

25    in said paragraph, and on that basis deny each and every allegation.

26    13.    Answering paragraph 13, admit that the Medical Examiner's report was

27    released on March 2, 2023. The remainder of this paragraph sets forth legal conclusions

28    and questions of law to which no response is required. To the extent an answer is

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

required, County Defendants deny each and every allegation contained therein.

14.    Answering paragraph 14, County Defendants admit that Justino Rupard filed a tort claim on March 9, 2023, but deny the remainder of the allegations. To the extent this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

15.    Answering paragraph 15, admit that Ronnie Rupard filed a tort claim on March 10, 2023, but deny the remainder of the allegations. To the extent this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

16.    Answering paragraph 16,this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein..

17.    Answering paragraph 17, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

18.    Answering paragraph 18, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

19.    Answering paragraph 19, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

20.    Answering paragraph 20,  this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.  To the extent the allegations of paragraph 20 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

21. Answering paragraph 21, to the extent the allegations of paragraph 21 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

22. Answering paragraph 22, County Defendants admit that Ronnie Rupard filed an application for leave on March 10, 2023. County Defendants deny the remainder of the allegations. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

23. Answering paragraph 23, County Defendants deny each and every allegation contained therein. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

24. Answering paragraph 24, County Defendants admit that venue is proper in this district. To the extent this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

## **PARTIES**

25. Answering paragraph 25, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

26. Answering paragraph 26, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

27.     Answering paragraph 27, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

28.     Answering paragraph 28, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein. To the extent the allegations of paragraph 28 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

29.     Answering paragraph 29, County Defendants admit the County of San Diego is a governmental entity.

30.     Answering paragraph 30, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Gore was the Sheriff for the San Diego County Sheriff's Department and retired on February 3, 2022, and deny the remaining allegations set forth in said paragraph.

31.     Answering paragraph 31, paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Martinez was the Undersheriff and Acting Sheriff for the San Diego County Sheriff's Department, and deny the remaining allegations set forth in said paragraph.

32.     Answering paragraph 32, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    as to the truth of the allegations contained in said paragraph, and on that basis deny

2    each and every allegation.

3    33.    Answering paragraph 33, this paragraph sets forth legal conclusions and

4    questions of law to which no response is required. To the extent an answer is required,

5    County Defendants are without sufficient knowledge or information to form a belief

6    as to the truth of the allegations contained in said paragraph, and on that basis deny

7    each and every allegation.

8    34.    Answering paragraph 34, this paragraph sets forth legal conclusions and

9    questions of law to which no response is required. To the extent an answer is required,

10    County Defendants admit that Montgomery was the Chief Medical Officer for the San

11    Diego County Sheriff's Department. County Defendants deny the third sentence of

12    paragraph 34. To the remainder of the paragraph, County Defendants are without

13    sufficient knowledge or information to form a belief as to the truth of the allegations

14    contained in said paragraph, and on that basis deny each and every allegation.

15    35.    Answering paragraph 35, this paragraph sets forth legal conclusions and

16    questions of law to which no response is required. To the extent an answer is required,

17    County Defendants are without sufficient knowledge or information to form a belief

18    as to the truth of the allegations contained in said paragraph, and on that basis deny

19    each and every allegation.

20    36.    Answering paragraph 36, this paragraph sets forth legal conclusions and

21    questions of law to which no response is required. To the extent an answer is required,

22    County Defendants admit CHP was a contracted psychiatric provider for the jails in

23    San Diego County. As to the remainder, County Defendants are without sufficient

24    knowledge or information to form a belief as to the truth of the allegations contained

25    in said paragraph, and on that basis deny each and every allegation.

26    37.    Answering paragraph 37, this paragraph sets forth legal conclusions and

27    questions of law to which no response is required. To the extent an answer is required,

28    County Defendants Christina Goodall (sued as Christina Anosike), was working as a

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1   mental health clinician at SDCJ for the San Diego County Sheriff's Department, and

2   deny the remaining allegations set forth in this paragraph.

3       38.     Answering paragraph 38, this paragraph sets forth legal conclusions and

4   questions of law to which no response is required. To the extent an answer is required,

5   County Defendants admit Anthony Cruz MD is a psychiatrist and was working at

6   SDCJ. County Defendants are without sufficient knowledge or information to form a

7   belief as to the truth of the allegations contained in said paragraph, and on that basis

8   deny each and every allegation.

9       39.     Answering paragraph 39, this paragraph sets forth allegations that relate

10  to Ben Samonte who has been dismissed pursuant to Plaintiffs' election to proceed on

11  the SAC following the Court's Dismissal Order and thus, no longer at issue for

12  purposes of the operative SAC and to which no response is required. As to the

13  remaining allegations, this paragraph sets forth legal conclusions and questions of law

14  to which no response is required. To the extent an answer is required, County

15  Defendants deny the allegations.

16      40.     Answering paragraph 40, this paragraph sets forth allegations that relate

17  to May Ng who has been dismissed pursuant to Plaintiffs' election to proceed on the

18  SAC following the Court's Dismissal Order and thus, no longer at issue for purposes

19  of the operative SAC and to which no response is required. As to the remaining

20  allegations, this paragraph sets forth legal conclusions and questions of law to which

21  no response is required. To the extent an answer is required, County Defendants deny

22  the allegations.

23      41.     Answering paragraph 41, this paragraph sets forth legal conclusions and

24  questions of law to which no response is required. To the extent an answer is required,

25  County Defendants admit Liberty Healthcare was the contracted psychiatric provider

26  for the jails in San Diego County. County Defendants are without sufficient knowledge

27  or information to form a belief as to the truth of the allegations contained in said

28  paragraph, and on that basis deny each and every allegation.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

42.     Answering paragraph 42, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny that Schmitz, D. #3787, Ackerman, M. #5994, Key, K. #3929, Moser, M. #0525, Delaney, C. #0749, Treyvonne, J., Eversoll, T. #3669, and Wereski, A. #4047 worked shifts in housing unit "7D" between March 15, 2022 and the time of Lonnie's death on March 17, 2022. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

43.     Answering paragraph 43, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny that Schmitz, D. #3787, Ackerman, M. #5994, Key, K. #3929, Moser, M. #0525, Delaney, C. #0749, Treyvonne, J., Eversoll, T. #3669, and Wereski, A. #4047 worked shifts in housing unit "7D" between March 15, 2022 and the time of Lonnie's death on March 17, 2022. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

44.     Answering paragraph 44, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny that Schmitz, D. #3787, Ackerman, M. #5994, Key, K. #3929, Moser, M. #0525, Delaney, C. #0749, Treyvonne, J., Eversoll, T. #3669, and Wereski, A. #4047 worked shifts in housing unit "7D" between March 15, 2022 and the time of Lonnie's death on March 17, 2022. To the remainder of the paragraph, County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

45.     Answering paragraph 45, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

46.    Answering paragraph 46, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

47.    Answering paragraph 47, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

48.    Answering paragraph 48, County Defendants admit the SDCJ is owned and operated by San Diego County. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

## **FACTUAL ALLEGATIONS**

49.    Answering paragraph 49, County Defendants admit Lonnie Rupard died on March 17, 2022 while in custody at SDJC. As to remaining allegations, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants have insufficient knowledge or information concerning the allegations contained in said paragraph, and on that basis deny the allegations.

50.    Answering paragraph 50, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 50 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

51.    Answering paragraph 51, County Defendants deny each and every allegation contained therein.

52.    Answering paragraph 52, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 52 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

53.    Answering paragraph 53, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

54.    Answering paragraph 54, to the extent the allegations of paragraph 54 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 54.

55.    Answering paragraph 55, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Decedent was not evaluated by PERT and deny the remainder.

56.    Answering paragraph 56, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

County Defendants deny each and every allegation contained therein.

57.    Answering paragraph 57, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

58.    Answering paragraph 58, County Defendants admit that Decedent was not screened by a medical doctor at intake. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

59.    Answering paragraph 59, County Defendants admit that Decedent was not evaluated by the PSU. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations.

60.    Answering paragraph 60, admit Decedent was not housed in PSU and was housed in Administrative Segregation housing. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations.

61.    Answering paragraph 61, admit that Decedent refused a Psychiatric Sick Call on December 20, 2021. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 61 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 61.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

12

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

62.     Answering paragraph 62, County Defendants admit Decedent was scheduled to be seen for a psych evaluation on December 24, 2021 with Liberty Healthcare Psychiatrist Dr. Cruz but was not seen due to time constraints. Except as so expressly admitted, County Defendants deny each and every allegation in said paragraph.

63.     Answering paragraph 63, County Defendants admit Decedent was scheduled to be seen for a psych evaluation with Liberty Healthcare Psychiatrist Dr. Cruz on December 28, 2021 but was not seen due to time constraints.

64.     Answering paragraph 64, County Defendants admit that on December 29, 2021, Decedent had an initial psychiatric evaluation with Liberty Healthcare Psychiatrist Dr. Cruz.

65.     Answering paragraph 65, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 65 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 65.

66.     Answering paragraph 66, to the extent the allegations of paragraph 66 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 66.

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

67.     Answering paragraph 67, to the extent the allegations of paragraph 67 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 67. As to the remainder, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

68.     Answering paragraph 68, to the extent the allegations of paragraph 68 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 68.

69.     Answering paragraph 69, admit that Dr. Cruz performed a Chart Check for Decedent and discontinued Haldol, Congentin, and VPA for Decedent. To the extent the allegations of paragraph 69 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

70.     Answering paragraph 70, County Defendants admit that Dr. Cruz did not refer Decedent to the PSU. Except as so admitted, County Defendants are without

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    sufficient knowledge or information to form a belief as to the truth of the allegations

2    contained in said paragraph, and on that basis deny each and every allegation.

3        71.    Answering paragraph 71, this paragraph sets forth legal conclusions and

4    questions of law to which no response is required. To the extent an answer is required,

5    County Defendants are without sufficient knowledge or information to form a belief

6    as to the truth of the allegations contained in said paragraph, and on that basis deny

7    each and every allegation.

8        72.    Answering paragraph 72, this paragraph sets forth legal conclusions and

9    questions of law to which no response is required. To the extent an answer is required,

10    County Defendants deny each and every allegation contained therein.

11        73.    Answering paragraph 73, to the extent the allegations of paragraph 73 are

12    based on the contents of written documents, County Defendants admit that to the extent

13    such allegations accurately reflect the contents of the documents, such statements exist,

14    and otherwise deny them. County Defendants deny that Plaintiffs' characterization of

15    these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so

16    expressly admitted, County Defendants deny each and every allegation contained in

17    paragraph 73.

18        74.    Answering paragraph 74, admit that Decedent was not referred to the

19    PSU. Except as so expressly admitted, County Defendants deny each and every

20    allegation contained therein.

21        75.    Answering paragraph 75, to the extent the allegations of paragraph 75 are

22    based on the contents of written documents, County Defendants admit that to the extent

23    such allegations accurately reflect the contents of the documents, such statements exist,

24    and otherwise deny them. County Defendants deny that Plaintiffs' characterization of

25    these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so

26    expressly admitted, County Defendants deny each and every allegation contained in

27    paragraph 75.

28    ///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

15

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

76.    Answering paragraph 76, County Defendants admit that on February 9, 2022, mental health clinician Christina Goodall (sued as Christina Anosike) completed a wellness check of Decedent.

77.    Answering paragraph 77, County Defendants admit that on February 9, 2022, mental health clinician Christina Goodall (sued as Christina Anosike) completed a wellness check of Decedent and Anosike's notes provide that deputies on the 7th floor reported that Decedent often spoke to himself in unintelligible words. To the extent the allegations of paragraph 77 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 77.

78.    Answering paragraph 78, admit that Anosike notes provide that she was unable to fully assess Decedent due to refusal and/or inability to cooperate and that note his thoughts were "impoverished" but that he was oriented to person, place, and situation. To the extent the allegations of paragraph 78 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 78.

79.    Answering paragraph 79, County Defendants admit that Goodall (sued as Christina Anosike) did not refer Decedent to be assessed by a medical doctor but deny the remaining allegations contained in said paragraph as to Goodall (sued as Christina Anosike). As to remainder, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    paragraph, and on that basis deny each and every allegation.

2    80.    Answering paragraph 80, County Defendants admit that Goodall (sued as
3    Christina Anosike) did not request Decedent to be assessed by a medical doctor or for
4    vitals to be taken but deny the remaining allegations contained in said paragraph as to
5    Goodall (sued as Christina Anosike). As to Cruz, County Defendants are without
6    sufficient knowledge or information to form a belief as to the truth of the allegations
7    contained in said paragraph, and on that basis deny each and every allegation. ). As to
8    remainder, County Defendants are without sufficient knowledge or information to
9    form a belief as to the truth of the allegations contained in said paragraph, and on that
10   basis deny each and every allegation.

11   81.    Answering paragraph 81, County Defendants deny the allegations
12   contained in said paragraph.

13   82.    Answering paragraph 82, admit that Decedent was on lockdown on
14   February 20, 2022. To the extent the allegations of paragraph 82 are based on the
15   contents of written documents, County Defendants admit that to the extent such
16   allegations accurately reflect the contents of the documents, such statements exist, and
17   otherwise deny them. County Defendants deny that Plaintiffs' characterization of these
18   documents is accurate, and deny Plaintiffs' framing of these issues. Except as so
19   expressly admitted, County Defendants deny each and every allegation contained in
20   paragraph 82.

21   83.    Answering paragraph 83, County Defendants admit that on February 22,
22   2022, Decedent was evaluated by Liberty Healthcare Psychiatrist Dr. Cruz for a
23   Psychiatric Sick Call assessment, and that Dr. Cruz noted that multiple attempts were
24   made to engage Decedent but that he was uncooperative and refused to participate and
25   rambled incoherently and became verbally aggressive. To the extent the allegations of
26   paragraph 83 are based on the contents of written documents, County Defendants admit
27   that to the extent such allegations accurately reflect the contents of the documents, such
28   statements exist, and otherwise deny them. County Defendants deny that Plaintiffs'

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

84.      Answering paragraph 84, County Defendants admit that on February 22, 2022, Decedent was evaluated by Liberty Healthcare Psychiatrist Dr. Cruz for a Psychiatric Sick Call assessment, and to the extent the allegations of paragraph 84 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

85.      Answering paragraph 85, County Defendants admit that Decedent was not transferred to the PSU as of February 22, 2022 and that vitals or weight were not documented. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 85 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

86.      Answering paragraph 86, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that psychiatrist Dr. Cruz evaluated Decedent on February 22, 2022. Except as expressly admitted, County Defendants deny the remaining

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

allegation contained in this paragraph. To the extent the remaining allegations of paragraph 86 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

87.    Answering paragraph 87, County Defendants admit that Dr. Cruz's assessment noted that that there were no signs requiring immediate psychiatric intervention at the time of his visit and that Dr. Cruz recommended plan was for a follow-up to occur in 6-7 weeks or sooner, if needed. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations.  To the extent the remaining allegations of paragraph 87 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

88.    Answering paragraph 88, County Defendants admit that Decedent was not referred to the PSU. To the extent the remaining allegations of paragraph 87 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

89.    Answering paragraph 89, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled. To the extent the remaining allegations of paragraph 89 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny the remaining allegations.

90.    Answering paragraph 90, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled.  To the extent the remaining allegations of paragraph 90 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.  Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph.

91.    Answering paragraph 91, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

92.    Answering paragraph 92, County Defendants admit that on March 14, 2022, Decedent was evaluated by court-ordered forensic psychiatrist Dr. Nicolas Badre to determine competency to stand trial.

93.    Answering paragraph 93, County Defendants admit that Dr. Badre's report noted that Decedent's cell was dirty with trash throughout, the toilet was full of excrement, the room was malodorous, feces on the floor, and food smeared on the

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

walls. To the extent the remaining allegations of paragraph 93 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

94.     Answering paragraph 94, County Defendants admit that Dr. Badre's report noted that Decedent was dirty and unkempt, but denied as to remainder. To the extent the remaining allegations of paragraph 94 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

95.     Answering paragraph 95, County Defendants admit that Dr. Badre's report noted that Decedent was laying in bed in an uncomfortable manner with a blanket over his head. To the extent the remaining allegations of paragraph 95 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

96.     Answering paragraph 96, County Defendants admit that Dr. Badre's report noted that Dr. Badre asked Decedent why he was incarcerated and in response to this question, Decedent answered "water dog." To the extent the remaining allegations of paragraph 96 are based on the contents of written documents, County

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

97.     Answering paragraph 97, County Defendants admit that Dr. Badre's report noted that Dr. Badre asked Decedent about his charges and in response to this question, Decedent answered "dog." To the extent the remaining allegations of paragraph 97 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

98.     Answering paragraph 98, denied except that County Defendants admit that Dr. Badre's report noted that Decedent did not answer questions of orientation. To the extent the remaining allegations of paragraph 98 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

99.     Answering paragraph 99, County Defendants admit that Dr. Badre's report noted that Decedent's speech was pressured and mostly incohertent when he spoke. To the extent the remaining allegations of paragraph 99 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

documents is accurate, and deny Plaintiffs' framing of these issues.

100.    Answering paragraph 100, County Defendants admit that Dr. Badre's report states under findings and opinions that Decedent suffered from mental illness and unable to assist counsel in a rational manner, and denied to remainder. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of paragraph 100 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

101.    Answering paragraph 101, County Defendants admit that Dr. Badre's report states that he recommended Decedent be referred to a state hospital or JBCT program for restoration to competency and be given medications involuntarily under Penal Code section 1370, and denied to remainder. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of paragraph 101 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

102.    Answering paragraph 102, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

103.     Answering paragraph 103, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny that Schmitz, D. #3787, Ackerman, M. #5994, Key, K. #3929, Moser, M. #0525, Delaney, C. #0749, Treyvonne, J., Eversoll, T. #3669, and Wereski, A. #4047 worked shifts in housing unit "7D" between March 15, 2022 and the time of Lonnie's death on March 17, 2022. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

104.     Answering paragraph 104, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

105.     Answering paragraph 105, County Defendants admit Decedent was not transferred to PSU. As to remainder, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

106.     Answering paragraph 106, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that there is a section in the San Diego County Sheriff's Department Medical Services Division Policies & Procedures Manual providing the procedure for "sick calls," and includes assessment of weight and vital signs, and that the patient has the right, unless ordered by a Court of competent jurisdiction, to refuse the taking of vital signs and/or weight. To the extent the allegations of paragraph 106 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, County Defendants deny each and every

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1   allegation contained in paragraph 106.

2   107.    Answering paragraph 107, County Defendants admit that psychiatry sick

3   calls for Decedent were requested on 12/20/21, 1/15/22, 1/20/22, and 2/1/22.  Except

4   as so expressly admitted, County Defendants deny each and every allegation contained

5   in said paragraph. To the extent the remaining allegations of paragraph 107 are based

6   on the contents of written documents, County Defendants admit that to the extent such

7   allegations accurately reflect the contents of the documents, such statements exist, and

8   otherwise deny them. County Defendants deny that Plaintiffs' characterization of these

9   documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants

10  are without sufficient knowledge or information to form a belief as to the truth of the

11  allegations contained in said paragraph, and on that basis deny each and every

12  allegation.

13  108.    Answering paragraph 108, County Defendants admit that multiple sick

14  calls for Decedent were scheduled. Except as so expressly admitted, County

15  Defendants deny each and every allegation contained in said paragraph. To the extent

16  the remaining allegations of paragraph 108 are based on the contents of written

17  documents, County Defendants admit that to the extent such allegations accurately

18  reflect the contents of the documents, such statements exist, and otherwise deny them.

19  County Defendants deny that Plaintiffs' characterization of these documents is

20  accurate, and deny Plaintiffs' framing of these issues. County Defendants are without

21  sufficient knowledge or information to form a belief as to the truth of the allegations

22  contained in said paragraph, and on that basis deny each and every allegation.

23  109.    Answering paragraph 109, County Defendants admit that multiple sick

24  calls for Decedent were scheduled. Except as so expressly admitted, County

25  Defendants deny each and every allegation contained in said paragraph. To the extent

26  the remaining allegations of paragraph 109 are based on the contents of written

27  documents, County Defendants admit that to the extent such allegations accurately

28  reflect the contents of the documents, such statements exist, and otherwise deny them.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

110.    Answering paragraph 110, County Defendants admit that a hard count was performed for Decedent at approximately 1140 to 1150 on March 17, 2022. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 110 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

111.    Answering paragraph 111, County Defendants admit that Decedent was found unresponsive in his cell at approximately 2247 on March 17, 2022 with a blanket to his chest. To the extent the remaining allegations of paragraph 111 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

112.    Answering paragraph 112, to the extent the remaining allegations of paragraph 112 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

113.    Answering paragraph 113, to the extent the remaining allegations of paragraph 113 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

114.    Answering paragraph 114, County Defendants admit an autopsy was performed on March 19, 2022 and that the report was released on March 2, 2023. To the extent the remaining allegations of paragraph 114 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

115.    Answering paragraph 115, To the extent the remaining allegations of paragraph 115 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs'

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

116.    Answering paragraph 116, County Defendants admit that vitals were not documented. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 116 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

117.    Answering paragraph 117, County Defendants that weight were not documented. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 117 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

118.    Answering paragraph 118, to the extent the remaining allegations of paragraph 118 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

28

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

paragraph, and on that basis deny each and every allegation.

119.     Answering paragraph 119, to the extent the remaining allegations of paragraph 119 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

120.     Answering paragraph 120, to the extent the remaining allegations of paragraph 120 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

121.     Answering paragraph 121, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

122.     Answering paragraph 122, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

123.    Answering paragraph 123, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

124.    Answering paragraph 124, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

125.    Answering paragraph 125, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1  deny each and every allegation.

2  126.    Answering paragraph 126, to the extent the remaining allegations of this
3  paragraph are based on the contents of written documents, County Defendants admit
4  that to the extent such allegations accurately reflect the contents of the documents, such
5  statements exist, and otherwise deny them. County Defendants deny that Plaintiffs'
6  characterization of these documents is accurate, and deny Plaintiffs' framing of these
7  issues. County Defendants are without sufficient knowledge or information to form a
8  belief as to the truth of the allegations contained in said paragraph, and on that basis
9  deny each and every allegation.

10  127.    Answering paragraph 127, to the extent the remaining allegations of this
11  paragraph are based on the contents of written documents, County Defendants admit
12  that to the extent such allegations accurately reflect the contents of the documents, such
13  statements exist, and otherwise deny them. County Defendants deny that Plaintiffs'
14  characterization of these documents is accurate, and deny Plaintiffs' framing of these
15  issues. County Defendants are without sufficient knowledge or information to form a
16  belief as to the truth of the allegations contained in said paragraph, and on that basis
17  deny each and every allegation.

18  128.    Answering paragraph 128, to the extent the remaining allegations of this
19  paragraph are based on the contents of written documents, County Defendants admit
20  that to the extent such allegations accurately reflect the contents of the documents, such
21  statements exist, and otherwise deny them. County Defendants deny that Plaintiffs'
22  characterization of these documents is accurate, and deny Plaintiffs' framing of these
23  issues. County Defendants are without sufficient knowledge or information to form a
24  belief as to the truth of the allegations contained in said paragraph, and on that basis
25  deny each and every allegation.

26  129.    Answering paragraph 129, County Defendants are without sufficient
27  knowledge or information to form a belief as to the truth of the allegations contained
28  in said paragraph, and on that basis deny each and every allegation.

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

130.     Answering paragraph 130, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

131.     Answering paragraph 131, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

132.     Answering paragraph 132, County Defendants admit that the California State Auditor issued a report on February 1, 2022. County Defendants deny the remaining allegations in said paragraph. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

133.     Answering paragraph 133, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

134.     Answering paragraph 134, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

///

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

135.      Answering paragraph 135, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

136.      Answering paragraph 136, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

137.      Answering paragraph 137, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

138.      Answering paragraph 138, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents,

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

139.    Answering paragraph 139, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues.

140.    Answering paragraph 140, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

141.    Answering paragraph 141, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

142.    Answering paragraph 142, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations except that Hayden Schuck died on March 16, 2022.

143.    Answering paragraph 143, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs'

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

144.     Answering paragraph 144, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

145.     Answering paragraph 145, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiffs' characterization of these documents is accurate, and deny Plaintiffs' framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

146.     Answering paragraph 146, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations, except that Schuck was housed in Ad Seg for less than one-day.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

147.    Answering paragraph 147, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

148.    Answering paragraph 148, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

149.    Answering paragraph 149, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

150.    Answering paragraph 150, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

151.    Answering paragraph 151, this paragraph sets forth legal conclusions and questions of law to which no response is required.

152.    Answering paragraph 152, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

153.    Answering paragraph 153, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

154.    Answering paragraph 154, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

155.    Answering paragraph 155, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

156.    Answering paragraph 156, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1    County Defendants deny the allegations.

2        157.        Answering paragraph 157, this paragraph sets forth legal conclusions and

3    questions of law to which no response is required. To the extent an answer is required,

4    County Defendants deny the allegations.

5        158.        Answering paragraph 158, this paragraph sets forth legal conclusions and

6    questions of law to which no response is required. To the extent an answer is required,

7    County Defendants deny the allegations.

8        159.        Answering paragraph 159, this paragraph sets forth legal conclusions and

9    questions of law to which no response is required. To the extent an answer is required,

10   County Defendants deny the allegations.

11       160.        Answering paragraph 160, this paragraph sets forth legal conclusions and

12   questions of law to which no response is required. To the extent an answer is required,

13   County Defendants deny the allegations.

14       161.        Answering paragraph 161, this paragraph sets forth legal conclusions and

15   questions of law to which no response is required. To the extent an answer is required,

16   County Defendants deny the allegations.

17       162.        Answering paragraph 162, County Defendants deny generally and

18   specifically each and every allegation contained therein.

19       163.        Answering paragraph 163, this paragraph sets forth legal conclusions and

20   questions of law to which no response is required. To the extent an answer is required,

21   County Defendants deny the allegations.

22       164.        Answering paragraph 164, this paragraph sets forth legal conclusions and

23   questions of law to which no response is required. To the extent an answer is required,

24   County Defendants deny the allegations.

25       165.        Answering paragraph 165, this paragraph sets forth legal conclusions and

26   questions of law to which no response is required. To the extent an answer is required,

27   County Defendants deny the allegations.

28   ///

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

166.    Answering paragraph 166, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

167.    Answering paragraph 167, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations..

168.    Answering paragraph 168, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

169.    Answering paragraph 169, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

170.    Answering paragraph 170, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

171.    Answering paragraph 171, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

172.    Answering paragraph 172, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

173.    Answering paragraph 173, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

174.    Answering paragraph 174, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

///

25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

175.     Answering paragraph 175, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

176.     Answering paragraph 176, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

177.     Answering paragraph 177, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

178.     Answering paragraph 178, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

179.     Answering paragraph 179, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

180.     Answering paragraph 180, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

181.     Answering paragraph 181, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

182.     Answering paragraph 182, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

///

///

///

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# I.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983: Deliberate Indifference of Serious Medical Needs

### (By the Estate of Lonnie Rupard Against County Defendants, Liberty

### Healthcare of California Inc, and Cruz)

183.    Answering paragraphs 183-205, this paragraph sets forth allegations as to a cause of action that was dismissed per the Court's Dismissal Order to which no response is required. County Defendants incorporate their denials and admissions in the foregoing paragraphs as though fully set forth herein.

184.    Answering paragraph 184, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

185.    Answering paragraph 185, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

186.    Answering paragraph 186, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

187.    Answering paragraph 187, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

188.    Answering paragraph 188, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

operative SAC.

189.    Answering paragraph 189, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

190.    Answering paragraph 190, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

191.    Answering paragraph 191, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

192.    Answering paragraph 192, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

193.    Answering paragraph 193, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

194.    Answering paragraph 194, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the operative SAC.

195.    Answering paragraph 195, this paragraph sets forth allegations that have been previously dismissed without leave by this Court pursuant to its Dismissal Order, and which are no longer at issue for purposes of the SAC and thus excluded from the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1  operative SAC.

2  196.     Answering paragraph 196, this paragraph sets forth allegations that have

3  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

4  and which are no longer at issue for purposes of the SAC and thus excluded from the

5  operative SAC.

6  197.     Answering paragraph 197, this paragraph sets forth allegations that have

7  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

8  and which are no longer at issue for purposes of the SAC and thus excluded from the

9  operative SAC.

10  198.     Answering paragraph 198, this paragraph sets forth allegations that have

11  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

12  and which are no longer at issue for purposes of the SAC and thus excluded from the

13  operative SAC.

14  199.     Answering paragraph 199, this paragraph sets forth allegations that have

15  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

16  and which are no longer at issue for purposes of the SAC and thus excluded from the

17  operative SAC.

18  200.     Answering paragraph 200, this paragraph sets forth allegations that have

19  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

20  and which are no longer at issue for purposes of the SAC and thus excluded from the

21  operative SAC.

22  201.     Answering paragraph 201, this paragraph sets forth allegations that have

23  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

24  and which are no longer at issue for purposes of the SAC and thus excluded from the

25  operative SAC.

26  202.     Answering paragraph 202, this paragraph sets forth allegations that have

27  been previously dismissed without leave by this Court pursuant to its Dismissal Order,

28  and which are no longer at issue for purposes of the SAC and thus excluded from the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1   operative SAC.

2   203.    Answering paragraph 203, this paragraph sets forth allegations that have

3   been previously dismissed without leave by this Court pursuant to its Dismissal Order,

4   and which are no longer at issue for purposes of the SAC and thus excluded from the

5   operative SAC.

6   204.    Answering paragraph 204, this paragraph sets forth allegations that have

7   been previously dismissed without leave by this Court pursuant to its Dismissal Order,

8   and which are no longer at issue for purposes of the SAC and thus excluded from the

9   operative SAC.

10   205.    Answering paragraph 205, this paragraph sets forth allegations that have

11   been previously dismissed without leave by this Court pursuant to its Dismissal Order,

12   and which are no longer at issue for purposes of the SAC and thus excluded from the

13   operative SAC.

## II.

## <u>SECOND CAUSE OF ACTION</u>

### 42 U.S.C. § 1983: Monell Municipal Liability For

### Deliberate Indifference of Serious Medical Needs

### (By Plaintiffs Against Defendant County and Liberty Healthcare of California, Inc.)

20   206.    Answering paragraph 205, County Defendants reiterate and incorporate

21   by reference their admissions and denials as set forth above and below.

22   207.    Answering paragraph 206, this paragraph sets forth legal conclusions and

23   questions of law to which no response is required.

24   208.    Answering paragraph 207, this paragraph sets forth legal conclusions and

25   questions of law to which no response is required. To the extent an answer is required,

26   County Defendants deny the allegations. County Defendants deny generally and

27   specifically each and every allegation contained therein.

28   209.    Answering paragraph 208,  this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1  questions of law to which no response is required. To the extent an answer is required,

2  County Defendants deny the allegations. County Defendants deny generally and

3  specifically each and every allegation contained therein.

4      210.    Answering paragraph 209, this paragraph sets forth legal conclusions and

5  questions of law to which no response is required. To the extent an answer is required,

6  County Defendants deny the allegations. County Defendants deny generally and

7  specifically each and every allegation contained therein.

8      211.    Answering paragraph 210, this paragraph sets forth legal conclusions and

9  questions of law to which no response is required. To the extent an answer is required,

10  County Defendants deny the allegations. County Defendants deny generally and

11  specifically each and every allegation contained therein.

12      212.    Answering paragraph 211, County Defendants deny generally and

13  specifically each and every allegation contained therein.

14      213.    Answering paragraph 212, County Defendants deny generally and

15  specifically each and every allegation contained therein.

16      214.    Answering paragraph 213, County Defendants deny generally and

17  specifically each and every allegation contained therein.

18      215.    Answering paragraph 214, County Defendants deny generally and

19  specifically each and every allegation contained therein.

20      216.    Answering paragraph 215, County Defendants deny generally and

21  specifically each and every allegation contained therein.

22      217.    Answering paragraph 216, County Defendants deny generally and

23  specifically each and every allegation contained therein.

24      218.    Answering paragraph 217, County Defendants deny generally and

25  specifically each and every allegation contained therein.

26      219.    Answering paragraph 218, County Defendants deny generally and

27  specifically each and every allegation contained therein.

28  ///

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

220.    Answering paragraph 219, County Defendants deny generally and specifically each and every allegation contained therein.

221.    Answering paragraph 220, County Defendants deny generally and specifically each and every allegation contained therein.

222.    Answering paragraph 221, County Defendants deny generally and specifically each and every allegation contained therein.

223.    Answering paragraph 222, County Defendants deny generally and specifically each and every allegation contained therein.

224.    Answering paragraph 223, County Defendants deny generally and specifically each and every allegation contained therein.

225.    Answering paragraph 224, County Defendants deny generally and specifically each and every allegation contained therein.

226.    Answering paragraph 225, County Defendants deny generally and specifically each and every allegation contained therein.

227.    Answering paragraph 226, County Defendants deny generally and specifically each and every allegation contained therein.

228.    Answering paragraph 227. County Defendants deny generally and specifically each and every allegation contained therein.

229.    Answering paragraph 228, County Defendants deny generally and specifically each and every allegation contained therein.

230.    Answering paragraph 229, County Defendants deny generally and specifically each and every allegation contained therein.

231.    Answering paragraph 230, County Defendants deny generally and specifically each and every allegation contained therein.

///

///

///

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

## III.

2

## THIRD CAUSE OF ACTION

3

## (By Plaintiffs Against County Defendants, Liberty Healthcare Corporation, and

4

## Cruz)

5    232.        Answering paragraph 231, County Defendants reiterate and incorporate

6    by reference their admissions and denials as set forth above and below.

7    233.        Answering paragraph 232, this paragraph sets forth legal conclusions and

8    questions of law to which no response is required.

9    234.        Answering paragraph 233, County Defendants deny generally and

10   specifically each and every allegation contained therein.

11   235.        Answering paragraph 234, County Defendants deny generally and

12   specifically each and every allegation contained therein.

13   236.        Answering paragraph 235, County Defendants deny generally and

14   specifically each and every allegation contained therein.

15   237.        Answering paragraph 236, County Defendants deny generally and

16   specifically each and every allegation contained therein.

17   238.        Answering paragraph 237, County Defendants deny generally and

18   specifically each and every allegation contained therein.

19   239.        Answering paragraph 238, County Defendants deny generally and

20   specifically each and every allegation contained therein.

21   240.        Answering paragraph 239, County Defendants deny generally and

22   specifically each and every allegation contained therein.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

## IV.

## FOURTH CAUSE OF ACTION

### Failure to Properly Train (42 U.S.C. § 1983)

**(By the Estate of Lonnie Rupard Against Defendants Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy Supervisors.)**

241.    Answering paragraphs 240-258, this cause of action was dismissed per the Court's order to which no response is required.

## V.

## FIFTH CAUSE OF ACTION

### Cal. Gov. Code § 845.6 (Failure to Summon Medical Care)

**(By the Estate of Lonnie Rupard Against Defendants County, Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy Supervisors)**

242.    Answering paragraphs 259-268, this cause of action was dismissed per the Court's order to which no response is required.

## VI.

## SIXTH CAUSE OF ACTION

### Cal. Gov. Code § 52.1 (Bane Act)

**(By the Estate of Lonnie Rupard Against Defendants County, Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy Supervisors)**

243.    Answering paragraphs 269-276, this cause of action was dismissed per the Court's order to which no response is required.

///

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

# VII.

## SEVENTH CAUSE OF ACTION

### Wrongful Death

### (By Plaintiffs Against All Defendants)

244.    Answering paragraph 277, County Defendants reiterate and incorporate by reference their admissions and denials as set forth above and below.

245.    Answering paragraph 278, this paragraph sets forth legal conclusions and questions of law to which no response is required.

246.    Answering paragraph 279, County Defendants deny generally and specifically each and every allegation contained therein.

247.    Answering paragraph 280, County Defendants deny generally and specifically each and every allegation contained therein.

248.    Answering paragraph 281, County Defendants deny generally and specifically each and every allegation contained therein.

249.    Answering paragraph 282, County Defendants deny generally and specifically each and every allegation contained therein.

250.    Answering paragraph 283, County Defendants deny generally and specifically each and every allegation contained therein.

251.    Answering paragraph 284, this paragraph sets forth legal conclusions and questions of law to which no response is required.

# VIII.

## EIGHTH CAUSE OF ACTION

### Dependent Adult Neglect

### (By the Estate of Lonnie Rupard Against Defendants Montgomery, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Doe Medical Providers)

252.    Answering paragraphs 285-292, this cause of action was dismissed per the Court's order to which no response is required.

///

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# IX.

## NINTH CAUSE OF ACTION

### Negligence

**(By the Estate of Lonnie Rupard Against Defendants Montgomery, CHP,**

**Liberty Healthcare Corporation, Anosike, Cruz, Doe Medical Providers)**

253.    Answering paragraphs 293-301, this cause of action was dismissed per the Court's order to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    Plaintiffs' Second Amended Complaint fails to state a cause of action against County Defendants and/or fails to state a claim against County Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

2.    Defendant County employees are entitled to qualified immunity against Plaintiffs' claims. Defendant County employees acted in an objectively reasonable manner and are entitled to qualified immunity as a defense to actions brought as civil rights violations under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

### (Absolute Immunity)

3.    County Defendants are entitled to absolute immunity against Plaintiffs' claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Doctrine of Respondeat Superior Inapplicable)

4.    The doctrine of respondeat superior is not applicable to claims under 42 U.S.C. § 1983.

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5.    At all times mentioned in the Second Amended Complaint, Deputy Defendants were employed by the County of San Diego and actin in their respective official capacities. Their alleged actions, if any, were made in good faith, without malice and/or performed with the reasonable belief that those actions were authorized by and in accord with existing law and authority.

## SIXTH AFFIRMATIVE DEFENSE

### (No Law Was Violated)

6.    Deputy Defendants did not deprive Plaintiffs of any of their rights, privileges, or immunities secured by the California State Constitution, California State laws, the United States Constitution, or laws of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

### (Simple Negligence)

7.    Under 42 U.S.C. § 1983, simple negligence does not constitute a violation of federal civil rights. *Parratt v. Taylor* (1981) 451 U.S. 527

## EIGHTH AFFIRMATIVE DEFENSE

### (No Reckless Disregard of Deliberate Indifference)

8.    Answering Defendants did not act with reckless disregard or deliberate indifference.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.    Plaintiffs and/or Plaintiffs' decedent failed to mitigate or attempt to mitigate damages, therefore if in fact any damages have been sustained, any recovery by Plaintiffs should be diminished or barred.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative/State Remedies)

10.    Plaintiffs failed to exhaust their remedies available under federal, state, or

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

administrative law as to some or all of their claims. Plaintiffs failed to timely submit government claims as required under the Government Claims Act. Plaintiffs failed to comply with required procedures for late claims under the Government Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    These answering Defendants are informed and believe and based thereon allege that Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.    Plaintiffs' claims are barred by the doctrine of laches. Plaintiffs unreasonably delayed in bringing this action premised on the alleged incidents on or around March 17, 2022.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff and/or Third Parties)

14.    The damages alleged were directly and proximately caused and contributed to by the negligence and/or fault of persons other than these answering Defendants, and the extent of damages sustained, if any, should be reduced and proportioned to the amount of said negligence and/or fault. These answering Defendants allege that as to all causes of action, Plaintiffs' harm, if any, was caused either by Decedent's own negligence or other misconduct or other improper acts, or by the negligence or other misconduct and improper acts of other named Defendants or other third parties not named in this lawsuit, and not by the conduct of answering Defendants. The damages sustained by Plaintiffs, if any, were caused by the acts of Decedent, which bar and/or diminish Plaintiffs' recovery, if any, against these

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

51

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

answering Defendants. Decedent was careless, negligent, or otherwise at fault in conducting his activities in connection with the events which are alleged in the Second Amended Complaint, and, as a direct and proximate result, Plaintiffs are barred, in whole or in part, from any recovery in this action. Accordingly, Plaintiffs' recovery, if any, should be precluded or reduced in proportion to their negligence and fault. Additionally, the damages sustained by Plaintiffs, if any, were caused by the acts of others, which bar and/or diminish Plaintiffs' recovery, if any, against these answering Defendants. Decedent, Plaintiffs' representatives, third persons, and/or the other possible Defendants herein were careless and negligent in and about the matters alleged in the Second Amended Complaint, and such carelessness and negligence proximately contributed to the happening of the injuries and damage, if any, complained of by Plaintiffs. Accordingly, any damages awarded to Plaintiffs against these answering Defendants must be reduced proportionately by the respective degrees of negligence of Plaintiffs, Plaintiffs' representatives, third persons, and/or the other possible Defendants herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

15.    If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or not yet served, either known or unknown, and not these answering Defendants and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiffs herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

16.    These answering Defendants are informed and believe and based thereon allege that Plaintiffs' SAC is barred, in whole or in part, by the doctrine of equitable estoppel, including as to representations made in the Claim For Damages filed by

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1  Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Single Incident)

17.    An unconstitutional policy, practice, or custom of Municipal Defendant cannot be established by a single incident. *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).

## EIGTEENTH AFFIRMATIVE DEFENSE

### (Failure to Establish Official Custom or Practice)

18.    Plaintiffs' Complaint fails to establish any official custom or practice held by Defendant County which posed a risk of harm to Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Official Government Policy)

19.    Plaintiffs' Complaint fails to establish a cause of action because these answering Defendants did not act pursuant to an official government policy, practice, custom, or procedure that violated Plaintiffs' constitutionally protected rights.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Government Code Immunities)

20.    Plaintiffs' action is barred by all applicable Government Code immunities, including but not limited to, Sections 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Award of Damages)

21.    Plaintiffs' Second Amended Complaint fails to state a claim against these answering Defendants upon which an award of damages can be based, including punitive damages.

///

///

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Lack of Tort Claim Compliance/Exhaustion)

3

22.    Plaintiffs failed to comply with the claims filing requirements for actions

4

against public entities and/or their employees. Plaintiffs failed to comply with the

5

applicable provisions of the California Government Tort Claims Act set forth in

6

California Government Code Sections 905, et seq. and as such lack standing to bring

7

the claims set forth in the SAC.

8

### TWENTY-THIRD AFFIRMATIVE DEFENSE

9

### (Variance)

10

23. These answering Defendants allege that, to the extent Plaintiffs presented a

11

valid government tort claim, there is a material variance between the theories and

12

claims in Plaintiff's government tort claim and the state law causes of action in the

13

SAC and the government tort claim failed to plead material facts contained in the SAC.

14

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

15

### (Lack of Standing)

16

24.    These    answering    Defendants    allege    that    Plaintiffs    and/or    their

17

representatives lack standing to bring the claims alleged in the SAC under state law

18

and federal law.

19

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

20

### (Reservation)

21

25. Answering Defendants cannot fully anticipate all affirmative defenses that

22

may be applicable to this action based upon the conclusory and general terms

23

used in the Second Amended Complaint. Accordingly, these answering

24

Defendants reserve the right to assert the additional defenses as applicable.

25

**WHEREFORE**, these answering Defendants pray for judgment as follows:

26

1.    That Plaintiffs take nothing by this action;

27

2.    That the action be dismissed;

28

3.    That Defendants be awarded costs of suit; and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163                                              54

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

4. That Defendants be awarded such other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.

DATED: October 8, 2024          COLLINS + COLLINS LLP

By: _____
RADA FELDMAN
ADAM A. AINSLIE
SOFIA TORREZ
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL
GORE, KELLY MARTINEZ, JON
MONTGOMERY, CHRISTINA
GOODALL (sued as CHRISTINA
ANOSIKE), MIGUEL AGUILERA,
JASON VILADIU, GUSTAVO
MARTINEZ, JEFF AMADO, MICHAEL
MOSER, ERNESTO AGUIRRE,
TREYVONNE JAMES (sued in duplicate
J. TREYVONNE), BERNARDO
ROMERO, MICHAEL JOHNSON,
ANDREW TORRES, ALLEN
WERESKI, BLADE ROMANS, AND
LINDA GUTIERREZ

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111