UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br> Defendants. | Case No.: 23-CV-1357-CAB-BLM <br><br> **ORDER GRANTING MOTION FOR RECONSIDERATION** <br><br> [Doc. Nos. 142, 143, 150] |

In its prior order, the Court determined that Plaintiffs lacked standing to pursue survival claims. [Doc. No. 136.] Of course, Plaintiffs must "have standing at the outset of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). This Article III obligation cannot be waived. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). There are no principles of fairness, justice, or discretion that alter this threshold requirement. *Id.*

Plaintiffs had standing to pursue the other claims against the County defendants. In their motion for reconsideration, Plaintiffs argue that under Rule 17(a)(3), they are entitled to amend their complaint to add the proper real party in interest. [Doc No. 142.] To deny amendment would mean that the statute of limitations on the survival claims would expire

and that Plaintiffs could not file another lawsuit with those claims even if they substituted the proper party. Defendants filed an opposition which the Court agrees to consider.[1]

Courts "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). As numerous courts have commented, survivorship actions are complex and pose a myriad of legal pitfalls. The very purpose of Rule 17(a)(3) is to offer plaintiffs a mulligan should they make a mistake along the way. *See Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002). "This is consistent with our longstanding policy in favor of deciding cases on the merits." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017).

First is the threshold question of whether reconsideration is proper. The Court finds that it is. Neither party meaningfully raised Rule 17(a)(3) in any of the prior briefing. As to the County's argument that the Plaintiffs should have been on notice regarding the applicability of that rule, the Court agrees with Plaintiffs that Rule 17(a)(3) did not become relevant until the Court dismissed the survival claims. This issue became ripe only after that order. As such, denial of reconsideration here would lead to manifest injustice. *See School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The next question is whether an understandable mistake justifies the application of Rule 17(a)(3). *See Goodman*, 298 F.3d at 1053. The Court is satisfied, based on their representations, that Plaintiffs have met this condition. Assuming that the Court's analysis in its prior order was correct (which Defendants do not contest), Plaintiffs claim they made

---

[1] Defendants' opposition was late by a single day. There is no prejudice to Plaintiffs or impact on the proceedings. Moreover, Defendants provided an adequate reason for the delay by a supporting declaration, showing that the delay was based on a good-faith mistake. [Doc. No. 150-1.] The Court finds late filing to be excusable, *see Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009), and grants Defendants' motion to that effect. [Doc. No. 150.]

an "honest and understandable" mistake to file the second amended complaint on behalf of the estate through Justino Rupard. [Doc. No. 149 at 9.] Plaintiffs believed they had a legitimate basis to maintain the decedent claims in the second amended complaint.[2] As such, there is reason to afford Plaintiffs relief under Rule 17(a)(3).[3]

In granting Plaintiffs leave to amend their complaint, the Court points out that there will be no prejudice to the Defendants. Plaintiffs' proposed amendment will not offer any new claims or theories. This case is not yet at the summary judgment stage. Fact discovery is ongoing. It appears that the parties have not taken a single deposition.

Defendants also argue that substitution would be futile because the decedent claims do not comply with the California Tort Claims Act given that Ms. Terri Lopez did not present a claim form (only Justino Rupard). The Court disagrees. The purpose of the CTCA is to provide notice. "Because the CTCA is designed to give a public entity 'notice sufficient for it to investigate and evaluate the claim . . . [it] need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done.'" *Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1216 (E.D. Cal. Mar. 19, 2010) (citing *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004)).

Indeed, Defendants do not argue that they never received notice of the facts that shape the decedent claims, but only that the claim form should have included the proper real party in interest. Simply because a substituted party asserts the claim captured by the relevant claim form does not require re-compliance with the CTCA. *See Stockett*, 99 P.3d at 503 ((("Only where there has been a 'complete shift in allegations, usually involving . . . acts or omissions committed at different times or by different persons than those described

---

[2] Plaintiffs supply an affidavit from their counsel, Mr. Jeremiah Lowe, characterizing their decision to file a second amended complaint in Justino Rupard's name not as an exercise in gamesmanship but as a mistake. [Doc. No. 142-2 at 3.] Notably, Plaintiffs filed a motion to substitute the correct real party in interest shortly after Ms. Terri Lopez was appointed as administrator of the estate. [*Id.* at 3–4.]

[3] The Court does not base its conclusion on clear error, though that analysis would provide the same result.

in the claim,' have courts generally found the complaint barred.") (internal quotation marks omitted)).

The Court agrees with Plaintiffs that Defendants were on notice whether or not Justino Rupard or the proper real party in interest filed the relevant claim form. *See Sprowl v. City of Barstow*, No. EDCV181720JGBKKX, 2019 WL 8106291, at *5 (C.D. Cal. Oct. 18, 2019) (recognizing CTCA obligations satisfied as to successor in interest where facts pleaded in the lawsuit did not deviate from the facts presented by another party in the claim form); *see also Lacy v. City of Monrovia*, 44 Cal. App. 3d 152, 155 (1974) (claim presented by husband on behalf of wife met notice requirements).

Plaintiffs may amend their complaint to add the correct real party in interest. They should do so by February 19, 2025. Now that the issues related to the survivor claims have been further narrowed and discovery is in progress, the Court will consider any briefing relating to timeliness of the claim form under the CTCA by separate motion. The Court's tentative ruling is that some version of the delayed discovery doctrine applies to the presentation of the claim form.

It is **SO ORDERED**.

Dated: February 6, 2025

Hon. Cathy Ann Bencivengo
United States District Judge