UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO RUPARD; RONNIE RUPARD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23CV1357-CAB (BLM)<br><br>**ORDER GRANTING EX PARTE MOTION FOR PARTIAL STAY AND SETTING BRIEFING SCHEDULE**<br><br>**[ECF No. 181]** |

Currently before this Court is the Defendants' Ex Parte Motion to Stay the Court's Order granting Plaintiffs' Motion to Compel that was issued on February 5, 2025.  ECF Nos. 176, 181.  Defendants are not seeking a stay of the Court's Order to Show Cause ("OSC") that was also issued in the February 5, 2025 Order.  ECF No. 181 at 2.  Counsel for Defendants represents that all parties have "stipulated to the requested relief and will not be opposing the ex parte motion."  Ainslie Decl. at ¶ 8, ECF No. 181-1.

In the Court's February 5, 2025 Order, this Court granted the Plaintiffs' Motion to Compel on the ground that the Critical Incident Review Board ("CIRB") documents were not protected by attorney-client privilege.  See ECF No. 176.  On February 10, 2025, the Ninth Circuit issued its opinion in Greer v. County of San Diego and found that the CIRB documents at issue in that matter were protected by attorney-client privilege.  See id. – F.4th --, 2025 WL 441836 (9th Cir. Feb. 10, 2025).  Accordingly, the Court STAYS the February 5, 2025 Order requiring Defendants

to resubmit the documents for <u>in camera</u> review by February 14, 2025 and STAYS the Order requiring Defendants to produce these documents to Plaintiffs after redactions were made. The Order requiring Defendants to submit declarations regarding the deficient pleadings and requiring Defendants to personally appear at the OSC to address why monetary sanctions should not be imposed is not stayed.

In their motion, Defendants have informed the Court that they intend to file a motion to reconsider the Court's February 5, 2025 Order. Accordingly, the Court sets the following briefing schedule:

1. Defendants must file their motion for reconsideration on or before **February 21, 2025**.

2. Plaintiffs may file any opposition to this motion on or before **February 28, 2024**.

No replies will be accepted. Upon completion of the briefing, the Court will take the matters under submission pursuant to Civil Local Rule 7.1(d)(1) and <u>no personal appearances will be required</u>.

Dated: 2/14/2025

Hon. Barbara L. Major
United States Magistrate Judge