UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO RUPARD, et al.,<br><br>                             Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                             Defendant. | Case No.:  23cv1357 CAB (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 186]** |

Currently before the Court is Defendant County of San Diego's ("County") February 21, 2025 Motion for Reconsideration of the Court's February 5, 2025 Order Granting Plaintiffs' Motion to Compel [ECF No. 186 ("Mot.")], Plaintiffs' Opposition [ECF No. 188 ("Oppo.")], and the County's Reply [ECF No. 195 ("Reply")].  For the reasons set forth below, the Court **GRANTS** the County's motion for reconsideration.[1]

## RELEVANT BACKGROUND

On December 6, 2024, Plaintiffs filed a motion to compel the County to produce ten (10) Critical Incident Review Board ("CIRB") reports, along with other documents and presentations

---

[1] In the same Motion, the County also filed objections to this Court's February 5, 2025 Order. ECF No. 186.  This Court defers the ruling on those objections to District Judge Cathy Ann Bencivengo.

relating to the CIRB. ECF No. 158. The County opposed the motion to which Plaintiffs filed a reply. ECF Nos. 161, 163. On December 27, 2024, this Court issued an order requiring the County to lodge the withheld documents with the Court for an <u>in camera</u> review. ECF No. 167. On February 5, 2025, the Court granted Plaintiffs' motion to compel, however, the Court did not immediately require the County to provide these documents to Plaintiffs. ECF No. 176. Instead, because the County had lodged the documents for <u>in camera review</u> in a highly disorganized state, the Court required the County to resubmit the documents and proposed redactions before ordering the documents to be produced to Plaintiffs by a date certain. <u>Id</u>. Five days later, and before the County was required to resubmit these documents to the Court, the Ninth Circuit issued an opinion in <u>Greer v. County of San Diego</u>. <u>Id</u>., 127 F.4th 1216 (9th Cir. Feb. 10, 2025). The holding in <u>Greer</u> is directly relevant to the issues raised in the underlying motion to compel and is the basis for the County's current motion seeking reconsideration of the Court's ruling on the motion to compel.

## **LEGAL STANDARD**

S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." <u>Id</u>. Local Rule 7.1(i)(2) permits motions for reconsideration within "28 days of the entry of the ruling."

Here, the County brings this motion for reconsideration as a motion pursuant to Federal Rules of Civil Procedure 59(e) and Rule 60(b). Mot. at 2. A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. See <u>Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp</u>., 248 F.3d 892, 898–99 (9th Cir. 2001).

///
///

**PARTIES' POSITIONS**

The County asserts that the Court's February 5, 2025 Order compelling the production of CIRB documents is erroneous and contrary to the law in light of the recent Ninth Circuit decision in Greer which holds that CIRB documents are protected by attorney-client privilege, reversing prior district court rulings that found otherwise. Mot. at 3 (citing Greer, 127 F.4th at 1226). Specifically, the County asserts that the Greer decision, issued five days after this Court's ruling, clearly warrants reconsideration of this Court's Order which relied, in part, on the district court decision that was reversed by the Ninth Circuit. Id. at 4. The County seeks a new ruling from this Court reversing the earlier decision and finding that the CIRB documents at issue are protected from disclosure by the attorney-client privilege. Id. at 18.

In response, Plaintiffs argue that the County's Motion is based on a misinterpretation of the Ninth Circuit's recent decision in Greer which they claim does not categorically hold that all CIRB reports and related documents are protected by the attorney-client privilege. Oppo. at 2. Plaintiffs assert that the privilege claim is fact specific and requires a court to assess each CIRB report on an individual basis as this court did when ruling on the underlying motion to compel. Id. Specifically, they claim that the report submitted *in camera* regarding the death of Lonnie Rupard contained no proposed redactions which further indicates no privileged content. Id. at 6. In addition, Plaintiffs assert that the County failed to submit a sworn declaration specific to the documents in this matter which should result in a waiver of the attorney-client privilege. Id. at 8. Moreover, the California Senate recently passed legislation, Senate Bill 519 (SB519), which mandates the disclosure of CIRB materials related to the investigations of in-custody deaths, overriding any claims of attorney-client privilege. Id.

In reply, the County asserts that Plaintiffs misread the holding of Greer as the decision applies broadly to all CIRB documents, and the CIRB process itself, not just to those specific reports at issue in that decision. Reply at 6. The County also maintains that SB519 is not relevant to this matter because this legislation does not apply to the CIRB documents at issue in this case. Id. at 14.

///

## DISCUSSION

A.  Application of the Ninth Circuit's Recent Decision

The County relies on the Ninth Circuit's decision in Greer to seek reconsideration of this Court's February 5, 2025 Order finding CIRB reports were not protected by the attorney-client privilege. In determining whether CIRB reports were privileged, this Court utilized the Ninth Circuit's "primary purpose" test to "assess whether the main purpose of the communication is to give or receive legal advice as opposed to, for example, business advice." ECF No. 176 at 10 (citing In re Grand Jury, 23 F.4th 1088, 1093 (9th Cir. 2021)). The Court's assessment included reviewing *in camera* the disputed CIRB reports. Id. at 12. The Court found that the "'primary purpose' of the reports was to make recommendations to improve policies and practices rather than to provide legal advice" and therefore held the reports were not protected by the attorney-client privilege. Id. at 15; see also id. at 10-16. This conclusion was consistent with multiple other decisions from the Southern District of California that found the CIRB serves multiple non-legal purposes and that its primary purpose is investigative, as well as remedial, and not to provide or obtain legal advice and that therefore CIRB reports are not protected from disclosure by the attorney-client privilege. Id. at 10-11 (citing Greer v. County of San Diego, 634 F.Supp.3d 911 (S.D. Cal. 2022); Morton v. County of San Diego, 2023 WL 4243239 (S.D. Cal. June 20, 2023, as amended June 27, 2023); Estate of Elisa Serna v. County of San Diego, 689 F.Supp.3d 848 (S.D. Cal. Aug. 30, 2023); Dunsmore v. San Diego Cnty. Sheriff's Dep't, 2023 WL 8631663 (S.D. Cal. Dec. 13, 2023); Estate of Moreno Arroyo v. County of San Diego, S.D. Cal. Civil Case No. 21-cv-1956-RBM-SBC (Mar. 26, 2024); Marroquin de Portillo v. County of San Diego, S.D. Cal. Civil Case No. 23-cv-0978-WQH-VET (Dec. 9, 2024)).

On February 10, 2025, the Ninth Circuit issued its decision in Greer finding that CIRB reports are protected by the attorney-client privilege. Greer, 127 F.4th at 1219. The lower court in Greer found that the "primary purpose" of CIRB is "investigative and remedial" rather than to obtain legal advice and therefore CIRB reports are not covered by attorney-client privilege. Greer v. County of San Diego, 634 F.Supp.3d 911, 921 (S.D. Cal. Oct. 7, 2022). In reversing that decision, the Ninth Circuit stated that "[i]n deciding that the primary purpose of

1  the CIRB, and the documents it generates, is not to obtain legal advice, the district court made
2  two significant legal errors." Id. at 1224. "First, avoiding future legal liability is not necessarily
3  just an 'investigative and remedial purpose.'" Id. The court explained that when something
4  terrible happens at a jail, such as a serious injury or death, it is reasonable to expect that a
5  lawsuit will be filed and the investigation into what happened "is a necessary predicate to
6  assessing liability for that past event and thus is not separate from the provision of legal advice."
7  Id. (citing Upjohn Co. v. United States, 449 U.S. 383, 390 (1981)). "Second, the court erred by
8  relying on the purported motive of the CIRB's creator [the Chief Legal Advisor] to dress non-
9  privileged communications in privileged garb." Id. at 1225. They explained that the district
10 court's finding that a single statement by the Chief Legal Officer recommending inclusion of a
11 legal advisor on the CIRB to "protect the confidentiality of the discussion under the cloak of the
12 attorney-client privilege" necessarily suggests a "nefarious connotation" was misplaced. Id. The
13 Ninth Circuit found that this statement, along with several other suggestions regarding the
14 inclusion of a legal advisor in the CIRB process to bring "risk/liability perspective to the
15 discussion," was a "classic function of legal advice." Id. The court stated that "what matters is
16 not what the architect of the CIRB thought, but how the CIRB actually operates." Id. The court
17 reasoned that when an inmate dies in custody from non-natural causes, "litigation is almost
18 guaranteed to follow" and "[c]onsulting with a lawyer and with the relevant members of
19 management, along with other employees who have knowledge of the incident is the natural
20 next step for any entity facing a high probability of being sued." Id. The court concluded that
21 the CIRB reports at issue "meet the criteria for attorney-client privilege" and that the "primary
22 purpose of the CIRB [was to assess] legal liability for a past event and avoid[] legal liability for
23 future similar events" which is protected by the attorney-client privilege. Id. at 1226.

24      The County argues that the Greer decision dictates that the attorney-client privilege
25 protects all CIRB documents and related records from disclosure. Mot. at 10. Plaintiffs maintain
26 that the County misinterprets Greer and the decision does not establish a blanket privilege for
27 all CIRB documents but instead requires a fact-specific analysis to determine privilege on a
28

document by document basis.[2]  Oppo. at 2.  Plaintiffs also argue that the holding in Greer was limited to the documents that were at issue in that case citing the key holding that the "attorney-client privilege protects the CIRB documents at issue here, and therefore reverse."  Oppo. at 11 (citing Greer, 127 F.4th at 1219) (emphasis added.)

The Court disagrees with Plaintiffs.  While it is correct to say that the specific holding of the Ninth Circuit was a reversal of the lower court's order unsealing specific CIRB documents based upon a finding that the documents were protected by the attorney-client privilege, Plaintiffs' narrow interpretation of the holding is not supported by the Ninth Circuit's analysis of the CIRB procedure and the application of the privilege to various activities.  As set forth above, the Ninth Circuit analyzed the entire CIRB procedure and found that the primary purpose was to obtain legal advice.  They explained that the investigation performed by the CIRB participants was necessary to determine what happened during the incident to assess liability for the incident, prepare for likely litigation based upon the incident, and avoid liability for future similar events, all of which are a part of the provision of legal advice and therefore covered by the attorney-client privilege.  While the Greer court did not explicitly state that the entire CIRB procedure is protected by the attorney-client privilege, its analysis clearly indicates that CIRB's investigations, discussions, and written reports are privileged.  Accordingly, the Court finds that all of the CIRB reports at issue in this case are protected by attorney-client privilege.

///

---

[2] Plaintiffs argue that this Court should look to a ruling that was recently issued in Dunsmore v. San Diego County Sheriff's Dep't, 2025 WL 605044, at *3 (S.D. Cal. Feb. 25, 2025) in support of their interpretation of the Ninth Circuit's decision in Greer. Oppo. at 2.  In this ruling, which was issued after the Greer decision, District Judge Anthony Battaglia ordered Magistrate Judge David Leshner to conduct an in camera review of the CIRB reports for attorney-client privilege. Dunsmore, 2025 WL 605044, at *3.  The procedural posture of that case is different than the case in front of this Court.  District Judge Battaglia was ruling on a motion to seal expert reports that had been derived, in part, from the CIRB reports that had already been disclosed to the plaintiffs in that matter.  In this matter, the CIRB reports have not been produced and to the Court's knowledge, there have been no expert reports produced reliant on the CIRB reports.  Therefore, due to the different procedural posture of the two matters, the ruling in Dunsmore is not instructive to the matter currently before this Court.

B. <u>Waiver of Privilege</u>

Plaintiffs assert that even if these documents are subject to the attorney-client privilege, the County "failed to properly assert the privilege and therefore waived it." Oppo. at 7. Plaintiffs base their argument on the assertion that the "County failed to submit a declaration detailing how the entirety of CIRB documents fall within the attorney-client privilege doctrine." <u>Id</u>. Plaintiffs are correct that the County initially failed to submit declarations in support of their argument that the Court should deny Plaintiffs' motion to compel, however, the Ninth Circuit's decision in <u>Greer</u> explicitly states that CIRB reports are privileged and "what matters is not what the architect of the CIRB thought, but how the CIRB actually operates." <u>Greer</u>, 127 F.4th at 1225. Therefore, the lack of inclusion of sworn declarations by the Chief Legal Advisor in the County's argument against disclosure of these documents does not negate the Ninth Circuit's analysis and findings in <u>Greer</u>. Nor does it constitute a waiver of the privilege or of the County's current argument regarding reconsideration of the Court's original order.

Plaintiffs also assert that the County cannot claim privilege as to the CIRB reports because when they submitted the unredacted reports to this Court <u>in camera</u> the privilege was "forfeited by their submission." Oppo. at 7. This argument is without merit. <u>See</u> <u>In re Grand Jury Investigation</u>, 974 F.2d 1068, 1072 (1996) (Any "disclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating that privilege.") (citation omitted).

Accordingly, the Court finds that the County did not waive their assertion of attorney-client privilege as to the CIRB documents at issue in this case.

C. <u>Senate Bill 519</u>

Plaintiffs argue that disclosure of the CIRB documents is required under legislation that recently took effect, Senate Bill 519. Oppo. at 8. Senate Bill 519 provides:

> "Notwithstanding subdivision (a) of [Penal Code] Section 832.7, or any other law, any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the

California Public Records Act." SB519 (2023) (codified at Penal Code 832.10(b)). Oppo. at 8.

This argument was not raised by Plaintiffs in the motion to compel nor was it ruled on by this Court in the February 5, 2025 Order on the motion to compel. Accordingly, this is not an argument that is properly before this Court with respect to the County's motion for reconsideration of the February 5, 2025 Order.

## CONCLUSION

Defendants' motion for reconsideration, see ECF No. 186, is **GRANTED**. The Court vacates the February 5, 2025 Order requiring Defendants to produce the CIRB Reports and related documents to Plaintiffs.

**IT IS SO ORDERED.**

Dated: 4/10/2025

Hon. Barbara L. Major
United States Magistrate Judge