UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO RUPARD, et al.,<br><br>                        Plaintiffs,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>                        Defendants. | Case No.: 23CV1357 CAB (BLM)<br><br>**ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION**<br><br>**ECF No. 205** |

Currently before the Court is Defendants' Ex Parte Motion for Protective Order regarding the Deposition of Dr. Bethann Schaber. Mot., ECF No. 205. None of the Plaintiffs have opposed this request. See Docket. For the reasons set forth below, Defendants' motion is **GRANTED** in part.

### **RELEVANT BACKGROUND**

Plaintiff Ronnie Rupard, proceeding in *pro se*, is currently in custody and housed at the San Diego Central Jail. Id. On April 22, 2025, this Court granted the parties limited relief from the current stay in discovery to allow them to take the deposition of Dr. Bethann Schaber. ECF No. 204. This deposition has been scheduled for May 5, 2025. Mot. at 4. In December of 2024, Plaintiffs Justino Rupard and the Estate of Lonnie Rupard first noticed the deposition of Dr. Schaber, the medical examiner who performed the autopsy of Lonnie Rupard. Id., Schaber Decl., ECF No. 205-1, at ¶ 3. Dr. Schaber attests that on "multiple occasions" Plaintiff Ronnie Rupard

called the San Diego County Medical Examiner's Office ("SDCME") and made threats against Dr. Schaber and staff. Schaber Decl. at ¶ 4. On March 13, 2025, the SDCME obtained a restraining order against Plaintiff Ronnie Rupard to protect Dr. Schaber and all other medical examiner employees. Id., Ex. A. This restraining order prohibits Plaintiff Ronnie Rupard from contacting Dr. Schaber "either directly or indirectly, in any way." Id.

Dr. Schaber seeks relief from this Court by issuing an order excluding Plaintiff Ronnie Rupard from physically or remotely attending Dr. Schaber's deposition and instead allowing Plaintiff Ronnie Rupard to provide written questions in advance that will be asked at the deposition. Mot. at 5.

## DISCUSSION

### A.   Standard of Review

Fed. R. Civ. P. 26(c) allows a party from whom discovery is sought to "move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The burden is on the person seeking the protective order to demonstrate good cause. Grano v. Sodexo Management, Inc., 335 F.R.D. 411, 414(S.D. Cal. 2020). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210–12 (9th Cir. 2002), citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

"A party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection," a party may only be excluded from a deposition under

"extraordinary circumstances." Valentine v. Neilsen, 2018 WL 1281797, *4 (S.D. Cal. Mar. 9, 2018) (citation omitted).

B. Analysis

The Court finds that this matter involves "extraordinary circumstances" and that Defendants have established good cause for a protective order excluding the physical presence of Plaintiff Ronnie Rupard at the deposition of Dr. Schaber. However, the Court finds that under the circumstances of this case, Defendants have not established good cause to exclude Plaintiff Ronnie Rupard from participating in the deposition in any manner and requiring him to provide written questions prior to the deposition that another person will read to Dr. Schaber.

Dr. Schaber declared that the basis of this request to exclude any participation by Plaintiff Ronnie Rupard, other than by submitting written questions, is because she does "not want to be seen on camera by Ronnie Rupard so he is not able to identify what I look like, as he has made direct threats to me and about me." Schaber Decl. at ¶ 8. Dr. Schaber notes that the protective order prohibits Ronnie Rupard from communicating with her in any way. Id. at ¶ 6, Ex A. ¶ 6(a)(4) (Ronnie Rupard is prohibited from "contact[ing Dr. Schaber], either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means."). The party moving for exclusion of another party must make a "specific showing of harm" that is "more than ordinary garden variety or boilerplate good cause facts which will exist in most civil litigation." Esebag v. Whaley, 2019 WL 8013118, *3 (C.D. Cal. Sept. 9, 2019) (citing Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 224 (M.D.N.C. 1999)).

The circumstances of this case, including the issuance of the protective restraining order and the threats against Dr. Schaber, clearly show that the risk of harm to Dr. Schaber is more than a typical case with "garden variety" facts. The Court finds that the facts of this case warrant the physical exclusion of Plaintiff Ronnie Rupard from Dr. Schaber's deposition. The Court also finds that the facts warrant the exclusion of Ronnie Rupard from participating by videoconference from prison as the video appearance would allow Ronnie Rupard to observe Dr. Schaber, which would enable him to identify her in the future. The Court also is concerned

that a video appearance would enable Ronnie Rupard to engage with Dr. Schaber or others in an inappropriate manner. See Schaber Decl. at ¶4 (Ronnie Rupard "made threats against other staff and [Dr. Schaber], including making statements that he would show up, "force his way in with handcuffs", and "take care of business", and that he liked to "scare everyone and see fear on their faces.""). Accordingly, the Court grants Defendants' motion to exclude Plaintiff Ronnie Rupard from participating in Dr. Schaber's deposition in person or by videoconference.

On the other hand, the Court finds that Defendants have not established good cause to prohibit Ronnie Rupard from participating in the deposition by any means other than written questions provided before the May 5, 2025 deposition and further finds that given Ronnie Rupard's current circumstances, there is prejudice to him, as a party to this action, if he were to be restricted to only providing written questions. In reaching this conclusion, the Court notes that Plaintiff Ronnie Rupard currently is proceeding in this litigation *pro se* and is in the physical custody of the San Diego County Sheriff's Department at the San Diego Central Jail.[1] In addition, as the parties stated in their previous motion seeking the limited discovery stay, Plaintiff Ronnie Rupard is scheduled for a competency hearing on May 2, 2025, only three calendar days before the scheduled deposition. See ECF No. 203 at 3. Moreover, although Dr. Schaber is not leaving her employment until the end of May, the parties selected a deposition date in early May and filed the instant motion only five court dates before the scheduled deposition. As such, it is not reasonable to expect that Ronnie Rupard would be able to provide written questions to counsel for Defendants or to Plaintiff Justino Rupard prior to the May 5, 2025 deposition. The Court further notes that Defendants do not provide any information regarding the logistics of their request including Ronnie Rupard's current access to legal materials regarding this litigation, his current access to a law library, his ability to draft the deposition questions, or the method by which the questions would be provided to counsel for the other parties for use during the deposition. For all these reasons, the Court finds that total exclusion of Ronnie Rupard from the

---

[1] See https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=H%2bF0ir%2bdywQX6q0in9vxV3nhgir%2fdENgPtuLu%2bluyj4%3d (website last visited Apr. 29, 2025).

deposition constitutes prejudice to him that outweighs the potential harm to Dr. Schaber and therefore denies Defendants' request to exclude Ronnie Rupard from the deposition completely and to participate only by written questions submitted before the deposition.

In summary, the Court prohibits Plaintiff Ronnie Rupard from participating in Dr. Schaber's deposition in person or by videoconference but authorizes him to attend and participate in the deposition telephonically. Telephonic participation will ensure that Dr. Schaber is not seen on camera by Plaintiff Ronnie Rupard and will minimize any potential harassment or improper conduct by Ronnie Rupard while still preserving his rights as a party to the litigation to participate in the deposition. Ronnie Rupard must be given the opportunity to ask relevant questions during the deposition but he is not permitted to ask any questions or make any statements that threaten or harass Dr. Schaber. In issuing this order, the Court modifies the protective restraining order for this deposition only and only as set forth in this order. Plaintiff Ronnie Rupard must continue to comply with the protective restraining order in all other regards. Counsel for the County of San Diego is **ORDERED** to personally serve (via a legal service) this Order on Plaintiff Ronnie Rupard and to take all necessary and available steps to facilitate access for Plaintiff Ronnie Rupard to attend the deposition telephonically.

**IT IS SO ORDERED.**

Dated: 4/30/2025

Hon. Barbara L. Major
United States Magistrate Judge