1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.: 23-CV-1357-CAB-BLM<br><br>**ORDER DENYING COUNTY DEFENDANTS' PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 193] |

This case concerns the death of Lonnie Rupard on March 17, 2022 while in custody at San Diego Central Jail ("SDCJ"). Pending before the Court is a motion to dismiss filed by Defendants County of San Diego, Bill Gore, Kelly Martinez, Jon Montgomery, Christina Goodall (sued as Christine Anosike), Miguel Aguilera, Jason Viladiu, Gustavo Martinez, Jeff Amado, Ernesto Aguirre, Treyvonne James (sued in duplicate J. Treyvonne), Bernardo Romero, Michael Johnson, Andrew Torres, Allen Wereski, Blade Romans, and Linda Gutierrez, (collectively, "County Defendants"). [Doc. No. 193.] County Defendants seek to dismiss the California state law survival claims asserted by the Estate of Lonnie

Rupard ("the Estate") in the third amended complaint ("TAC").[1]  For the reasons set forth below, the motion is **DENIED**.

## I.    BACKGROUND

Lonnie Rupard was arrested on December 19, 2021 for a parole violation and booked into SDCJ soon after.  [*See* TAC ¶ 77.]  The TAC alleges that SDCJ knew of Lonnie's history of psychiatric disorders.  [*Id*. at ¶ 79.]  Lonnie died in SDCJ custody on March 17, 2022 from pneumonia, malnutrition, and dehydration.  [*Id*. at ¶ 73.]  Almost a year later, on March 2, 2023, the medical examiner released her report classifying Lonnie's death as homicide.  [*Id*. at ¶ 9; Doc. No. 184-1 at 14 ("While elements of self-neglect were present, ultimately [Lonnie] was dependent upon others for his care . . . therefore, the manner of death is classified as homicide.").]  Prior to the release of this report, Lonnie's family was "only provided with a death certificate which stated, 'PENDING' for the cause of [Lonnie's] death."  [TAC ¶ 15.]

Within a week of the report's release, Plaintiff Justino Rupard, one of Lonnie's sons, filed two tort claims under Cal. Gov. Code § 900.4 against the County of San Diego and its employees—one on behalf of the Estate of Lonnie Rupard ("the Estate") and one on behalf of himself as an individual.  [TAC ¶ 10.]  Justino later applied for leave to file a late claim pursuant to Cal. Gov. Code § 911.4, [TAC ¶ 11], though the application "contends that the accrual date" for the claim was March 2, 2023, [Doc. No. 184-2 at 2].  Justino was not then, nor is he now, the Estate's executor or administrator.  Justino's grandmother, Terri Lopez, was later appointed as the Estate's administrator and substituted in this case as the Estate's personal representative.  [TAC ¶¶ 32–34; *see also* Doc. No. 178 (permitting Plaintiffs to amend the complaint to add the correct real party in interest).]

---

[1] (1) Fifth Cause of Action: Violation of Cal. Gov. Code. § 52.1 (Bane Act), [TAC ¶¶ 436–51]; (2) Sixth Cause of Action: Negligence Survival Claim under CCP § 377.30, [*Id*. at ¶¶ 452–75]; (3) Seventh Cause of Action: Dependent Adult Neglect.  [*Id*. at ¶¶ 476–84.]

## II.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 550, 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.    DISCUSSION

County Defendants argue the Estate's state law survival claims should be dismissed because (1) Justino Rupard was allegedly not authorized to file a claim on behalf of the Estate and therefore the Estate's claim was a nullity, and (2) the Estate's claim was allegedly untimely and not in accordance with the California Tort Claims Act ("CTCA") and Cal. Gov. Code § 945.4. [*See* Doc. No. 193 at 2–3.] We address each issue in turn.

### A.    Justino Rupard's Claims on Behalf of The Estate

County Defendants acknowledge that Justino Rupard submitted a claim on behalf of the Estate on March 9, 2023. [Doc. No. 193 at 15.] However, they argue that because Justino was not then, nor has he ever been, the executor or administrator of the Estate, this claim is "a nullity." [Doc. No. 193 at 16.] The Court disagrees.

3

As the Court previously stated, [Doc. No. 178 at 3], the purpose of the CTCA is to provide notice. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004). County Defendants do not argue that they were not on notice of the facts that shape the Estate's claims, nor that the Estate now seeks to enlarge the factual bases for its claims. Rather, they argue that the claim form should have included the proper real party in interest when filed. But the fact that a substituted party asserts the claim captured by the relevant CTCA form does not bar that claim. *See id.* at 447 ("Only where there has been a 'complete shift in allegations, usually involving . . . acts or omissions committed at different times or by different persons than those described in the claim,' have courts generally found the complaint barred.").

Numerous California courts have come to the same conclusion. *See Sprowl v. City of Barstow*, No. EDCV18-1720-JGB (KKx), 2019 WL 8106291, at *5 (C.D. Cal. Oct. 18, 2019) (recognizing CTCA obligations satisfied as to successor in interest where facts pleaded in the lawsuit did not deviate from the facts presented by another party in the claim form); *see also Lacy v. City of Monrovia*, 44 Cal. App. 3d 152, 155 (1974) (claim presented by husband on behalf of wife met notice requirements).

County Defendants were on notice of the facts and circumstances shaping the Estate's survival claim filed by Justino. That the Estate's personal representative did not originally file the claim thus does not warrant dismissal.

## B.    The Accrual of The Estate's Survival Claims

County Defendants next argue that even if Justino's claim on behalf of the Estate was sufficient, it was filed too late. Under the CTCA, a public entity cannot be sued for a tort unless the claim was timely presented, or a late-filed claim has been excused. *See Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 483 (1986); Cal. Gov. Code § 945.4. Claims concerning personal injury, wrongful death, and damage to personal property must be presented to the public entity within six months of the accrual of the claim. Cal. Gov. Code § 911.2. California courts typically find that a cause of action accrues when a claimant sustains the injury. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d

914, 920 (Cal. 2005). However, "an important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* "[I]n the context of [a] survival action, the relevant question is when the decedent—not the plaintiff stepping in the shoes of the decedent's estate—knew or had reason to know of his injury. *Est. of Kong v. City of San Diego*, 22-CV-1858-BAS-DDL, 2023 WL 4939370, at *11 (S.D. Cal. 2023).

County Defendants' motion to dismiss thus hinges on the question of when the survival causes of action accrued. They argue that Justino's March 9, 2023 claim on behalf of the Estate was untimely because it was filed almost a year after Lonnie died on March 17, 2022. [TAC ¶¶ 2, 10; Doc. No. 193 at 9–10.] The Estate contends that the claim was timely because the discovery rule delays accrual and Justino filed the claim only seven days after the medical examiner's report revealed substantial evidence of neglect and ruled Lonnie's death a homicide. [Doc. No. 197 at 6.]

Determining whether a statute of limitations applies, and by implication when a cause of action accrued, is a task normally reserved for the fact finder. *Fox*, 110 P.3d at 922. Not surprisingly, Rule 12(b)(6) motions to dismiss on these questions are frequently denied as premature. *See, e.g.*, *Rosas v. BASF Corp.*, 236 Cal. App. 4th 1378, 1395 (2015) ("Without additional facts, we cannot determine as a matter of law that the facts available to [plaintiff] before November 2006 would put a reasonable person on inquiry notice that his disease was caused by wrongdoing."); *Kan-Di-Ki, LLC v. B.O.N. Clinical Lab'ys, Ltd.*, No. 2:15-CV-05199-SVW-PLA, 2015 WL 13917253, at *5 (C.D. Cal. Oct. 6, 2015) ("The question [of] when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion." (internal quotation marks omitted)). The cases cited by County Defendants are not instructive because they involve much simpler facts, like a fatal shooting by police officers, rather than an extended period of detention. [Doc. No. 193 at 17–18 (discussing *Est. of Kong*, 2023 WL 4939370).]

As County Defendants admit, "the Estate's survival causes of action are based on what the decedent Lonnie Rupard would have known[.]" [*Id*. at 10.] At this stage of the case, it would be premature to decide, as a matter of law and making all inferences in the Estate's favor, that Lonnie (or a reasonable person) would have known or suspected *at the time of Lonnie's death* that County Defendants' wrongdoing caused his death. Indeed, it took the medical examiner over a year to do so.

## IV.    CONCLUSION

For the reasons stated above, County Defendants' partial motion to dismiss is **DENIED**. County Defendants must file their answer to the TAC by **November 5, 2025**.

It is **SO ORDERED**.

Dated:  October 8, 2025

Hon. Cathy Ann Bencivengo
United States District Judge