**Rada Feldman, Esq. (State Bar No. 285931)**
**Adam A. Ainslie, Esq. (State Bar No. 311427)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law; aainslie@ccllp.law; ncolletti@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, AND LINDA GUTIERREZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-BLM<br>*Assigned to Hon. Cathy Ann Bencivengo;*<br>*Magistrate Hon. Barbara L. Major; Dept.*<br>*15A*<br><br>**COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**Complaint Filed:   07/26/2023**<br>**FAC Filed:         11/21/2023**<br>**TAC Filed:         03/07/2024**<br>**Trial Date:        None** |

Defendants COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW

25163

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

TORRES, ALLEN WERESKI, BLADE ROMANS, AND LINDA GUTIERREZ (collectively, "County Defendants") hereby answer Plaintiff ESTATE OF LONNIE RUPARD, through its administrator Terri Lopez ( "Plaintiff") Third Amended Complaint ("TAC") by admitting, denying, and alleging as follows:

## INTRODUCTION

1.     Answering paragraph 1, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

2.     Answering paragraph 2, County Defendants admit that Decedent died on March 17, 2022 while at SDCJ. As to the remainder, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

3.     Answering paragraph 3, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein. County Defendants deny that they discontinued his antipsychotic medication. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

4.     Answering paragraph 4, County Defendants admit that Lonnie Rupard was in the administrative segregation unit where each inmate is offered dayroom time and to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph.

5.      Answering paragraph 5, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 5 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. As to the remainder, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

## JURISDICTION AND VENUE

6.      Answering paragraph 6, this paragraph sets forth legal conclusions and questions of law to which no response is required.

7.      Answering paragraph 7, this paragraph sets forth legal conclusions and questions of law to which no response is required.

8.      Answering paragraph 8, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

9.      Answering paragraph 9, admit that the Medical Examiner's report was released on March 2, 2023. The remainder of this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

10.     Answering paragraph 10, County Defendants admit that Justino Rupard

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

3

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

filed a tort claim on March 9, 2023, but deny the remainder of the allegations. To the extent this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

11.    Answering paragraph 11, this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

12.    Answering paragraph 12, a response to this paragraph is no longer required as Plaintiff Ronnie Rupard has been dismissed with prejudice as a party to this case.

13.    Answering paragraph 13, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

14.    Answering paragraph 14, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

15.    Answering paragraph 15, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph.

16.    Answering paragraph 16, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

County Defendants deny each and every allegation contained therein.

17.    Answering paragraph 17, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

18.    Answering paragraph 18, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein. To the extent the allegations of paragraph 18 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

19.    Answering paragraph 19, to the extent the allegations of paragraph 19 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

20.    Answering paragraph 20, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

21.    Answering paragraph 21, County Defendants deny each and every allegation contained therein. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

22.    Answering paragraph 22, County Defendants admit that venue is proper in this district. To the extent this paragraph sets forth legal conclusions and questions of law to which no response is required, Defendants assert no response. To the extent an answer is required, Defendants deny each and every allegation contained therein.

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# PARTIES

23.      Answering paragraph 23, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

24.      Answering paragraph 24 County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

25.      Answering paragraph 25, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

26.      Answering paragraph 26, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein. To the extent the allegations of paragraph 26 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

27.      Answering paragraph 27, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

28.      Answering paragraph 28, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are further without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

29.      Answering paragraph 29, this paragraph sets forth legal conclusions and questions of law to which no response is required.

30.      Answering paragraph 30, this paragraph sets forth legal conclusions and questions of law to which no response is required.

31.      Answering paragraph 31, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

32.      Answering paragraph 32, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

33.      Answering paragraph 33, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

34.      Answering paragraph 34, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

35.      Answering paragraph 35, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

36.      Answering paragraph 36, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

37.      Answering paragraph 37, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

38.      Answering paragraph 38, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

39.     Answering paragraph 39, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

40.     Answering paragraph 40, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

41.     Answering paragraph 41, County Defendants admit the County of San Diego is a governmental entity and that the San Diego County Sheriff's Department is an agency operating under the County of San Diego's authority. To the remainder of the paragraph, it sets forth legal conclusions and questions of law to which no response is required.

42.     Answering paragraph 42, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Gore was the Sheriff for the San Diego County Sheriff's Department and retired on February 3, 2022, and deny the remaining allegations set forth in said paragraph.

43.     Answering paragraph 43, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations set forth in said paragraph.

44.     Answering paragraph 44, paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Martinez was the Undersheriff and Acting Sheriff for the San Diego County Sheriff's Department, and deny the remaining allegations set forth in said paragraph.

45.     Answering paragraph 45, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Martinez is the Sheriff for the San Diego County Sheriff's Department and as to remainder, and deny the remaining allegations set forth

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

in said paragraph.

46.    Answering paragraph 46, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

47.    Answering paragraph 47, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

48.    Answering paragraph 48, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Montgomery was the Chief Medical Officer for the San Diego County Sheriff's Department. County Defendants deny the third sentence of paragraph 48. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

49.    Answering paragraph 49, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

50.    Answering paragraph 50, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants Christina Goodall (sued as Christina Anosike), was working as a mental health clinician at SDCJ for the San Diego County Sheriff's Department, and deny the remaining allegations set forth in this paragraph.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

51.     Answering paragraph 51, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit Anthony Cruz MD is a psychiatrist and was working at SDCJ and to the extent the allegations of this paragraph are based on the contents of written documents, admit that to the extent such allegations accurately reflect the contents of the documents, such statements exits County Defendants are without sufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny each and every allegation.

52.     Answering paragraph 52, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit Liberty Healthcare was the contracted psychiatric provider for the jails in San Diego County. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

53.     Answering paragraph 53, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Aguilera, M. #0163 was working as a deputy at SDCJ for the Department and was assigned to work a the March 15, 2022 night in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

54.     Answering paragraph 54, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Jason Viladiu, #0659, was working as a deputy at SDCJ for the Department and was assigned to work a March 15, 2022 shift in Lonnie Rupard's housing module, andCounty Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

55.     Answering paragraph 55, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Martinez, G. #3629, was working as a deputy at SDCJ for the Department and was assigned to work a March 15, 2022 shift in Lonnie Rupard's housing module, and. County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

56.     Answering paragraph 56, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Amado, J. #4193 was working as a deputy at SDCJ for the Department and was assigned to work a March 16, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

57.     Answering paragraph 57, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Mace, T #4324 was working as a deputy at SDCJ for the Department and was assigned to work a March 16, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

58.     Answering paragraph 58, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Aguirre, E #3322, was working as a deputy at SDCJ for the Department and was assigned to work a March 16, 2022 shift in Lonnie Rupard's housing module, andCounty Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

59.    Answering paragraph 59, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that James, T. #4039 (TREYVONNE JAMES sued in duplicate as J. TREYVONNE) was working as a deputy at SDCJ for the Department and was assigned to work a March 16, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

60.    Answering paragraph 60, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph. There is no one identified as Romero, T. #4309 who was working as a deputy at SDCJ during this time, and. County Defendants deny the remaining allegations set forth in this paragraph.

61.    Answering paragraph 61, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Johnson, M. #0568 was working as a deputy at SDCJ for the Department and was assigned to work a March 17, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

62.    Answering paragraph 62, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Torres, A. #3208 was working as a deputy at SDCJ for the Department and was assigned to work a March 17, 2022 shift in Lonnie Rupard's housing module and County Defendants deny the remaining allegations set forth in this paragraph.

63.    Answering paragraph 63, no response is required to this paragraph referencing to James Treyvonne who is sued in duplicate as indicated in response to

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Paragraph 59. .

64.    Answering paragraph 64, County Defendants deny each and every allegation in this paragraph, except admit that Allan Wereski, #4047 was working as a deputy at SDCJ for the Department but deny that Wereski was assigned to work in Lonnie Rupard's housing module during this timeframe.,.  Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

65.    Answering paragraph 65, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit Romans, B. #4011 was working as a deputy at SDCJ for the Department and was assigned to work a March 17, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

66.    Answering paragraph 66, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admitGutierrez, L. #0928 was working as a deputy at SDCJ for the Department and was assigned to work a March 17, 2022 shift in Lonnie Rupard's housing module, and County Defendants deny the remaining allegations set forth in this paragraph. Except as so expressly admitted, County Defendants deny each and every allegation in this paragraph.

67.    Answering paragraph 67, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

68.    Answering paragraph 68, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  as to the truth of the allegations contained in said paragraph, and on that basis deny

2  each and every allegation.

3      69.      Answering paragraph 69, this paragraph sets forth legal conclusions and

4  questions of law to which no response is required. To the extent an answer is required,

5  County Defendants have insufficient knowledge or information concerning the

6  allegations contained in said paragraph, and on that basis deny the allegations.

7      70.      Answering paragraph 70, this paragraph sets forth legal conclusions and

8  questions of law to which no response is required. To the extent an answer is required,

9  County Defendants have insufficient knowledge or information concerning the

10  allegations contained in said paragraph, and on that basis deny the allegations.

11      71.      Answering paragraph 71, this paragraph sets forth legal conclusions and

12  questions of law to which no response is required. To the extent an answer is required,

13  County Defendants have insufficient knowledge or information concerning the

14  allegations contained in said paragraph, and on that basis deny the allegations.

15      72.      Answering paragraph 72, County Defendants admit the SDCJ is owned

16  and operated by San Diego County. This paragraph sets forth legal conclusions and

17  questions of law to which no response is required. To the extent an answer is required,

18  County Defendants have insufficient knowledge or information concerning the

19  allegations contained in said paragraph, and on that basis deny the allegations.

20  **FACTUAL ALLEGATIONS**

21      73.      Answering paragraph 73, County Defendants admit Lonnie Rupard died

22  on March 17, 2022 while in custody at SDJC. As to remaining allegations, this

23  paragraph sets forth legal conclusions and questions of law to which no response is

24  required. To the extent an answer is required, County Defendants have insufficient

25  knowledge or information concerning the allegations contained in said paragraph, and

26  on that basis deny the allegations.

27      74.      Answering paragraph 74, County Defendants are without sufficient

28  knowledge or information to form a belief as to the truth of the allegations contained

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

14

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 74 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

75.     Answering paragraph 75, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 75 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

76.     Answering paragraph 76, County Defendants deny each and every allegation contained therein.

77.     Answering paragraph 77, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 77 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

78.     Answering paragraph 78, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

79.     Answering paragraph 79, to the extent the allegations of paragraph 79 are

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 79.

80.     Answering paragraph 80, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 80 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

81.     Answering paragraph 81, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 81 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

82.     Answering paragraph 82, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 82 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

83. Answering paragraph 83, admit that a request was entered for Lonnie to have an initial psychiatric evaluation on December 20, 2021. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 83 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 83.

84. Answering paragraph 84, County Defendants admit Decedent was scheduled to be seen for a psych evaluation on December 24, 2021 with Liberty Healthcare Psychiatrist Dr. Cruz but was not seen.

85. Answering paragraph 85, County Defendants admit Decedent was not seen by Dr. Cruz but was not seen due to time constraints. To the remainder of this paragraph, it sets forth legal conclusions and questions of law to which no response is required. Except as so expressly admitted, County Defendants deny each and every allegation in said paragraph.

86. Answering paragraph 86, County Defendants admit Decedent was scheduled to be seen for a psych evaluation with Liberty Healthcare Psychiatrist Dr. Cruz on December 28, 2021 but was not seen.

87. Answering paragraph 87, County Defendants admit Decedent was not seen by Dr. Cruz on December 28, 2021 due to time constraints.

88. Answering paragraph 88, County Defendants admit that on December 29, 2021, Decedent had an initial psychiatric evaluation with Liberty Healthcare

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Psychiatrist Dr. Cruz.

89.     Answering paragraph 89, to the extent the allegations of paragraph 89 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 89.

90.     Answering paragraph 90, to the extent the allegations of paragraph 90 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 90.

91.     Answering paragraph 91, to the extent the allegations of paragraph 91 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 91.

92.     Answering paragraph 92, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 92 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    deny that Plaintiff's characterization of these documents is accurate, and deny

2    Plaintiff's framing of these issues.

3        93.        Answering paragraph 93, County Defendants are without sufficient

4    knowledge or information to form a belief as to the truth of the allegations contained

5    in said paragraph, and on that basis deny each and every allegation. To the extent the

6    allegations of paragraph 93 are based on the contents of written documents, County

7    Defendants admit that to the extent such allegations accurately reflect the contents of

8    the documents, such statements exist, and otherwise deny them. County Defendants

9    deny that Plaintiff's characterization of these documents is accurate, and deny

10   Plaintiff's framing of these issues.

11       94.        Answering paragraph 94, admit that Dr. Cruz performed a Chart Check

12   for Decedent and discontinued Haldol, Congentin, and VPA for Decedent. To the

13   extent the allegations of paragraph 94 are based on the contents of written documents,

14   County Defendants admit that to the extent such allegations accurately reflect the

15   contents of the documents, such statements exist, and otherwise deny them. County

16   Defendants deny that Plaintiff's characterization of these documents is accurate, and

17   deny Plaintiff's framing of these issues. Except as so expressly admitted, County

18   Defendants County Defendants are without sufficient knowledge or information to

19   form a belief as to the truth of the allegations contained in said paragraph, and on that

20   basis deny each and every allegation.

21       95.        Answering paragraph 95, admit that The Sheriff's Department operates

22   two PSUs as depicted. Except as so admitted, County Defendants are without sufficient

23   knowledge or information to form a belief as to the truth of the allegations contained

24   in said paragraph, and on that basis deny each and every allegation.

25       96.        Answering paragraph 96, admit the contents of the paragraph as depicted.

26       97.        Answering paragraph 97, this paragraph sets forth legal conclusions and

27   questions of law to which no response is required. To the extent an answer is required,

28   County Defendants are without sufficient knowledge or information to form a belief

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

98.     Answering paragraph 98, to the extent the allegations of paragraph 98 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

99.     Answering paragraph 99, to the extent the allegations of paragraph 99 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

100.     Answering paragraph 100, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

101.     Answering paragraph 101, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

102.     Answering paragraph 102, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 102 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

103.    Answering paragraph 103, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

104.    Answering paragraph 104, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 104 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

105.    Answering paragraph 105, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the allegations of paragraph 105 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

106.    Answering paragraph 106, County Defendants admit Decedent was not referred to the PSU. As to remainder, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

County Defendants deny each and every allegation contained therein.

107. Answering paragraph 107, admit that Decedent remained in general population. As to the remainder of the population, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

108. Answering paragraph 108, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation contained therein.

109. Answering paragraph 109, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

110. Answering paragraph 110, to the extent the allegations of paragraph 110 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 110.

111. Answering paragraph 111, to the extent the allegations of paragraph 111 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 111.

112. Answering paragraph 112, to the extent the allegations of paragraph 112 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 112.

113.    Answering paragraph 113, County Defendants admit the contents of this paragraph.

114.    Answering paragraph 114, County Defendants admit that on February 9, 2022, mental health clinician Christina Goodall (sued as Christina Anosike) completed a wellness check of Decedent.

115.    Answering paragraph 115, County Defendants deny each and every allegation in this paragraph, except County Defendants admit that on February 9, 2022, mental health clinician Christina Goodall (sued as Christina Anosike) completed a wellness check of Decedent and Anosike's notes provide that deputies on the 7th floor reported that Decedent often spoke to himself in unintelligible words. To the extent the allegations of paragraph 115 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 115.

116.    Answering paragraph 116, County Defendants deny each and every allegation in this paragraph, except admit that Anosike notes provide that she was unable to fully assess Decedent due to refusal and/or inability to cooperate and that note his thoughts were "impoverished" but that he was oriented to person, place, and situation. To the extent the allegations of paragraph 116 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

23

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1 documents is accurate, and deny Plaintiff's framing of these issues. Except as so
2 expressly admitted, County Defendants deny each and every allegation contained in
3 paragraph 116.

4     117.      Answering paragraph 117, County Defendants are without sufficient
5 knowledge or information to form a belief as to the truth of the allegations contained
6 in said paragraph, and on that basis deny each and every allegation.

7     118.      Answering paragraph 118, County Defendants are without sufficient
8 knowledge or information to form a belief as to the truth of the allegations contained
9 in said paragraph, and on that basis deny each and every allegation.

10     119.      Answering paragraph 119, County Defendants admit that Goodall (sued
11 as Christina Anosike) did not refer Decedent to be assessed by a medical doctor but
12 deny the remaining allegations contained in said paragraph as to Goodall (sued as
13 Christina Anosike). As to remainder, County Defendants are without sufficient
14 knowledge or information to form a belief as to the truth of the allegations contained
15 in said paragraph, and on that basis deny each and every allegation.

16     120.      Answering paragraph 120, County Defendants are without sufficient
17 knowledge or information to form a belief as to the truth of the allegations contained
18 in said paragraph, and on that basis deny each and every allegation.

19     121.      Answering paragraph 121, County Defendants are without sufficient
20 knowledge or information to form a belief as to the truth of the allegations contained
21 in said paragraph, and on that basis deny each and every allegation.

22     122.      Answering paragraph 122, County Defendants are without sufficient
23 knowledge or information to form a belief as to the truth of the allegations contained
24 in said paragraph, and on that basis deny each and every allegation.

25     123.      Answering paragraph 123, County Defendants are without sufficient
26 knowledge or information to form a belief as to the truth of the allegations contained
27 in said paragraph, and on that basis deny each and every allegation.

28     124.      Answering paragraph 124, County Defendants deny the allegations

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

contained in said paragraph.

125.     Answering paragraph 125, County Defendants deny the allegations contained in said paragraph, with the exception that they admit that Decedent was never referred to the PSU.

126.     Answering paragraph 126, admit that Decedent was on lockdown on February 20, 2022. To the extent the allegations of paragraph 126 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 82.

127.     Answering paragraph 127, County Defendants admit that on February 22, 2022, Decedent was evaluated by Liberty Healthcare Psychiatrist Dr. Cruz for a Psychiatric Sick Call assessment. To the extent the allegations of paragraph 127 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

128.     Answering paragraph 128, to the extent the allegations of paragraph 128 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants are without sufficient

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

129.    Answering paragraph 129, to the extent the allegations of paragraph 129 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

130.    Answering paragraph 130, to the extent the allegations of paragraph 130 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

131.    Answering paragraph 131, to the extent the allegations of paragraph 131 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

132.    Answering paragraph 132, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  in said paragraph, and on that basis deny each and every allegation.

2  133.    Answering paragraph 133, this paragraph sets forth legal conclusions and

3  questions of law to which no response is required. To the extent an answer is required,

4  County Defendants admit that psychiatrist Dr. Cruz evaluated Decedent on February

5  22, 2022. Except as expressly admitted, County Defendants deny the remaining

6  allegation contained in this paragraph.

7  134.    Answering paragraph 134, County Defendants admit the contents of this

8  paragraph.

9  135.    Answering paragraph 135, County Defendants admit that Decedent was

10  not transferred to the PSU as of February 22, 2022 and that vitals or weight were not

11  documented. Except as so expressly admitted, County Defendants have insufficient

12  knowledge or information concerning the remaining allegations contained in said

13  paragraph, and on that basis deny the allegations. To the extent the allegations of

14  paragraph 135 are based on the contents of written documents, County Defendants

15  admit that to the extent such allegations accurately reflect the contents of the

16  documents, such statements exist, and otherwise deny them. County Defendants deny

17  that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's

18  framing of these issues.

19  136.    Answering paragraph 136, this paragraph sets forth legal conclusions and

20  questions of law to which no response is required. To the extent an answer is required,

21  County Defendants admit that psychiatrist Dr. Cruz evaluated Decedent on February

22  22, 2022. Except as expressly admitted, County Defendants deny the remaining

23  allegation contained in this paragraph. To the extent the remaining allegations of

24  paragraph 136 are based on the contents of written documents, County Defendants

25  admit that to the extent such allegations accurately reflect the contents of the

26  documents, such statements exist, and otherwise deny them. County Defendants deny

27  that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's

28  framing of these issues. County Defendants are without sufficient knowledge or

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163                              27

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

137.    Answering paragraph 137, County Defendants admit that Dr. Cruz's assessment noted that that there were no signs requiring immediate psychiatric intervention at the time of his visit and that Dr. Cruz recommended plan was for a follow-up to occur in 6-7 weeks or sooner, if needed. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations.  To the extent the remaining allegations of paragraph 137 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

138.    Answering paragraph 138, County Defendants admit that Decedent was not referred to the PSU. To the extent the remaining allegations of paragraph 138 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff'sPlaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

139.    Answering paragraph 139, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled. To the extent the remaining allegations of paragraph 139 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny the remaining allegations.

140.    Answering paragraph 140, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled.

141.    Answering paragraph 141, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled. To the extent the remaining allegations of paragraph 141 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph.

142.    Answering paragraph 142, County Defendants admit that on February 23, 2022, a wellness check appointment with a QMHP for Decedent was scheduled. To the extent the remaining allegations of paragraph 142 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

143.    Answering paragraph 143, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

144.    Answering paragraph 144, County Defendants admit that on March 14, 2022, Decedent was evaluated by court-ordered forensic psychiatrist Dr. Nicolas Badre to determine competency to stand trial.

145.    Answering paragraph 145, County Defendants admit that Dr. Badre's report noted that Decedent's cell was dirty with trash throughout, the toilet was full of excrement, the room was malodorous, feces on the floor, and food smeared on the walls. To the extent the remaining allegations of paragraph 145 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

146.    Answering paragraph 146, County Defendants admit that Dr. Badre's report noted that Decedent was dirty and unkempt, that Decedent was laying in bed in an uncomfortable manner with a blanket over his head. To the extent the remaining allegations of paragraph 146 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

147.    Answering paragraph 147, County Defendants admit that Dr. Badre's report noted that Dr. Badre asked Decedent why he was incarcerated and in response to this question, Decedent answered "water dog." To the extent the remaining allegations of paragraph 147 are based on the contents of written documents, County

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

148. Answering paragraph 148, County Defendants admit that Dr. Badre's report noted that Dr. Badre asked Decedent about his charges and in response to this question, Decedent answered "dog." To the extent the remaining allegations of paragraph 148 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

149. Answering paragraph 149, denied except that County Defendants admit that Dr. Badre's report noted that Decedent did not answer questions of orientation. To the extent the remaining allegations of paragraph 149 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

150. Answering paragraph 150, County Defendants admit that Dr. Badre's report noted that Decedent's speech was pressured and mostly incoherent when he spoke. To the extent the remaining allegations of paragraph 150 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

documents is accurate, and deny Plaintiff's framing of these issues.

151.        Answering paragraph 151, County Defendants admit that Dr. Badre's report states under findings and opinions that Decedent suffered from mental illness and unable to assist counsel in a rational manner, and denied to remainder. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of paragraph 151 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

152.        Answering paragraph 152, County Defendants admit that Dr. Badre's report states under findings and opinions that Decedent suffered from mental illness and unable to assist counsel in a rational manner. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of paragraph 152 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

153.        Answering paragraph 153, County Defendants admit that Dr. Badre's report states that he recommended Decedent be referred to a state hospital or JBCT program for restoration to competency and be given medications involuntarily under Penal Code section 1370, and denied to remainder. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of paragraph 153 are based on the contents of written

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  documents, County Defendants admit that to the extent such allegations accurately
2  reflect the contents of the documents, such statements exist, and otherwise deny them.
3  County Defendants deny that Plaintiff's characterization of these documents is
4  accurate, and deny Plaintiff's framing of these issues. County Defendants are without
5  sufficient knowledge or information to form a belief as to the truth of the allegations
6  contained in said paragraph, and on that basis deny each and every allegation.

7  154.    Answering paragraph 154, County Defendants deny each and every
8  allegation in this paragraph.

9  155.    Answering paragraph 155, County Defendants deny each and every
10  allegation in this paragraph..

11  156.    Answering paragraph 156, County Defendants deny each and every
12  allegation in this paragraph..

13  157.    Answering paragraph 157, County Defendants are without sufficient
14  knowledge or information to form a belief as to the truth of the allegations contained
15  in said paragraph, and on that basis deny each and every allegation.

16  158.    Answering paragraph 158, County Defendants deny each and every
17  allegation in this paragraph generally and specifically, and as to remainder, County
18  Defendants are without sufficient knowledge or information to form a belief as to the
19  truth of the allegations contained in said paragraph, and on that basis deny each and
20  every allegation.

21  159.    Answering paragraph 159, this paragraph sets forth legal conclusions and
22  questions of law to which no response is required. To the extent an answer is required,
23  County Defendants deny each and every allegation in this paragraph.

24  160.    Answering paragraph 160, this paragraph sets forth legal conclusions and
25  questions of law to which no response is required.

26  161.    Answering paragraph 161, this paragraph sets forth legal conclusions and
27  questions of law to which no response is required. To the extent an answer is required,
28  County Defendants deny each and every allegation in this paragraph.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

162. Answering paragraph 162, County Defendants deny each and every allegation. To the extent the remaining allegations of paragraph 162 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

163. Answering paragraph 163, County Defendants deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

164. Answering paragraph 164, County Defendants deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

165. Answering paragraph 165, County Defendants deny that Decedent was not allowed out of his cell for "day break" and deny each and every allegation. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

166.     Answering paragraph 166, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph. In addition, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

167.     Answering paragraph 167, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph.

168.     Answering paragraph 168, County Defendants admit that Decedent was never transferred to PSU. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

169.     Answering paragraph 169, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that there is a section in the San Diego County Sheriff's Department Medical Services Division Policies & Procedures Manual providing the procedure for "sick calls," and includes assessment of weight and vital signs, and that the patient has the right, unless ordered by a Court of competent jurisdiction, to refuse the taking of vital signs and/or weight. To the extent the allegations of paragraph 169 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. Except as so expressly admitted, County Defendants deny each and every allegation contained in paragraph 169.

170.     Answering paragraph 170, County Defendants admit that psychiatry sick

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

calls for Decedent were requested on 12/20/21, 1/15/22, 1/20/22, and 2/1/22. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 170 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

171.    Answering paragraph 171, County Defendants admit that multiple sick calls for Decedent were scheduled. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 171 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

172.    Answering paragraph 172, County Defendants admit that multiple sick calls for Decedent were scheduled. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 172 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

173.    Answering paragraph 173, County Defendants admit that multiple sick calls for Decedent were scheduled. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 173 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

174.    Answering paragraph 174, County Defendants admit that a hard count was performed for Decedent at approximately 1140 to 1150 on March 17, 2022. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 174 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

175.    Answering paragraph 175, this paragraph sets forth legal conclusions and questions of law to which no response is required.

176.    Answering paragraph 176, this paragraph sets forth legal conclusions and questions of law to which no response is required.

177.    Answering paragraph 177, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

questions of law to which no response is required. To the extent an answer is required, County Defendants deny that Treyvonne, J. and Wereski, A. #4047 worked shifts in housing unit "7D" between March 15, 2022 and the time of Lonnie's death on March 17, 2022. To the remainder of the paragraph, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

178.    Answering paragraph 178, this paragraph sets forth legal conclusions and questions of law to which no response is required.

179.    Answering paragraph 179, this paragraph sets forth legal conclusions and questions of law to which no response is required.

180.    Answering paragraph 180, this paragraph sets forth legal conclusions and questions of law to which no response is required.

181.    Answering paragraph 181, this paragraph sets forth legal conclusions and questions of law to which no response is required.

182.    Answering paragraph 182, this paragraph sets forth legal conclusions and questions of law to which no response is required.

183.    Answering paragraph 183, this paragraph sets forth legal conclusions and questions of law to which no response is required.

184.    Answering paragraph 184, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph.

185.    Answering paragraph 185, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragaph.

186.    Answering paragraph 186, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph.

187.    Answering paragraph 187, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

questions of law to which no response is required. To the extent an answer is required, County Defendants deny each and every allegation in this paragraph. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. In addition, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

188.    Answering paragraph 188, County Defendants admit that a hard count was performed for Decedent at approximately 1140 to 1150 on March 17, 2022. Except as so expressly admitted, County Defendants deny each and every allegation contained in said paragraph. To the extent the remaining allegations of paragraph 188 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

189.    Answering paragraph 189, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that Decedent was found unresponsive in his cell at approximately 2247 on March 17, 2022 with a blanket to his chest. To the extent the remaining allegations of paragraph 189 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

39

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Unless expressly admitted, County Defendants deny each and every allegation in this paragraph.

190.    Answering paragraph 190, County Defendants deny each and every allegation in this paragraph.

191.    Answering paragraph 191, to the extent the allegations of paragraph 191 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Unless expressly admitted, County Defendants deny each and every allegation in this paragraph.

192.    Answering paragraph 192, to the extent the allegations of paragraph 192 are based on the contents of written documents or CCTV footage, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents or footage, such statements or footage exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents or of this footage is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Unless expressly admitted, County Defendants deny each and every allegation in this paragraph.

193.    Answering paragraph 193, to the extent the allegations of paragraph 193 are based on the contents of written documents or CCTV footage, County Defendants admit that to the extent such allegations accurately reflect the contents of the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

documents or footage, such statements or footage exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents or of this footage is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. Unless expressly admitted, County Defendants deny each and every allegation in this paragraph.

194.    Answering paragraph 194, to the extent the allegations of paragraph 194 are based on the contents of written documents or CCTV footage, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents or footage, such statements or footage exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents or of this footage is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

195.    Answering paragraph 195, County Defendants deny each and every allegation in this paragraph. Plaintiff'sPlaintiff's

196.    Answering paragraph 196, County Defendants admit CLERB conducted an investigation into the death of Decedent. To the extent the remaining allegations of paragraph 196 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

197.    Answering paragraph 197, to the extent the allegations of paragraph 197

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

198.     Answering paragraph 198, to the extent the allegations of paragraph 198 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

199.     Answering paragraph 199, County Defendants admit an autopsy was performed on March 19, 2022 and that the report was released on March 2, 2023. To the extent the remaining allegations of paragraph 199 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

200.     Answering paragraph 200, To the extent the remaining allegations of paragraph 200 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

201.     Answering paragraph 201, County Defendants admit that vitals were not documented. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 201 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

202.     Answering paragraph 202, County Defendants that weight were not documented. Except as so expressly admitted, County Defendants have insufficient knowledge or information concerning the remaining allegations contained in said paragraph, and on that basis deny the allegations. To the extent the allegations of paragraph 202 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

203.     Answering paragraph 203, to the extent the remaining allegations of paragraph 203 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

204.    Answering paragraph 204, to the extent the remaining allegations of paragraph 204 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

205.    Answering paragraph 205, to the extent the remaining allegations of paragraph 205 are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

206.    Answering paragraph 206, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

207.    Answering paragraph 207, to the extent the remaining allegations of this

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

208.    Answering paragraph 208, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

209.    Answering paragraph 209, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

210.    Answering paragraph 210, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

45

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

211.    Answering paragraph 211, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

212.    Answering paragraph 212, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

213.    Answering paragraph 213, to the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

214.    Answering paragraph 214, County Defendants admit that in 2019, the

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Union Tribune published a series of articles regarding its 6-month investigation of in-custody deaths at San Diego County jails. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

215.    Answering paragraph 215, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

216.    Answering paragraph 216, County Defendants admit that Sheriff Gore wrote an op-ed. County Defendants deny the remaining allegations in said paragraph. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

217.    Answering paragraph 217, to the extent the allegations of this paragraph

25163
**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

218.     Answering paragraph 218, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

219.     Answering paragraph 219, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

220.     Answering paragraph 220, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

221.     Answering paragraph 221, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are further without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

222.     Answering paragraph 222, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are further without sufficient knowledge or information to form a belief as to the truth of the

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

allegations contained in said paragraph, and on that basis deny each and every allegation.

223.    Answering paragraph 223, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

224.    Answering paragraph 224, County Defendants admit that the San Diego Sheriff's Department contracted with the National Commission on Correctional Health Care. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

225.    Answering paragraph 225, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

226.    Answering paragraph 226, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

227.     Answering paragraph 227, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

228.     Answering paragraph 228, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

229.     Answering paragraph 229, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

230.     Answering paragraph 230, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

231.     Answering paragraph 231, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

50

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1   extent such allegations accurately reflect the contents of the documents, such
2   statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
3   characterization of these documents is accurate, and deny Plaintiff's framing of these
4   issues.

5       232.    Answering paragraph 232, to the extent the allegations of this paragraph
6   are based on the contents of written documents, County Defendants admit that to the
7   extent such allegations accurately reflect the contents of the documents, such
8   statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
9   characterization of these documents is accurate, and deny Plaintiff's framing of these
10  issues.

11      233.    Answering paragraph 233, to the extent the allegations of this paragraph
12  are based on the contents of written documents, County Defendants admit that to the
13  extent such allegations accurately reflect the contents of the documents, such
14  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
15  characterization of these documents is accurate, and deny Plaintiff's framing of these
16  issues.

17      234.    Answering paragraph 234, to the extent the allegations of this paragraph
18  are based on the contents of written documents, County Defendants admit that to the
19  extent such allegations accurately reflect the contents of the documents, such
20  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
21  characterization of these documents is accurate, and deny Plaintiff's framing of these
22  issues.

23      235.    Answering paragraph 235, to the extent the allegations of this paragraph
24  are based on the contents of written documents, County Defendants admit that to the
25  extent such allegations accurately reflect the contents of the documents, such
26  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
27  characterization of these documents is accurate, and deny Plaintiff's framing of these
28  issues.

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

236.     Answering paragraph 236, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

237.     Answering paragraph 237, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

238.     Answering paragraph 238, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are further without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

239.     Answering paragraph 239, this paragraph sets forth legal conclusions and questions of law to which no response is required.

240.     Answering paragraph 240, County Defendants admit that the California State Auditor issued a report on February 1, 2022. County Defendants deny the remaining allegations in said paragraph. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

deny each and every allegation.

241.    Answering paragraph 241, this paragraph sets forth legal conclusions and questions of law to which no response is required.

242.    Answering paragraph 242, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

243.    Answering paragraph 243, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

244.    Answering paragraph 244, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

245.    Answering paragraph 245, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

246.    Answering paragraph 246, to the extent the allegations of this paragraph

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

247.    Answering paragraph 247, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

248.    Answering paragraph 248, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

249.    Answering paragraph 249, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

250.    Answering paragraph 250, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    issues.

2    251.    Answering paragraph 251, to the extent the allegations of this paragraph

3    are based on the contents of written documents, County Defendants admit that to the

4    extent such allegations accurately reflect the contents of the documents, such

5    statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

6    characterization of these documents is accurate, and deny Plaintiff's framing of these

7    issues.

8    252.    Answering paragraph 252, to the extent the allegations of this paragraph

9    are based on the contents of written documents, County Defendants admit that to the

10   extent such allegations accurately reflect the contents of the documents, such

11   statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

12   characterization of these documents is accurate, and deny Plaintiff's framing of these

13   issues.

14   253.    Answering paragraph 253, County Defendants admit that the Sherriff's

15   department issued a response to the California State Auditor. To the extent the

16   remaining allegations of this paragraph are based on the contents of written documents,

17   County Defendants admit that to the extent such allegations accurately reflect the

18   contents of the documents, such statements exist, and otherwise deny them. County

19   Defendants deny that Plaintiff's characterization of these documents is accurate, and

20   deny Plaintiff's framing of these issues.

21   254.    Answering paragraph 254, County Defendants are without sufficient

22   knowledge or information to form a belief as to the truth of the allegations contained

23   in said paragraph, and on that basis deny each and every allegation.

24   255.    Answering paragraph 255, this paragraph sets forth legal conclusions and

25   questions of law to which no response is required. To the extent an answer is required,

26   County Defendants deny the allegations.

27   256.    Answering paragraph 256, this paragraph sets forth legal conclusions and

28   questions of law to which no response is required. To the extent an answer is required,

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163                                        55
**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

County Defendants deny the allegations with the exception that the individuals named died on those dates.

257.    Answering paragraph 257, County Defendants admit the contents of California Code of Regulation Title 15, § 1050.

258.    Answering paragraph 258, County Defendants admit the contents of The Sheriff's Medical Services Division's policy no. MSD.I.3.

259.    Answering paragraph 259, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

260.    Answering paragraph 260, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

261.    Answering paragraph 261, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

262.    Answering paragraph 262, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

263.    Answering paragraph 263, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

264.    Answering paragraph 264, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

265.    Answering paragraph 265, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

266.    Answering paragraph 266, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

267.    Answering paragraph 267, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

268.    Answering paragraph 268, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

269.    Answering paragraph 269, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

270.    Answering paragraph 270, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

271.    Answering paragraph 271, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

272.    Answering paragraph 272, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

273.    Answering paragraph 273, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this

25163
**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

274.     Answering paragraph 274, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

275.     Answering paragraph 275, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations with the exception that the named individuals died.

276.     Answering paragraph 276, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

277.     Answering paragraph 277, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that California state law, Title 15 section 1027.5 relates to safety checks. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

278.    Answering paragraph 278, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

279.    Answering paragraph 279, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

280.    Answering paragraph 280, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

281.    Answering paragraph 281, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

25163

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

282.    Answering paragraph 282, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

283.    Answering paragraph 283, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

284.    Answering paragraph 284, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

285.    Answering paragraph 285, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

286.    Answering paragraph 286, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

287.    Answering paragraph 287, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

288.    Answering paragraph 288, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

289.    Answering paragraph 289, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

290.    Answering paragraph 290, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

291.    Answering paragraph 291, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

292.    Answering paragraph 292, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

293.    Answering paragraph 293, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the allegations of paragraph 293 are based on the contents of written documents or CCTV footage, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents or footage, such statements or footage exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents or of this footage is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

294.    Answering paragraph 294, County Defendants admit that County's written policy requires deputies to conduct hard counts twice per day, once every

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

twelve-hour shift.

295.        Answering paragraph 295, County Defendants admit that County's written policy requires deputies to get verbal or physical acknowledgment from each incarcerated person.

296.        Answering paragraph 296, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the allegations of paragraph 296 are based on the contents of written documents or CCTV footage, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents or footage, such statements or footage exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents or of this footage is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

297.        Answering paragraph 297, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations except that inmates died while in custody.

298.        Answering paragraph 298, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations except that inmates died while in custody.

299.        Answering paragraph 299, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations, with the exception that Alvarez died. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

300.    Answering paragraph 300, to the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

301.    Answering paragraph 301, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations, with the exception that Moreno died. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

302.    Answering paragraph 302, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations.

303.    Answering paragraph 303, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations, with the exception that Rodriguez died. To the extent the remaining allegations of this paragraph are based on the contents of

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  written documents, County Defendants admit that to the extent such allegations
2  accurately reflect the contents of the documents, such statements exist, and otherwise
3  deny them. County Defendants deny that Plaintiff's characterization of these
4  documents is accurate, and deny Plaintiff's framing of these issues.

5     304.      Answering paragraph 304, this paragraph sets forth legal conclusions and
6  questions of law to which no response is required. To the extent the remaining
7  allegations of this paragraph are based on the contents of written documents, County
8  Defendants admit that to the extent such allegations accurately reflect the contents of
9  the documents, such statements exist, and otherwise deny them. County Defendants
10  deny that Plaintiff's characterization of these documents is accurate, and deny
11  Plaintiff's framing of these issues.

12     305.      Answering paragraph 305, this paragraph sets forth legal conclusions and
13  questions of law to which no response is required. To the extent the remaining
14  allegations of this paragraph are based on the contents of written documents, County
15  Defendants admit that to the extent such allegations accurately reflect the contents of
16  the documents, such statements exist, and otherwise deny them. County Defendants
17  deny that Plaintiff's characterization of these documents is accurate, and deny
18  Plaintiff's framing of these issues.

19     306.      Answering paragraph 306, this paragraph sets forth legal conclusions and
20  questions of law to which no response is required. To the extent an answer is required,
21  County Defendants deny the allegations. To the extent the remaining allegations of this
22  paragraph are based on the contents of written documents, County Defendants admit
23  that to the extent such allegations accurately reflect the contents of the documents, such
24  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's
25  characterization of these documents is accurate, and deny Plaintiff's framing of these
26  issues. County Defendants are without sufficient knowledge or information to form a
27  belief as to the truth of the allegations contained in said paragraph, and on that basis
28  deny each and every allegation.

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

307.    Answering paragraph 307, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

308.    Answering paragraph 308, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants admit that CLERB conducted an analysis of data regarding in-custody deaths.

309.    Answering paragraph 309, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

310.    Answering paragraph 310, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

311.    Answering paragraph 311, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations, with the exception that articles and reports were written. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

312.    Answering paragraph 312, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

313.    Answering paragraph 313, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  questions of law to which no response is required. To the extent an answer is required,

2  County Defendants deny the allegations. To the extent the remaining allegations of this

3  paragraph are based on the contents of written documents, County Defendants admit

4  that to the extent such allegations accurately reflect the contents of the documents, such

5  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

6  characterization of these documents is accurate, and deny Plaintiff's framing of these

7  issues. County Defendants are without sufficient knowledge or information to form a

8  belief as to the truth of the allegations contained in said paragraph, and on that basis

9  deny each and every allegation.

10      314.      Answering paragraph 314, this paragraph sets forth legal conclusions and

11  questions of law to which no response is required. To the extent an answer is required,

12  County Defendants deny the allegations. To the extent the remaining allegations of this

13  paragraph are based on the contents of written documents, County Defendants admit

14  that to the extent such allegations accurately reflect the contents of the documents, such

15  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

16  characterization of these documents is accurate, and deny Plaintiff's framing of these

17  issues. County Defendants are without sufficient knowledge or information to form a

18  belief as to the truth of the allegations contained in said paragraph, and on that basis

19  deny each and every allegation.

20      315.      Answering paragraph 315, this paragraph sets forth legal conclusions and

21  questions of law to which no response is required. To the extent an answer is required,

22  County Defendants deny the allegations. To the extent the remaining allegations of this

23  paragraph are based on the contents of written documents, County Defendants admit

24  that to the extent such allegations accurately reflect the contents of the documents, such

25  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

26  characterization of these documents is accurate, and deny Plaintiff's framing of these

27  issues. County Defendants are without sufficient knowledge or information to form a

28  belief as to the truth of the allegations contained in said paragraph, and on that basis

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1  deny each and every allegation.

2      316.      Answering paragraph 316, this paragraph sets forth legal conclusions and

3  questions of law to which no response is required. To the extent an answer is required,

4  County Defendants deny the allegations. To the extent the remaining allegations of this

5  paragraph are based on the contents of written documents, County Defendants admit

6  that to the extent such allegations accurately reflect the contents of the documents, such

7  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

8  characterization of these documents is accurate, and deny Plaintiff's framing of these

9  issues. County Defendants are without sufficient knowledge or information to form a

10  belief as to the truth of the allegations contained in said paragraph, and on that basis

11  deny each and every allegation.

12      317.      Answering paragraph 317, this paragraph sets forth legal conclusions and

13  questions of law to which no response is required. To the extent an answer is required,

14  County Defendants deny the allegations. To the extent the remaining allegations of this

15  paragraph are based on the contents of written documents, County Defendants admit

16  that to the extent such allegations accurately reflect the contents of the documents, such

17  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

18  characterization of these documents is accurate, and deny Plaintiff's framing of these

19  issues. County Defendants are without sufficient knowledge or information to form a

20  belief as to the truth of the allegations contained in said paragraph, and on that basis

21  deny each and every allegation.

22      318.      Answering paragraph 318, this paragraph sets forth legal conclusions and

23  questions of law to which no response is required. To the extent an answer is required,

24  County Defendants deny the allegations. To the extent the remaining allegations of this

25  paragraph are based on the contents of written documents, County Defendants admit

26  that to the extent such allegations accurately reflect the contents of the documents, such

27  statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

28  characterization of these documents is accurate, and deny Plaintiff's framing of these

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

319.    Answering paragraph 319, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the remaining allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

320.    Answering paragraph 320, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. To the extent the allegations of this paragraph are based on the contents of written documents, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

321.    Answering paragraph 321, County Defendants, on information and belief, admit the contents therein.

322.    Answering paragraph 322, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

contained in said paragraph, and on that basis deny each and every allegation.

323.    Answering paragraph 323, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

324.    Answering paragraph 324, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

325.    Answering paragraph 325, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

326.    Answering paragraph 326, this paragraph sets forth legal conclusions and questions of law to which no response is required. County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

327.    Answering paragraph 327, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required County Defendants admit that Decedent was never placed into the PSU.

328.    Answering paragraph 328, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of the cited precedent, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

329.    Answering paragraph 329, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

questions of law to which no response is required. To the extent the allegations of this paragraph are based on the contents of the cited precedent, County Defendants admit that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise deny them. County Defendants deny that Plaintiff's characterization of these documents is accurate, and deny Plaintiff's framing of these issues.

330.    Answering paragraph 330, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

331.    Answering paragraph 331, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

332.    Answering paragraph 332, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

333.    Answering paragraph 333, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

334.    Answering paragraph 334, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

335.    Answering paragraph 335, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

336.    Answering paragraph 336, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

337.    Answering paragraph 337, this paragraph sets forth legal conclusions and

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegation.

# I.

# FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983: Deliberate Indifference of Serious Medical Needs

## (By the Estate of Lonnie Rupard Against County Defendants, Liberty Healthcare of California Inc, and Cruz)

338.    Answering paragraphs 338-364, County Defendants incorporate their denials and admissions in the foregoing paragraphs as though fully set forth herein.

339.    Answering paragraph 339, this paragraph sets forth legal conclusions and questions of law to which no response is required.

340.    Answering paragraph 340, this paragraph sets forth legal conclusions and questions of law to which no response is required.

341.    Answering paragraph 341, this paragraph sets forth legal conclusions and questions of law to which no response is required.

342.    Answering paragraph 342, this paragraph sets forth legal conclusions and questions of law to which no response is required.

343.    Answering paragraph 343, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

344.    Answering paragraph 344, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein..

345.    Answering paragraph 345, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

specifically each and every allegation contained therein.

346.     Answering paragraph 346, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

347.     Answering paragraph 347, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

348.     Answering paragraph 348, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

349.     Answering paragraph 349, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

350.     Answering paragraph 350, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

351.     Answering paragraph 351, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

352.     Answering paragraph 352, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation. To the extent the

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1    remaining allegations of this paragraph are based on the contents of written documents,

2    County Defendants admit that to the extent such allegations accurately reflect the

3    contents of the documents, such statements exist, and otherwise deny them.

4        353.     Answering paragraph 353, County Defendants admit that Anosike was

5    working as a mental health clinician for the Department and performed a wellness

6    check on Lonnie Rupard on February 9, 2022 and to the extent the allegations of this

7    paragraph are based on the contents of written documents, County Defendants admit

8    that to the extent such allegations accurately reflect the contents of the documents, such

9    statements exist, and otherwise deny them. County Defendants deny that Plaintiff's

10   characterization of these documents is accurate, and deny Plaintiff's framing of these

11   issues. Except as so expressly admitted, County Defendants deny each and every

12   allegation in this paragraph. County Defendants deny generally and specifically each

13   and every allegation contained therein..

14       354.     Answering paragraph 354, County Defendants deny the allegations.

15   County Defendants deny generally and specifically each and every allegation

16   contained therein

17       355.     Answering paragraph 355, this paragraph sets forth legal conclusions and

18   questions of law to which no response is required. To the extent an answer is required,

19   County Defendants deny the allegations. County Defendants deny generally and

20   specifically each and every allegation contained therein.

21       356.     Answering paragraph 356, this paragraph sets forth legal conclusions and

22   questions of law to which no response is required. To the extent an answer is required,

23   County Defendants deny the allegations. County Defendants deny generally and

24   specifically each and every allegation contained therein.

25       357.     Answering paragraph 357, this paragraph sets forth legal conclusions and

26   questions of law to which no response is required. To the extent an answer is required,

27   County Defendants deny the allegations. County Defendants deny generally and

28   specifically each and every allegation contained therein.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

75

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

358.     Answering paragraph 358, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. C. County Defendants deny generally and specifically each and every allegation contained therein.

359.     Answering paragraph 359, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations..

360.     Answering paragraph 360, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein .

361.     Answering paragraph 361, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

362.     Answering paragraph 362, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

363.     Answering paragraph 363, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

364.     Answering paragraph 364, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

## II.

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1

## SECOND CAUSE OF ACTION

2

### 42 U.S.C. § 1983: Right of Association

3

**(By Justino Rupard and Ronnie Rupard, Individually Against County**

4

**Defendants, Liberty Healthcare Corporation, and Cruz)**

5

365.      Answering paragraphs 365-379, this paragraph sets forth allegations as to

6

the cause of action that was dismissed with prejudice to which no response is required.

7

County Defendants incorporate their denials and admissions in the foregoing

8

paragraphs as though fully set forth herein.

9

366.      Answering paragraph 366, this paragraph sets forth allegations that have

10

been dismissed, and which are no longer at issue for purposes of the TAC and thus

11

excluded from the operative TAC.

12

367.      Answering paragraph 367, this paragraph sets forth allegations that have

13

been dismissed, and which are no longer at issue for purposes of the TAC and thus

14

excluded from the operative TAC.

15

368.      Answering paragraph 368, this paragraph sets forth allegations that have

16

been dismissed, and which are no longer at issue for purposes of the TAC and thus

17

excluded from the operative TAC.

18

369.      Answering paragraph 369, this paragraph sets forth allegations that have

19

been dismissed, and which are no longer at issue for purposes of the TAC and thus

20

excluded from the operative TAC.

21

370.      Answering paragraph 370, this paragraph sets forth allegations that have

22

been dismissed, and which are no longer at issue for purposes of the TAC and thus

23

excluded from the operative TAC.

24

371.      Answering paragraph 371, this paragraph sets forth allegations that have

25

been dismissed, and which are no longer at issue for purposes of the TAC and thus

26

excluded from the operative TAC.

27

372.      Answering paragraph 372, this paragraph sets forth allegations that have

28

been dismissed, and which are no longer at issue for purposes of the TAC and thus

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1  excluded from the operative TAC.

2      373.        Answering paragraph 373, this paragraph sets forth allegations that have

3  been dismissed, and which are no longer at issue for purposes of the TAC and thus

4  excluded from the operative TAC.

5      374.        Answering paragraph 374, this paragraph sets forth allegations that have

6  been dismissed, and which are no longer at issue for purposes of the TAC and thus

7  excluded from the operative TAC.

8      375.        Answering paragraph 375, this paragraph sets forth allegations that have

9  been dismissed, and which are no longer at issue for purposes of the TAC and thus

10  excluded from the operative TAC.

11      376.        Answering paragraph 376, this paragraph sets forth allegations that have

12  been dismissed, and which are no longer at issue for purposes of the TAC and thus

13  excluded from the operative TAC.

14      377.        Answering paragraph 377, this paragraph sets forth allegations that have

15  been dismissed, and which are no longer at issue for purposes of the TAC and thus

16  excluded from the operative TAC.

17      378.        Answering paragraph 378, this paragraph sets forth allegations that have

18  been dismissed, and which are no longer at issue for purposes of the TAC and thus

19  excluded from the operative TAC.

20      379.        Answering paragraph 379, this paragraph sets forth allegations that have

21  been dismissed, and which are no longer at issue for purposes of the TAC and thus

22  excluded from the operative TAC.

### III.

### <u>THIRD CAUSE OF ACTION</u>

**Failure to Properly Train and Supervise (42 U.S.C. § 1983)**

**(By the Estate of Lonnie Rupard Against Defendants Montgomery, Gore, Martinez, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Defendant Deputies, Doe Deputies, Doe Medical Providers, Doe Deputy**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**Supervisors.)**

380.      Answering paragraphs 380-406, County Defendants incorporate their denials and admissions in the foregoing paragraphs as though fully set forth herein.

381.      Answering paragraph 381, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

382.      Answering paragraph 382, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

383.      Answering paragraph 383, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

384.      Answering paragraph 384, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

385.      Answering paragraph 385, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

386.      Answering paragraph 386, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

387.      Answering paragraph 387, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  questions of law to which no response is required. To the extent an answer is required,
2  County Defendants deny the allegations. County Defendants deny generally and
3  specifically each and every allegation contained therein.

4      388.     Answering paragraph 388, this paragraph sets forth legal conclusions and
5  questions of law to which no response is required. To the extent an answer is required,
6  County Defendants deny the allegations. County Defendants deny generally and
7  specifically each and every allegation contained therein.

8      389.     Answering paragraph 389, this paragraph sets forth legal conclusions and
9  questions of law to which no response is required. To the extent an answer is required,
10 County Defendants deny the allegations. County Defendants deny generally and
11 specifically each and every allegation contained therein.

12     390.     Answering paragraph 390, this paragraph sets forth legal conclusions and
13 questions of law to which no response is required. To the extent an answer is required,
14 County Defendants deny the allegations. County Defendants deny generally and
15 specifically each and every allegation contained therein.

16     391.     Answering paragraph 391, this paragraph sets forth legal conclusions and
17 questions of law to which no response is required. To the extent an answer is required,
18 County Defendants deny the allegations. County Defendants deny generally and
19 specifically each and every allegation contained therein.

20     392.     Answering paragraph 392, this paragraph sets forth legal conclusions and
21 questions of law to which no response is required. To the extent an answer is required,
22 County Defendants deny the allegations. County Defendants deny generally and
23 specifically each and every allegation contained therein.

24     393.     Answering paragraph 393, this paragraph sets forth legal conclusions and
25 questions of law to which no response is required. To the extent an answer is required,
26 County Defendants deny the allegations. County Defendants deny generally and
27 specifically each and every allegation contained therein.

28     394.     Answering paragraph 394, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1   questions of law to which no response is required. To the extent an answer is required,
2   County Defendants deny the allegations. County Defendants deny generally and
3   specifically each and every allegation contained therein.

4       395.        Answering paragraph 395, this paragraph sets forth legal conclusions and
5   questions of law to which no response is required. To the extent an answer is required,
6   County Defendants deny the allegations. County Defendants deny generally and
7   specifically each and every allegation contained therein.

8       396.        Answering paragraph 396, this paragraph sets forth legal conclusions and
9   questions of law to which no response is required. To the extent an answer is required,
10  County Defendants deny the allegations. County Defendants deny generally and
11  specifically each and every allegation contained therein.

12      397.        Answering paragraph 397, this paragraph sets forth legal conclusions and
13  questions of law to which no response is required. To the extent an answer is required,
14  County Defendants deny the allegations. County Defendants deny generally and
15  specifically each and every allegation contained therein.

16      398.        Answering paragraph 398, this paragraph sets forth legal conclusions and
17  questions of law to which no response is required. To the extent an answer is required,
18  County Defendants deny the allegations. County Defendants deny generally and
19  specifically each and every allegation contained therein.

20      399.        Answering paragraph 399, this paragraph sets forth legal conclusions and
21  questions of law to which no response is required. To the extent an answer is required,
22  County Defendants deny the allegations. County Defendants deny generally and
23  specifically each and every allegation contained therein.

24      400.        Answering paragraph 400, this paragraph sets forth legal conclusions and
25  questions of law to which no response is required. To the extent an answer is required,
26  County Defendants deny the allegations. County Defendants deny generally and
27  specifically each and every allegation contained therein.

28      401.        Answering paragraph 401, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111
**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    questions of law to which no response is required. To the extent an answer is required,

2    County Defendants deny the allegations. County Defendants deny generally and

3    specifically each and every allegation contained therein.

4        402.      Answering paragraph 402, this paragraph sets forth legal conclusions and

5    questions of law to which no response is required. To the extent an answer is required,

6    County Defendants deny the allegations. County Defendants deny generally and

7    specifically each and every allegation contained therein.

8        403.      Answering paragraph 403, this paragraph sets forth legal conclusions and

9    questions of law to which no response is required. To the extent an answer is required,

10    County Defendants deny the allegations. County Defendants deny generally and

11    specifically each and every allegation contained therein.

12        404.      Answering paragraph 404, this paragraph sets forth legal conclusions and

13    questions of law to which no response is required. To the extent an answer is required,

14    County Defendants deny the allegations. County Defendants deny generally and

15    specifically each and every allegation contained therein.

16        405.      Answering paragraph 405, this paragraph sets forth legal conclusions and

17    questions of law to which no response is required. To the extent an answer is required,

18    County Defendants deny the allegations. County Defendants deny generally and

19    specifically each and every allegation contained therein.

20        406.      Answering paragraph 406, this paragraph sets forth legal conclusions and

21    questions of law to which no response is required. To the extent an answer is required,

22    County Defendants deny the allegations. County Defendants deny generally and

23    specifically each and every allegation contained therein.

24    ### IV.

25    ### FOURTH CAUSE OF ACTION

26    **42 U.S.C. § 1983: Monell Municipal Liability For**

27    **Deliberate Indifference of Serious Medical Needs**

28    **(By Plaintiff Estate Against Defendant County and Liberty Healthcare of**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

82

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**California, Inc.)**

407.    Answering paragraphs 407-435, County Defendants reiterate and incorporate by reference their admissions and denials as set forth above and below.

408.    Answering paragraph 408, this paragraph sets forth legal conclusions and questions of law to which no response is required.

409.    Answering paragraph 409, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

410.    Answering paragraph 410,  this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

411.    Answering paragraph 411, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

412.    Answering paragraph 412, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

413.    Answering paragraph 413, County Defendants deny generally and specifically each and every allegation contained therein.

414.    Answering paragraph 414, County Defendants deny generally and specifically each and every allegation contained therein.

415.    Answering paragraph 415, County Defendants deny generally and specifically each and every allegation contained therein.

416.    Answering paragraph 416, County Defendants deny generally and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    specifically each and every allegation contained therein.

2        417.        Answering paragraph 417, County Defendants deny generally and
3    specifically each and every allegation contained therein.

4        418.        Answering paragraph 418, County Defendants deny generally and
5    specifically each and every allegation contained therein.

6        419.        Answering paragraph 419, County Defendants deny generally and
7    specifically each and every allegation contained therein.

8        420.        Answering paragraph 420, County Defendants deny generally and
9    specifically each and every allegation contained therein.

10        421.        Answering paragraph 421, County Defendants deny generally and
11    specifically each and every allegation contained therein.

12        422.        Answering paragraph 422, County Defendants deny generally and
13    specifically each and every allegation contained therein.

14        423.        Answering paragraph 423, County Defendants deny generally and
15    specifically each and every allegation contained therein.

16        424.        Answering paragraph 424, County Defendants deny generally and
17    specifically each and every allegation contained therein.

18        425.        Answering paragraph 425, County Defendants deny generally and
19    specifically each and every allegation contained therein.

20        426.        Answering paragraph 426, County Defendants deny generally and
21    specifically each and every allegation contained therein.

22        427.        Answering paragraph 427, County Defendants deny generally and
23    specifically each and every allegation contained therein.

24        428.        Answering paragraph 428, County Defendants deny generally and
25    specifically each and every allegation contained therein.

26        429.        Answering paragraph 429. County Defendants deny generally and
27    specifically each and every allegation contained therein.

28        430.        Answering paragraph 430, County Defendants deny generally and

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

specifically each and every allegation contained therein.

431.    Answering paragraph 431, County Defendants deny generally and specifically each and every allegation contained therein.

432.    Answering paragraph 432, County Defendants deny generally and specifically each and every allegation contained therein.

433.    Answering paragraph 433, County Defendants deny generally and specifically each and every allegation contained therein.

434.    Answering paragraph 434, County Defendants deny generally and specifically each and every allegation contained therein.

435.    Answering paragraph 435, County Defendants deny generally and specifically each and every allegation contained therein.

## V.

## FIFTH CAUSE OF ACTION

### Cal. Gov. Code § 52.1 (Bane Act)

**(By the Estate of Lonnie Rupard Against Defendants County of San Diego, Anosike, Cruz, Aguilera, Viladiu, G. Martinez, Amado, Mace, Aguirre, James, Romero, Johnson, Torres, Treyvonne, Wereski, Romans, Gutierrez, Doe Deputies 15-20, and Doe Medical Providers)**

436.    Answering paragraphs 436-451, County Defendants reiterate and incorporate by reference their admissions and denials as set forth above and below.

437.    Answering paragraph 437, this paragraph sets forth legal conclusions and questions of law to which no response is required.

438.    Answering paragraph 438, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

439.    Answering paragraph 439, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

440.    Answering paragraph 440, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

441.    Answering paragraph 441, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

442.    Answering paragraph 442, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

443.    Answering paragraph 443, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

444.    Answering paragraph 444, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

445.    Answering paragraph 445, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

446.    Answering paragraph 446, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required,

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

447.    Answering paragraph 447, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

448.    Answering paragraph 448, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

449.    Answering paragraph 449, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

450.    Answering paragraph 450, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

451.    Answering paragraph 451, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

## VI.

## <u>SIXTH CAUSE OF ACTION</u>

### Negligence Survival Claim (CCP § 377.30)

### (By the Estate of Lonnie Rupard Against all Defendants)

452.    Answering paragraphs 452-475, this cause of action was dismissed per the Court's order to which no response is required. County Defendants reiterate and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1    incorporate by reference their admissions and denials as set forth above and below.

2       453.    Answering paragraph 453, this paragraph sets forth legal conclusions and
3    questions of law to which no response is required.

4       454.    Answering paragraph 454, this paragraph sets forth legal conclusions and
5    questions of law to which no response is required. To the extent an answer is required,
6    County Defendants deny the allegations. County Defendants deny generally and
7    specifically each and every allegation contained therein.

8       455.    Answering paragraph 455, this paragraph sets forth legal conclusions and
9    questions of law to which no response is required. To the extent an answer is required,
10   County Defendants deny the allegations. County Defendants deny generally and
11   specifically each and every allegation contained therein.

12      456.    Answering paragraph 456, this paragraph sets forth legal conclusions and
13   questions of law to which no response is required. To the extent an answer is required,
14   County Defendants deny the allegations. County Defendants deny generally and
15   specifically each and every allegation contained therein.

16      457.    Answering paragraph 457, this paragraph sets forth legal conclusions and
17   questions of law to which no response is required. To the extent an answer is required,
18   County Defendants deny the allegations. County Defendants deny generally and
19   specifically each and every allegation contained therein.

20      458.    Answering paragraph 458, this paragraph sets forth legal conclusions and
21   questions of law to which no response is required. To the extent an answer is required,
22   County Defendants deny the allegations. County Defendants deny generally and
23   specifically each and every allegation contained therein.

24      459.    Answering paragraph 459, this paragraph sets forth legal conclusions and
25   questions of law to which no response is required. To the extent an answer is required,
26   County Defendants deny the allegations. County Defendants deny generally and
27   specifically each and every allegation contained therein.

28      460.    Answering paragraph 460, this paragraph sets forth legal conclusions and

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

461.    Answering paragraph 461, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

462.    Answering paragraph 462, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

463.    Answering paragraph 463, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

464.    Answering paragraph 464, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

465.    Answering paragraph 465, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

466.    Answering paragraph 466, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

467.    Answering paragraph 467, this paragraph sets forth legal conclusions and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  questions of law to which no response is required. To the extent an answer is required,
2  County Defendants deny the allegations. County Defendants deny generally and
3  specifically each and every allegation contained therein.

4  468.    Answering paragraph 468, this paragraph sets forth legal conclusions and
5  questions of law to which no response is required. To the extent an answer is required,
6  County Defendants deny the allegations. County Defendants deny generally and
7  specifically each and every allegation contained therein.

8  469.    Answering paragraph 469, this paragraph sets forth legal conclusions and
9  questions of law to which no response is required. To the extent an answer is required,
10  County Defendants deny the allegations. County Defendants deny generally and
11  specifically each and every allegation contained therein.

12  470.    Answering paragraph 470, this paragraph sets forth legal conclusions and
13  questions of law to which no response is required. To the extent an answer is required,
14  County Defendants deny the allegations. County Defendants deny generally and
15  specifically each and every allegation contained therein.

16  471.    Answering paragraph 471, this paragraph sets forth legal conclusions and
17  questions of law to which no response is required. To the extent an answer is required,
18  County Defendants deny the allegations. County Defendants deny generally and
19  specifically each and every allegation contained therein.

20  472.    Answering paragraph 472, this paragraph sets forth legal conclusions and
21  questions of law to which no response is required. To the extent an answer is required,
22  County Defendants deny the allegations. County Defendants deny generally and
23  specifically each and every allegation contained therein.

24  473.    Answering paragraph 473, this paragraph sets forth legal conclusions and
25  questions of law to which no response is required. To the extent an answer is required,
26  County Defendants deny the allegations. County Defendants deny generally and
27  specifically each and every allegation contained therein.

28  474.    Answering paragraph 474, this paragraph sets forth legal conclusions and

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

475.    Answering paragraph 475, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

## VII.

## SEVENTH CAUSE OF ACTION

### Dependent Adult Neglect

### (By the Estate of Lonnie Rupard Against Defendants Montgomery, CHP, Liberty Healthcare Corporation, Anosike, Cruz, Doe Medical Providers)

476.    Answering paragraphs 476-484, this cause of action was dismissed per the Court's order to which no response is required. County Defendants reiterate and incorporate by reference their admissions and denials as set forth above and below.

477.    Answering paragraph 477, this paragraph sets forth legal conclusions and questions of law to which no response is required.

478.    Answering paragraph 478, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

479.    Answering paragraph 479, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and specifically each and every allegation contained therein.

480.    Answering paragraph 480, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, County Defendants deny the allegations. County Defendants deny generally and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  specifically each and every allegation contained therein.

2  481.    Answering paragraph 481, this paragraph sets forth legal conclusions and

3  questions of law to which no response is required. To the extent an answer is required,

4  County Defendants deny the allegations. County Defendants deny generally and

5  specifically each and every allegation contained therein.

6  482.    Answering paragraph 482, this paragraph sets forth legal conclusions and

7  questions of law to which no response is required. To the extent an answer is required,

8  County Defendants deny the allegations. County Defendants deny generally and

9  specifically each and every allegation contained therein.

10  483.    Answering paragraph 483, this paragraph sets forth legal conclusions and

11  questions of law to which no response is required. To the extent an answer is required,

12  County Defendants deny the allegations. County Defendants deny generally and

13  specifically each and every allegation contained therein.

14  484.    Answering paragraph 484, this paragraph sets forth legal conclusions and

15  questions of law to which no response is required. To the extent an answer is required,

16  County Defendants deny the allegations. County Defendants deny generally and

17  specifically each and every allegation contained therein.

## VIII.

## EIGHTH CAUSE OF ACTION

### Wrongful Death

### (By Justino Rupard and Ronnie Rupard Individually Against All Defendants)

485.    Answering paragraphs 485-494, this cause of action was dismissed.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    Plaintiff's Third Amended Complaint fails to state a cause of action against County Defendants and/or fails to state a claim against County Defendants

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163                                  92

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

2.    Defendant County employees are entitled to qualified immunity against Plaintiff's claims. Defendant County employees acted in an objectively reasonable manner and are entitled to qualified immunity as a defense to actions brought as civil rights violations under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

### (Absolute Immunity)

3.    County Defendants are entitled to absolute immunity against Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Doctrine of Respondeat Superior Inapplicable)

4.    The doctrine of respondeat superior is not applicable to claims under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5.    At all times mentioned in the Third Amended Complaint, Deputy Defendants were employed by the County of San Diego and actin in their respective official capacities. Their alleged actions, if any, were made in good faith, without malice and/or performed with the reasonable belief that those actions were authorized by and in accord with existing law and authority.

## SIXTH AFFIRMATIVE DEFENSE

### (No Law Was Violated)

6.    Deputy Defendants did not deprive Plaintiffs of any of their rights, privileges, or immunities secured by the California State Constitution, California State laws, the United States Constitution, or laws of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**(Simple Negligence)**

7.    Under 42 U.S.C. § 1983, simple negligence does not constitute a violation of federal civil rights. *Parratt v. Taylor* (1981) 451 U.S. 527

## EIGHTH AFFIRMATIVE DEFENSE

### (No Reckless Disregard of Deliberate Indifference)

8.    Answering Defendants did not act with reckless disregard or deliberate indifference.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.    Plaintiff and/or Plaintiff's decedent failed to mitigate or attempt to mitigate damages, therefore if in fact any damages have been sustained, any recovery by Plaintiffs should be diminished or barred.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative/State Remedies)

10.    Plaintiff failed to exhaust their remedies available under federal, state, or administrative law as to some or all of their claims. Plaintiff failed to timely submit government claims as required under the Government Claims Act. Plaintiff failed to comply with required procedures for late claims under the Government Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    These answering Defendants are informed and believe and based thereon allege that Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

94

13.    Plaintiff's claims are barred by the doctrine of laches. Plaintiffs unreasonably delayed in bringing this action premised on the alleged incidents on or around March 17, 2022.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff and/or Third Parties)

14.    The damages alleged were directly and proximately caused and contributed to by the negligence and/or fault of persons other than these answering Defendants, and the extent of damages sustained, if any, should be reduced and proportioned to the amount of said negligence and/or fault. These answering Defendants allege that as to all causes of action, Plaintiff's harm, if any, was caused either by Decedent's own negligence or other misconduct or other improper acts, or by the negligence or other misconduct and improper acts of other named Defendants or other third parties not named in this lawsuit, and not by the conduct of answering Defendants. The damages sustained by Plaintiffs, if any, were caused by the acts of Decedent, which bar and/or diminish Plaintiff's recovery, if any, against these answering Defendants. Decedent was careless, negligent, or otherwise at fault in conducting his activities in connection with the events which are alleged in the Second Amended Complaint, and, as a direct and proximate result, Plaintiffs are barred, in whole or in part, from any recovery in this action. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault. Additionally, the damages sustained by Plaintiffs, if any, were caused by the acts of others, which bar and/or diminish Plaintiff's recovery, if any, against these answering Defendants. Decedent, Plaintiff's representatives, third persons, and/or the other possible Defendants herein were careless and negligent in and about the matters alleged in the Second Amended Complaint, and such carelessness and negligence proximately contributed to the happening of the injuries and damage, if any, complained of by Plaintiffs. Accordingly, any damages awarded to Plaintiffs against these answering Defendants must be reduced proportionately by the respective degrees of negligence

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1  of Plaintiffs, Plaintiff's representatives, third persons, and/or the other possible

2  Defendants herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

15.    If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or not yet served, either known or unknown, and not these answering Defendants and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiffs herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

16.    These answering Defendants are informed and believe and based thereon allege that Plaintiff's TAC is barred, in whole or in part, by the doctrine of equitable estoppel, including as to representations made in the Claim For Damages filed by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Single Incident)

17.    An unconstitutional policy, practice, or custom of Municipal Defendant cannot be established by a single incident. *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).

### EIGTEENTH AFFIRMATIVE DEFENSE

### (Failure to Establish Official Custom or Practice)

18.    Plaintiff's Complaint fails to establish any official custom or practice held by Defendant County which posed a risk of harm to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Official Government Policy)

19.    Plaintiff's Complaint fails to establish a cause of action because these

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*                    96

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  answering Defendants did not act pursuant to an official government policy, practice,

2  custom, or procedure that violated Plaintiff's constitutionally protected rights.

3  ## TWENTIETH AFFIRMATIVE DEFENSE

4  ### (Government Code Immunities)

5  20.    Plaintiff's action is barred by all applicable Government Code

6  immunities, including but not limited to, Sections 815.6, 818.2, 818.6, 818.8, 820,

7  820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are

8  pleaded as though fully set forth herein.

9  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

10  ### (Award of Damages)

11  21.    Plaintiff's Second Amended Complaint fails to state a claim against these

12  answering Defendants upon which an award of damages can be based, including

13  punitive damages.

14  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

15  ### (Lack of Tort Claim Compliance/Exhaustion)

16  22.    Plaintiff failed to comply with the claims filing requirements for actions

17  against public entities and/or their employees. Plaintiff failed to comply with the

18  applicable provisions of the California Government Tort Claims Act set forth in

19  California Government Code Sections 905, et seq. and as such lack standing to bring

20  the claims set forth in the TAC.

21

22  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

23  ### (Variance)

24  23. These answering Defendants allege that, to the extent Plaintiffs presented a

25  valid government tort claim, there is a material variance between the theories and

26  claims in Plaintiff's government tort claim and the state law causes of action in the

27  TAC and the government tort claim failed to plead material facts contained in the TAC.

28  ///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

24.    These    answering    Defendants    allege    that    Plaintiffs    and/or    their representatives lack standing to bring the claims alleged in the TAC under state law and federal law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation)

25. Answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in the Third Amended Complaint. Accordingly, these answering Defendants reserve the right to assert the additional defenses as applicable.

**WHEREFORE**, these answering Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by this action;

2.    That the action be dismissed;

3.    That Defendants be awarded costs of suit; and

4.    That Defendants be awarded such other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.

///
///
///
///
///
///
///
///
///
///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

DATED:  November 5, 2025          COLLINS + COLLINS LLP


By: _____
RADA FELDMAN
ADAM A. AINSLIE
NICHOLAS R. COLLETTI
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL
GORE, KELLY MARTINEZ, JON
MONTGOMERY, CHRISTINA
GOODALL (sued as CHRISTINA
ANOSIKE), MIGUEL AGUILERA,
JASON VILADIU, GUSTAVO
MARTINEZ, JEFF AMADO, ERNESTO
AGUIRRE, TREYVONNE JAMES (sued
in duplicate J. TREYVONNE),
BERNARDO ROMERO, MICHAEL
JOHNSON, ANDREW TORRES,
ALLEN WERESKI, BLADE ROMANS,
AND LINDA GUTIERREZ

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

1

## DEMAND FOR JURY TRIAL

2

3      County Defendants hereby demand a trial by jury in this matter as provided by Federal Rules of Civil Procedure, Rule 38(b).

4

5      DATED:  November 5, 2025             COLLINS + COLLINS LLP

6

7                                          By: _____

8                                          RADA FELDMAN
9                                          ADAM A. AINSLIE
                                           NICHOLAS R. COLLETTI
10                                         Attorneys for Defendants
11                                         COUNTY OF SAN DIEGO, BILL
                                           GORE, KELLY MARTINEZ, JON
12                                         MONTGOMERY, CHRISTINA
                                           GOODALL (sued as CHRISTINA
13                                         ANOSIKE), MIGUEL AGUILERA,
14                                         JASON VILADIU, GUSTAVO
                                           MARTINEZ, JEFF AMADO, ERNESTO
15                                         AGUIRRE, TREYVONNE JAMES (sued
16                                         in duplicate J. TREYVONNE),
                                           BERNARDO ROMERO, MICHAEL
17                                         JOHNSON, ANDREW TORRES,
18                                         ALLEN WERESKI, BLADE ROMANS,
                                           AND LINDA GUTIERREZ
19

20

21

22

23

24

25

26

27

28

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite
207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

25163

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT