UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 23CV1357-CAB (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL A SECOND DEPOSITION OF JON MONTGOMERY, D.O.**<br><br>**ECF No. 249** |

Currently before the Court is Plaintiff's March 6, 2026 Motion to Compel a Second Deposition of Jon Montgomery, D.O. at the County of San Diego's Expense [ECF No. 249 ("MTC")], Defendant County of San Diego's ("County") March 13, 2026 opposition to the motion [ECF No. 251 ("Oppo")], and Plaintiff's reply [ECF No. 252 ("Reply")].  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### DISCOVERY BACKGROUND

Discovery opened in this matter on May 9, 2024.  ECF No. 117.  On January 15, 2026, counsel for Plaintiff deposed Defendant Jon Montgomery, D.O., Chief Medical Officer for the San Diego County Sheriff's Department.  See Decl. of Eugene Iredale in Supp. of MTC ("Iredale Decl"), ECF No. 249-2 at ¶ 3.  Defendant County's counsel, Rada Feldman, defended the deposition.  MTC at 5.  Plaintiff brings this motion based on allegations that defense counsel raised objections during the deposition that prevented the "full and fair" examination of the

1

deponent, Dr. Montgomery.  See MTC.  Plaintiff's counsel met and conferred with defense counsel in person on February 19, 2026 but were "unable to resolve the dispute."  Iredale Decl. at ¶ 4.  On February 24, 2026, Plaintiff's counsel notified the Court that a dispute had arisen from the deposition and the Court issued a briefing schedule.  ECF No. 247.  In accordance with the briefing schedule, Plaintiff filed its motion on March 6, 2026, Defendant filed its opposition on March 13, 2026, and Plaintiff filed its reply on March 20, 2026.  See MTC, Oppo, and Reply.

## PLAINTIFF'S POSITION

Plaintiff seeks an order pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i) and 30(d)(2): (1) "permitting Plaintiff to take a second deposition of Dr. Montgomery and ordering the County to pay all associated costs that will be incurred in taking the deposition"; (2) "compelling Dr. Montgomery to answer questions in which Ms. Feldman improperly instructed him to refuse to answer; and" (3) "admonishing Ms. Feldman that any future objections must strictly comply with Rule 30(c)(2) and that speaking objections, unsolicited clarifications and disruptive colloquy are not acceptable conduct."  MTC at 5.  Specifically, Plaintiff contends Ms. Feldman repeatedly instructed Dr. Montgomery to not answer any questions relating to the Critical Incident Review Board ("CIRB") process by asserting an overbroad claim of attorney-client privilege.  MTC at 8-12.  Plaintiff argues that Dr. Montgomery should be compelled to answer foundational questions with respect to CIRB and confirms it is not seeking information regarding CIRB communications.  Id.; Reply at 3.  Plaintiff also asserts that Ms. Feldman improperly instructed the witness to not answer questions based upon a state-created privilege, which Plaintiff argues is not applicable to this federal case.  MTC at 12-13.  Finally, Plaintiff contends Ms. Feldman made more than two hundred eighty (280) objections that included speaking objections and colloquy which were used to coach Dr. Montgomery and disrupt the deposition.  Id. at 12-19; Reply at 2-4.

## DEFENDANT'S POSITION

Defendant County argues that its objections to the CIRB questioning were consistent with the Federal Rules of Civil Procedure, the Ninth Circuit's ruling in Greer v. County of San Diego, 127 F.4th 1216 (9th Cir. 2025), and this Court's prior ruling.  Oppo at 6-7, 9-16.  Specifically, County argues that its objections were appropriate because Greer held that "the attorney-client

23cv1357-CAB (BLM)

privilege applies to all CIRB-related documents and discussions." Id. at 6. With regard to counsel's other objections, County asserts that the objections were proper and did not involve coaching and, in any event, Plaintiff was able to obtain answers to almost all of the posed questions. Id. at 7, 16-21. County also asserts that there were only two questions involving State Auditor communications and the counsel's objections and instruction not to answer were appropriate under Greer. Id. at 15.

### LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2)(c)(i-iii)(instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject any objection." Fed. R. Civ. P. 30(c)(2). The "objection must be stated concisely in a nonargumentative and nonsuggestive manner." Id. An attorney "may instruct a deponent not

23cv1357-CAB (BLM)

to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Id. Fed. R. Civ. P. 37(a)(3)(B)(i) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a deponent fails to answer a question asked under Rule 30 or 31." In addition, Fed. R. Civ. P. 30(d)(2) provides that a court "may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent."

## DISCUSSION

In Greer, 127 F.4th at 1227, the Ninth Circuit held that "the attorney-client privilege applies to the disputed CIRB reports." In reaching this conclusion, the court found that the primary purpose of the CIRB was to obtain legal advice and therefore reversed the district court's conclusion that the CIRB and the documents it generates are not confidential. Id. at 1224-27. In explaining its decision, the court noted that the CIRB process occurs in three stages and that legal counsel is present in all three stages and that within forty-five days after the CIRB meeting, the Lieutenant must "prepare a report summarizing the actions and conclusions of the board." Id. at 1220-21. The report "must contain findings with regard to any policy violations, training or policy issues, and actions taken by the Department." Id. at 1221. "Additional documents produced by the CIRB include memoranda, records, and reports containing findings about inmate deaths and injuries and summarizing the CIRB's actions and conclusions." Id. While the Ninth Circuit did not "explicitly state that the entire CIRB procedure is protected by the attorney-client privilege," this Court concluded that the Ninth Circuit's "analysis clearly indicates that CIRB's investigations, discussions, and written reports are privileged." ECF No. 201 at 6.

In the deposition at issue, defense counsel repeatedly instructed Dr. Montgomery to not answer any questions related in any way to CIRB or the CIRB process. See e.g. ECF No. 249-3 at 75-76 ("I'll instruct you not to answer anything about the CIRB process"); 82-83 ("To the extent there is any overlap between the mortality review and the CIRB process for this case or any other case, I will instruct the witness not to answer based on attorney-client privilege.");

4

23cv1357-CAB (BLM)

157 ("I'm just going to object to this entire line of questioning and instruct you not to answer. It's attorney-client privileged, the entire CIRB process."); 158 ("I'm going to instruct him not to answer any question where you use the word "CIRB" and refer to the CIRB process and ask him about CIRB and the CIRB process.  All of this is attorney-client privileged."); 181 ("I'm objecting to this whole line of questioning.  This is all attorney-client privilege.  This involves the CIRB process.  He's not going to answer any of these questions.").

As a result of County's counsel's objections and instructions to not answer questions, counsel for Plaintiff was unable to obtain answers to questions tangentially related to the CIRB process.  For example, Plaintiff's counsel asked if the deponent reviewed a document after the CIRB process ended and the County's attorney objected and instructed him to not answer.  Id. at 75-76.  Counsel also instructed the deponent to not answer questions inquiring whether an attorney was present at the CIRB meeting and whether the deponent spoke with an attorney "in connection with your review of the death of Mr. Rupard."  Id. at 86-88; see also 156-58 (whether CIRB reviews natural deaths and whether any meaningful corrective action occurred after the CIRB review); 181 (whether there is a synopsis of the CIRB's findings posted publicly on the Sheriff's website).

The Court finds that counsel for the County impermissibly extended the attorney-client privilege covering the CIRB process and its reports to facts and conduct occurring separately from the CIRB process.  In support of this conclusion, the Court notes that in finding the CIRB reports at issue in Greer were privileged, the Ninth Circuit relied on the facts that "Department Policy required the Chief Legal Advisor to be part of the CIRB" and "there is no contention that the Chief Legal Advisor was absent from any of the meetings memorialized in the reports." Greer, 127 F.4th at 1226.  Given the court's reasoning, a party must be allowed to ask foundational questions about the CIRB process to determine whether a specific CIRB meeting and the generated reports are covered by the attorney-client privilege.  See id. at 1225 (what is most important is "how the CIRB actually operates"); id. at 1238-39 (Koh, C.J., dissenting) (identities of CIRB attendees are not privileged).  Other courts have made similar distinctions. See Garza v. County of San Bernardino, 2025 WL 1126513, *5 (finding that questions such as

23cv1357-CAB (BLM)

"how many meetings the witness had to prepare for the deposition [and] whether anyone left the LFERB meeting" are not covered by the meeting's attorney-client privilege); Portney v. County of Lake, 2025 WL 2612420 *3 (N.D. Cal. Sept. 10 2025) (citing Larson v. Harrington, 11 F. Supp. 2d 1198, 1201 (E.D. Cal. 1998)) (addressing a county board of supervisor's closed session, the court held that "the fact that confidential communications within the privilege may have been made at the board meetings does not cloak the entire proceeding in secrecy"); Anderson v. Marsh, 312 F.R.D. 584 (E.D. Cal. 2015) (investigative reports created as part of an investigation into an officer involved shooting with the purpose of "determin[ing] what occurred during the incident" and "review[ing] and critiqu[ing] the officer's conduct were not privileged, even though they were forwarded to general counsel because "while any communication from general counsel regarding his review of the reports would fall within the attorney-client privilege, the fact that general counsel reviews the documents created during the investigation is not sufficient to entitle them to attorney-client privilege").

The Court therefore finds that Plaintiff is entitled to obtain answers to foundational and tangential questions such as whether an attorney was present at the various phases of the CIRB process, who was present at the CIRB meeting, whether a document was reviewed after the CIRB meeting occurred, whether the deponent spoke with an attorney in connection with his review of Mr. Rupard's death, etc.  Plaintiff is not entitled to obtain answers regarding the substance of the CIRB meeting, communications that occurred as part of the CIRB process, or documents that were generated as part of the CIRB process.  Because counsel's instructions to not answer questions were so broad, it is not clear from the transcript any additional questions that Plaintiff may have wanted to ask.  Accordingly, the Court authorizes Plaintiff to depose Dr. Montgomery regarding foundational and tangential facts that do not involve the substance of the CIRB process or documents created by the CIRB process.

In its second argument, Plaintiff contends that County's attorney improperly objected to two questions relying on a state-created privilege.  MTC at 12.  County responds that the objection was proper because the requested information is protected from disclosure pursuant to California Government Code section 845.  Oppo at 15.  County also notes that the Ninth

23cv1357-CAB (BLM)

Circuit stated that "[a]s to the State Auditor, disclosure of the CIRB reports is required by law" and therefore does not constitute a waiver. Id. (citing Greer, 127 F.4th at 1227).

The deposition questions at issue are 1) "Now, the question is: Who in the nursing staff did you speak with or consult with, with respect to a change of policy", 2) "Did you provide information or materials to the auditor in connection with those 30 deaths?", and 3) "Did you give the State Auditor access to medical records?" MTC at 12; ECF No. 249-3 at 120, 129-130. With regard to the first question, counsel objected but allowed the witness to answer. ECF No. 249-3 at 120. With regard to questions two and three, counsel objected and instructed the witness not to answer either question. Id. at 129-130. Because counsel allowed the witness to answer the first question, the Court finds there is no error in the deposition process. Fed. R. Civ. P. 30(c)(2). The last two questions are yes/no questions that did not seek privileged or confidential information. ECF No. 249-3 at 129-30. County cites California Government Code § 8454.2 and argues that "[c]ommunications with the State Auditor" are privileged. Oppo at 15. While such communications may be privileged, the questions at issue do not seek communications with the State Auditor. Id. Notably, Plaintiff's counsel told defense counsel that he was "not asking for communications" and then reasked the third question. Counsel responded with the same objection and instruction not to answer and the deponent stated he was following counsel's guidance. ECF No. 249-3 at 130. The Court finds that the instruction to the witness to not answer the last two questions was improper. See Lucas v. Breg, 2016 WL 2996843, at *4 (S.D. Cal. May 13, 2016) ("Regardless of whether a judge would have permitted such questions, [counsel's] role during a deposition does not include the authority to essentially rule on their own objections and determine whether such questions need to be answered.").

Plaintiff's third argument is that defense counsel repeatedly made speaking objections that had the effect of coaching the witness and disrupting the flow of the examination. MTC at 12-19. County argues that the objections were not improper as counsel had "an obligation to preserve objections for the record and did so here" and her objections were "proper [and] concise." Oppo at 16-18. County argues that counsel was not coaching the witness and asserts that Dr. Montgomery answered the "majority" of Plaintiff's questions so there is no basis for

7

sanctions.  Id. at 16-22.

Rule 30(c)(2) requires counsel to state objections "concisely in a nonargumentative and nonsuggestive manner." Speaking objections do not comply with the rule. See Timeless Production FZ LLC v. Baker, -- F.R.D. --, 2026 WL 412671, *1 (N.D. Cal. Feb. 13, 2026)  (Finding that speaking objections, defined as objections "not confined to their basis (e.g. "compound" or "asked and answered")" violate Rule 30(c)(2)  because they are "improper and tantamount to coaching a witness.").  In this case, defense counsel did not adhere to the Rule's strict limitations and made numerous speaking objections. See e.g. ECF No. 249-3 at 19 ("and just to clarify, are you referring to San Diego Central Jail or all jails, all facilities?"); 47 (counsel stated concise objections and then stated "and can you clarify? When you're referring to "QMHP," are you referring to contracted providers or county employees? Because that term is defined"); 95 ("Can you clarify that you're reviewing the response and objections to the notice of deposition to Dr. Montgomery?"); 139 ("When you're referring to "deaths," are you referring to deaths — just deaths in custody? All deaths?"); 161 (Are you referring to the form that's in the statute?"); 164 ("Where do you see that it says the document is to be submitted?").

Defense counsel also repeatedly violated Rule 30(c)(2) by making objections, such as calls for speculation, lacks foundation, vague and ambiguous, or misstates testimony, which resulted in the witness adopting the objection in his answer.   The Court reviewed the entire deposition transcript and found numerous examples in which the deponent adopted counsel's stated objection and/or indicated that he could not answer the question for the reason set forth in counsel's objection. See e.g. MTC at 13-18; Reply at 2-3; ECF No. 249-3.  As such, the Court finds that many of Ms. Feldman's objections were improper and influenced the deponent's testimony. See La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC, 2019 WL 4141237, at *17 (S.D. Cal. Aug. 30, 2019) (finding objections that suggest how a witness should answer a question violate Rule 30(c)(2)).  This conclusion is supported by Ms. Feldman's unwillingness to preserve her objections in a manner that did not negatively impact the deposition testimony. Plaintiff's counsel stated that defense counsel was making numerous objections to form and offered to stipulate to an "ongoing constant objection to every question" "as to substance or

23cv1357-CAB (BLM)

form" as he believed it was improper coaching or disruption.  Id. at 27. Defense counsel refused the offer, stating that she's "entitled to make objections to your questions" as they are asked and that her "objections are not coaching".  Id.  Finally, the Court finds that County's argument that sanctions are not appropriate because the deponent answered almost all of Plaintiff's questions is misleading and without merit because, as noted above, Dr. Montgomery's answers to many of the questions were not substantive as he merely responded that he could not answer the question for the reason articulated in counsel's objection.

For these reasons, the Court finds that defense counsel's blanket instruction to not answer questions regarding overbroad categories of information and her suggestive objections improperly impeded, delayed, and frustrated the fair examination of Dr. Montgomery, warranting relief under Rules 30(d)(1) and 30(d)(2) and therefore turns to the appropriate sanction.  Rule 30(d)(1) authorizes the Court to allow additional time to depose a witness if "the deponent, another person, or any other circumstance impedes or delays the fair examination of the deponent."  The Rule also authorizes the Court to "impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.  Fed. R. Civ. P. 30(d)(2); see also Fed. R. Civ. P. 37(a)(5) (authorizing the award of "reasonable expenses" to the moving party if a motion to compel discovery responses is granted).

The Court **GRANTS** Plaintiff's Motion to Compel a Second Deposition of Dr. Montgomery. The second deposition is limited to 1) foundational and tangential facts related to the investigation of Lonnie Rupard's death and the CIRB process that do not involve the substance of the CIRB process or documents created by the CIRB process, 2) the two questions discussed above regarding the State Auditor, and 3) any additional subjects obstructed by improper instructions and coaching during the first deposition.  The deposition may not exceed two hours of testimony (any break time is not included in the authorized two hours).  Counsel for the County must strictly comply with the requirements of Rule 30(c)(2).  For objections as to form of the question, counsel is only permitted to state "objection as to form of the question".  This objection will preserve all objections as to form of the question and the deponent must then

9

answer the question.  No speaking objections or clarifying statements may be made.  The County shall pay the reporter and videographer costs associated with the second deposition.  <u>See</u> Fed. R. Civ. P. 30(d)(2).

**IT IS SO ORDERED.**

Dated:  4/7/2026

Hon. Barbara L. Major
United States Magistrate Judge

23cv1357-CAB (BLM)