UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.: 23CV1357-CAB (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO INVESTIGATION INTO LONNIE RUPARD'S DEATH**<br><br>**ECF No. 248** |

Currently before the Court is Plaintiff's March 6, 2026 Motion to Compel Production of Documents Related to Investigation into Lonnie Rupard's Death [ECF No. 248 ("MTC")], Defendant County of San Diego's ("County") March 13, 2026 opposition to the motion [ECF No. 250 ("Oppo")], and Plaintiff's reply [ECF No. 253 ("Reply")].  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Discovery opened in this matter on May 9, 2024.  ECF No. 117.  On December 6, 2024, Plaintiff filed a motion to compel the County of San Diego to produce ten Critical Incident Review Board ("CIRB") reports, along with the CIRB report for Lonnie Rupard.  ECF No. 158.  The County objected to the production of these reports claiming they were protected by attorney-client privilege.  ECF No. 161.   On February 5, 2025, the Court granted the motion to compel and

ordered Defendant to produce the CIRB reports, with redactions.  ECF No. 176.  Five days later, the Ninth Circuit issued Greer v. Cnty. of San Diego, 127 F.4th 1216 (9th Cir. Feb. 10, 2025).  In Greer, the Ninth Circuit concluded that the CIRB reports at issue were protected by attorney-client privilege.  Id. at 1226.  Defendant brought a motion to reconsider the Court's previous order compelling the disclosure of these reports in light of Greer.  ECF No. 186.  This Court granted the motion for reconsideration and vacated the previous order requiring Defendants to produce the CIRB reports to Plaintiff.  ECF No. 201.

Plaintiff now brings the motion currently before the Court seeking an order compelling Defendant to provide discovery related to all investigations into Lonnie Rupard's death.  ECF 248.  Defendant maintains that Greer's holding is controlling and to the extent that a response includes the CIRB reports, these reports are not subject to disclosure as they are protected by attorney-client privilege.

Plaintiff's counsel met and conferred with defense counsel in person on February 19, 2026 but were "unable to resolve the dispute."  See Decl. of Eugene Iredale in Supp. of MTC ("Iredale Decl."), ECF No. 248-1 at ¶ 6. On February 25, 2026, the Court issued a briefing schedule.  ECF No. 247.

### PLAINTIFF'S POSITION

Plaintiff seeks an order pursuant to Fed. R. Civ. P. 37(a)(1) compelling the County to produce documents in response to their Request for Production of Documents No. 17 ("RFP No. 17").  Plaintiff served this RFP on December 5, 2025 seeking, in part, "[a]ny and all DOCUMENTS relating to any investigation conducted by the San Diego County Sheriff's Department into the death of Lonnie Rupard."  MTC at 3.  Plaintiff argues that California Senate Bill 509, codified as California Penal Code § 832.10, mandates disclosure of all records relating to in-custody deaths in local detention facilities and expressly overrides attorney-client privilege as a basis for withholding factual information.  Id. at 5.  Plaintiff contends the County cannot assert attorney-client privilege under federal privilege law that applies only to confidential communications, because § 832.10 expressly states that these documents are not confidential.  Id. at 7.  Finally, Plaintiff argues that the Ninth Circuit's decision in Greer does not control the disclosure of these

documents because the Ninth Circuit did not consider nor did it cite to § 832.10 in their decision. Id. at 9

### DEFENDANT'S POSITION

The County initially argues Plaintiff's motion to compel should be denied on procedural grounds as untimely[1]  under this Court's Chambers rules and the discovery sought is duplicative of prior discovery regarding the CIRB reports.  Oppo at 9-12.  The County argues that the Greer decision controls and the CIRB reports are protected by attorney-client privilege. Id. at 16.  In addition, the County contends that Plaintiff's reliance on § 832.10 and the argument that it mandates disclosure of the CIRB reports is misplaced for three reasons.  Id. at 12-15.  First, the County contends that this statute does not apply because the CIRB reports are not "maintained by a local detention facility" as required by § 832.10.  Id. at 12-13.  Second, the County argues § 832.10(c)(7)(A)(i) leaves intact the ability of a local detention facility to assert attorney-client privilege over these CIRB reports.  Id. at 14-15.  Third, the Ninth Circuit's opinion in Greer is controlling and the CIRB reports remain protected by attorney-client privilege.  Id. at 15-16.

### LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

---

[1] The parties both submit declarations regarding the meet and confer process relating to this discovery dispute.  Based on these declarations, it is not clear to the Court that it was communicated to Plaintiff that Defendant would not be supplementing their responses to RFP No. 17 when they supplemented the remaining responses.  The Court declines to deny Plaintiff's motion to compel as untimely and will instead rule on the merits.

23cv1357-CAB (BLM)

Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." Doherty v. Comenity Capital Bank & Comenity Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017). Relevance, however, is not without limits. Id. The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's notes (2015 amendment). Instead, to fall within the scope of discovery, the information must also be "proportional to the needs of the case," requiring lawyers to "size and shape their discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or wasteful discovery." Fed. R. Civ. P.  26(b)(1); Cancino Castellar v. McAleenan, 2020 WL 1332485, at *4 (S.D. Cal Mar. 23, 2020) (quoting Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

District courts have broad discretion to determine relevancy for discovery purposes. D.M. v. County of Merced, 2022 WL 229865, at * 2 (E.D. Cal. Jan. 26, 2022) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Further, "[w]hen analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Cancino, 2020 WL 1332485, at *4 (citing Fed. R. Civ. P. 26(b)(1)).

Fed. R. Civ. P.  34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Fed. R.

23cv1357-CAB (BLM)

Civ. P.  26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the party propounding the request for production of documents may move to compel discovery. See Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its requests satisfy the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." Williams v. County of San Diego, 2019 WL 2330227, at *3 (citing Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)) (internal quotations omitted).

## ANALYSIS

Plaintiff seeks an order from this Court compelling the County to produce documents related to any investigation into the death of Lonnie Rupard.  MTC at 2.  The County objected on the grounds that the documents it claims Plaintiff is seeking are subject to attorney-client privilege and the request is duplicative of the discovery Plaintiff previously sought in this matter. Oppo at 6.  The Court finds as an initial matter, and neither party disputes, that the discovery Plaintiff seeks is relevant.

A.    RFP No. 17

**Request for Production No. 17**:

Any and all DOCUMENTS RELATING TO any investigation conducted by the San Diego County Sheriff's Department into the death of Lonnie Rupard, including all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against a person, whether the person's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting forth findings or recommended findings; and copies of disciplinary records relating to the death incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action.

23cv1357-CAB (BLM)

**Response to Request for Production No. 17:**

Objection. This Request is vague, ambiguous, oppressive, unduly burdensome, and overbroad in scope, and otherwise not described with reasonable particularity under FRCP 34(b)(1). Responding Party further objects to the extent that Further, this Request as phrased is conjunctive/compound, and requires Responding Party to speculate what documents are responsive. Responding Party further objects to the extent that that this Request seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Responding Party further objects on that the grounds that this Request seeks information that is not proportional to the needs of the case under FRCP 26(b)(1) and seeks information that is cumulative or duplicative (and to the extent that this Request is actually duplicative of previous requests, to which Responding Party has already provided response and responsive documents). Responding Party further objects to this Request to the extent responsive documents have already been produced and/or are already in the possession of the Propounding Party, or otherwise equally available to the Propounding Party.

Responding Party further objects to this Request to the extent that it seeks or potentially seeks documents and information that are protected by attorney- client privilege, attorney work-product doctrine, and the official information privilege pursuant to Federal Rules of Evidence, Rule 501, and California Evidence Code §§ 1040 et seq., and Responding Party objects to producing documents protected from disclosure by these privileges. Further, Responding Party objects to this Request to the extent that it seeks disclosure of confidential documents prepared for attorney review and in anticipation of litigation, which are attorney-client privileged communications and protected from disclosure by the attorney-client privilege and is beyond the scope of permissible discovery.

Responding Party further objects to the extent this Request seeks video files previously produced, and to which, are subject to the Joint Stipulated Protective Order due to ongoing District Attorney investigation.

Notwithstanding said objections, Responding Party responds as follows:

Responding Party has attempted to meet and confer with Propounding Party in an effort to resolve concerns with not only the foregoing objections, but further, to actually what is needed and what may not have already been produced. Those

23cv1357-CAB (BLM)

efforts have not resulted in a proper or reasonably timely meet and confer opportunity. Responding Party remain open to meeting and conferring in order to provide all proper responses to this Request and to produce all responsive documents not subject to valid objection or that have not already been produced to date.

Discovery remains ongoing.

Declaration of Adam Ainslie in Oppo to MTC ("Ainslie Decl."), ECF No. 250-1, Ex. 2 at 4-6.

B.      Duplicative Discovery

The County argues that Plaintiff's motion should be denied because its request to compel further response to RFP No. 17 is "unreasonably cumulative or duplicative" of previous discovery Plaintiff has propounded.  Oppo at 9 (citing Fed. R. Civ. P. 26(b)(2)(C)).  The County argues that this RFP is "sufficiently similar" to Plaintiff's prior CIRB related discovery and is an impermissible attempt to "revive" a previously resolved dispute.  Id. at 10.

Plaintiff previously propounded discovery seeking "[a]ny and all reports or memoranda of the Critical Incident Review Board (CIRB) REGARDING or RELATED TO Lonnie Rupard." See ECF 158-2 at 8.  In contrast, the current request seeks, in part, "[a]ny and all DOCUMENTS RELATING TO any investigation conducted by the San Diego County Sheriff's Department into the death of Lonnie Rupard, including all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews." Iredale Decl., Ex. 1 at 3-4.  Defendant concedes that these two requests on their face "might appear to be different" but argues that the meet and confer efforts "made clear"  the only documents currently sought by Plaintiff are the CIRB reports.  Oppo. at 10-11.  In its Reply, Plaintiff argues that this new request contains different language than the initial discovery requests, seeks all documents relating to "an investigation" which is not limited to the CIRB investigation, and seeks factual information from investigations that are "public under California law."  Reply at 10-11.

Neither side disputes that the production of CIRB reports could be considered responsive to the request and Plaintiff does not dispute that their request includes the CIRB reports. However, it is clear from the request that the information sought in the current RFP encompasses investigations other than just the CIRB investigation and that this RFP is therefore not duplicative

23cv1357-CAB (BLM)

of the initial requests that focused solely on the CIRB reports.  Therefore, the Court finds RFP No. 17 is not "unreasonably cumulative or duplicative" of the prior propounded discovery.

C.    CIRB Reports

As discussed above, Plaintiff's current RFP seeks both CIRB related discovery and non-CIRB related discovery.  With regard to the CIRB related discovery, Plaintiff argues that § 832.10 eliminates the confidentiality of the CIRB reports which then negates the attorney-client privilege announced by Greer.  MTC at 5-7.  Plaintiff also asserts that Greer is not controlling authority as to the applicability of § 832.10 because the Ninth Circuit did not consider or address Section 832.10.  Id. at 9.  County disputes these contentions.  Oppo.

Plaintiff's argument that Penal Code § 832.10 overrides the Ninth Circuit's holding in Greer is not supported by the applicable law.  In Greer, the Ninth Circuit held that CIRB reports concerning investigations of in-custody deaths in the San Diego County Jail were protected by attorney-client privilege because the primary purpose of the CIRB process is to obtain legal advice.  Greer, 127 F.4th at 1224 (citing In re Grand Jury, 23 F.4th 1088, 1091 (9th Cir. 2021)).  In reaching this decision, the court focused on the "primary purpose" of the CIRB proceedings, not on the confidentiality of the resulting documents.  Id. at 1224 (holding that the district court erred in concluding that the "primary purpose of the CIRB, and the documents it generates," was not to obtain legal advice.).  Section 832.10 does not negate the Ninth Circuit's reasoning or conclusion.

Moreover, the Ninth Circuit consistently has held that "issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law."  U.S. v. Bauer, 132 F.3d 504, 509, fn. 4 (9th Cir. 1997) (citation omitted.); see also Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies.").  This principal is codified in Federal Rule of Evidence 501, which provides that "the common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege."  Fed. R. Evid. 501.  In United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009), the court vacated a privilege ruling because the district court "erred by relying on California law to define

23cv1357-CAB (BLM)

the attorney-client privilege," and reaffirmed that federal common law governs privilege disputes arising under federal law.  Plaintiff has offered no federal authority to support a finding that this Court is no longer bound by the holding in Greer with regard to the CIRB reports.

Plaintiff's second argument regarding the effect of the Ninth Circuit's alleged failure to consider the impact of § 832.10 is unsupported by the factual record in Greer.  MTC at 9.  During oral arguments, the Ninth Circuit expressly addressed § 832.10.[2]  The panel itself raised the question of whether the enactment of § 832.10 impacted the determination of whether CIRB reports were protected by attorney-client privilege.  County counsel responded that § 832.10 had no effect on the privilege issue.  While the opinion itself did not address § 832.10 [see generally Greer, 127 F.4th 1216], this exchange demonstrates that the Ninth Circuit was aware of and considered the statute, even if it did not explicitly reference it in the written opinion.  In addition, the applicability of § 832.10 was raised in petitions seeking a rehearing en banc of the Greer decision.  Ainslie Decl., Exhs. 9, 10.  The petition for rehearing was denied which indicates that the full court determined that § 832.10 did not alter the privilege decision.

The Court also finds persuasive the holding in Garza v. Cnty of San Bernardino, 2025 WL 1126513 (C.D. Cal. Mar. 5, 2025).  In Garza, the court considered a law enforcement review board analogous to CIRB known as the "Lethal Force Encounter Review Board" ("LFERB").  Id. at * 4.  Garza involved Penal Code § 832.7 which closely parallels § 832.10 as both statutes require public access to specific law enforcement records.  The issue in Garza was whether the communications in the LFERB were subject to attorney-client privilege or whether § 832.7 negated the privilege and required the communications to be publicly disclosed.  Id.  The discovery dispute in Garza arose during the deposition of defendant's Rule 30(b)(6) witness who was asked questions about the approval process of the LFERB's decision and whether the deputies involved had been subject to internal affairs investigations or disciplined.  Id. at *1.  Defendant's counsel objected, instructing the deponent not to answer on the grounds that the

---

[2] See https://www.ca9.uscourts.gov/media/video/?20240814/23-55607/ (website last visited March 23, 2026.)

23cv1357-CAB (BLM)

evidence discussed at the LFERB was protected by attorney-client privilege. Id.

After comparing the LFERB and CIRB and finding them to be similar, the court determined that the privilege determination set forth in Greer was controlling despite § 832.7 and therefore held that the LFERB's "primary purpose" was to "secure legal advice" and "all discussions at the LFERB" were protected by attorney-client privilege. Id. at *5, 6. The court acknowledged that the finding that the proceedings were protected by the attorney-client privilege was "potentially in some tension with California Penal Code § 832.7(b)(1)(A)(i) … [but] the Ninth Circuit's decision in Greer compels the court's finding that all discussions at the LFERB are subject to the attorney-client privilege." Id. at *5.

For the reasons set forth above, the Court finds that PC § 832.10 does not negate the reasoning or holding in Greer. See also Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001) (Once a panel of circuit judges "resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the [circuit] court itself sitting en banc, or by the Supreme Court.") Accordingly, the Court finds Greer remains controlling law and the CIRB reports remain protected by attorney-client privilege.

D.    Non-CIRB related discovery

The County's opposition fails to address Plaintiff's argument that they are entitled to the broader discovery requested in RFP No. 17 and instead focuses solely on the dispute over the issue of production of the CIRB reports. Oppo at 12-15.

In response, Plaintiff reiterates RFP No. 17 "did not mention CIRB reports specifically but rather sought obviously factual information in language drawn from Penal Code § 832.10" which necessarily includes factual information gathered, and investigations conducted, outside of the CIRB process. Reply at 7. Specifically, Plaintiff argues RFP No. 17 "seeks only documents related to 'an investigation,' rather than all 'reports' or 'recommendations or conclusions' of CIRB." Id. at 10.

/ / /

/ / /

/ / /

The County's response to RFP No. 17 is, in part, as follows:

**Responding Party has attempted to meet and confer with Propounding Party in an effort to resolve concerns with not only the foregoing objections, but further, to actually what is needed and what may not have already been produced**. Those efforts have not resulted in a proper or reasonably timely meet and confer opportunity. Responding Party remain open to meeting and conferring in order to provide all proper responses to this Request and to produce all responsive documents not subject to valid objection or that have not already been produced to date.

Discovery remains ongoing.

Iredale Decl. at ¶ 3, Ex. 2 (emphasis added.)

The County's response to RFP No. 17 acknowledges the existence of potentially responsive documents but fails to produce them citing vague "concerns" about "what is actually needed and what may not have already been produced." Id.  Neither this response nor the opposition directly addresses the nature of the concerns other than the issue above relating to CIRB reports.  Moreover, the County does not dispute that the information sought in RFP No. 17 is relevant and proportional to the needs of the case.

Plaintiff's motion to compel additional responses to RFP No. 17, excluding CIRB reports and CIRB investigations, is **GRANTED**.  The County must supplement its response to RFP No. 17 and provide a privilege log if any of the responsive documents, or portions, therefore, are protected by attorney-client privilege.

## CONCLUSION

Plaintiff's Motion to Compel further responses to RFP No. 17 is **GRANTED**  in part and **DENIED** in part.  Plaintiff's Motion to Compel further responses to RFP No. 17 is **DENIED** as to production of the CIRB reports and CIRB investigations.  Plaintiff's Motion to Compel further responses to RFP No. 17 for all other responsive documents is **GRANTED.**

///

///

///

23cv1357-CAB (BLM)

The County must serve all supplemental responses on or before **April 27, 2026**.

**IT IS SO ORDERED.**

Dated:  4/7/2026

Hon. Barbara L. Major
United States Magistrate Judge

23cv1357-CAB (BLM)