Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, Anthony Cruz,
D.O. and Liberty Healthcare of California,
Inc.

Rada Feldman, Esq. (SBN 285931)
rfeldman@ccllp.law
Adam A. Ainslie, Esq. (SBN 311427)
aainslie@ccllp.law
Nicholas R. Colletti, Esq. (SBN 283947)
ncolletti@ccllp.law
Robert S. Kahn, Esq. (SBN 231277)
rkahn@ccllp.law
Caroline M. Park, Esq. (SBN 334008)
cpark@ccllp.law
COLLINS + COLLINS LLP
2011 Palomar Airport Road, Suite 207
Carlsbad, California 92011
Telephone: (760) 274-2110
Fax: (760) 274-2111

Attorneys for Defendants, COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREVONNE JAMES (sue in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, and THOMAS MACE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ; AND JUSTINO RUPARD, <br><br> Plaintiffs. <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al. | Case No. 3:23-cv-01357-CAB-JAC <br><br> ***EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER [ECF 244, 264, 272] BY DEFENDANTS LIBERTY HEALTHCARE OF CALIFORNIA, INC., ANTHONY CRUZ, D.O., AND THE COUNTY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES** |

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

Defendants.

[Filed concurrently with Declaration of Corey E. Krueger and Exhibits]

Before the Hon. Janet A. Cabral

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendants Anthony Cruz, D.O. and Liberty Healthcare of California, Inc. (the "Liberty Defendants") respectfully apply ex parte for an order amending all dates on the scheduling order, originally set out in ECF 244 and as amended in ECF 264 and ECF 272. Additionally, and as an alternative to continuing the Mandatory Settlement Conference ("MSC"), the Liberty Defendants request that the MSC be reverted to Zoom-based attendance, due to the inability of necessary personnel to travel to San Diego. The County Defendants join the instant Application.[1]

## I.    INTRODUCTION

Good cause supports a modest, coordinated continuance and a common-sense re-ordering of the remaining schedule. Three developments, none attributable to any lack of diligence by the Defendants, drive this request.

First, after the parties agreed to the August 10, 2026 MSC date, the Court converted the proceeding from the video appearance Judge Major had set (see ECF No. 245) to an in-person appearance (ECF No. 264); the Liberty Defendants' carrier representative resides in New York and cannot travel to appear in person in San Diego on that date, though he remains able to attend via videoconference on that date. Likewise, Liberty Healthcare of California, Inc.'s corporate representative resides in Kentucky and cannot travel to appear in San Diego on that date, though she remains

---

[1] After the moving papers were prepared in draft and just before they were finalized for filing, the County Defendants became aware that their County Representative has encountered a work-related conflict with the MSC, and will be engaged in a deposition in another in-custody death matter at the same time as the current MSC date. Accordingly, it is the position of the County Defendants that the MSC should be *continued*, rather than kept on the same date via videoconference.

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

able to attend via videoconference on that date.

Second, the MSC and the current motion deadlines are premature and out of sequence relative to the expert and fact-discovery calendar: rebuttal expert reports are not due until August 7, 2026 (three days before the MSC), expert discovery remains open until September 15, 2026, and two motions to compel on fact discovery issues remain pending — the resolution of which may require supplemental document production and further expert analysis.

Third, the Scheduling Order requires dispositive and Daubert motions to be filed by September 4, 2026 — before the September 15, 2026 close of expert discovery — and the anticipated summary judgment motions are sufficiently complex that they cannot realistically be briefed, and ruled upon, in time to hold the February 8, 2027 trial. Lead counsel for the Liberty Defendants has a conflicting, older-filed trial in this District, which further supports a continuance. The Liberty Defendants therefore respectfully request the relief set out below.

## II.   RELEVANT BACKGROUND

The Court issued a scheduling order on November 21, 2025 (ECF No. 244).  It was amended on May 5, 2026 (ECF No. 264), and again on June 8, 2026 (ECF No. 272).  As amended, and as relevant here, the scheduling order provides for the following dates:

| May 22, 2026 | Initial Expert Designation |
|---|---|
| July 15, 2026 | Initial Expert Reports |
| July 20, 2026 | Rebuttal Expert Designation |
| July 31, 2026 | MSC Statements Due |
| August 7, 2026 | Rebuttal Expert Reports |
| August 10, 2026 | Mandatory Settlement Conference |
| September 4, 2026 | Pre-Trial Motion Filing Deadline |
| September 15, 2026 | Expert Discovery Completion |
| December 10, 2026 | Pre-Trial Disclosures Due |

*EX PARTE* **APPLICATION TO AMEND SCHEDULING ORDER**

| December 17, 2026 | L.R. 16.1(f)(4) Meeting |
| December 24, 2026 | Objections to Pre-Trial Disclosures |
| December 31, 2026 | Lodge Proposed Final Pre-Trial Conference Order |
| January 8, 2027 | Final Pre-Trial Conference |
| February 8, 2027 | Trial |

The MSC was originally set as a *video* appearance by Judge Major (ECF No. 245), and the parties agreed to the August 10 setting on that basis. On May 5, 2026, following reassignment, the Court continued the MSC and converted it to an *in-person* appearance at the Edward J. Schwartz Courthouse (ECF No. 264). While counsel for the Liberty Defendants admits not immediately realizing that change had been made, as soon as it was noted, it was brought to the attention of the carrier representative and corporate representative for the Liberty Defendants. Unfortunately, while both remain able to attend the MSC on that date *via videoconference*, neither is able to travel to San Diego for in-person attendance on that date. The carrier representative would be traveling from New York, and the corporate representative from Kentucky. However, independent of this issue, the MSC would not be productive at this stage due to multiple other issues, discussed below.

Importantly, though fact discovery closed some time ago, at least one Motion to Compel regarding fact discovery issues remains pending (ECF No. 276). Plaintiff's counsel has previously taken the position – and the defense agrees – that if the Court grants any further fact discovery motion (and since plaintiff brought the motion filed as ECF 276, plaintiff is assumed to want that motion granted), it may result in the production of additional documents that experts will need to review and consider for their opinions (see e.g. ECF No. 270, PageID 5483, lines 18-24). Meanwhile, the parties have proceeded with expert designations and report exchange under the current scheduling order despite the fact that all fact discovery may not yet be complete. Additionally, the parties are scheduled to submit MSC briefs and attend the MSC despite expert discovery not being complete.

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

### III.    LEGAL STANDARD

### A.    Modification of the Scheduling Order – Good Cause

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). The Rule 16(b) good-cause standard "primarily considers the diligence of the party seeking the amendment," and the court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment); *accord Branch Banking*, *supra*, 871 F.3d at 764. While the court "may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, *supra*, 975 F.2d at 609); *accord Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000); *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Good cause is ordinarily lacking where the movant "has been aware of the facts and theories supporting [the requested modification] since the inception of the action." *W. States*, *supra*, 715 F.3d at 737. Because the Liberty Defendants seek relief before the affected deadlines expire, they need only demonstrate good cause under Rule 16(b)(4); they need not additionally establish "excusable neglect," the heightened showing required of a party who seeks relief only after a deadline has passed. *See* Fed. R. Civ. P. 6(b)(1)(B); *cf. Branch Banking*, *supra*, 871 F.3d at 764–65 (untimely movant who offered "no explanation at all" for the delay established neither good cause nor excusable neglect). Counsel are also charged with proceeding "with diligence to take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

///

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

## B.    *Ex Parte* Relief

To justify ex parte relief, the moving party must show, first, that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and second, "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As to the second element, "[i]t is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id*. at 493.

Both showings are satisfied. As to the MSC, the confidential MSC statement is due July 31, 2026 and the MSC is set for August 10, 2026, so a noticed motion cannot be briefed and heard in time. Further, the parties do not know when a ruling will be issued on the pending Motion to Compel, and they are continuing with expert discovery notwithstanding the uncertainty about whether further fact discovery production will be ordered, which may necessitate duplicative expert discovery activity. Due to the uncertainty here (i.e., the Court could issue an order on the Motion to Compel at any time), and due to the imminent rebuttal report deadline and the expert discovery cut-off, a noticed motion cannot be briefed and heard in time.

And the crisis was not of the Liberty Defendants' or County Defendants' making: the in-person appearance directive issued in ECF No. 264 without their request, the pretrial motion deadline precedes the expert discovery cutoff under the current scheduling order, and at least one fact discovery Motion to Compel remains pending. This Application is made with notice to all parties, and the accompanying declaration sets forth counsel's efforts to inform opposing counsel, as required by Civil Local Rule 83.3(g)(2).

///

///

///

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

IV.    **ARGUMENT**

A.    **Good Cause Supports Continuing (or Converting) the MSC**

The MSC was set as a videoconference proceeding when the parties made their settlement plans, and ECF No. 245 required the carrier's representative with "full and complete authority to enter into a binding settlement" to be "present via videoconference." (ECF No. 245 at 2.) The Court's subsequent direction that the conference proceed in person (ECF No. 264 at 1–2) — a change the Liberty Defendants did not request — now prevents the attendance of the carrier representative with full settlement authority, who resides in New York and cannot travel to appear in person on that date, although he is available to appear by Zoom. The same is true of Liberty Healthcare's corporate representative, who resides in Kentucky. Because attendance by a representative with full settlement authority is mandatory and unexcused non-appearance is sanctionable (ECF No. 245 at 2), the conference cannot proceed as a meaningful settlement proceeding as currently set. Continuing the MSC — or restoring the video appearance ECF No. 245 originally authorized — is warranted.  Recognizing that a ruling on this Application will not be made in time to change it, the parties will comply with the July 31 MSC Statement deadline.

B.    **The MSC and Motions Deadlines Are Premature and Out of Sequence**

A productive settlement conference requires a reasonably complete expert record. Here, rebuttal expert reports are not due until August 7, 2026, expert discovery remains open until September 15, 2026, and at least one Motion to Compel on fact discovery issues remains pending; if those motions are granted, the resulting production may require supplemental expert analysis and reports. Holding the MSC on August 10 — before the experts are deposed and before the fact record is settled — would not permit the informed valuation the conference is designed to facilitate.

///

*EX PARTE* **APPLICATION TO AMEND SCHEDULING ORDER**

The dispositive motion schedule is also internally inconsistent. The operative schedule requires pretrial (dispositive and *Daubert*) motions to be filed by September 4, 2026, yet expert discovery does not close until September 15, 2026. (ECF No. 272 at 2.) The Ninth Circuit has recognized the premise that underlies the ordinary sequence when it observed: "in many cases discovery must close before a district court can consider dispositive motions with all evidence in hand." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). Here the schedule inverts that sequence. Summary judgment and *Daubert* challenges in this case turn substantially on expert testimony, and the parties cannot fully and fairly brief either before the expert depositions are complete — nor can the Court resolve them on a complete record.[2] The orderly course is to re-sequence the schedule so that pretrial motions are filed after the close of expert discovery and receipt of expert deposition transcripts. Notably, the Liberty Defendants and County Defendants do not seek to escape a deadline they failed to meet; they seek to correct a sequencing problem inherent in the schedule itself (which partly results from the partial amendments that have been made, pushing things out of order). Accordingly, good cause exists.

### C. The Pending Motion(s) and Counsel's Trial Conflict Support a Continuance of the Trial Date

A district court's decision on a continuance is reviewed for abuse of discretion, and the Ninth Circuit assesses such rulings against four factors: the movant's diligence in preparing before the scheduled date; the likelihood that the continuance would serve its intended purpose; the extent to which a continuance would inconvenience the court, the opposing party, and witnesses; and the harm the movant would suffer if

---

[2] There will also be an issue of seeking the Court's intervention of enlarging the page limit for Defendants' MSJs beyond 25 pages, given the complexity of the claims and the sheer volume of the Defendants in this case. This is a matter that the both County and Liberty Defendants intend to raise with Court in addition to these other matters. County and Liberty Defendants note that Plaintiffs have summarily dismissed and declined reasonable efforts and offers to meet and confer and otherwise to agree on this very straightforward issue.

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

the request were denied. *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (applying the *Flynt* factors to a civil trial continuance). Each favors relief. As to diligence, the Defendants have met every expert and discovery deadline and raised these issues promptly. As to usefulness, a continuance would allow expert discovery to close before dispositive motions are briefed and would permit the carrier's representative to participate meaningfully in settlement discussions. As to inconvenience, no party has identified a competing obligation, and the all Defendants agree relief is warranted. As to harm, the Defendants would be required to brief summary judgment and *Daubert* motions without completed expert depositions, and lead counsel would face two trials in overlapping windows. Cf. *Flynt*, *supra*, 756 F.2d at 1360 (discussing *United States v. Barrett*, 703 F.2d 1076, 1080 (9th Cir. 1983), in which a continuance should have been granted where a party learned of opposing expert testimony shortly before trial and made a diligent effort to secure a rebuttal expert). The Defendants further anticipate filing substantial and complex summary judgment motions requiring enlarged page limits, which cannot realistically be briefed and adjudicated in time to hold the February 8, 2027 trial. Lead counsel for the Liberty Defendants is also scheduled for trial in an older-filed matter in this District expected to be set on or about January 25, 2027. (*Morton v. County of San Diego, et al.*, case no. 21-CV-01428-RBM-DDL; on July 30, 2026 the parties submitted a joint report regarding trial date selection and the trial date is expected to be set on or about January 25, 2027; *see* Krueger Decl.) The Defendants recognize that under this District's local rules the trial date "must be firm," continuances "will be granted only for good cause shown," and "[n]o trial date will be continued except by written order approved by the trial judge." Civ. L.R. 16.1(d)(3)(c)–(d). Since the most recent orders regarding scheduling were signed by the Hon. Janet A. Cabral, this Application is directed to her. To the extent any of the requests herein are more properly addressed by the District Judge, Hon. Cathy Ann Bencivengo, it is

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

respectfully requests that the Application be referred to her.

### D.     The Defendants Have Been Diligent

The Defendants have diligently defended this action — completing initial and rebuttal expert disclosures, propounding and responding to written discovery, taking and defending depositions, and pursuing the pending fact discovery motions. The need for relief flows from external circumstances (the in-person appearance directive entered after the parties' joint motion, the pending Motions to Compel, the internal inconsistency in the scheduling order, and lead counsel's older-filed trial conflict), not from any lack of diligence. Rule 16(b)(4) is therefore satisfied. *See Johnson*, *supra*, 975 F.2d at 609.

### E.     No Party is Prejudiced

The Defendants all agree that relief is warranted. Plaintiff's counsel has stated that Plaintiff is "not agreeable to extending any deadlines, nor the trial date," but has not articulated any position on the MSC format or any cognizable prejudice from a coordinated continuance and re-sequencing that will, if anything, produce a more complete record for trial. The relief requested simply aligns the pre-trial calendar with the completion of discovery and counsel's existing trial obligations.

## V.     PROPOSED AMENDED SCHEDULE

The Defendants propose the following amended schedule, which extends the remaining dates by approximately ninety (90) days and re-sequences the pre-trial motion deadline to follow the close of expert discovery. These dates are a working proposal subject to discuss with the Court and among the parties; notably, because it is not yet know when the Motions to Compel will be ruled upon, these dates could be changed based when that occurs.  For now, it is assumed that a ruling may come in approximately 30 with possible ordered production occurring withing about 30 days thereafter.

///

///

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

| Event | Current (ECF 272) | Proposed |
|---|---|---|
| Rebuttal expert reports | Aug. 7, 2026 | Nov. 6, 2026 |
| Expert discovery cutoff | Sep. 15, 2026 | Dec. 14, 2026 |
| Pretrial motions (MSJ / Daubert) – re-sequenced to follow expert discovery | Sep. 4, 2026 | Jan. 30, 2027 |
| Mandatory Settlement Conference | Aug. 10, 2026 (in person) | [reset — Zoom or continued date after close of expert discovery] |
| MSC statement | Jul. 31, 2026 | [7 days before reset MSC] |
| Pretrial disclosures | Dec. 10, 2026 | Mar. 31, 2027 |
| L.R. 16.1(f)(4) meeting | Dec. 17, 2026 | Apr. 7, 2027 |
| Objections to pretrial disclosures | Dec. 24, 2026 | Apr. 14, 2027 |
| Lodge proposed final pretrial order | Dec. 31, 2026 | Apr. 21, 2027 |
| Final Pretrial Conference | Jan. 8, 2027 | ~May 2027 |
| Trial | Feb. 8, 2027 | ~May 2027 |

## VI.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court (1) continue the MSC or restore it to a video appearance; and (2) amend the operative pre-trial schedule (ECF No. 244, as modified by ECF Nos. 264 and 272) to extend and re-sequence the remaining pre-trial dates and the trial date as set forth above, or as the Court deems appropriate.

While the Defendants have proposed an amended schedule, not all dates are proposed in concrete form, and the dates may need to change based upon the Court's calendar and the anticipated timeline for resolution of the Motion(s) to Compel. Accordingly, it is respectfully submitted that it may be appropriate to *vacate* the current scheduling, meet and confer regarding a new scheduling order within parameters provided by the Court, and a Status Conference to nail down appropriate new dates.

///

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

DATED:  July 31, 2026                    TRESSLER LLP


                                         /s/ Corey E. Krueger
                                         _____
                                         Corey E. Krueger
                                         Alexandra Sennet
                                         Attorneys for Defendants,
                                         ANTHONY CRUZ, D.O. and LIBERTY
                                         HEALTHCARE OF CALIFORNIA,
                                         INC.


DATED:  July 31, 2026                    COLLINS + COLLINS LLP


                                         /s/ Nicholas R. Colletti
                                         _____
                                         Rada Feldman
                                         Adam A. Ainslie
                                         Nicholas R. Colletti
                                         Robert S. Kahn
                                         Caroline M. Park
                                         Attorneys for Defendants, COUNTY OF
                                         SAN DIEGO, BILL GORE, KELLY
                                         MARTINEZ, JON MONTGOMERY,
                                         CHRISTINA GOODALL (sued as
                                         CHRISTINA ANOSIKE), MIGUEL
                                         AGUILERA, JASON VILADIU,
                                         GUSTAVO MARTINEZ, JEFF
                                         AMADO, ERNESTO AGUIRRE,
                                         TREVONNE JAMES (sue in duplicate J.
                                         TREYVONNE), BERNARDO
                                         ROMERO, MICHAEL JOHNSON,
                                         ANDREW TORRES, ALLEN
                                         WERESKI, BLADE ROMANS, LINDA
                                         GUTIERREZ, and THOMAS MACE

12                    Case No. 3:23-cv-01357-CAB-JAC
*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER

## ATTESTATION

Pursuant to Section 2(f)(4) of the Court's CM/ECF Administrative Policies and Procedures Manual, the filer attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized it.

DATED:  July 31, 2026                    TRESSLER LLP


                                         /s/ Corey E. Krueger
                                         Corey E. Krueger
                                         Alexandra Sennet
                                         Attorneys for Defendants,
                                         ANTHONY CRUZ, D.O. and LIBERTY
                                         HEALTHCARE OF CALIFORNIA,
                                         INC.

#4917-0226-6535

*EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER