Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, Anthony Cruz,
D.O. and Liberty Healthcare of California,
Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ; AND JUSTINO RUPARD,<br><br>Plaintiffs.<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | Case No. 3:23-cv-01357-CAB-JAC<br><br>**DECLARATION OF COREY E. KRUEGER IN SUPPORT OF *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER [ECF 244, 264, 272] BY DEFENDANTS LIBERTY HEALTHCARE OF CALIFORNIA, INC., ANTHONY CRUZ, D.O., AND THE COUNTY DEFENDANTS**<br><br>[Filed concurrently with *Ex Parte* Application and Exhibits]<br><br>Before the Hon. Janet A. Cabral |

I, Corey E. Krueger, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California, as well as this Court.  I am a Partner with Tressler LLP, counsel of record herein for defendants Liberty Healthcare of California, Inc. and Anthony Cruz, D.O.  I am the primary handling Partner for this matter.  In that capacity, I have personal knowledge of the facts stated herein, and if called upon to testify to them, I could and would do so competently.

1                           Case No. 3:23-cv-01357-CAB-JAC
**DECLARATION OF COREY E. KRUEGER**

2.	I provide this declaration in support of the concurrently-filed *Ex Parte* Application to Amend Scheduling Order (ECF Nos. 244, 264, 272).

3.	Proper *ex parte* notice has been provided pursuant to L.R. 83.3(g)(2). On July 31, 2026, at 9:49am, I sent an e-mail to all counsel indicating an intent to seek relief from the Court (*see* Exhibit "11", further authenticated below).  On July 31, 2026, at 9:49am, I sent a further e-mail to all counsel with detailed *ex parte* notice (*see* Exhibit "12", further authenticated below).

4.	The parties have met and conferred, both via e-mail and telephonically, as further detailed below.  Agreement could not be reached.  While Plaintiff's counsel has indicated a willingness to agree to a continuance of the MSC for one to three weeks (*see* Exhibit "16") in order to accommodate in-person attendance (because they oppose returning to virtual attendance), there are two reasons this is impractical.  One is that it is highly unlikely that all necessary people across all of the parties can find a new date that is mutually available within one to three weeks after the current MSC date.  The other is that, for reasons discussed in the moving papers, the MSC is likely to be more productive once expert discovery closes, though the Defendants are willing to attempt settlement discussions on August 10 if the Court converts the proceeding to virtual attendance.  Plaintiff's counsel indicated total opposition to all other requests, due to the age of the case.  While the case has been in litigation for approximately three years, that is not outside the realm of normal for a matter of this kind, which is both factually and legally complex and involves numerous parties, attorneys, and experts.  Furthermore, the age of the case does not answer the inherent impossibility of the scheduling order as currently structured (e.g., dispositive and *Daubert* motions before close of expert discovery, with fact discovery motions still pending, trial conflict, etc.).  The parties are in disagreement on every point.

5.	On July 21, 2026, at 4:29pm, counsel for County Defendants (Nicholas Colletti) emailed all counsel proposing certain amendments to the scheduling order, along with other matters. A true and correct copy of this e-mail correspondence is

**DECLARATION OF COREY E. KRUEGER**

attached hereto as Exhibit 1.

6.     On July 21, 2026, at 4:51pm, I responded to all counsel, expressing agreement in principle and raising the issue of re-sequencing the pre-trial motion deadline (including the deadline for Motions for Summary Judgment) to follow the close of expert discovery, as well as the number of additional pages that should be requested. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 2.

7.     On July 28, 2026, at 5:13pm, I emailed all counsel providing additional information bearing on the schedule and proposing that all dates, including the trial date, be continued and re-ordered. Among other things, I noted the Motions to Compel still pending between the County and Plaintiff, the internal inconsistency in the current deadlines, and my conflicting trial setting in the older-filed matter of *Morton v. County of San Diego*, United States District Court, Southern District of California, Case No. 3:21-cv-01428-RBM-DDL. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 3.

8.     On July 29, 2026, at 11:21am, counsel for County Defendants (Nicholas Colletti) emailed all counsel confirming the County Defendants' agreement to move the trial date and the associated deadlines, and proposing that the parties confer by videoconference. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 4.

9.     On July 29, 2026, at 11:31am, counsel for Plaintiffs (Jeremiah Lowe) emailed all counsel stating that he would make himself available for a meet and confer, but that Plaintiff was not agreeable to extending any deadlines or the trial date. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 5.

10.     On July 29, 2026, at 3:37pm, counsel for County Defendants (Nicholas Colletti) emailed all counsel proposing to calendar a meet and confer call and asking Plaintiffs' counsel whether a further meet and confer would be futile in light of Plaintiff's stated opposition. A true and correct copy of this e-mail correspondence is

**DECLARATION OF COREY E. KRUEGER**

attached hereto as Exhibit 6.

11.   On July 29, 2026, at 4:38pm, I emailed all counsel providing my availability for the proposed meet and confer call. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 7.

12.   On July 29, 2026, at 5:18pm, counsel for County Defendants (Nicholas Colletti) emailed all counsel providing his availability for the proposed call. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 8.

13.   On July 29, 2026, at 6:02pm, I emailed all counsel advising that the Court had changed the August 10, 2026 Mandatory Settlement Conference from a video (Zoom) appearance to an in-person appearance, that I had contacted my carrier and client regarding attendance, and proposing that the continuance or conversion of the Mandatory Settlement Conference be added to the matters to be discussed. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 9.

14.   On July 29, 2026, at 6:30pm, counsel for County Defendants (Nicholas Colletti) emailed all counsel providing further availability for the proposed call. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 10.

15.   On July 30, 2026, at 12:54pm, I emailed all counsel noting that Plaintiffs' counsel had not responded further, and advising that, having confirmed that the carrier's representative and corporate representative could not attend the Mandatory Settlement Conference in person on the scheduled date but could appear by videoconference, the Defendants would proceed with a request to the Court to continue the Mandatory Settlement Conference or, alternatively, to permit a Zoom appearance, in addition to seeking an amendment to the scheduling order as discussed in previous emails. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 11.

16.   On July 31, 2026, at 9:49am, I emailed all counsel providing formal notice that the defendants would file an Ex Parte Application seeking a continuance of the Mandatory Settlement Conference (or, alternatively, its conversion back to a

videoconference appearance) and a continuance of all remaining dates in the Scheduling Order through the trial date, and advising that the papers would be filed that day or the following court day. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 12.

17.     On July 31, 2026, at 10:11am, counsel for County Defendants (Nicholas Colletti) emailed all counsel confirming that the County Defendants agree with the Liberty Defendants' positions, intend to join in the motion, and also intend to raise the request for additional pages. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 13.

18.     On July 31, 2026, at 10:17am, I received a call from Gene Iredale, Esq., one of the attorneys for plaintiff.  We discussed the requests the Defendants would make.  Mr. Iredale understood the travel issues and was willing to consider a "short continuance" of the MSC, but he indicated that he opposed reverting the MSC to virtual attendance.  I explained that I thought a short continuance was, from a purely logistical standpoint, unlikely to be possible, due to the number of people whose calendars and travel schedules had to be coordinated.  Mr. Iredale's position did not change.  As to all other points raised in the moving papers, Mr. Iredale indicated opposition on the grounds of the age of the case.

19.     On July 31, 2026, at 10:13am (but first seen by me after my above-discussed call with Mr. Iredale ended), counsel for Plaintiffs (Jeremiah Lowe) emailed all counsel stating that Plaintiff is not opposed to a virtual appearance at the Mandatory Settlement Conference, but opposes the remainder of the requested relief. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 14.

20.     On July 31, 2026, at 10:25am, I emailed all counsel reporting that, following a conversation with Plaintiffs' counsel Eugene Iredale, Mr. Iredale indicated that he wants in-person attendance (i.e., opposes returning to a virtual appearance) but is open to a reasonable continuance of the Mandatory Settlement

**DECLARATION OF COREY E. KRUEGER**

Conference, and opposes the other relief sought, and requesting that Plaintiffs provide a consolidated position. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 15.

21. On July 31, 2026, at 10:43am, counsel for Plaintiffs (Jeremiah Lowe) emailed all counsel stating that, consistent with the my discussion with Mr. Iredale, Plaintiffs are amenable to a brief (one-to-three-week) continuance of the Mandatory Settlement Conference to allow for personal attendance. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 16.

22. As noted in the moving papers, the MSC was originally scheduled for videoconference attendance by Judge Major (ECF No. 245). The parties agreed to this date based on that understanding. The MSC was later converted to in-person attendance (ECF No. 264), though the parties did not request it. The Liberty Defendants do not conceptually oppose an in-person MSC, but Liberty's carrier representative and corporate representative are both unavailable to travel to San Diego for an August 10, 2026 MSC (though they remain available to conduct the MSC on that date via videoconference).

23. I am also lead trial counsel in another matter in this district, *Morton v. County of San Diego, et al.*, case no. 21-CV-01428-RBM-DDL. By order of the Hon. Ruth Bermudez Montenegro, the trial date in that matter was recently vacated, and the parties were ordered to meet and confer and identify a new trial date within certain limited calendar windows that would work for all counsel, witnesses, and experts. On July 30, 2026, after extensive efforts of all counsel in that matter, the parties submitted a joint report to the Court indicating that January 25, 2026 would be the best date for trial to start in that matter, with February 1 and February 8 as reasonable back-up dates. That date was selected based on the express instructions of the Court to pick dates within certain timeframes identified by the Court. I expect that the Court in *Morton* will shortly issue an order to the effect that trial in that matter will begin on one of those dates. The *Morton* matter is approximately two years older than this

**DECLARATION OF COREY E. KRUEGER**

matter (a 2021 filing). Regardless of whether the trial in *Morton* commences on January 25, February 1, or February 8, I will be unavailable for trial in this matter on the currently scheduled date.

24. As detailed in the moving papers, the dates in the scheduling order, as it currently exists, are out of logical sequence and would result in the filing of Motions for Summary Judgment and *Daubert* motions before expert discovery closes, which is illogical and would cause severe procedural difficulties down the road.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 31, 2026                                  /s/ Corey E. Krueger
                                                              Corey E. Krueger

#4917-0226-6535

7                          Case No. 3:23-cv-01357-CAB-JAC
**DECLARATION OF COREY E. KRUEGER**