# EXHIBIT 3

**From:** Corey Krueger <CKrueger@tresslerllp.com>
**Sent:** Tuesday, July 28, 2026 5:13 PM PT
**To:** Nicholas R. Colletti; Jeremiah Lowe; Eugene Iredale; Sarah Musumeci
**Cc:** Rada Feldman; Robert S. Kahn
**Subject:** RE: (25163) | Rupard v. CSD et al | Meet and Confer re: MSJ and Daubert Motions [Importance: High]

All,

I'm checking back in on this, and providing information that impacts the situation.

First, I seem to recall that there are some Motions to Compel still at issue as between County and plaintiff. Originally, it was plaintiff's counsel who asked to delay some expert-related deadlines based on the fact that the documents at issue were important for experts to review. With those motions apparently still pending, the logic still holds. If anything is ordered produced, the experts (including my own) will need to review those documents. Thus, moving deadlines would seem important.

Second, I agree with County that increased page counts will be needed for MSJs. I don't know that I need as many pages as County does, though I do think more than 25 is likely. I propose that we discuss what makes sense for each proposed motion, and then the moving party and opposing party will have the same number of pages. In other words, if County needs more pages than I do, plaintiff would have as many as County to oppose County, and as many as my clients to oppose my clients.

Third, on the other deadlines in general, I think our efforts to move only certain items back has led to some conflicts that are not resolvable without resetting everything on a new timeline. Currently, Daubert motions have to be filed before expert discovery is complete, and MSJs have to be filed before expert discovery is complete. We need to re-order the deadlines into a logical sequence that will allow everything to be done in an orderly fashion.

Fourth, for a couple of reasons, I believe we need to request that all dates, including the trial date, be moved back. In addition to the above, I think MSJs are going to take too long to be resolved to keep the current February trial date. Additionally, I expect to have a trial date directly in conflict with this matter (Morton v. County of San Diego, USDC CASD case no. 3:21-cv-01428-RBM-DDL). The Court in that matter has vacated the trial date and ordered the parties to agree upon a new trial date within certain limited timeframes. Based on expert and witness availability and the Court's limited timeframes, the parties have agreed that trial in that matter should begin on January 25, 2027, with back-up dates on February 1 and February 8. These would all directly conflict with the current trial date in this matter, and the Morton matter is significantly older than this one. The Court will ultimately choose the specific trial date for that matter, but all of the options that work are in conflict with the current trial date in this matter. I am also currently scheduled to teach a course on February 11, which further complicates the picture.

Given that rebuttal expert reports are due soon and we do not yet know if we have the full universe of evidence that the experts may need to consider, I propose that we agree upon a joint request to the Court ASAP so that rebuttal reports can also be pushed back, rather than having experts do potential third and/or fourth rounds of reports later after the discovery motions are ruled upon.

Thank you.

Corey Krueger