EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Jeremiah A. Lowe (CA SBN 239166)
*jeremiah@lowelawapc.com*
Lowe Law, APC
402 W. Broadway, Suite 1720
San Diego, CA  92101
Telephone: (619) 878-2725
Facsimile: (619) 878-2737

**Attorneys for Plaintiff**
**ESTATE OF LONNIE RUPARD**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF LONNIE RUPARD,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>                    Defendants, | ) Case No: 23-CV1357-CAB-JAC<br>)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANTS'** *EX PARTE*<br>) **APPLICATION TO AMEND THE**<br>) **SCHEDULING ORDER [ECF No.**<br>) **283]**<br>)<br>)<br>)<br>) |

Defendants ask this Court to amend a schedule that has already been amended twice, that the parties have been litigating toward for months, and that this Court's predecessor, the Honorable Barbara L. Major, was explicit would not be moved again absent a genuine emergency. There is no emergency here. There is, at most, a travel-logistics issue for two out-of-state corporate representatives that is readily solved by a short, targeted continuance of the MSC date alone. That does not justify re-writing every remaining deadline in the case, especially since the parties have been working on this schedule for months, including in the coordination of expert reports.

Lonnie Rupard died on March 17, 2022. This case has been pending since 2023. The case should proceed on the current schedule. Plaintiff is not opposed to a brief, limited continuance of the MSC date alone to permit the appropriate Liberty officials to arrange in-person travel to San Diego. Plaintiff opposes Defendants' attempt to use a narrow logistical issue as a vehicle to re-sequence and continue every other deadline in the case. Defendants' application should be denied, except as to a short, MSC-only continuance.

## I.  ARGUMENT

### A. This Case Has Been Pending for Over Three Years.

This case concerns the horrific death of Lonnie Rupard in the San Diego Central Jail in March of 2022. The Medical Examiner found the cause of death to be malnutrition, dehydration and pneumonia, and the manner of death to be homicide. During the three months he was in San Diego Central Jail, Lonnie lost 60 pounds — more than one-third his total body weight. Lonnie was six feet tall and weighed 105 pounds by the time he died. In his final days, deputies left Lonnie in a mountain of trash and uneaten food, his body caked in feces. Plaintiff has waited years to have the claims heard. Defendants' concern about the pending motion to compel the personnel records does not justify a wholesale delay. It is an issue which has been caused by Defendants' recalcitrance and refusal to make timely discovery. The discovery requests at issue were

originally made on December 5, 2025. Defendants, having caused the delay, now seek to use it as a pretext for yet more delay.

**B. Judge Major Set This Schedule and Was Clear It Should Hold.**

The operative Scheduling Order originated with the Honorable Barbara L. Major, the then assigned Magistrate Judge. Judge Major set the schedule after conferring with the parties and made clear that the dates were not aspirational: the parties were expected to litigate them diligently and that further continuances would not be granted as a matter of course.

**C. Plaintiff Will Be Substantially Prejudiced by Further Delay.**

Plaintiff will be substantially prejudiced by an amendment. This action has been pending since July, 2023. The events underlying the case occurred over four years ago. Every month of delay further erodes the reliability of witness recollection and increases the risk that percipient witnesses will become unavailable or unable to testify. Plaintiff has waited years to see this case resolved. A further three-month extension on top of two prior amendments, extends the wait indefinitely, particularly given Defendants' own acknowledgement that "not all dates are proposed in a concrete form" and "may need to change" again. (ECF No. 283, 11:21-23.) Defendants ask this Court to adopt a "working proposal" that they admit is contingent on the pending Motion to Compel. (*Id.* at 10:21-24). Plaintiff should not be asked to surrender a firm schedule and trial date in exchange for a schedule Defendants themselves describe as provisional and likely to move again. Plaintiff does not consent to a further extension of the deadlines or the trial date, and respectfully submits that Defendants have not carried their burden to show good cause that further delay is warranted.

**D. The MSC Issue Warrants, at Most, a Brief Continuance of the MSC Itself, Not a Delay of the Entire Schedule.**

Plaintiff is not opposed to a brief continuance of the MSC date alone to a date that allows the carrier representative and Liberty's corporate representative time to arrange in-person travel. That non-opposition does not extend any further. A logistical issue involving two representatives' travel dates does not require re-sequencing expert

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER

discovery, moving the pretrial motion deadline, or continuing the trial date. Plaintiff therefore respectfully requests that, to the extent the Court grants any relief, it grant only a brief continuance of the MSC date itself, while denying the remainder of the Defendants' application.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' *ex parte* application, except that Plaintiff is not opposed to a brief continuance of the Mandatory Settlement Conference date to permit the carrier representative and Liberty's corporate representative to arrange in-person attendance. Plaintiff opposes any continuance or re-sequencing of the remaining pretrial deadlines or the February 8, 2027 trial date.

Respectfully submitted,

**IREDALE & YOO, APC**

Dated:  August 3, 2026          s/ *Eugene Iredale*

EUGENE IREDALE
JULIA YOO
SARAH MUSUMECI
Attorneys for Plaintiff

**LOWE LAW, APC**

Dated:  August 3, 2026          s/ *Jeremiah Lowe*

JEREMIAH LOWE
Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER