Rada Feldman, Esq. (State Bar No. 285931)
Adam A. Ainslie, Esq. (State Bar No. 311427)
Nicholas R. Colletti, Esq. (State Bar No. 283947)
Robert S. Kahn, Esq. (State Bar No. 231277)
Caroline M. Park, Esq. (State Bar No. 334008)
2011 Palomar Airport Road, Suite 207
Carlsbad, CA 92011
(760) 274-2110 - FAX (760) 274-2111
Email: rfeldman@ccllp.law
Email: aainslie@ccllp.law
Email: ncolletti@ccllp.law
Email: rkahn@ccllp.law
Email: cpark@ccllp.law

Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA -

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-JAC<br>*Assigned to Hon. Cathy Ann Bencivengo Magistrate Hon. Janet A. Cabral in Dept. 15A*<br><br>**COUNTY DEFENDANTS' EX PARTE APPLICATION AND REQUEST TO EXCUSE INDIVIDUAL SUPERVISOR DEFENDANTS SHERIFF KELLY MARTINEZ, FORMER SHERIFF BILL GORE, AND CHIEF MEDICAL OFFICER JON MONTGOMERY, D.O. FROM ATTENDANCE AT THE** |

25163

1

**EX PARTE TO EXCUSE MARTINEZ, GORE, & MONTGOMERY FROM MSC**

**AUGUST 10, 2026 MANDATORY SETTLEMENT CONFERENCE**

**Complaint Filed:   7/26/2023**
**Trial Date:          2/8/2027**

## I.   EX PARTE APPLICATION

County Defendants respectfully apply *ex parte*, pursuant to the Order Setting Mandatory Settlement Conference (Dkt. 245) and Civil Local Rule 83.3(h), for an order excusing individual Defendants, Sheriff Kelly Martinez, former Sheriff Bill Gore, and Chief Medical Officer Jon Montgomery, D.O. (the "Supervisor Defendants"), from in-person attendance, and from any standby appearance by videoconference, at the Mandatory Settlement Conference ("MSC") currently set for August 10, 2026.[1] The Supervisor Defendants maintain no authority to settle this matter.

County Counsel and Collins + Collins LLP will appear in-person, and the County's insurance carrier representative with full settlement authority will appear by videoconference. Thus, all those with authority to negotiate and enter in to possible settlement will be present and accounted for.

This Application is supported by the accompanying Declaration of Lead Counsel for County Defendants, Rada Feldman.

1.     The Court has set the MSC for August 10, 2026, at 9:30 a.m., to be held mostly in-person before Magistrate Judge Janet A. Cabral at the Edward J. Schwartz Federal Courthouse, 221 West Broadway, San Diego, California. (Dkt. 264.) The Order continuing the MSC provides that "[a]ll other guidelines, deadlines, and requirements remain as previously set." (Dkt. 264.) The operative attendance

---

[1] At the time of drafting, the parties remained in meet and confer regarding possible date changes to the MSC. To the extent the date changes for this, or any other MSC, this Request is intended to confer to each and any MSC.

25163

**EX PARTE TO EXCUSE MARTINEZ, GORE, & MONTGOMERY FROM MSC**

**COLLINS + COLLINS** LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

requirement is therefore set forth in the Order Setting Mandatory Settlement Conference. (Dkt. 245.)

2.    Paragraph 3(a) of the MSC Order requires the presence of "[a]ll parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation." (Dkt. 245, ¶ 3(a).) By its terms, the Order compels the attendance of persons with settlement authority and the principal attorneys, not individual parties who lack authority to bind the party to a settlement.

3.    As stated, the Supervisor Defendants do not possess authority to enter into a binding settlement on behalf of the County Defendants. Settlement authority for the County Defendants rests solely with the County and its insurance carrier. Requiring the Supervisor Defendants to attend, in person or on standby by video, would add nothing to the Court's ability to explore or reach settlement, and would otherwise result in undue burden and expense.

4.    The MSC Order independently authorizes excusal here. It provides that "[c]ounsel for a government entity may be excused from [the full-authority-presence] requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority." (Dkt. 245, ¶ 3(h).) The County is a government entity, and its counsel satisfies both conditions.

5.    The parties further met and conferred on August 5, 2026. Plaintiff's counsel agreed that the deputy Defendants and the clinician Defendant (Christina Goodall, sued as Christina Anosike) are excused from attending the MSC entirely. Plaintiff's counsel, know and do not contend that the Supervisor Defendants have settlement authority, but they nevertheless are demanding that Sheriff Martinez, former Sheriff Gore, and Dr. Montgomery be available at least by standby via videoconference.

25163

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**EX PARTE TO EXCUSE MARTINEZ, GORE, & MONTGOMERY FROM MSC**

This demand is without merit and also appears patently burdensome. Again, the Supervisory Defendants cannot bind the party to any settlement, and thus their in-person and/or standby presence would serve no settlement function contemplated by the Order. Thus, requiring such in-person and/or standby presence would improperly impose an unnecessary burden and expense on the current Sheriff and the Chief Medical Officer.

6.     This Court has previously granted the same relief in this action. On the parties' joint *ex parte* application to continue the Early Neutral Evaluation Conference and to waive the personal appearance of the individual named parties (Dkt. 72), the Court ordered that "[t]he individually named Defendants are excused from personal appearance at the ENE/CMC, but Plaintiffs and representatives with settlement authority from the County and Healthcare entities must attend." (Dkt. 73.)

7.     Good cause supports this Application. The persons with full and complete settlement authority, the County and its carrier, will participate, and counsel with primary responsibility for the litigation will appear in person. Counsel met and conferred with all parties on the morning of August 5, 2026, and a further conference is scheduled the same afternoon. The County Defendants understood, and still understand, on the basis of the language of the MSC Order and prior communications, that the individual Defendants, including the Supervisory Defendants, are excused entirely from the MSC. County brings this instant Application promptly upon learning Plaintiff now state they do not agree to excuse the Supervisor Defendants, and demand their presence for the MSC, despite knowing and agreeing that the Supervisor Defendants have no function and serve no purpose concerning negotiation and/or resolution.

8.     County Defendants respectfully request that the Court (a) excuse Sheriff Kelly Martinez, former Sheriff Bill Gore, and Chief Medical Officer Jon Montgomery, D.O. from any in-person or standby remote appearance at the August 10, 2026, MSC (or any other future MSC); (b) confirm that counsel for the County Defendants will

25163

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**EX PARTE TO EXCUSE MARTINEZ, GORE, & MONTGOMERY FROM MSC**

appear in person and the County's carrier representative with full settlement authority will appear by videoconference; and (c) apply the same excusal to any continued date of the MSC (counsel are available August 24, 25, or 27, 2026).

Pursuant to Civil Local Rule 83.3(h) and Paragraph 3(j) of the MSC Order, counsel certifies that the parties met and conferred. Plaintiff's counsel does not oppose excusing the deputy Defendants and the clinician Defendant; Plaintiff's counsel opposes excusing the Supervisor Defendants and requests they be available on standby by videoconference. Based on the meet and confer process, County understands that the Liberty Defendants join and/or do not oppose County's instant Request here that individual parties without settlement authority be excused from the MSC.

DATED:  August 5, 2026

COLLINS + COLLINS LLP

By: _____
RADA FELDMAN
ADAM A. AINSLIE
NICHOLAS R. COLLETTI
ROBERT S. KAHN
CAROLINE M. PARK
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

*25163*

**EX PARTE TO EXCUSE MARTINEZ, GORE, & MONTGOMERY FROM MSC**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                )
                                    )  ss.
County of Los Angeles.              )

I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **COUNTY DEFENDANTS' EX PARTE APPLICATION AND REQUEST TO EXCUSE INDIVIDUAL SUPERVISOR DEFENDANTS SHERIFF KELLY MARTINEZ, FORMER SHERIFF BILL GORE, AND CHIEF MEDICAL OFFICER JON MONTGOMERY, D.O. FROM ATTENDANCE AT THE AUGUST 10, 2026 MANDATORY SETTLEMENT CONFERENCE** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on August 5, 2026 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

--------------------------------------------------------------------------------
Evelyn Greve
egreve@ccllp.law

*25163*

1

**COUNTY DEFENDANTS' EX PARTE APPLICATION AND REQUEST TO EXCUSE FROM ATTENDANCE AT THE AUGUST 10, 2026 MANDATORY SETTLEMENT CONFERENCE**

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ESTATE OF LONNIE RUPARD ET AL. V. COUNTY OF SAN DIEGO ET AL.**
**Case Number: 3:23-cv-1357-CAB-JAC**
**CCLLP File Number: 25163**

**SERVICE LIST**

Jeremiah A. Lowe
LOWE LAW, LLP
402 W. Broadway, Suite 1720
San Diego, CA 92101
T: (619) 878-2725 - F: (619) 878-2737
jeremiah@lowelawapc.com
laura@lowelawapc.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD and the Estate of Lonnie Rupard**

Eugene G. Iredale
Julia Yoo
Sarah Musumeci
Peter Bibring
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
T: (619) 233-1525 - F: (619) 233-3221
egiredale@iredalelaw.com
jyoo@iredalelaw.com
smusumeci@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
gjun@iredalelaw.com
sbrockett@iredalelaw.com
pbibring@iredalelaw.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD**

Corey E. Krueger
Alexandra Sennet
Kimberly B. Pinkerton
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, CA 90245
T: (310) 203-4800 - F: (323) 486-2704
ckrueger@tresslerllp.com
asennet@tresslerllp.com
kpinkerton@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**

25163

2

**COUNTY DEFENDANTS' EX PARTE APPLICATION AND REQUEST TO EXCUSE FROM ATTENDANCE AT THE AUGUST 10, 2026 MANDATORY SETTLEMENT CONFERENCE**