UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LONNIE RUPARD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.:  23-cv-1357-CAB-JAC<br><br>**ORDER (1) GRANTING IN PART LIBERTY DEFENDANTS' EX PARTE APPLICATION TO AMEND SCHEDULING ORDER; AND (2) GRANTING COUNTY DEFENDANTS' EX PARTE APPLICATION TO EXCUSE INDIVIDUAL ATTENDANCE**<br><br>ECF Nos. 283, 287 |

On July 31, 2026, Defendants Anthony Cruz, D.O. and Liberty Healthcare of California, Inc. (the "Liberty Defendants") filed an ex parte application to amend the scheduling order. ECF No. 283. Plaintiff opposes the request to the extent Defendants requests continuing any dates in the scheduling order except a brief continuance of the Mandatory Settlement Conference so the parties may attend in person. ECF No. 285. On August 5, 2027, the County Defendants filed an ex parte application to excuse individual Defendants Sheriff Kelly Martinez, former Sheriff Bill Gore, and Chief Medical Officer

1

Jon Montgomery, D.O., from attendance at the Mandatory Settlement Conference. ECF No. 287.

The Liberty Defendants' request that the Court allow Liberty Defendants' carrier representative and Liberty Healthcare of California, Inc.'s corporate representative to appear remotely at the August 10, 2026 Mandatory Settlement Conference because they are unavailable to attend in person. ECF No. 283 at 2. Plaintiff is not opposed to a brief continuance of the Mandatory Settlement Conference date to permit the carrier representative and Liberty's corporate representative to arrange in-person attendance. ECF No. 285 at 3. The Court ordered the parties to meet and confer and determine whether there are mutually convenient dates in August 2026 for all parties and their representatives to attend the Mandatory Settlement Conference in person. ECF No. 284. On August 5, 2026, the parties jointly emailed the chambers of Judge Cabral and represented that there are no dates in August that all parties are available. Accordingly, the Court **GRANTS** Liberty Defendants' application in so far as it requests permission for Liberty's carrier representative and corporate representative to appear at the conference remotely. ECF No. 283. The Mandatory Settlement Conference remains set in-person at the Edward J. Schwartz Courthouse on **August 10, 2026**, at 9:30 a.m. Counsel for Liberty Defendants is responsible for facilitating the remote appearance of their remote participants. Counsel should not plan to rely on court Wi-Fi. All participants, regardless of whether they appear in person or remotely, must display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE.

The Liberty Defendants additionally request the Court continue and reorder the deadlines in the operative scheduling order. ECF No. 283 at 7. Specifically, the Liberty Defendants identify that the schedule requires the parties to file pretrial and *Daubert* motions before the close of expert discovery. *Id.* at 8. The Liberty Defendants request a 90-day continuance of all dates and resequencing of the scheduling order. *Id.* at 10–11. Plaintiff opposes the request. ECF No. 285 at 3. Plaintiff argues that there is not good cause to amend the schedule and further delay in resolving this case "erodes the reliability of

23-cv-1357-CAB-JAC

witness recollection and increases the risk that percipient witnesses will become unavailable or unable to testify." *Id.* at 3. Having consulted with U.S. District Judge Cathy Ann Bencivengo's chambers, the Court agrees that a short continuance of deadlines and resequencing of the scheduling order will lead to a more efficient and productive pretrial period; however, there is not good cause for the 90-day continuance the Liberty Defendants request. Accordingly, the Court **GRANTS IN PART** the Liberty Defendants' ex parte application to amend the scheduling order. The revised schedule for the case is set forth below:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Mandatory Settlement Conference | August 10, 2026 at 9:30 a.m. | August 10, 2026 at 9:30 a.m. |
| Rebuttal Reports | August 7, 2026 | September 4, 2026 |
| Expert Discovery | September 15, 2026 | October 2, 2026 |
| Pretrial and *Daubert* Motion Filing | September 4, 2026 | October 30, 2026 |
| Opposition to Pretrial and *Daubert* Motions | N/A | November 13, 2026 |
| Replies in Support of Pretrial and *Daubert* Motions | N/A | November 20, 2026 |
| Hearing on Pretrial and *Daubert* Motions | N/A | To be set by District Judge if argument is needed |
| Pretrial Disclosure | December 10, 2026 | January 8, 2027 |
| L.R. 16.1(f)(4) Meeting | December 17, 2026 | January 15, 2027 |

3

23-cv-1357-CAB-JAC

| Event | Current Deadline | New Deadline |
|---|---|---|
| Objections to Pretrial Disclosures and Deadline to File Motions *in Limine* | December 24, 2026 | January 22, 2027 |
| Lodge Proposed Final Pretrial Conference Order and Oppositions to Motions *in Limine* | December 31, 2026 | January 29, 2027 |
| Final Pretrial Conference and Motions *in Limine* Hearing | January 8, 2027 at 2:00 p.m. | February 5, 2027 at 2:00 p.m. |
| Trial | February 8, 2027 at 8:45 a.m. | February 22, 2027 at 8:45 a.m. |

Finally, County Defendants request the Court excuse Sheriff Martinez, former Sheriff Gore, and Dr. Montgomery from attending the Mandatory Settlement Conference.[1] ECF No. 287. Plaintiff opposes the Court excusing the attendance of these defendants. County Defendants represent that these individual defendants do not have independent authority to enter into a settlement on behalf of the County. ECF No. 31 at 2. For good cause shown, the Court **GRANTS** the ex parte application. ECF No. 287. Sheriff Martinez, former Sheriff Gore, and Dr. Montgomery are excused from attending the conference. Plaintiff and representatives with settlement authority from the County and Healthcare

---

[1] The parties represent that they have agreed that the deputy Defendants and the clinician Defendant Christina Goodall, sued as Christina Anosike, should be excused from attending the Mandatory Settlement Conference. Although a request to excuse these parties' attendance is not before the Court, for clarity the Court nonetheless excuses the deputy Defendants and the clinician Defendant Christina Goodall from attendance at the conference.

23-cv-1357-CAB-JAC

entities, along with the principal attorneys responsible for the litigation, must attend the August 10, 2026 conference.

**IT IS SO ORDERED**.

Dated:  August 6, 2026

_____
Hon. Janet A. Cabral
United States Magistrate Judge

23-cv-1357-CAB-JAC