**Rada Feldman, Esq. (State Bar No. 285931)**
**Adam A. Ainslie, Esq. (State Bar No. 311427)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**Robert S. Kahn, Esq. (State Bar No. 231277)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: aainslie@ccllp.law**
**Email: ncolletti@ccllp.law**
**Email: rkahn@ccllp.law**
**Email: cpark@ccllp.law**

Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA -**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-JAC<br>***Assigned to Hon. Cathy Ann Bencivengo Magistrate Hon. Janet A. Cabral in Dept. 15A***<br><br>**DEFENDANTS' NOTICE OF EX PARTE MOTION AND EX PARTE MOTION TO INCREASE PAGE LIMITS FOR COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Complaint Filed: 7/26/2023**<br>**Trial Date: 2/22/2027** |

*25163*

Defendants' COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE (hereinafter "County Defendants"), by and through their counsel, jointly move this Court for an Order granting the parties leave to file memorandum of points and authorities in excess of the page limits specified in Local Rule 7.1(h) with respect to County Defendants' Motion for Summary Judgement ("MSJ").

Specifically, County Defendants request that the Court enter an Order permitting: (1) County Defendants to file an opening memorandum in support of the MSJ not to exceed seventy-five (75) pages; (2) Plaintiff to file an opposing memorandum not to exceed seventy-five (75) pages; and (3) County Defendants to file a reply memorandum not to exceed forty (40) pages. This ex parte Motion is based on this Notice, the following memorandum of points and authorities, the concurrently filed Declaration of counsel, the pleadings and records on file in this action, and any further argument or evidence the Court may consider. County Defendants seek this leave on the following grounds:

1. This action arises from the in-custody death of Lonnie Rupard at the San Diego County Central Jail and is among the most factually and legally complex matters on this Court's civil docket. The operative pleading is the Third Amended Complaint ("TAC"), which is the controlling pleading in this action. Doc. No. 184. Through successive amendments, Plaintiffs substantially expanded the number of parties, and the operative TAC names a large group of defendants. The County Defendants moving for summary judgment comprise the County of San Diego and seventeen (17) individually named defendants, including the County Sheriff, command and supervisory personnel, custodial deputies, and medical personnel, each of whom is

*25163*

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

alleged to have played a distinct role in the events giving rise to Plaintiff's claims.

2. Following the completion of fact and expert discovery, County Defendants intend to move for summary judgment, or in the alternative partial summary judgment, on every remaining claim asserted against them in this action. To conserve judicial resources and avoid serial and duplicative briefing, County Defendants intend to present these issues in a single, consolidated motion and reply rather than in separate motions filed defendant-by-defendant — an approach that necessarily requires more pages in each brief but far fewer total pages than piecemeal motions would consume.

3. The operative TAC asserted eight (8) causes of action. On October 30, 2025, the Court dismissed with prejudice the individual claims of the decedent's sons, Justino Rupard and Ronnie Rupard — namely, the Second Cause of Action for interference with the right of association and the Eighth Cause of Action for wrongful death — and dismissed them as parties, leaving the Estate of Lonnie Rupard as the sole remaining Plaintiff. Doc. Nos. 238–39. Six (6) causes of action remain for adjudication, all asserted by the Estate: (1) a claim under 42 U.S.C. § 1983 for deliberate indifference to Lonnie Rupard's serious medical needs; (2) a § 1983 claim for failure to properly train and supervise; (3) a § 1983 *Monell* municipal-liability claim against the County; (4) a claim under California Civil Code § 52.1 (the Bane Act); (5) a negligence survival claim under California Code of Civil Procedure § 377.30; and (6) a claim for dependent adult neglect. Each remaining cause of action turns on different legal elements and applies to different subsets of the County Defendants, so the Motion for Summary Judgment must analyze the evidentiary record separately as to each claim and as to each defendant against whom that claim is asserted.

4. The individually named County Defendants will assert the defense of qualified immunity. Qualified immunity requires a defendant-specific analysis of what each individual defendant knew and did, measured against the clearly established law applicable to that defendant's particular role and conduct. Because the seventeen (17)



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

individual County Defendants held different positions and roles and had different levels of involvement with, and knowledge of, Mr. Rupard's condition, the qualified-immunity analysis cannot be stated collectively and must instead be undertaken separately for each individual defendant. That individualized analysis alone consumes substantial pages and cannot be accomplished within the standard limit.

5. Plaintiff also asserts a claim for municipal liability against the County under *Monell v. Department of Social Services*. A *Monell* claim requires analysis of the County's policies, customs, and practices — and of theories such as failure to train, failure to supervise, and ratification — that is legally and factually distinct from, and in addition to, the individualized analysis of the claims against the individual defendants.

6. To the extent Plaintiff asserts state-law claims, the County Defendants will raise state-law statutory immunities and defenses (including those available under the California Government Claims Act) that require separate briefing from the federal claims and defenses.

7. Unlike a motion to dismiss, which is decided on the pleadings, a motion for summary judgment requires the parties to marshal and cite the evidentiary record developed in this case, which is voluminous and includes the deposition testimony of numerous individual deputies and other witnesses, custodial and medical records, jail policies and procedures, and expert reports. Setting out the material facts, with pinpoint citations to that record as to each defendant, requires significant space.

8. This need is compounded by Section II.C of Judge Bencivengo's Chambers Rules, which provides that, notwithstanding Civil Local Rule 7.1.f.1, separate statements of undisputed material fact will not be filed. Because the parties cannot present the material facts in a separate statement, the entire factual record supporting and opposing summary judgment must be set forth within the memoranda themselves — materially increasing the number of pages required as compared to summary-judgment practice in which a separate statement carries the factual recitation.



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

9. The requested limits are tailored to this need and are necessary to permit full and fair briefing by both sides. Local Rule 7.1(h) permits briefs to exceed the standard twenty-five (25) page limit, and a reply to exceed the standard ten (10) page limit, with leave of the judge who will hear the motion. Good cause exists to grant such leave here and to permit County Defendants to file an opening memorandum not to exceed seventy-five (75) pages, to permit Plaintiff to file an opposing memorandum not to exceed seventy-five (75) pages, and to permit County Defendants to file a reply memorandum not to exceed forty (40) pages, given the number of parties, the number and variety of the causes of action, the individualized qualified-immunity and *Monell* analyses required, the volume of the evidentiary record, and the inapplicability of a separate statement of facts.

For the foregoing reasons, County Defendants respectfully request that the Court enter an Order permitting County Defendants to file an opening memorandum not to exceed seventy-five (75) pages, Plaintiff to file an opposing memorandum not to exceed seventy-five (75) pages, and County Defendants to file a reply memorandum not to exceed forty (40) pages, in connection with County Defendants' Motion for Summary Judgment.

Meet and Confer. Pursuant to Section IV of Judge Bencivengo's Chambers Rules, counsel for County Defendants contacted counsel for Plaintiff to meet and confer regarding the relief requested in this ex parte Motion. On July 21–29, 2026, the undersigned met and conferred with Plaintiff's counsel via telephone, and Plaintiff's counsel indicated that Plaintiff opposes the relief requested. The efforts to meet and confer and Plaintiff's position, are set forth in the concurrently filed Declaration of counsel.

///

///

///

///



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

DATED: September 16, 2026

COLLINS + COLLINS LLP

By: 

NICHOLAS R. COLLETTI
RADA FELDMAN
ADAM A. AINSLIE
ROBERT S. KAHN
CAROLINE M. PARK
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

## DECLARATION OF NICHOLAS R. COLLETTI

I, Nicholas R. Colletti, declare as follows:

1. I am an Associate at the law firm of Collins + Collins, LLP, counsel of record for Defendants COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE (hereinafter "County Defendants"). I am familiar with this action and make this declaration based upon my own personal knowledge.

2. This declaration is made in support of County Defendants' ex parte application for leave to exceed the 25-page limit (to 75 pages) for their Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment.

3. This matter is very complex, both legally and factually. Through successive amendments, Plaintiffs substantially expanded the number of parties, and the operative Third Amended Complaint ("TAC") names a large group of defendants. The County Defendants moving for summary judgment comprise the County of San Diego and seventeen (17) individually named defendants, including the County Sheriff, command and supervisory personnel, custodial deputies, and medical personnel, each of whom is alleged to have played a distinct role in the events giving rise to Plaintiff's remaining claims.

4. The operative TAC asserted eight (8) causes of action. On October 30, 2025, the Court dismissed with prejudice the individual claims of the decedent's sons, Justino Rupard and Ronnie Rupard — namely, the Second Cause of Action for interference with the right of association and the Eighth Cause of Action for wrongful death — and dismissed them as parties, leaving the Estate of Lonnie Rupard as the sole



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

remaining Plaintiff. Doc. Nos. 238–39. Six (6) causes of action remain for adjudication, all asserted by the Estate: (1) a claim under 42 U.S.C. § 1983 for deliberate indifference to Lonnie Rupard's serious medical needs; (2) a § 1983 claim for failure to properly train and supervise; (3) a § 1983 *Monell* municipal-liability claim against the County; (4) a claim under California Civil Code § 52.1 (the Bane Act); (5) a negligence survival claim under California Code of Civil Procedure § 377.30; and (6) a claim for dependent adult neglect. Each remaining cause of action turns on different legal elements and applies to different subsets of the County Defendants, so the Motion for Summary Judgment must analyze the evidentiary record separately as to each claim and as to each defendant against whom that claim is asserted.

5. County Defendants will move for summary judgment, or in the alternative partial summary judgment, on every remaining claim asserted against them in the TAC. To conserve judicial resources and avoid serial and duplicative briefing, County Defendants intend to present these issues in a single, consolidated motion and reply rather than in separate motions filed defendant-by-defendant — an approach that necessarily requires more pages in each brief but far fewer total pages than piecemeal motions would consume.

6. Further, the individually named County Defendants will assert the defense of qualified immunity, which is distinct to each Defendant and thus cannot be stated collectively.

7. Plaintiff also asserts a claim for municipal liability against the County under *Monell v. Department of Social Services*. A *Monell* claim requires analysis of the County's policies, customs, and practices — and of theories such as failure to train, failure to supervise, and ratification — that is legally and factually distinct from, and in addition to, the individualized analysis of the claims against the individual defendants.

8. To the extent Plaintiff asserts state-law claims, the County Defendants will raise state-law statutory immunities and defenses (including those available under



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

the California Government Claims Act) that require separate briefing from the federal claims and defenses.

9. The evidentiary record is voluminous and includes the deposition testimony of numerous individual deputies and other witnesses, custodial and medical records, jail policies and procedures, and expert reports. Setting out the material facts, with pinpoint citations to that record as to each defendant, requires significant space.

10. The requested additional pages are tailored to this need and are necessary to permit full and fair briefing by both sides. Local Rule 7.1(h) permits briefs to exceed the standard twenty-five (25) page limit, and a reply to exceed the standard ten (10) page limit, with leave of the judge who will hear the motion. Good cause exists to grant such leave here.

11. Pursuant to Section IV of Judge Bencivengo's Chambers Rules, I contacted counsel for Plaintiff to meet and confer regarding the relief requested in this ex parte Motion. On July 21–29, 2026, I met and conferred with Plaintiff's counsel via telephone, and Plaintiff's counsel indicated that Plaintiff opposes the relief requested.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of September 2026, at Carlsbad, California.

NICHOLAS R. COLLETTI

*25163*

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California, )
) ss.
County of Los Angeles. )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **DEFENDANTS' NOTICE OF EX PARTE MOTION AND EX PARTE MOTION TO INCREASE PAGE LIMITS FOR COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☒ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

---

Executed on September 16, 2026 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

---------------------------------
NATALIE URBINO
nurbino@ccllp.law

*25163*

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ESTATE OF LONNIE RUPARD ET AL. V. COUNTY OF SAN DIEGO ET AL.**
**Case Number: 3:23-cv-1357-CAB-JAC**
**CCLLP File Number: 25163**

**SERVICE LIST**

Jeremiah A. Lowe
LOWE LAW, LLP
402 W. Broadway, Suite 1720
San Diego, CA 92101
T: (619) 878-2725 - F: (619) 878-2737
jeremiah@lowelawapc.com
laura@lowelawapc.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD and the Estate of Lonnie Rupard**

Eugene G. Iredale
Julia Yoo
Sarah Musumeci
Peter Bibring
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
T: (619) 233-1525 - F: (619) 233-3221
egiredale@iredalelaw.com
jyoo@iredalelaw.com
smusumeci@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
gjun@iredalelaw.com
sbrockett@iredalelaw.com
pbibring@iredalelaw.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD**

Corey E. Krueger
Alexandra Sennet
Kimberly B. Pinkerton
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, CA 90245
T: (310) 203-4800 - F: (323) 486-2704
ckrueger@tresslerllp.com
asennet@tresslerllp.com
kpinkerton@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**