UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ESTATE OF LONNIE RUPARD,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.: 23-cv-1357-CAB-JAC

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO SEAL AND (2) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF INTERNAL AFFAIRS RECORDS**

ECF Nos. 274, 276

Before the Court is Plaintiff Estate of Lonnie Rupard's Motion to Compel the Production of Internal Affairs Records and Motion to Seal. ECF Nos. 274, 276. Defendant County of San Diego ("Defendant" or the "County") opposes the Motion to Compel. ECF No. 280. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Seal (ECF No. 274) and **GRANTS IN PART** Plaintiff's Motion to Compel (ECF No. 276).

## MOTION TO SEAL

Plaintiff has submitted the County's amended privilege log as Exhibit 6 to the Motion to Compel. The County designated the amended privilege log as confidential under the protective order entered in this case and maintains that the document should be sealed

or the individual defendant's names should be redacted. ECF No. 274 at 2. Given the County's designation of the document as confidential, Plaintiff was required by the protective order to file the amended privilege log conditionally under seal. *Id.*; *see also* ECF No. 46. But Plaintiff maintains that the amended privilege log should be publicly filed because "it provides only a minimal and generic description of the documents and nothing about the nature of the underlying allegations against the individual defendants." ECF No. 274 at 3.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *See Foltz*, 331 F.3d at 1135. The showing required depends upon whether the motion at issue is closely related to the merits of the case—in which case the party must demonstrate "compelling reasons" to seal—or is only "tangentially related" to the merits of the case, which requires a showing of good cause under Federal Rule of Civil Procedure 26(c). *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1983) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").

As an initial matter, the Court finds that Plaintiff's Motion to Compel is a discovery motion that is only tangentially related to the merits. *See Orthopaedic Hosp. v. Encore Med., L.P.*, No. 3:19-CV-00970-JLS-AHG, 2021 WL 5449041, at *2 (S.D. Cal. Nov. 19, 2021) ("[F]or discovery documents attached to non-dispositive motions and filed under

seal pursuant to a valid protective order, 'the usual presumption of the public's right of access [to court filings] is rebutted.'") (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Therefore, the Court applies the good cause standard. *See Labbe v. Dometic Corp.*, No. 2:20-cv-01975-DAD-DMC, 2023 WL 6519306 at *2 (E.D. Cal. Oct. 4, 2023) (compiling cases holding that the good cause standard applies to discovery motions).

The County designated the privilege log as confidential pursuant to the protective order, but this alone does not establish good cause for sealing. *See Foltz*, 331 F.3d at 1138 (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are overinclusive by nature and do not include a finding of good cause). However, the Court finds that good cause exists to seal Exhibit 6 because public disclosure implicates the privacy interests of individual defendants.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Seal. ECF No. 274.

**MOTION TO COMPEL**

The County argues that the 38 internal investigation files of individual County-affiliated defendants, totaling 1,889 pages, are not relevant or proportional to the needs of this case and are protected from disclosure by the official information privilege, the deliberative process privilege, and privacy rights.[1] Plaintiff argues the internal affairs

---

[1] In its amended privilege log, the County raises additional reasons for withholding the documents, including the law enforcement privilege, California governmental privileges, California peer review privilege, the California Constitution, and the Federal Health Insurance Portability and Accountability Act. ECF No. 291 (under seal). The County does not address these privileges in its opposition to Plaintiff's motion to compel. *See generally* ECF No. 280. It is the County's burden to show that these privileges justify withholding relevant documents in this case. *See, e.g.*, *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). As the County has

records of named defendants are relevant in § 1983 cases and challenges the County's assertion of these privileges. *See generally* ECF No. 276.

The Court has conducted an *in camera* review of the disputed documents. After careful consideration, and on the record before it, the Court concludes that portions of 4 of the 38 internal investigation files are relevant to Plaintiff's claims and proportional to the needs of the case. The Court further finds the County has not met its burden to establish the privileges it invokes apply to the internal investigation files in their entirety. Finally, the Court finds the privacy concerns raised by the County are adequately addressed by the operative protective order and limited redactions of personal information as described in this Order.

**Background**

This case concerns the death of Lonnie Rupard on March 17, 2022, while in custody at San Diego Central Jail ("SDCJ"). *See generally* ECF No. 184 ("TAC"). Rupard was arrested on December 19, 2021, for a parole violation and booked into SDCJ. *See* TAC ¶ 77. On March 17, 2022, Rupard died in SDCJ custody from pneumonia, malnutrition, and dehydration from untreated schizophrenia. TAC ¶ 73.

Plaintiff filed a Third Amended Complaint, the operative complaint, on February 19, 2025. *See generally* TAC. Among other claims, Plaintiff asserts that SDCJ has "exceptionally high rates of in-custody deaths," even when compared to jails in other large counties. *See* TAC ¶¶ 218, 222. Plaintiff claims that reports by the National Commission on Correctional Health Care, the California State Auditor, and others put Defendants on notice of deficiencies in the delivery of medical and psychiatric care at SDCJ. *See* TAC ¶¶ 224–52. Plaintiff further alleges that "Defendants were on notice that deputies were failing to conduct proper cell checks." TAC ¶¶ 299.

//

---

declined to address these privileges in its briefing, the Court finds it has failed to carry its burden as to these privileges and **OVERRULES** these objections.

On December 5, 2025, Plaintiff propounded its first set of Requests for Production to the County. Request 35 sought "[t]he complete personnel files, including all documents relating to training, investigation and discipline" for 14 County employees who are named as defendants in this case. Iredale Decl. ¶ 2, Ex. 1, ECF No. 276-2 at 3 (emphasis omitted). The County objected to the request as unduly burdensome, irrelevant, not proportional to the needs of the case, and improperly invading third-party privacy. Iredale Decl. ¶ 4, Ex. 2, ECF No. 276-3 at 4. The County also asserted the official information privilege and the deliberative process privilege for withholding the requested documents. *Id.* Notwithstanding those objections, the County identified 38 internal investigation files, comprised of 1,889 pages of records, as responsive to Plaintiff's request.

Plaintiff filed the present motion following a pre-motion discovery conference with the Court. *See* ECF Nos. 269, 273. The Court ordered the County to lodge and serve on Plaintiff an amended privilege log with additional details to allow the Court to determine the applicability of these privileges and protections. ECF Nos. 286. The County filed its amended privilege log.[2] ECF No. 291 (under seal). The Court additionally required the County to deliver to the Court hard copies of all the contested documents for *in camera* review. ECF No. 293.

**Legal Standard**

Rule 34 provides that a party may serve requests for documents or tangible things on any other party that relate to any matter within the scope of discovery defined in Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). "A party may withhold 'information otherwise discoverable by claiming it is privileged.'" *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 322 F.R.D. 571, 583 (S.D. Cal. 2017) (quoting Fed. R. Civ. P. 26(b)(5)). Federal law applies to assertions of privilege in federal civil rights actions. *See United States v. Zolin*, 491 U.S. 554, 562 (1989). "[T]he party opposing

---

[2] The Court finds Plaintiff's arguments about the deficiencies in the County's privilege log, ECF No. 276 at 6–9, are mooted by the amended privilege log. ECF No. 291 (under seal).

discovery has the burden of showing that discovery should not be allowed." *Louisiana Pac. Corp.*, 285 F.R.D. at 485. The Court has "broad discretion" to "permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

## Analysis

The County claims that Plaintiff's request is not relevant or proportional to the needs of this case and asserts the official information privilege, deliberative process privilege, and third-party privacy and confidentiality protect the disclosure of the internal affairs documents. *See generally* ECF No. 380. Plaintiff challenges the County's assertion of these privileges and argues that the County should produce the documents. *See generally* ECF No. 276.

### A. Relevance and Proportionality

As an initial matter, the County argues that internal affairs files not related to Rupard's detention or death are not relevant or proportional to the needs of this case. ECF No. 280 at 3–4. Plaintiff counters that internal affairs records are relevant to Plaintiff's individual liability and *Monell* claims. ECF No. 276 at 9.

Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is relevant and proportional to the needs of the case. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Bashinski v. United States*, No. 23-CV-01026-JO-JLB, 2024 WL 239102, at *2 (S.D. Cal. Jan. 22, 2024) (quoting *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021)).

Although relevance is defined broadly, it is not without boundaries; discovery must also be proportional. *See Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) ("Relevance for purposes of discovery is defined very broadly."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2014) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'") (cleaned up).

The Court agrees that Plaintiff's Request 35, as written, is overbroad in scope. The request seeks every document contained within the individual defendants' personnel files, and Plaintiff does not establish relevance for the entire file. The request for information or documents must be limited in scope to those documents that are relevant to the claims in this case. On the other hand, Defendant's request that the Court limit the scope to only documents related to Rupard's detention or death is too narrow. Accordingly, the Court **SUSTAINS IN PART** Defendants' relevance and proportionality objection and modifies the scope of the request as follows: Request 35 shall be narrowed to complaints or investigations against the named defendants that resulted in a sustained finding of misconduct involving dishonesty, failure to provide medical care, failure to conduct proper cell checks, or other conduct that tends to undermine credibility. With this narrowed scope in mind, next the Court will examine the County's assertion of privileges as a basis to withhold information and documents responsive to this request.

**B. Official Information Privilege**

The County objected to Request 35 in part because the request sought information that was subject to the official information privilege. ECF No. 291 (under seal). Plaintiff argues that the County has failed to meet its burden because the Declaration of Lieutenant Lon Nguyen fails to make the threshold showing required under *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987). ECF No. 276 at 10–11.

"Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976)). The party asserting the privilege has the initial burden of proving the applicability

of the privilege. *See Kelly*, 114 F.R.D. at 669; *see also Stewart v. City of San Diego*, No. 09-CV-844-IEG-WMC, 2010 WL 4909630, at *1 (S.D. Cal. Nov. 24, 2010) (applying *Kelly*). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citations omitted).

A party seeking to invoke the official information privilege in response to a discovery request must serve a timely discovery response identifying the official information privilege as a basis for its objection. *Kelly*, 114 F.R.D. at 669. The objection must be accompanied by a declaration or affidavit "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id.* The affidavit or declaration must include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Id.* at 670. "If the nondisclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this initial burden, the court generally conducts an *in camera* review of the material and balance each party's interests." *Bryant v. Armstrong*, 285 F.R.D. 596, 605 (S.D. Cal. 2012) (citing *Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 671).

//

The County asserts that Nguyen's declaration makes the requisite threshold showing to invoke the official information privilege. ECF No. 280 at 5; *see also* Iredale Decl. ¶ 6, Ex. 4, ECF No. 276-5 ("Nguyen Decl."). Nguyen satisfies the first and second requirements under *Kelly* because he states he has reviewed the internal investigation records at issue and that the records are maintained in a secure area and only accessible by authorized personnel. Nguyen Decl. ¶¶ 3–4. As to the interests threatened by disclosure, Nguyen says that dissemination of these records "can jeopardize [Sheriff's Department personnel's] safety and the safety of their families, and subject them to harassment or intimidation." Nguyen Decl. ¶ 5. He further states that "critical and candid assessments" used to improve the quality of law enforcement services are not as effective if the reports are accessed or used outside of their intended purpose and scope. *See* Nguyen Decl. ¶ 6. He states that dissemination may discourage people from "providing complete and truthful information in the investigation process" and "diminish[es] the confidentiality of others who have provided to the Department." Nguyen Decl. ¶ 7. Although Nguyen's declaration identifies the governmental and privacy interests threatened by disclosure, he does not address how disclosure of the internal affairs records *subject to the existing protective order* "would create a substantial risk of harm to significant governmental or privacy interests" or "how much harm would be done to the threatened interests if disclosure were made." *See Kelly*, 114 F.R.D. at 670. The Court is not satisfied that limited redactions of private information and release under the protective order would not address the governmental and privacy interests Nguyen raises. The County has failed to make a substantial threshold showing that the official information privilege applies.

The Court concludes that the balancing analysis weighs in favor of disclosure of the internal investigation documents to Plaintiff with limited redactions and under the protective order. Accordingly, the Court **OVERRULES** Defendants' objections based on the official information privilege.

//

//

### C. Deliberative Process Privilege

Next, the County objected to Request 35 because the request sought information that was subject to the deliberate process privilege.[3] ECF No. 291 (under seal). Plaintiff argues that the deliberate process privilege generally does not apply in civil rights lawsuits. ECF No. 276 at 13 (quoting *Shiflett v. City of San Leandro*, No. 21-CV-07802-LB, 2023 WL 4551077, at *5 (N.D. Cal. July 13, 2023)). The County concedes that the privilege does not extend to routine internal investigative reports or witness statements but argues that the deliberate process privilege would protect supervisory recommendations or policy-level analysis. ECF No. 280 at 6–7.

Federal law "shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 n.4 (9th Cir. 2024) (quoting *United States Fish and Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021)). The document "must be predecisional—it must have been generated before the adoption of a policy or decision," and it "must be deliberative in nature, containing opinions, recommendation, or advice about agency policies." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The primary purpose of the privilege is to "prevent injury to the quality of agency decisions" where "'frank discussion of legal or policy matters' in writing might be inhibited if the discussion were made public." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51 (1975) (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3, at 9 (1965)). Courts have found

[3] The County concedes that the related self-critical analysis privilege, which the County asserted in response to Request 35, is not recognized by the Ninth Circuit. ECF No. 280 at 7; *see also Simon v. City of Los Angeles*, No. 2:22-CV-01775-SSS (GJSX), 2023 WL 3402628, at *4 (C.D. Cal. Apr. 21, 2023) ("Neither the Ninth Circuit nor the Supreme Court has recognized the applicability of a self-critical analysis privilege, and no such privilege exists under federal common law.") (citations omitted).

that the deliberate process privilege is "inappropriate for use in civil rights cases against police departments." *Soto*, 162 F.R.D. at 612.

The County has conceded that the deliberate process privilege would not wholesale protect the internal affairs documents at issue. ECF No. 280 at 7; *see also Pittman v. Cnty. of San Diego*, No. 09-CV-1952-WQH WVG, 2010 WL 3733867, at *3 (S.D. Cal. Sept. 17, 2010), reconsidered on other grounds, No. 09-CV-1952-WQH WVG, 2010 WL 4570252 (S.D. Cal. Nov. 3, 2010) ("The deliberative process privilege does not apply to the requested documentation because the internal affairs investigation does not reflect discussion among those responsible for governmental decision-making.") (citation omitted). The Court has conducted an *in camera* review of the documents the County seeks to withhold, and based on the Court's review, none of the internal affairs documents are designed to contribute to the formulation of important public policy such that they would fall within the deliberative process privilege.

Accordingly, the Court **OVERRULES** Defendants' objections based on the deliberative process privilege.

**D. Third-Party Privacy and Confidentiality**

Finally, the County objected to Request 35 because the responsive documents contain personal or confidential information of third parties. ECF No. 291 (under seal). Plaintiff argues that Defendants failed to demonstrate that third-party right to privacy outweighs disclosure, and any legitimate privacy concerns can be addressed with redactions or production under the operative protective order. ECF No. 276 at 14–15.

Federal courts recognize a constitutionally based right of privacy that may be asserted in response to discovery requests. *Soto*, 162 F.R.D. at 616; *Medina v. Cnty. of San Diego*, No. 08-CV-1252-BAS-RBB, 2014 WL 4793026, at *4 (S.D. Cal. Sept. 25, 2014). In resolving privacy objections, courts balance the need for the requested information against the asserted privacy right. *Soto*, 162 F.R.D. at 616. "[F]ederal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes." *Kelly*, 114 F.R.D. at 656. "However, these privacy interests must be balanced

against the great weight afforded to federal law in civil rights cases against police departments." *Soto*, 162 F.R.D. at 616.

The County failed to explain how disclosure of the relevant documents to Plaintiff under the stipulated protective order entered in this case on December 28, 2023 (ECF No. 46) would harm a significant privacy interest. *See Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 670. The Court finds that the third-party privacy concerns the County raises can be addressed through redaction and production under the protective order. Therefore, the Court **SUSTAINS IN PART** Defendants' third-party privacy objection. The Court finds that production under the under the "Confidential – For Counsel Only" designation in the protective order, in addition to limited redactions of private information as detailed below, strikes the appropriate balance between Plaintiff's need for information and the privacy interests of third parties. Therefore, the County may not withhold relevant responsive documents based on this objection.

**Conclusion**

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to seal (ECF No 274) and **GRANTS IN PART** Plaintiff's motion to compel (ECF No. 276). The Court has reviewed the internal investigation files *in camera* and identified the documents responsive to the narrowed scope of Request 35. Accordingly, the County **SHALL PRODUCE** to Plaintiff documents identified as Bates numbers 248–52, 309–46, 1347–59, 1380–404, 1539–40, 1569–91, and 1878–89 on the amended privilege log <u>within seven days</u> of the docketing of this order. Prior to production, the County may redact private and confidential third-party information on documents identified by Bates numbers 309–46, 1380–404, and 1569–91 that the County reasonably determines is required to protect the privacy and security of law enforcement officers and third parties, such as address, social security number, date of birth, medical information, and the like. The Court orders that all documents produced under this order shall be designated "Confidential – For Counsel

Only" under the protective order entered in this case and may not be used or disseminated outside the scope of this current litigation.

**IT IS SO ORDERED**.

Dated: September 16, 2026

Hon. Janet A. Cabral
United States Magistrate Judge