Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ; AND JUSTINO RUPARD,

Plaintiffs.

v.

COUNTY OF SAN DIEGO; et al.

Defendants.

Case No. 3:23-cv-01357-CAB-JAC

Assigned for All Purposes:
Judge: Hon. Cathy Ann Bencivengo
Courtroom: 15A
Magistrate Judge: Janet A. Cabral

**JOINT MOTION TO MODIFY SUMMARY JUDGMENT AND *DAUBERT* BRIEFING DEADLINES, FOR LEAVE TO EXCEED PAGE LIMITS AND FILE SEPARATE STATEMENTS, AND TO MODIFY REMAINING PRETRIAL AND TRIAL DATES**

## I. INTRODUCTION AND AGREED RELIEF

Plaintiffs ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ, and JUSTINO RUPARD (collectively, "Plaintiffs"); the County Defendants; and Defendants ANTHONY CRUZ, D.O. and LIBERTY HEALTHCARE OF CALIFORNIA, INC. (collectively, the "Liberty Defendants"), by and through their respective counsel, jointly submit this

motion concerning the summary judgment and *Daubert* briefing schedule, separate statements, summary judgment page limits, and the remaining pretrial and trial dates.

Following their September 23, 2026 meet-and-confer discussion and subsequent correspondence, the parties agreed to request that the Court continue:

(1) The deadline to file summary judgment and *Daubert* motions from October 30, 2026, to November 30, 2026; and

(2) The deadline to file oppositions to those motions from November 13, 2026, to December 30, 2026.

The parties have not reached agreement on all requests concerning the reply deadline, authorization to file separate statements, increased page limits for the Liberty Defendants' consolidated summary judgment motion, and modification of the remaining pretrial and trial dates. Their respective positions are set forth below for the Court's determination. Joint submission of this motion does not signify agreement on all relief requested.

Expert depositions were completed on October 1, 2026. The requested extensions will allow counsel to review the completed expert testimony, incorporate relevant testimony into the summary judgment briefing, and evaluate and prepare challenges to expert testimony. Additionally, as discussed at the Mandatory Settlement Conference in August 2026, the Liberty Defendants' insurance coverage has eroding limits, and the requested relief would allow for much of the work for summary judgment and *Daubert* motions to be delayed beyond the current Mandatory Settlement Conference date (November 9, 2026). The specific facts supporting the requested extensions are set forth in the accompanying declaration. (Krueger Decl. ¶¶ 6–8.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties request modification of the scheduling order for good cause, as explained below and in the supporting declaration.

This motion is based on the grounds set forth below, the accompanying declaration of counsel, any additional declarations submitted by the parties, and the pleadings and records on file in this action.

## II. LIBERTY DEFENDANTS' POSITION

In addition to the agreed-upon requests above, the Liberty Defendants make the following requests.

### A. Reply Deadline

The Liberty Defendants request that replies in support of summary judgment and *Daubert* motions be due January 20, 2027, in place of the current November 20, 2026 deadline. [Doc. No. 288 at 3.]

The requested deadline would provide three weeks following the proposed December 30, 2026 opposition deadline to review the opposition memoranda and supporting evidence, consult with relevant experts as necessary, and prepare responsive briefing. That interval is appropriate given the factual record and the need to address competing expert testimony concerning psychiatric treatment, correctional practices, nursing responsibilities, and medical causation in both the summary judgment and Daubert briefing. The Liberty Defendants anticipate filing an extensive motion for summary judgment and at least four or five *Daubert* motions, each requiring a separate reply addressing the challenged expert's opinions, methodology, and supporting evidence. Counsel also anticipate preparing oppositions to Daubert motions challenging the Liberty Defendants' own experts. The requested three-week reply period is necessary given this substantial briefing workload and the need to review multiple opposition briefs, consult with the relevant experts, and prepare the summary judgment reply and several expert-specific replies within the same interval.

The Liberty Defendants request that the same reply deadline apply to the County Defendants' motions so that briefing proceeds on a coordinated schedule.

/ / /

/ / /

**B. Separate Statements and Summary Judgment Page Limits**

The Liberty Defendants request permission for all parties to submit separate statements in connection with summary judgment briefing and leave under Civil Local Rule 7.1(h) to exceed the otherwise applicable page limits for their consolidated summary judgment motion.

Section II.C of Judge Bencivengo's Civil Case Procedures prohibits separate statements of fact notwithstanding Civil Local Rule 7.1.f.1. The Liberty Defendants request a case-specific exception given the scope and complexity of this litigation, the number of defendants, the multiple federal and state-law claims, and the extensive factual and expert record developed through discovery.

This action concerns numerous individuals and entities with different roles and alleged involvement in Mr. Rupard's confinement and care. The record encompasses medical and mental-health records, custody records, policies and procedures, written discovery, deposition testimony, and expert reports and rebuttal materials across multiple disciplines. Evaluating the motions will require the parties and the Court to consider that record as it relates to different defendants and claims. (Krueger Decl. ¶¶ 9–10.)

Separate statements would provide an organized means of identifying the material facts and their supporting evidence. They would allow Plaintiffs to identify which facts are purportedly disputed and provide pinpoint citations to the evidence supporting those disputes. That presentation would assist the Court in locating the relevant evidence, distinguishing factual disputes from legal argument, and determining whether any disputed fact is material to a particular claim or defendant.

Without separate statements, the parties must incorporate that factual presentation and the corresponding record citations into their memoranda. Given the breadth of the record, doing so would consume substantial briefing space and make it more difficult to compare the parties' positions on particular facts. Separate

statements would permit a more focused presentation of the legal issues while providing the Court with an accessible account of the supporting record.

Any authorization should apply to both the Liberty Defendants' and County Defendants' summary judgment motions and Plaintiffs' corresponding responses. The Liberty Defendants would prefer to file one consolidated motion addressing the claims against Liberty Healthcare of California, Inc. and Dr. Cruz. Consolidated briefing would avoid duplicating overlapping factual discussion and legal standards. Nevertheless, the motion must address the claims against two defendants whose alleged liability arises under multiple, distinct legal theories. The requested additional pages are necessary to present the relevant record and legal analysis adequately within a single consolidated memorandum. (Krueger Decl. ¶¶ 9–10.)

The Liberty Defendants request the following alternative limits:

**If separate statements are permitted:**

(1) Opening memorandum: fifty (50) pages;

(2) Plaintiffs' opposition: fifty (50) pages; and

(3) Reply memorandum: twenty-five (25) pages.

**If separate statements remain prohibited:**

(1) Opening memorandum: sixty-five (65) pages;

(2) Plaintiffs' opposition: sixty-five (65) pages; and

(3) Reply memorandum: twenty-five (25) pages.

The alternative sixty-five-page opening and opposition limits accommodate the additional factual discussion and supporting record citations that must appear within the memoranda if separate statements remain prohibited. Both alternatives provide Plaintiffs the same opposition limit as the Liberty Defendants' opening limit.

The requested additional pages are necessary to address the distinct facts and liability theories applicable to Liberty and Dr. Cruz within a single consolidated memorandum, particularly if separate statements remain prohibited. If the Court denies the requested enlargement, the Liberty Defendants will need to file separate

summary judgment motions—one addressing the claims against Liberty and one addressing the claims against Dr. Cruz—in compliance with the applicable page limits and the Court's orders. Separate motions will require repetition of overlapping factual background, record citations, and legal standards, with corresponding duplication in opposition and reply briefing. Granting the requested page limits would permit the same issues to be presented more efficiently in one consolidated motion. Both proposed alternatives afford Plaintiffs an equal number of pages for their opposition.

The Liberty Defendants' requested page limits apply only to their consolidated summary judgment briefing. They do not seek increased page limits or separate statements for *Daubert* motions.

**C. Remaining Pretrial and Trial Dates**

The Liberty Defendants request adjustment of the remaining pretrial and trial dates to accommodate the proposed briefing schedule.

On August 6, 2026, the Court granted in part the Liberty Defendants' prior application to amend the scheduling order, finding that a short continuance and resequencing would lead to a more efficient and productive pretrial period. The Court declined the requested ninety-day continuance and established the current schedule. [Doc. No. 288 at 2–4.]

Under that schedule, pretrial disclosures are due January 8, 2027; the Local Rule 16.1(f)(4) meeting must occur by January 15, 2027; objections to pretrial disclosures and motions in limine are due January 22, 2027; and the proposed final pretrial conference order must be lodged, and oppositions to motions in limine filed, by January 29, 2027. The final pretrial conference and motions in limine hearing are set for February 5, 2027, at 2:00 p.m., and trial is set for February 22, 2027, at 8:45 a.m. [Doc. No. 288 at 3–4.] Notably, on the current schedule, trial counsel for the Liberty Defendants is expected to be in trial in another Southern District matter (*Morton v. County of San Diego*, case no. 21-cv-01428-RBM-DDL) on the currently-scheduled date for the final pretrial conference.

The current January 8, 2027 pretrial disclosure deadline would precede completion of briefing under either the Liberty Defendants' proposed January 20, 2027 reply deadline or Plaintiffs' proposed January 13, 2027 reply deadline. The January 15 meet-and-confer deadline would also precede completion of briefing under the Liberty Defendants' proposal, and motions in limine would be due only two days after the proposed reply deadline. Maintaining those dates would require substantial trial preparation while the scope of the claims and admissible expert testimony remains subject to the summary judgment and *Daubert* motions.

The Liberty Defendants seek a schedule that allows the Court time to consider the motions and permits the parties to prepare for trial based on the claims and evidentiary issues that remain. The affected trial-preparation tasks include preparing witness and exhibit disclosures; identifying deposition testimony to be presented at trial; reviewing and preparing objections to the parties' disclosures and deposition designations; meeting and conferring regaarding disputed factual, legal, and evidentiary issues; preparing the proposed pretrial order; and preparing motions in limine, oppositions, jury instructions, verdict forms, and witness examinations as required by the operative schedule and the Court's procedures.

Those tasks depend substantially on which claims survive summary judgment and which expert opinions may be presented at trial. Requiring their completion before the motions are fully briefed and considered would risk substantial duplication, including revisions to witness and exhibit lists, deposition designations, the proposed pretrial order, and other trial submissions following the Court's rulings. (Krueger Decl. ¶¶ 12–13.)

At the Court's discretion, the Liberty Defendants request either: (1) vacatur of the remaining pretrial and trial dates, to be reset on a schedule the Court determines appropriate in light of the motions actually filed; or (2) continuance of pretrial disclosures from January 8, 2027, to March 8, 2027, with corresponding adjustments to the remaining pretrial deadlines and trial in the second half of April 2027, subject

to the Court's availability. The Liberty Defendants are amenable to definite replacement dates selected by the Court, subject to clearing the dates of experts, witnesses, clients, and counsel.

**III. COUNTY DEFENDANTS' POSITION**

**A. Reply Deadline.**

County agrees with and incorporates by reference Liberty's discussion and facts in support of its request that all replies in support of summary judgment and *Daubert* motions be due January 20, 2027, in place of the current November 20, 2026 deadline. [Doc. No. 288 at 3.] (Colletti Decl. ¶ X-X)

**B. Separate Statement and Page Limits Increase.**

County generally agrees with and incorporates by reference Liberty's discussion and facts in support of its request for permission for all parties to submit separate statements in connection with summary judgment briefing.

As it concerns requests for increased page limits, County's position is as follows: On September 18, 2026, the Court GRANTED County's motion to enlarge the page limits of its MSJ to Opening memorandum (50 pages); Plaintiffs' Opposition (50 pages); and County's Reply (30 pages). (ECF 300). To the extent that the Court intends to permit separate statements, the County maintains and will adhere to the above-referenced Order (ECF 300).

To the extent the Court does not intend to permit separate statements, then the County seeks reconsideration of its original request in ECF 297 for 75/75/40 (and no less pages on Opening or Reply than Liberty here seeks or is permitted). County notes the arguments, facts, and position made in its prior motion (ECF 297), as well as those made by Liberty herein and above, with the additional emphasis that County's presence in this case includes exponentially more defendants, issues, and facts, and defenses.

Thus, the alternative and additional pages requested where no separate statement is permitted similarly are intended to accommodate the additional factual discussion

and supporting record citations that must appear within the memoranda if separate statements remain prohibited. Here too, Plaintiffs are given equal consideration upon opposition.

County is also not seeking increased page limits as it concerns its anticipated *Daubert* motions.

**C. Remaining Pretrial and Trial Dates.**

The County agrees with and incorporates by reference Liberty's discussion and facts in support of its request for an adjustment to the remaining pretrial and trial dates to accommodate the proposed briefing schedule.

**IV. PLAINTIFF'S POSITION**

Plaintiff agrees to the requested continuance of the MSJ and Daubert motion filing deadlines and Opposition deadlines. Given Liberty Healthcare's eroding insurance policy, any attorney fees incurred in the MSJ and Daubert briefing will reduce the insurance limits available for settling the case, which is set for a Mandatory settlement conference on November 9, 2026. Plaintiff further agrees that 30 days is necessary to have sufficient time to oppose what will be voluminous briefing of the MSJ and Daubert motions.

Plaintiff opposes the requested two week extension for Reply briefing. Plaintiff, however would not oppose Defendants having an additional one week for Reply Briefs which would make Reply Briefs due on 1/13. A one week extension of the Reply briefing would double the amount of time afforded for the Reply briefs from the Scheduling order, and would be consistent with doubling the time for the moving papers and Opposition briefing from the Scheduling Order.

Plaintiff also is opposed to any further increase in page limits for briefing beyond the page limits already provided by the Court in the Court's order (ECF 300). However, if the Court is going to provide further additional page limits to any of the Defendants, Plaintiff would simply request the same number of pages in kind for opposition.

Plaintiff is also opposed to vacating the pre-trial and trial related dates or continuing pretrial disclosures from January 8, 2027 to March 8, 2027. Plaintiff will defer to the Court on scheduling of the remaining pre-trial deadlines and trial date.

**V. CONCLUSION**

The parties jointly request that the Court continue the summary judgment and Daubert motion-filing deadline to November 30, 2026, and the opposition deadline to December 30, 2026.

The parties submit the remaining issues for determination based on their respective positions above.

DATED: October 8, 2026

LOWE LAW, LLP

*/s/ Jeremiah A. Lowe*
Jeremiah A. Lowe
Attorneys for Plaintiff,
ESTATE OF LONNIE RUPARD

DATED: October 8, 2026

IREDALE & YOO, APC

*/s/ Eugene G. Iredale*
Eugene G. Iredale
Attorneys for Plaintiff,
ESTATE OF LONNIE RUPARD

/ / /
/ / /
/ / /
/ / /
/ / /

DATED: October 8, 2026

COLLINS + COLLINS LLP

*/s/ Nicholas R. Colletti*

Nicholas R. Colletti
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

DATED: October 8, 2026

TRESSLER LLP

*/s/ Corey E. Krueger*

Corey E. Krueger
Alexandra Sennet
Attorneys for Defendants,
Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.