Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
Alexandra Sennet, Esq. (SBN 360861)
asennet@tresslerllp.com
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, California 90245
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants, Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ; AND JUSTINO RUPARD,<br><br>Plaintiffs.<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | Case No. 3:23-cv-01357-CAB-JAC<br><br>Assigned for All Purposes:<br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 15A<br>Magistrate Judge: Janet A. Cabral<br><br>**DECLARATION OF COREY E. KRUEGER IN SUPPORT OF THE JOINT MOTION TO MODIFY SUMMARY JUDGMENT AND DAUBERT BRIEFING DEADLINES, FOR LEAVE TO EXCEED PAGE LIMITS AND FILE SEPARATE STATEMENTS, AND TO MODIFY REMAINING PRETRIAL AND TRIAL DATES** |

**DECLARATION OF COREY E. KRUEGER**

I, Corey E. Krueger, declare as follows:

1. I am a partner at Tressler LLP, counsel of record for Defendants Anthony Cruz, D.O. and Liberty Healthcare of California, Inc. (collectively, the "Liberty Defendants"). I am familiar with the proceedings, discovery, and preparation of the defense in this action. I make this declaration based on my personal knowledge and, if called as a witness, could competently testify to the matters stated herein.

2. I submit this declaration in support of the Joint Motion to Modify Summary Judgment and Daubert Briefing Deadlines, for Leave to Exceed Page Limits and File Separate Statements, and to Modify Remaining Pretrial and Trial Dates.

3. On September 23, 2026, I participated in a meet-and-confer with counsel concerning the summary judgment and Daubert briefing schedule, separate statements, page limits, and the remaining pretrial and trial dates. On September 24, 2026, I circulated a written proposal requesting November 30, 2026 for filing summary judgment and Daubert motions, December 30, 2026 for oppositions, and January 20, 2027 for replies. My proposal also requested permission to file separate statements, alternative page limits for the Liberty Defendants' consolidated summary judgment briefing, and modification of the remaining pretrial and trial dates.

4. In the subsequent correspondence, counsel for the County Defendants requested clarification that permission to submit separate statements would apply to the County Defendants' summary judgment briefing and Plaintiffs' corresponding response, while preserving the County Defendants' existing page limits. I confirmed that the proposed request was intended to apply to both the Liberty Defendants' and County Defendants' summary judgment briefing. County counsel thereafter indicated that the proposal was consistent with the County Defendants' position.

5. On September 25, 2026, Plaintiffs' counsel agreed to request a November 30, 2026 deadline for summary judgment and Daubert motions and a December 30, 2026 deadline for oppositions. Plaintiffs' counsel proposed January 13, 2027 for replies, opposed additional pages for the Liberty Defendants, and requested matching opposition pages if the Court grants additional pages. Plaintiffs' counsel also opposed vacating all remaining dates and stated that the Court should determine whether and how far to continue those dates. That email did not state a position on the request for separate statements. The parties have agreed to request the November

30 motion-filing and December 30 opposition deadlines, with their respective positions on the remaining requests presented in the joint motion.

6. On July 31, 2026, the Liberty Defendants filed an ex parte application to amend the scheduling order. [Doc. No. 283.] On August 6, 2026, the Court granted that application in part, continuing and resequencing certain deadlines while declining the requested ninety-day continuance. The resulting schedule set October 2, 2026 for completion of expert discovery, October 30, 2026 for filing pretrial and Daubert motions, November 13, 2026 for oppositions, and November 20, 2026 for replies. [Doc. No. 288 at 2–4.] Expert depositions were completed on October 1, 2026.

7. The Liberty Defendants' counsel have been reviewing the discovery record and expert materials in connection with the ongoing litigation, including participating in expert depositions. With expert depositions now completed, counsel must review the testimony and relevant record, prepare the summary judgment and Daubert motions, and assemble the supporting evidentiary submissions. Given the scope of the record and the multiple motions to be prepared, additional time is requested to complete that work.

8. The requested November 30, 2026 filing deadline would provide additional time to complete that work following the close of expert discovery. The existing October 30 deadline leaves approximately four weeks after the final expert depositions to complete both the consolidated summary judgment motion and any Daubert motions. Given the breadth of the factual record, the multiple expert disciplines, and the need to integrate and verify the completed testimony across those submissions, the Liberty Defendants request the additional interval to complete their briefing and evidentiary submissions. The Liberty Defendants' insurance coverage has eroding limits, such that defense fees and costs reduce the limits available for settlement. The requested extension would allow additional motion-preparation work to be deferred until after the November 9, 2026 Mandatory Settlement Conference, helping preserve available limits while the parties pursue settlement.

9. The proposed December 30, 2026 opposition deadline would provide Plaintiffs thirty days to respond. The requested extensions concern motion briefing and the related pretrial schedule; they do not seek to reopen discovery.

10. This action involves numerous defendants, multiple federal and state-law claims, and an extensive discovery record. The materials relevant to summary judgment include medical and mental-health records, custody records, policies and procedures, contractual materials, written discovery, deposition testimony, and expert reports and rebuttal materials across multiple disciplines. Those materials concern different individuals and entities with different roles and alleged involvement in Mr. Rupard's confinement and care. Preparing the motions requires counsel to organize and cite the portions of that record relevant to the particular defendants and claims. Separate statements would permit the parties to identify those facts and supporting citations in an organized format and allow Plaintiffs to identify disputed facts and the evidence supporting their disputes.

11. The Liberty Defendants intend to file one consolidated summary judgment motion addressing the claims against Liberty Healthcare of California, Inc. and Dr. Cruz. Consolidation will avoid duplicating overlapping factual discussion and legal standards, but the memorandum must still address two defendants and multiple legal theories. Based on the scope of the record and the issues requiring briefing, additional pages are needed to present that material adequately. If separate statements remain prohibited, the memorandum must also incorporate the material factual presentation and supporting record citations, requiring additional space.

12. The proposed January 20, 2027 reply deadline would provide three weeks after the proposed December 30, 2026 opposition deadline. That interval would allow counsel to review the opposition memoranda and supporting evidence, assess the factual and expert issues raised, consult with relevant experts as necessary, and prepare responsive summary judgment and Daubert briefing. The Liberty Defendants

request that the same reply deadline apply to the County Defendants' motions to maintain a coordinated briefing schedule.

13. Under the current schedule, pretrial disclosures are due January 8, 2027; the Local Rule 16.1(f)(4) meeting must occur by January 15, 2027; objections to pretrial disclosures and motions in limine are due January 22, 2027; and the proposed final pretrial conference order must be lodged, and oppositions to motions in limine filed, by January 29, 2027. The final pretrial conference and motions in limine hearing are set for February 5, 2027, at 2:00 p.m., and trial is set for February 22, 2027, at 8:45 a.m. [Doc. No. 288 at 3–4.] The January 8 disclosure deadline would precede completion of briefing under either proposed reply date. Under the Liberty Defendants' proposal, the January 15 meeting would also precede completion of briefing, and motions in limine would be due only two days after replies.

14. Maintaining the current schedule would require counsel to prepare witness and exhibit disclosures, deposition designations and objections, the proposed pretrial order, motions in limine and oppositions, and other trial materials while the summary judgment and Daubert motions remain pending. The Court's rulings may affect the claims to be tried, the witnesses and exhibits needed, and the expert testimony that may be presented. Preparing those materials before the rulings may require substantial revisions and duplication of work. The requested adjustment would allow counsel to prepare trial submissions based on the claims and evidentiary issues that remain.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 8, 2026

TRESSLER LLP

Corey E. Krueger
Alexandra Sennet
Attorneys for Defendants,
Anthony Cruz, D.O. and Liberty
Healthcare of California, Inc.