**Rada Feldman, Esq. (State Bar No. 285931)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**Robert S. Kahn, Esq. (State Bar No. 231277)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: ncolletti@ccllp.law**
**Email: rkahn@ccllp.law**
**Email: cpark@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;

Plaintiffs,

vs.

COUNTY OF SAN DIEGO; et al.

Defendants.

CASE NO. 3:23-cv-1357-CAB-JAC
***Assigned to Hon. Cathy Ann Bencivengo***
***Magistrate Hon. Janet A. Cabral, Dept. 15A***

**COUNTY DEFENDANTS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date:
Time:
Dept.: 15A

**Complaint Filed: 7/26/2023**
**Trial Date: 3/8/2027**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Judge Bencivengo's Chamber Rule V, Civil Local Rule 79.2, and Section 2.j of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Defendants County of San Diego and the individual County defendants (collectively, the "County Defendants") respectfully apply for an order permitting them to file under seal the documents identified in Exhibit 1 hereto, which comprise the confidential exhibits included in the County Defendants' Appendix of Evidence in support of their forthcoming Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment ("MSJ"). The County Defendants designated each of these documents confidential under the Protective Order entered in this action (ECF No. 46), and seek to file the exhibits identified in Exhibit 1 under seal in the manner and to the extent set forth in **Exhibit 1**.

///

///

///

///

///

///

///

///

///

///

///

///

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

This Application is made at least seven calendar days before the County Defendants intend to file their MSJ, as required by Chamber Rule V.A. The County Defendants do not lodge the proposed sealed documents with this public Application; they will lodge them separately as provided below. This Application is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Robert S. Kahn, **Exhibit 1** hereto, the lodged proposed sealed materials, and the records and files in this action.

DATED: November 5, 2026

COLLINS + COLLINS LLP

By: ______________________________

ROBERT S. KAHN
RADA FELDMAN
NICHOLAS R. COLLETTI
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The County Defendants will move for summary judgment in this civil-rights action arising from the March 17, 2022 death of Lonnie Rupard while in custody at the San Diego Central Jail. The exhibits supporting that motion, identified in Exhibit 1, consist almost entirely of materials the County Defendants designated confidential under the Protective Order — the decedent's and non-parties' private medical, mental-health, and psychiatric records; the autopsy and Medical Examiner records and the decedent's criminal-history, court, booking, classification, and investigative records; peace-officer personnel, training, and POST/academy records; security-sensitive jail operational materials; and confidential deposition transcripts and exhibits. Each of these exhibits implicates compelling privacy, safety, or security interests, and the County Defendants bring this Application under Chamber Rule V.A to file them under seal in the manner and to the extent set forth in **Exhibit 1**. The merits of the motion will remain publicly accessible: the County Defendants will file their Motion for Summary Judgment and supporting memorandum on the public docket, redacting only discrete confidential information quoted from the sealed exhibits, so that the public record reflects the substance of the care provided to Mr. Rupard and the circumstances of his death.

## II. THE DOCUMENTS THE COUNTY DEFENDANTS SEEK TO FILE UNDER SEAL

The County Defendants seek to file the exhibits identified in Exhibit 1 hereto under seal in the manner and to the extent set forth in Exhibit 1. Most are sought to be sealed in their entirety; a limited number, as Exhibit 1 specifies, are sought to be sealed only in part or with the confidential portions redacted. The exhibits fall within the following categories:

**A.** Decedent's and non-parties' medical, mental-health, and psychiatric records, including receiving-screening and intake medical records (COSD 000027–000051;



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

COSD 000450–000571), the jail medical and detention-services charts (COSD 002107–003389; COSD 003390–004177), medication-administration and refusal records (COSD 000070–000135; COSD 000143–000150; COSD 000498–000563), sick-call and psychiatric progress records (COSD 000152; COSD 000473–000479), and the forensic competency and involuntary-medication evaluations (COSD 000153–000158; COSD 000375–000380; COSD 006417–006432).

**B.** The Medical Examiner and autopsy records and the decedent's criminal-history, court, booking, classification, and investigative records, including the autopsy report and ME reports (COSD 006376–006416; COSD 002085–002106), the mortality review (COSD 002033–002039), the prehospital patient record (COSD 018175–018178), criminal-history and Superior Court competency records (COSD 000420–000435; COSD 000679–000699), booking and classification records (COSD 000700–000704; COSD 017940–017945; COSD 018168–018172), incident, segregated-housing, and disciplinary records (COSD 000735–000958; COSD 018160–018167), homicide follow-up investigative reports (COSD 001591–001677), the Internal Affairs complaint file (COSD 006433–006436), and the District Attorney and U.S. Attorney declination letters (COSD 018183; COSD 018184).

**C.** Peace-officer personnel, training, and POST/academy records, including the deputy personnel and WTU files (COSD 009714–009866; COSD 010400–017939), the LMS training transcripts (COSD 009867–010399), the Academy/POST certificate files (COSD 007270–009713), and the training records-history materials (COSD 009060–009089).

**D.** Security-sensitive jail operational materials, including staffing and deployment sheets (COSD 000959–001135; COSD 004245–004863), area-activity logs (COSD 000160–000265; COSD 001818–002026; COSD 004591–004834; COSD 004864–006087), the Safety-Check Green Sheets (COSD 006438–006439; COSD 006451–006454), and the mental-health master staffing plan (COSD 002040–002043).

///



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**E.** Confidential deposition transcripts and exhibits designated under the Protective Order, as identified in **Exhibit 1**.

The complete, document-by-document identification of the exhibits, and the sealing treatment sought for each, is set forth in **Exhibit 1**.

## III. LEGAL STANDARD

There is a strong presumption in favor of public access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming that presumption by articulating compelling reasons supported by specific factual findings that outweigh the public policies favoring disclosure, and the Court, if it seals, must base its decision on a compelling reason and articulate the factual basis without relying on hypothesis or conjecture. (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–1179 (9th Cir. 2006)) Because the materials will be attached to a dispositive summary-judgment motion, the "compelling reasons" standard governs, not the lesser "good cause" standard of Federal Rule of Civil Procedure 26(c). (*Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–678 (9th Cir. 2010); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180–1181 (9th Cir. 2006)) That standard applies even though the materials were produced under a protective order, and even though the County Defendants seek to seal their own materials attached to their own dispositive motion. (*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–1136 (9th Cir. 2003); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678–680 (9th Cir. 2010))

A party does not satisfy this standard merely by labeling documents "confidential" or by invoking a general category of privilege; the showing must be specific and tied to the particular documents, and conclusory assertions will not suffice. (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181–1183 (9th Cir. 2006); *Est. of Nunez by & through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1336–1337 (S.D. Cal. 2019)) Sealing must be narrowly tailored: the proponent must analyze, document by document, the propriety of secrecy, and the Court must make specific findings; where redaction of discrete sensitive content will protect the interest at stake,

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

wholesale sealing is not warranted. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025)) Federal Rule of Civil Procedure 5.2 and the ECF Manual separately require redaction of personal data identifiers and permit the Court to order a filing made under seal without redaction. (Fed. R. Civ. P. 5.2; CA R USDCTSD CM/ECF) The procedural requirements for sealing are set by Civil Local Rule 79.2 and Section 2.j of the ECF Manual.

## IV. ARGUMENT

### A. Compelling reasons support sealing the decedent's and non-parties' medical, mental-health, and psychiatric records.

Courts recognize a compelling privacy interest in medical and mental-health information and seal such records when they are attached to summary-judgment briefing. (*Doe v. United Behav. Health*, 523 F. Supp. 3d 1119 (N.D. Cal. 2021)) That interest is at its strongest for the sensitive psychiatric and competency records at issue here and for the medical records of non-parties, who have not placed their conditions at issue. These exhibits are composed in their entirety of private medical, mental-health, and psychiatric information, so sealing each exhibit in full — rather than piecemeal redaction — is the measure necessary to protect the interest, and the substance of the care at issue remains available to the public through the County Defendants' publicly filed memorandum. (*Watts v. Bon Secours Mercy Health*, No. 4:25-CV-49, 2026 WL 2581879 (N.D. Ohio Sept. 1, 2026))

### B. Compelling reasons support sealing the Medical Examiner, autopsy, and the decedent's criminal-history, court, and investigative records.

The autopsy report and Medical Examiner records detail the condition of the decedent's body and the graphic particulars of his death. The decedent's surviving family members have their own compelling privacy interest in that death and autopsy information — an interest recognized by the Supreme Court and held by the Ninth Circuit to be constitutionally protected. (*Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 167–169 (2004); *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1153–1154

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

(9th Cir. 2012)) The decedent's criminal-history, court-competency, booking, classification, and investigative records likewise contain private information whose disclosure would serve no purpose but to expose the decedent's history and the details of a death in custody. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025)) Sealing these exhibits to the extent set forth in **Exhibit 1** is the measure necessary to protect those interests. (*Watts v. Bon Secours Mercy Health*, No. 4:25-CV-49, 2026 WL 2581879 (N.D. Ohio Sept. 1, 2026))

**C. Compelling reasons support sealing peace-officer personnel, training, and POST/academy records.**

These exhibits comprise the personnel files, training transcripts, and POST/academy certification records of the individual deputy defendants and other County personnel. Peace-officer personnel records carry strong, statutorily recognized privacy protections, and the files, transcripts, and certification records are confidential in their entirety rather than a mix of public and private content. Sealing each such exhibit in full is therefore the measure necessary to protect the officers' privacy interests, and the personal data identifiers within them independently warrant protection. (Fed. R. Civ. P. 5.2)

**D. Compelling reasons support protecting security-sensitive jail operational materials.**

The staffing and deployment sheets, area-activity logs, safety-check and count procedures, and related materials reveal the internal staffing and security protocols of the San Diego Central Jail, the public disclosure of which implicates the safety and security of staff and inmates. Courts recognize the protection of internal jail-security information as a compelling reason to seal. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025)) Because these operational exhibits are pervaded by security-sensitive content, the County Defendants seek to seal these materials to the extent set forth in **Exhibit 1**, while the facts drawn from them that bear on the motion will appear in the publicly filed memorandum.



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**E. The requested relief is narrowly tailored, and the merits will remain publicly accessible.**

The County Defendants recognize that generalized assertions of confidentiality and reliance on the Protective Order are not, by themselves, compelling reasons, and that the public has a strong interest in access to information bearing on the death of a person in custody. (*Est. of Nunez by & through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1337–1338 (S.D. Cal. 2019)) The relief requested here honors that interest while protecting the confidential exhibits. The County Defendants seek to seal the exhibits themselves — most of which are confidential records composed of private medical, personnel, criminal-history, investigative, or security-sensitive content, with the remainder sealed only in relevant part — but will file their Motion for Summary Judgment and supporting memorandum on the public docket, redacting only discrete confidential information quoted from the sealed exhibits. The public record will therefore continue to reflect the substance of the care provided to Mr. Rupard, the conduct of County personnel, and the circumstances of his death, even as the underlying confidential exhibits are maintained under seal. Sealing the exhibits to the extent set forth in **Exhibit 1** — most in their entirety, and a limited number only in part or in redacted form — is the narrowly tailored measure here.

**V. THE COUNTY DEFENDANTS HAVE COMPLIED WITH THE APPLICABLE PROCEDURES**

Consistent with Chamber Rule V.A, Civil Local Rule 79.2, and Section 2.j of the ECF Manual, the County Defendants file this Application as a public document at least seven calendar days before filing their MSJ; do not attach the proposed sealed materials to this public filing; and will lodge the proposed sealed materials separately using the "Sealed Lodged Proposed Document" event. (CA R USDCTSD CivLR 79.2; CA R USDCTSD CM/ECF) A courtesy copy of this filed Application, together with a courtesy copy of the unredacted materials, will be delivered to Chambers within twenty-four hours of filing, and a proposed order will be submitted to Chambers in

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Word format. After the Court rules, the County Defendants will file their MSJ consistent with the Court's order and lodge any materials authorized to be sealed as linked to this Application.

## VI. CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court grant this Application and enter an order authorizing the filing under seal of the exhibits identified in **Exhibit 1**, in the manner and to the extent set forth therein.

DATED: November 5, 2026 COLLINS + COLLINS LLP

By: ______________________________
ROBERT S. KAHN
RADA FELDMAN
NICHOLAS R. COLLETTI
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California, )
) ss.
County of Los Angeles. )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **COUNTY DEFENDANTS' APPLICATION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

---

Executed on November 6, 2026, at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Evelyn Greve
---------------------------------------------
Evelyn Greve
egreve@ccllp.law

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*25163*

**ESTATE OF LONNIE RUPARD ET AL. V. COUNTY OF SAN DIEGO ET AL.**
**Case Number: 3:23-cv-1357-CAB-JAC**
**CCLLP File Number: 25163**

**SERVICE LIST**

Jeremiah A. Lowe
LOWE LAW, LLP
402 W. Broadway, Suite 1720
San Diego, CA 92101
T: (619) 878-2725 - F: (619) 878-2737
jeremiah@lowelawapc.com
laura@lowelawapc.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD and the Estate of Lonnie Rupard**

Eugene G. Iredale
Julia Yoo
Sarah Musumeci
Peter Bibring
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
T: (619) 233-1525 - F: (619) 233-3221
egiredale@iredalelaw.com
jyoo@iredalelaw.com
smusumeci@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
gjun@iredalelaw.com
sbrockett@iredalelaw.com
pbibring@iredalelaw.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD**

Corey E. Krueger
Alexandra Sennet
Kimberly B. Pinkerton
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, CA 90245
T: (310) 203-4800 - F: (323) 486-2704
ckrueger@tresslerllp.com
asennet@tresslerllp.com
kpinkerton@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**

Jerome Murphy
TRESSLER LLP
233 S. Wacker Drive, 61st Floor
Chicago, IL 60606
jmurphy@tresslerllp.com
**ATTORNEY FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**