**Rada Feldman, Esq. (State Bar No. 285931)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**Robert S. Kahn, Esq. (State Bar No. 231277)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: ncolletti@ccllp.law**
**Email: rkahn@ccllp.law**
**Email: cpark@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-JAC<br>***Assigned to Hon. Cathy Ann Bencivengo***<br>***Magistrate Hon. Janet A. Cabral, Dept. 15A***<br><br>**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:<br>Time:<br>Dept.: 15A<br>**Complaint Filed: 7/26/2023**<br>**Trial Date: 3/08/2027** |

*25163*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, County of San Diego and the individual County defendants (collectively, the "County Defendants"), as the parties that designated the materials at issue confidential under the Protective Order (ECF No. 46), hereby move this Court for an order permitting the filing under seal of the confidential materials identified in Exhibit 1 to the accompanying Declaration of counsel, which Plaintiff has given notice it intends to use in support of Plaintiff's motion for summary judgment. This Motion is brought under Judge Bencivengo's Chamber Rule V, Civil Local Rule 79.2, Section 2.j of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Protective Order (ECF No. 46), and Federal Rules of Civil Procedure 5.2 and 26(c).



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the accompanying Declaration of counsel and its exhibits, the lodged proposed sealed materials, the records and files in this action, and such further argument as the Court may permit. Because Plaintiff has represented that it will file its summary-judgment motion on November 13, 2026, the County Defendants respectfully request that the Court determine this Motion on an expedited basis and in advance of that date, consistent with Chamber Rule V.B.

DATED: November 6, 2026

COLLINS + COLLINS LLP

By: ______________________________

ROBERT S. KAHN
RADA FELDMAN
NICHOLAS R. COLLETTI
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 2, 2026, Plaintiff served notice under Chamber Rule V.B that it intends to use numerous documents the County Defendants designated confidential under the Protective Order (ECF No. 46) in support of Plaintiff's forthcoming motion for summary judgment. Because the documents will be attached to a dispositive motion, Chamber Rule V places the burden on the County Defendants, as the designating party, to move to seal, and requires that any sealing be justified by "compelling reasons." The County Defendants bring this Motion to protect a narrow set of genuinely sensitive materials — the decedent's and third parties' private medical and mental-health records, autopsy and death-scene photographs of the decedent, Sheriff's personnel and internal-affairs records, and security-sensitive jail operational materials.

The County Defendants do not seek to seal wholesale. Consistent with the strong presumption of public access and the requirement of narrow tailoring, the County Defendants propose redaction and the filing of public, redacted versions wherever redaction can protect the privacy and security interests at stake, and they do not seek to shield from public view the substance of the care provided to Mr. Rupard or the circumstances of his death. The Motion identifies the materials document-by-document in Exhibit 1 and articulates the specific compelling reason supporting sealing or redaction of each category.

## II. RELEVANT BACKGROUND

This is a civil-rights action under 42 U.S.C. § 1983 arising from the death of Lonnie Rupard while in custody at the San Diego Central Jail on March 17, 2022. On December 28, 2023, the Court entered a stipulated Protective Order governing the handling of confidential discovery materials, which defines "confidential information" to include personal medical, mental-health, employment, financial, and criminal-

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

history information; law-enforcement personnel records and internal-affairs investigations; unredacted video and photographs of the underlying incident; jail records; and Citizens' Law Enforcement Review Board materials. (ECF No. 46.)

In the course of discovery, the County Defendants designated the materials identified in Exhibit 1 as confidential pursuant to the Protective Order. On November 2, 2026, Plaintiff served notice under Chamber Rule V.B that it intends to use those designated materials in support of its motion for summary judgment, which Plaintiff represents it will file on November 13, 2026. The County Defendants bring this Motion within the four-business-day period provided by Chamber Rule V.B, which expires on November 6, 2026.

## III. LEGAL STANDARD

There is a strong presumption in favor of public access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming that presumption by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–1179 (9th Cir. 2006)) The court must "conscientiously balance[] the competing interests" and, if it seals, must base its decision on a compelling reason and articulate the factual basis without relying on hypothesis or conjecture. (*Id.*)

Because the materials will be attached to a dispositive summary-judgment motion, the "compelling reasons" standard governs — not the lesser "good cause" standard of Federal Rule of Civil Procedure 26(c) that applies to discovery materials and non-dispositive motions. (*Id* at 1180–1181; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–678 (9th Cir. 2010)) The presumption of access "is not rebutted" simply because the materials were produced subject to a protective order; the compelling-reasons standard "is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order," and "[a] 'good cause' showing will

*25163*





COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

not, without more, satisfy a 'compelling reasons' test." (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Id.* at 1180–1181) The compelling-reasons standard applies even where, as here, a party moves to seal its own designated materials attached to a summary-judgment motion. (*Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678–680 (9th Cir. 2010))

A party does not meet this standard by labeling documents "CONFIDENTIAL" or by invoking a general category of privilege; the showing must be specific and tied to the particular documents. (Est. of Nunez by & through Nunez v. Cnty. of San Diego, 386 F. Supp. 3d 1334, 1336–1337 (S.D. Cal. 2019); *Id*. at 1337 – 1338.) Sealing must be narrowly tailored: the proponent must analyze, document by document, the propriety of secrecy, and the court must make specific findings; where redaction of discrete sensitive content will suffice, wholesale sealing is not warranted. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025)) The County Defendants' Motion is framed to meet these requirements. In addition, Federal Rule of Civil Procedure 5.2 and the Court's ECF Manual require redaction of personal data identifiers (such as Social Security numbers, birth dates, minors' names, and financial-account numbers) and permit the Court to order a filing made under seal without redaction. (Fed. R. Civ. P. 5.2; CA R USDCTSD CM/ECF) The procedural requirements for sealing are set by Civil Local Rule 79.2 and Section 2.j of the ECF Manual. (CA R USDCTSD CivLR 79.2; CA R USDCTSD CM/ECF)

## IV. ARGUMENT

### A. Compelling reasons support protecting the decedent's and third parties' medical and mental-health records.

The materials identified in Exhibit 1 include extensive medical and mental-health records of Mr. Rupard and of non-party individuals, including psychiatric evaluations, medication records, and treatment notes. Courts recognize a compelling privacy interest in medical and mental-health information and routinely permit sealing



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

or redaction of such records attached to summary-judgment briefing. (*Doe v. United Behav. Health*, 523 F. Supp. 3d 1119 (N.D. Cal. 2021)) That interest is at its strongest for the sensitive psychiatric information at issue here and for the records of non-parties, whose privacy interests weigh heavily and who have not placed their conditions at issue. Consistent with the requirement of narrow tailoring, the County Defendants propose to redact medical and mental-health information that is not relevant to the claims and defenses, while leaving in the public record the information bearing on the care Mr. Rupard received, rather than sealing these records in their entirety. (*Watts v. Bon Secours Mercy Health*, No. 4:25-CV-49, 2026 WL 2581879 (N.D. Ohio Sept. 1, 2026))

**B. Compelling reasons support sealing the autopsy report's images and the autopsy and death-scene photographs of the decedent.**

Exhibit 1 includes the autopsy report, autopsy photographs of Mr. Rupard and his belongings, and photographs of the decedent and the death scene. The surviving family members have their own compelling privacy interest in the death-scene and autopsy images of their relative — an interest grounded in the common law and recognized by the Supreme Court. (*Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 167–169 (2004)) The Ninth Circuit has held that the family's right to control a decedent's death images is "so ingrained in our traditions that it is constitutionally protected," observing that "[f]ew things are more personal than the graphic details of a close family member's tragic death." (*Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1153–1154 (9th Cir. 2012)) Courts in analogous § 1983 in-custody-death cases have sealed graphic images of a decedent's body at summary judgment, finding that the public's interest in viewing such images does not outweigh this compelling privacy interest where the motion papers themselves sufficiently relate the circumstances of death. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025)) Because the privacy interest attaches to the whole of each

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

such image, sealing the photographs — rather than redaction — is the narrowly tailored remedy as to those images. (*Watts v. Bon Secours Mercy Health*, No. 4:25-CV-49, 2026 WL 2581879 (N.D. Ohio Sept. 1, 2026)) The autopsy report's narrative findings, by contrast, can be addressed through redaction of any graphic depictions while leaving the substance publicly available.

**C. Compelling reasons support protecting Sheriff's personnel and internal-affairs records and other third-party private information.**

Exhibit 1 includes Sheriff's Department personnel records and internal-affairs investigation files, which contain the private employment information of County employees and of non-party individuals. The privacy interests of these individuals — particularly non-parties who are not themselves accused of wrongdoing in this action — weigh in favor of narrowly tailored protection. The County Defendants propose to redact personal identifying and private employment information of non-parties and personal data identifiers required to be redacted under Rule 5.2, while preserving public access to the substance of the internal-affairs findings that bear on the issues in this case. (Fed. R. Civ. P. 5.2)

**D. Compelling reasons support protecting security-sensitive jail operational materials.**

Exhibit 1 includes jail operational materials — including safety-check, count, and housing-unit procedures, staffing and deployment logs, and training materials on security and key control — portions of which reveal internal security protocols of the San Diego Central Jail. Public disclosure of internal jail-security protocols implicates the safety and security of staff and inmates, which courts have recognized as a legitimate basis for narrowly tailored sealing of the security-sensitive portions, while requiring public filing of the portions relevant to the claims. (*Griswold v. Trinity Health-Michigan*, No. 22-CV-10980, 2025 WL 1084923 (E.D. Mich. Apr. 10, 2025))



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

The County Defendants propose to redact only the discrete security-sensitive content and to file public versions of the remainder.

**E. The requested relief is narrowly tailored, and the County Defendants do not seek to shield the circumstances of Mr. Rupard's death.**

The County Defendants recognize that generalized assertions of confidentiality and reliance on the Protective Order are not, by themselves, compelling reasons. (*Est. of Nunez by & through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1337–1338 (S.D. Cal. 2019)) They further recognize that the public has a strong interest in access to information bearing on the death of a person in custody, and that this Court has declined to seal materials in a jail-death case where only a "CONFIDENTIAL" label or a state-law privilege was asserted. (*Est. of Nunez by & through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1336–1337 (S.D. Cal. 2019); *Id.* at 1337–1338) Accordingly, the County Defendants do not seek to seal the substance of the care provided to Mr. Rupard, the conduct of County personnel, or the circumstances of his death. The Motion seeks only to seal or redact the discrete privacy- and security-sensitive content identified in Exhibit 1 — sensitive medical and mental-health details, death and autopsy images, non-party private information, personal data identifiers, and internal jail-security protocols — and the County Defendants will file public, redacted versions of each affected document so that the public record reflects the matters on which the summary-judgment motion will be decided.

**V. THE COUNTY DEFENDANTS HAVE COMPLIED WITH THE APPLICABLE PROCEDURES.**

Consistent with Chamber Rule V.B, Civil Local Rule 79.2, and Section 2.j of the ECF Manual, the County Defendants file this Motion as a public document, do not attach the proposed sealed materials to this public filing, and will lodge the proposed sealed materials separately using the "Sealed Lodged Proposed Document" event. (CA R USDCTSD CivLR 79.2; CA R USDCTSD CM/ECF) A courtesy copy of this filed

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Motion, together with a courtesy copy of the unredacted materials, will be delivered to Chambers within twenty-four hours of filing, and a proposed order will be submitted to Chambers in Word format. Counsel for the County Defendants has met and conferred, or attempted in good faith to meet and confer, with Plaintiff's counsel regarding the materials at issue, as set forth in the accompanying Declaration.

## VI. CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court grant this Motion and enter an order authorizing the filing under seal of the materials identified in Exhibit 1, in the manner and to the extent set forth above, and permitting the County Defendants to file public, redacted versions of those materials.

DATED: November 6, 2026 COLLINS + COLLINS LLP

By: ______________________________

ROBERT S. KAHN
RADA FELDMAN
NICHOLAS R. COLLETTI
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111