Corey E. Krueger, Esq. (SBN 244989)
ckrueger@burgermeyer.com
BURGER, MEYER & D'ANGELO, LLP
999 Corporate Drive, Suite 225
Ladera Ranch, California 92694
Telephone: (949) 427-1888
Fax: (949) 427-1889

Attorneys for Defendants, Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ,

Plaintiff.

v.

COUNTY OF SAN DIEGO; et al.

Defendants.

Case No. 3:23-cv-01357-CAB-JAC
Assigned for All Purposes:
Judge: Hon. Cathy Ann Bencivengo
Magistrate Judge: Janet A. Cabral

**DEFENDANTS ANTHONY CRUZ, D.O. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COREY E. KRUEGER**

Date:
Time:
Location: Edward J. Schwartz Federal Courthouse, 221 West Broadway, San Diego, California 92101, 5th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Judge Bencivengo's Chamber Rule V, Civil Local Rule 79.2, Section 2.j of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Protective Order entered in this action (ECF No. 46), and Federal Rules of Civil Procedure 5.2 and 6(b), Defendants Anthony Cruz, D.O. ("Dr. Cruz") and Liberty Healthcare of California, Inc. ("Liberty") respectfully apply for an order permitting them to file under seal the documents identified in Exhibit 1 hereto — the confidential exhibits to their forthcoming Motion for Summary Judgment ("MSJ"). The County of San Diego ("County") designated each of these documents confidential under the Protective Order, and has already moved to seal these same documents in its own applications to file under seal (ECF Nos. 308 and 309). Dr. Cruz and Liberty seek to seal the documents in the manner and to the extent set forth in Exhibit 1.

Because the Court's scheduling order sets November 13, 2026 as the deadline to file summary-judgment motions, and the seven-calendar-day pre-filing period under Chamber Rule V.A has elapsed, Dr. Cruz and Liberty further request that the Court (1) grant leave to file this Application on a slightly delayed basis for the excusable neglect set forth in the accompanying Declaration of Corey E. Krueger, and (2) determine this Application on an expedited basis, in advance of the MSJ deadline. This Application is based on this Notice, the following Memorandum of Points and Authorities, the Declaration of Corey E. Krueger, Exhibit 1, the separately lodged proposed sealed materials, the County's applications at ECF Nos. 308 and 309 (adopted and incorporated herein), and the records and files in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dr. Cruz and Liberty will move for summary judgment on the claims the Estate asserts against them. Their motion relies on a small, discrete set of exhibits that the

County designated confidential under the Protective Order: the decedent's jail medical and mental-health records (a sick-call summary, a mental-health progress note, and a psychiatric progress note), a County Rule 30(b)(6) deposition transcript stamped confidential in its entirety, and brief deposition testimony that reads a confidential Citizens' Law Enforcement Review Board ("CLERB") record into the record. Each implicates a compelling privacy or confidentiality interest, and each is already the subject of a pending, timely application to seal by the County.

Dr. Cruz and Liberty do not seek to seal wholesale. As Exhibit 1 specifies, the three medical and mental-health records are sought to be sealed in their entirety because they consist entirely of private medical information; the deposition transcript is sought to be sealed only as to the confidential portions (the pages quoting inmate medical records and the confidential deposition exhibits), with a public, redacted version filed; and the CLERB-related testimony is addressed by redaction. The merits will remain public: Dr. Cruz and Liberty will file their MSJ and supporting memorandum on the public docket, redacting only discrete confidential information quoted from the sealed exhibits.

The County has already carried the burden on these exact documents. In ECF Nos. 308 and 309, the County — the designating party — moved to seal each of the records identified in Exhibit 1 and articulated the compelling reasons supporting that relief. Dr. Cruz and Liberty adopt and incorporate those showings by reference and seek the same narrowly tailored treatment as to their own copies lodged in support of their MSJ. Exhibit 1 cross-references the corresponding County request for each document.

Finally, Dr. Cruz and Liberty acknowledge that, measured against the forthcoming MSJ deadline, this Application is being filed after the seven-calendar-day period contemplated by Chamber Rule V.A. As set forth in the accompanying declaration, that short delay is the product of excusable neglect arising from a change in counsel's firm affiliation, and it has caused no prejudice — the County's timely

applications already placed the identical records and the governing showing before the Court. Defendants respectfully request leave to file this Application and an expedited determination.

## II. RELEVANT BACKGROUND

On December 28, 2023, the Court entered the stipulated Protective Order (ECF No. 46), which defines confidential information to include personal medical and mental-health information, jail records, and Citizens' Law Enforcement Review Board materials. In discovery, the County designated the documents identified in Exhibit 1 as confidential under that Order.

The Court's scheduling order sets November 13, 2026 as the deadline for summary-judgment motions. On November 6, 2026, the County filed two applications to file documents under seal — ECF No. 308 (in support of the County's own MSJ) and ECF No. 309 (regarding Plaintiff's MSJ) — each seeking to seal the same records identified in Exhibit 1 hereto. The circumstances giving rise to the timing of this Application are set forth in the Declaration of Corey E. Krueger.

## III. LEGAL STANDARD

There is a strong presumption in favor of public access to judicial records. A party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons supported by specific factual findings" that outweigh the public policies favoring disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Because these materials will be attached to a dispositive summary judgment motion, the "compelling reasons" standard governs, not the lesser "good cause" standard, and it applies even though the materials were produced under a protective order. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003).

A party does not satisfy the standard merely by labeling documents confidential

or invoking a protective order; the showing must be specific and the sealing narrowly tailored. *Kamakana*, 447 F.3d at 1182–83; *Est. of Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1336–38 (S.D. Cal. 2019). Consistent with that principle, this Court (Cabral, M.J.) has recognized that a protective order designation, without more, does not justify sealing. (ECF No. 298.) Courts recognize a compelling privacy interest in medical and mental health information and seal such records when attached to summary judgment briefing. *Doe v. United Behav. Health*, 523 F. Supp. 3d 1119, 1122, fn. 1 (N.D. Cal. 2021). Federal Rule of Civil Procedure 5.2 and the ECF Manual separately require redaction of personal data identifiers. The procedural requirements for sealing are set by Civil Local Rule 79.2 and Section 2.j of the ECF Manual.

## IV. ARGUMENT

### *A. Compelling reasons support sealing the decedent's medical and mental-health records (Exhibits L, M, and N).*

Exhibits L, M, and N are the decedent's jail medical and mental-health records — the County sick-call summary (COSD 000152), the February 9, 2022 mental health progress note (COSD 000052–000057), and the February 22, 2022 psychiatric progress note (COSD 000477–000478). Courts recognize a compelling privacy interest in medical and mental health information and seal such records attached to summary-judgment briefing. *Doe*, 523 F. Supp. 3d 1119. Each of these exhibits consists in its entirety of private medical and mental health information, so sealing each in full — rather than piecemeal redaction — is the measure necessary to protect the interest, while the substance of the care at issue remains available through Defendants' publicly filed memorandum. The County moved to seal these identical records in ECF No. 308 (Exs. 13, 19, and 10, respectively), and Defendants adopt and incorporate that showing.

### *B. Compelling reasons support sealing the confidential portions of the County's Rule 30(b)(6) nursing deposition transcript (Exhibit D).*

Exhibit D is the transcript of the deposition of the County's Rule 30(b)(6) nursing designee, Serina Rognlien-Hood (March 26, 2026), which the County designated confidential and which bears a confidentiality legend on every page. Consistent with narrow tailoring, Defendants do not seek to seal the transcript wholesale; they seek to seal only the confidential portions — the pages that quote or reproduce inmate medical records and the confidential deposition exhibits — and will file a public, redacted version of the remainder. The County sought the same partial treatment of this transcript in ECF No. 308 (Ex. 83), and Defendants adopt and incorporate that showing.

***C. Compelling reasons support redacting the confidential CLERB material quoted in the Badre deposition (Exhibit F).***

Exhibit F is the transcript of the deposition of Nicolas Badre, M.D., the court-appointed competency examiner. A brief passage (99:24–101:16) reads into the record a confidential CLERB record (COSD 000343–000344) containing the decedent's psychiatric and competency information. CLERB materials are confidential under the Protective Order, and the decedent's psychiatric information independently warrants protection. Defendants seek only to redact the lines quoting that record and will file a public, redacted version of the remainder. The County moved to seal COSD 000343–000344 in ECF Nos. 308 and 309, and Defendants adopt and incorporate that showing.

***D. The requested relief is narrowly tailored, and the merits will remain publicly accessible.***

Defendants recognize that generalized assertions of confidentiality are not compelling reasons and that the public has a strong interest in information bearing on a death in custody. *Nunez*, 386 F. Supp. 3d at 1337–38. The relief requested here honors that interest: Defendants seek to seal only the discrete medical, mental-health, and CLERB content identified in Exhibit 1 — three records in their entirety and two

transcripts only in redacted part — and will file their MSJ and supporting memorandum on the public docket, redacting only discrete confidential information quoted from the sealed exhibits.

***E. Good cause and excusable neglect support leave to file this Application, and the Court should determine it on an expedited basis.***

To the extent this Application is filed after the seven-calendar-day period contemplated by Chamber Rule V.A measured against the MSJ deadline, the Court should permit the late filing. A court may extend a deadline after it has passed where the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The equitable *Pioneer* factors all favor relief here: the delay is short; it has not affected the briefing schedule; there is no prejudice to any party because the County timely moved on November 6, 2026 to seal these identical records (ECF Nos. 308, 309), placing the governing compelling-reasons showing squarely before the Court; the reason for the delay was a change in counsel's firm affiliation and the resulting interruption in the transmission of case communications, as described in the Krueger Declaration; and counsel has acted in good faith and promptly upon learning of the matter. The Court also retains discretion to apply and relax its own Chamber Rules to accommodate these circumstances. Because summary judgment motions are due November 13, 2026, Defendants respectfully request that the Court determine this Application on an expedited basis, consistent with the expedited procedure contemplated by Chamber Rule V.B. Should the Court be unable to rule before the MSJ deadline, Defendants will lodge the proposed sealed materials under seal and request leave to file their MSJ with those materials lodged under seal pending the Court's ruling.

## V. DEFENDANTS HAVE COMPLIED WITH THE APPLICABLE PROCEDURES

Consistent with Chamber Rule V, Civil Local Rule 79.2, and Section 2.j of the ECF Manual, Defendants file this Application as a public document; do not attach the proposed sealed materials to this public filing; and lodge the proposed sealed materials separately using the "Sealed Lodged Proposed Document" event, with "UNDER SEAL" noted in the caption. A courtesy copy of this filed Application, together with a courtesy copy of the unredacted materials, will be delivered to Judge Bencivengo's Chambers within twenty-four hours of filing, and a proposed order will be submitted to Chambers in Word format. After the Court rules, Defendants will file their MSJ consistent with the Court's order and lodge any materials authorized to be sealed as linked to this Application. Counsel has met and conferred, or attempted in good faith to meet and confer, with counsel for the County and Plaintiff regarding this Application, as set forth in the Krueger Declaration.

## VI. CONCLUSION

Defendants respectfully request that the Court (1) grant leave to file this Application notwithstanding the elapsed seven-day period; (2) determine the Application on an expedited basis; and (3) enter an order authorizing the filing under seal of the documents identified in Exhibit 1, in the manner and to the extent set forth therein.

DATED: November 9, 2026

BURGER, MEYER & D'ANGELO, LLP



Corey E. Krueger
Attorneys for Defendant,
Anthony Cruz, D.O. and Liberty
Healthcare of California, Inc.

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 999 Corporate Drive, Suite 225, Ladera Ranch, California.

On the date indicated below, I served the within document(s) described as **DEFENDANTS ANTHONY CRUZ, D.O. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COREY E. KRUEGER** on the interested parties in this action as stated on the attached mailing list.

| | |
|---|---|
| Jeremiah A. Lowe, Esq.<br>LOWE LAW, LLP<br>402 W. Broadway, Suite 1720<br>San Diego, CA 92101 | Plaintiff Justino Rupard and the Estate of Lonnie Rupard<br><br>T: (619) 878-2725<br>F: (619) 878-2737<br>E: jeremiah@lowelawapc.com<br>laura@lowelawapc.com |
| Eugene G. Iredale, Esq.<br>Julia Yoo, Esq.<br>Sarah Musumeci, Esq.<br>Peter Bibring, Esq.<br>IREDALE & YOO, APC<br>105 West F Street, Fourth Floor<br>San Diego, CA 92101-6036 | Attorneys for Plaintiff Justino Rupard<br><br>T: (619) 233-1525<br>F: (619) 233-3221<br>E: egiredale@iredalelaw.com<br>jyoo@iredalelaw.com<br>smusumeci@iredalelaw.com<br>admin@iredalelaw.com<br>creherman@iredalelaw.com<br>gjun@iredalelaw.com<br>sbrockett@iredalelaw.com<br>pbibring@iredalelaw.com |
| Rada Feldman, Esq.<br>Nicholas R. Colletti, Esq.<br>Robert S. Kahn, Esq.<br>Caroline M. Park, Esq.<br>Cristina I. Butoiu, Esq.<br>2011 Palomar Airport Road, Suite 207<br>Carlsbad, CA 92011 | Attorneys for Defendants, County of San Diego, Bill Gore, Kelly Martinez, Jon Montgomery, Christina Goodall (Sued As Christina Anosike), Miguel Aguilera, Jason Viladiu, Gustavo Martinez, Jeff Amado, Ernesto Aguirre, Treyvonne James (Sued In Duplicate J. Treyvonne), Bernardo Romero, Michael Johnson, Andrew Torres, Allen Wereski, Blade Romans, Linda Gutierrez, and Thomas Mace<br><br>T: 760-274-2110<br>F: 760-274-2111<br>E: rfeldman@ccllp.law<br>ncolletti@ccllp.law<br>rkahn@ccllp.law<br>cpark@ccllp.law<br>cbutoiu@ccllp.law |

[x] **BY E-MAIL:** I caused a copy of the document(s) to be sent from e-mail address vcuevas-carey@burgermeyer.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[x ] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 9, 2026, at Ladera Ranch, California.

*/s/ Victoria Cuevas-Carey*
Victoria Cuevas-Carey