EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Jeremiah A. Lowe (CA SBN 239166)
*jeremiah@lowelawapc.com*
Lowe Law, APC
402 W. Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 878-2725
Facsimile: (619) 878-2737

**Attorneys for Plaintiff**
**ESTATE OF LONNIE RUPARD**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF LONNIE RUPARD,
Plaintiff,

vs.

COUNTY OF SAN DIEGO, *et al.*,
Defendants,

Case No: 23-CV1357-CAB-JAC

**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 309)**

### A. The County Has Made No Showing of Compelling Reasons to Justify Sealing Any Document.

In order to avoid repetition, Plaintiff adopts and incorporates by reference the legal citations and legal arguments set forth in the opposition to the County's motion to file 80 exhibits in support of its motions for summary judgement under seal (ECF No. 314). Plaintiff agrees with the County's statement of the legal standard governing this motion set forth in its memorandum (ECF No. 309, pp. 5-6 of 11). Plaintiff's only disagreement is the assertion that the County Defendants' motion is framed to meet the governing legal standard.

The County disclaims any desire to conceal the record of Internal Affairs documented misconduct of its employee defendants, including failure to provide medical care, improperly confining an inmate in administrative segregation and the possession of cocaine on jail grounds. There is no legitimate basis to seal these records.

It invokes "jail operation materials" claiming internal security protocols, without listing for any specific factual basis or claim of harm for any of its requested items for sealing.

The County has designated as confidential thousands of pages in a reflexive unjustified manner. It now seeks to avoid public transparency, and public scrutiny of its conduct which resulted in the death by homicide of Mr. Rupard. It has adduced no reason at all to justify sealing for the vast majority of Plaintiff's proposed exhibits listed in Exhibit 1 (ECF No. 309-2, pp. 2-10).

It seeks to hide the autopsy report's images and the photos of the cell in which Mr. Rupard died based on claimed solicitude for decedent's privacy rights. The Estate specifically waives any objection to the public filing of these materials.

Absent the specific factual showing of a compelling reason to seal any of the materials in Exhibit 1, the Court should deny this motion in its entirety. In vague terms, it asks the Court to grant its motion to authorize filing under seal "in the manner and to the extent set forth above," without further specification as to what it claims to be subject to sealing.

Respectfully submitted,

**IREDALE & YOO, APC**

Dated: November 10, 2026

/s/ Eugene Iredale
Eugene Iredale
Julia Yoo
Sarah Musumeci
Attorneys for Plaintiff Estate of Lonnie Rupard