Corey E. Krueger, Esq. (SBN 244989)
ckrueger@burgermeyer.com
**BURGER, MEYER & D'ANGELO, LLP**
999 Corporate Drive, Suite 225
Ladera Ranch, California 92694
Telephone: (949) 427-1888
Fax: (949) 427-1889

Attorneys for Defendants, Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs.<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | Case No. 3:23-cv-01357-CAB-JAC<br>Assigned for All Purposes:<br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Janet A. Cabral<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE OR LIMIT CERTAIN EXPERT OPINIONS (FED. R. EVID. 702; *DAUBERT*)**<br><br>Hearing Date: None set; to be set by the Court if needed (Doc. No. 305)<br><br>Action filed: July 26, 2023<br>Trial Date: March 8, 2027 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Anthony Cruz, D.O. ("Dr. Cruz") and Liberty Healthcare of California, Inc. ("Liberty") will, and hereby do, move this Court for an order under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), excluding or limiting the expert opinions

identified below. Pursuant to the Court's Order Setting Briefing Schedule [Doc. No. 305] and the Court's Chambers Rules, no hearing date has been set, and no oral argument will be heard unless separately ordered by the Court.

The Motion is made on the grounds that each challenged opinion is offered by a witness who lacks the qualifications to render it, is not based on sufficient facts or data, and/or is not the product of a reliable methodology reliably applied, in violation of Rule 702(a), (b), and (d), and that each should separately be excluded under Rule 403. Specifically, Defendants seek an order:

1. Excluding the opinions of Mace Beckson, M.D. that Dr. Cruz's alleged breach of the psychiatric standard of care "substantially contributed" to Mr. Rupard's death, and that Mr. Rupard "likely would have had a substantially reduced life expectancy";

2. Excluding the opinions of Paul A. Cappitelli allocating responsibility for Mr. Rupard's psychiatric condition and death to "psychiatric care staff";

3. Excluding the opinions of Kathryn J. Wild, R.N. (Opinion Nos. 3 and 4 and related testimony) regarding Dr. Cruz's responsibilities and the adequacy of his psychiatric care;

4. Excluding the opinions of Kristina L. Tyler, Ph.D. that Dr. Cruz may have improperly applied Psychiatric Stabilization Unit and involuntary-commitment criteria, that Mr. Rupard lacked capacity to refuse medication, and criticizing Dr. Cruz's delegation of his daily patient list;

5. Excluding the opinions of Homer Venters, M.D. that Dr. Cruz's care fell below the psychiatric standard of care; and

6. Excluding the causation opinions of Daphne Glindmeyer, M.D., including her opinions that Dr. Cruz's care caused or substantially contributed to Mr. Rupard's death.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Corey

E. Krueger and the exhibits thereto, the pleadings and records on file in this action, and such further evidence and argument as the Court may consider.

DATED: November 13, 2026

**BURGER, MEYER & D'ANGELO, LLP**

Corey E. Krueger
Attorneys for Defendant,
Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.