Corey E. Krueger, Esq. (SBN 244989)
ckrueger@burgermeyer.com
**BURGER, MEYER & D'ANGELO, LLP**
999 Corporate Drive, Suite 225
Ladera Ranch, California 92694
Telephone: (949) 427-1888
Fax: (949) 427-1889

Attorneys for Defendants, Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs.<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | Case No. 3:23-cv-01357-CAB-JAC<br>Assigned for All Purposes:<br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Janet A. Cabral<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS ANTHONY CRUZ, D.O. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.**<br><br>Hearing Date: None set; to be set by the Court if needed (Doc. No. 305)<br><br>Action filed: July 26, 2023<br>Trial Date: March 8, 2027 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Anthony Cruz, D.O. ("Dr. Cruz") and Liberty Healthcare of California, Inc. ("Liberty") will, and hereby do, move this Court for summary judgment in their favor on all claims asserted against them in Plaintiff's Third Amended Complaint, or, in the alternative, for partial summary

judgment on each cause of action and issue addressed in the accompanying Memorandum of Points and Authorities. Pursuant to the Court's Order Setting Briefing Schedule [Doc. No. 305] and the Court's Chambers Rules, no hearing date has been set, and no oral argument will be heard unless separately ordered by the Court.

This Motion is made on the grounds that there is no genuine dispute of material fact and that Defendants are entitled to judgment as a matter of law. Specifically, Defendants seek summary judgment, or in the alternative partial summary judgment on the following issues:

**First Cause of Action**

**Fourteenth Amendment Deliberate Indifference Against Dr. Cruz**

ISSUE NO. 1. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because Dr. Cruz made no intentional decision concerning the custodial conditions allegedly responsible for Mr. Rupard's food intake, hydration, sanitation, physical monitoring, weight loss, pneumonia, or death.

ISSUE NO. 2. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because Dr. Cruz did not control Mr. Rupard's housing assignment, custody checks, meal delivery, sanitation inspections, nursing contacts, vital sign measurements, weight monitoring, or access to ordinary physical medical care.

ISSUE NO. 3. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because the psychiatric decisions he made during the December 29, 2021 and February 22, 2022 encounters did not place Mr. Rupard at substantial risk of serious harm.

ISSUE NO. 4. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because he took reasonable available measures in light of the information available to him during each psychiatric

encounter.

ISSUE NO. 5. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because his treatment decisions were not objectively unreasonable or made in reckless disregard of an excessive risk to Mr. Rupard's health or safety.

ISSUE NO. 6. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because he received no notice after February 22, 2022 of Mr. Rupard's alleged food refusal, physical deterioration, weight loss, dehydration, weakness, pneumonia, unsanitary cell, accumulating food containers, or inability to care for himself.

ISSUE NO. 7. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because no deputy, supervisor, nurse, or other medical provider notified him after February 22, 2022 of Mr. Rupard's alleged deterioration or requested that he return to evaluate Mr. Rupard.

ISSUE NO. 8. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because his plan to conduct a follow-up psychiatric encounter in six to seven weeks was not objectively unreasonable under the circumstances known to him.

ISSUE NO. 9. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because his alleged acts or omissions did not cause or contribute to Mr. Rupard's physical deterioration, pneumonia, injuries, or death.

ISSUE NO. 10. Alternatively, if the Court determines that the Eighth Amendment governs Plaintiff's medical-care theory, Defendant Dr. Anthony Cruz is entitled to summary judgment because Plaintiff cannot establish that he actually knew of and consciously disregarded a substantial risk of serious harm to Mr. Rupard.

**Qualified Immunity on the Federal Claims**

ISSUE NO. 11. Defendant Dr. Anthony Cruz is entitled to summary judgment

as a matter of law on Plaintiff's First Cause of Action because qualified immunity bars liability and Dr. Cruz, while providing psychiatric services to County detainees, performed the same governmental function as a publicly employed jail psychiatrist.

ISSUE NO. 12. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's First Cause of Action because no clearly established law as of February 2022 placed every reasonable jail psychiatrist on notice that, under the circumstances known to Dr. Cruz, it was unconstitutional to respect Mr. Rupard's medication refusal, decline involuntary treatment or PSU admission, and schedule a later follow-up.

**<u>Fourth Cause of Action</u>**

**Monell Liability Against Liberty Healthcare**

ISSUE NO. 13. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Mr. Rupard did not suffer an underlying constitutional deprivation attributable to Dr. Cruz, another Liberty employee, or the collective acts or omissions of Liberty personnel.

ISSUE NO. 14. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no Liberty policy, custom, omission, or training deficiency caused a constitutional deprivation of Mr. Rupard's rights.

ISSUE NO. 15. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty cannot be held liable under 42 U.S.C. section 1983 merely because it employed Dr. Cruz or another allegedly negligent healthcare provider.

**<u>Alleged Understaffing and Overscheduling Policy</u>**

ISSUE NO. 16. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty did not maintain an official policy or permanent, widespread, and well-settled custom of deliberately understaffing or overscheduling psychiatric providers.

ISSUE NO. 17. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot establish that Liberty deliberately understaffed or overscheduled psychiatric providers to save costs or increase revenue at the expense of constitutionally adequate patient care.

ISSUE NO. 18. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no Liberty staffing or scheduling practice amounted to deliberate indifference to a known or obvious risk of constitutionally inadequate psychiatric care.

ISSUE NO. 19. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot identify a pattern of prior similar constitutional violations or other evidence placing Liberty on actual or constructive notice that its staffing or scheduling practices were constitutionally inadequate.

ISSUE NO. 20. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no Liberty staffing or scheduling policy or practice was an actual cause or moving force behind constitutionally inadequate care, Mr. Rupard's physical deterioration, pneumonia, injuries, or death.

**<u>Alleged Failure to Promulgate Adequate Policies</u>**

ISSUE NO. 21. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot establish that Liberty failed to maintain constitutionally adequate policies or procedures concerning the psychiatric and medical subjects alleged in the TAC.

ISSUE NO. 22. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because the custodial housing determinations and Title 15 cell checks alleged in TAC paragraph 412(a) and (j) were County custody functions, not functions controlled by a Liberty policy, custom, or

employee.

ISSUE NO. 23. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because PSU admission required an individualized clinical determination, and the Constitution did not require Liberty to adopt Plaintiff's preferred admission criteria or mandate PSU admission whenever a detainee with schizophrenia refused medication.

ISSUE NO. 24. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because the February 2022 California State audit did not identify a Liberty-specific unconstitutional policy or custom or otherwise place Liberty on notice that its psychiatric policies were likely to cause constitutional violations.

ISSUE NO. 25. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot identify prior similar constitutional violations or other evidence establishing that Liberty had actual or constructive notice that its policies were constitutionally inadequate.

ISSUE NO. 26. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no alleged deficiency in Liberty's policies amounted to deliberate indifference or was an actual cause or moving force behind Mr. Rupard's injuries or death.

**Alleged Failure to Train**

ISSUE NO. 27. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty did not fail to train Dr. Cruz or other Liberty medical personnel concerning schizophrenia, psychosis, medication refusal, psychiatric decompensation, follow-up care, or PSU screening and placement.

ISSUE NO. 28. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot

identify a particular deficiency in Liberty's training program that made a constitutional violation substantially certain or highly predictable.

ISSUE NO. 29. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot establish a pattern of similar constitutional violations or the narrow circumstances necessary for single-incident failure-to-train liability.

ISSUE NO. 30. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no alleged training deficiency caused Dr. Cruz or another Liberty employee to violate Mr. Rupard's constitutional rights or was an actual cause or moving force behind Mr. Rupard's injuries or death.

**<u>Alleged Custom of Inaction</u>**

ISSUE NO. 31. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty did not maintain a permanent, widespread, and well-settled custom of ignoring medication refusal, psychiatric decompensation, follow-up needs, critical medical information, requests for psychiatric care, malnutrition, dehydration, or physical deterioration among detainees with psychiatric illnesses.

ISSUE NO. 32. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because the treatment of a single patient, without evidence of similar incidents, cannot establish a permanent and well-settled Liberty custom having the force of law.

ISSUE NO. 33. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot establish that Liberty had actual or constructive notice of a widespread custom causing similar constitutional violations and deliberately failed to correct it.

ISSUE NO. 34. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no alleged Liberty

custom of inaction was an actual cause or moving force behind constitutionally inadequate care, Mr. Rupard's physical deterioration, pneumonia, injuries, or death.

**Alleged Ratification or Condonation**

ISSUE NO. 35. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Plaintiff cannot identify a Liberty official possessing final policymaking authority who knowingly approved Dr. Cruz's challenged treatment decision and the allegedly unconstitutional basis for that decision.

ISSUE NO. 36. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because no Liberty final policymaker knowingly approved or deliberately condoned unconstitutional treatment of Mr. Rupard.

ISSUE NO. 37. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty's alleged failure to discipline, retrain, or terminate Dr. Cruz after Mr. Rupard's death does not, without more, establish ratification of unconstitutional conduct.

ISSUE NO. 38. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Fourth Cause of Action because Liberty's post-incident review or employment decisions were not an actual cause or moving force behind Mr. Rupard's treatment, injuries, or death.

**Fifth Cause of Action**

**Bane Act Against Dr. Cruz**

ISSUE NO. 39. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action under the Bane Act because he did not interfere or attempt to interfere with any federal or California constitutional or statutory right belonging to Mr. Rupard.

ISSUE NO. 40. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action because he did not direct any

threat, intimidation, or coercion toward Mr. Rupard's exercise or enjoyment of a protected right.

ISSUE NO. 41. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action because his psychiatric evaluations, clinical decisions, medication management, and follow-up planning were not deliberate, spiteful, or egregious acts of coercive interference.

ISSUE NO. 42. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action because he did not act with the particular purpose of depriving Mr. Rupard of constitutionally adequate medical care and therefore lacked the specific intent required for Bane Act liability.

ISSUE NO. 43. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action because he did not act in reckless disregard of Mr. Rupard's constitutional or statutory rights, including because he received no notice after February 22, 2022 of Mr. Rupard's subsequent physical deterioration or need for immediate medical intervention.

ISSUE NO. 44. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Fifth Cause of Action because no act involving threats, intimidation, coercion, or intentional interference by Dr. Cruz caused or contributed to Mr. Rupard's injuries or death.

## <u>Sixth Cause of Action</u>

## Negligence - Survival Claim

## Dr. Cruz

ISSUE NO. 45. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because his duty was limited to the psychiatric care he undertook and did not encompass custody checks, housing conditions, cell sanitation, meal delivery, routine nursing monitoring, weight or vital-sign measurements, or treatment of later physical conditions that were neither disclosed to nor observed by him.

ISSUE NO. 46. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because he did not negligently fail to communicate or coordinate Mr. Rupard's psychiatric care and received no information after February 22, 2022 concerning Mr. Rupard's subsequent physical deterioration.

ISSUE NO. 47. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because Plaintiff cannot establish through competent expert testimony, to a reasonable medical probability, that Dr. Cruz breached the applicable psychiatric standard of care and thereby caused Mr. Rupard's injuries or death.

ISSUE NO. 48. Defendant Dr. Anthony Cruz is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because his alleged acts or omissions were not a substantial factor in causing Mr. Rupard's physical deterioration, pneumonia, predeath injuries, or death.

**Liberty Healthcare**

ISSUE NO. 49. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because Liberty did not directly breach a duty owed to Mr. Rupard through its policies or practices concerning psychiatric screening, evaluation, treatment, medication refusal, follow-up care, or PSU referral or admission.

ISSUE NO. 50. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because Liberty did not directly breach a duty owed to Mr. Rupard through its staffing, scheduling, training, supervision, communication, or care-coordination practices.

ISSUE NO. 51. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because Plaintiff cannot establish that Dr. Cruz or another Liberty employee committed actionable negligence within the scope of employment, as required for vicarious liability.

ISSUE NO. 52. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because Plaintiff cannot identify any other Liberty employee who breached a duty owed to Mr. Rupard and thereby caused his injuries or death.

ISSUE NO. 53. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Sixth Cause of Action because no act or omission by Liberty or a Liberty employee was a substantial factor in causing Mr. Rupard's physical deterioration, pneumonia, predeath injuries, or death.

**Alternative Negligence-Per-Se Theory**

ISSUE NO. 54. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on any independent negligence-per-se theory because Evidence Code section 669 creates only an evidentiary presumption and does not create an independent cause of action or duty.

ISSUE NO. 55. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on any negligence-per-se theory because Plaintiff cannot identify an applicable statute or regulation that imposed a duty upon either Defendant and that either Defendant violated.

ISSUE NO. 56. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on any negligence-per-se theory predicated upon Title 15 custody provisions because those provisions imposed the challenged duties upon County custody personnel, not Dr. Cruz or Liberty.

ISSUE NO. 57. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on any negligence-per-se theory because Plaintiff cannot establish that either Defendant's violation of an applicable statute or regulation was a substantial factor in causing Mr. Rupard's injuries or death.

**Seventh Cause of Action**

**Dependent Adult Neglect**

ISSUE NO. 58. Defendant Dr. Anthony Cruz is entitled to summary judgment

as a matter of law on Plaintiff's Seventh Cause of Action because, even assuming Mr. Rupard was a dependent adult, Dr. Cruz did not assume a substantial caretaking or custodial relationship involving ongoing responsibility for Mr. Rupard's basic needs merely by conducting two psychiatric encounters.

ISSUE NO. 59. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because Plaintiff cannot establish that Liberty assumed a substantial caretaking or custodial relationship involving ongoing responsibility for Mr. Rupard's food, hydration, hygiene, shelter, cell conditions, physical medical care, or other daily basic needs.

ISSUE NO. 60. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because neither Defendant had responsibility for or negligently failed to provide Mr. Rupard's food, hydration, hygiene, shelter, physical medical care, protection from environmental hazards, or other custodial necessities.

ISSUE NO. 61. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because they provided psychiatric services to Mr. Rupard and did not withhold or fail to provide psychiatric care within the meaning of the Elder Abuse and Dependent Adult Civil Protection Act.

ISSUE NO. 62. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because the challenged psychiatric evaluations, medication decisions, follow-up plan, and PSU-admission decision constitute, at most, alleged professional negligence rather than custodial neglect under the Act.

ISSUE NO. 63. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because the allegations challenging the manner in which professional psychiatric services were rendered are governed by the laws applicable to professional

negligence and do not establish neglect under the Act.

ISSUE NO. 64. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because no alleged neglect by either Defendant was a substantial factor in causing Mr. Rupard's physical deterioration, pneumonia, predeath injuries, or death.

ISSUE NO. 65. Defendants Dr. Anthony Cruz and Liberty Healthcare are entitled to partial summary judgment as a matter of law on Plaintiff's request for enhanced remedies under Welfare and Institutions Code section 15657 because Plaintiff cannot establish by clear and convincing evidence that either Defendant committed neglect with recklessness, oppression, fraud, or malice.

ISSUE NO. 66. Defendant Liberty Healthcare is entitled to partial summary judgment as a matter of law on Plaintiff's request for enhanced remedies because Plaintiff cannot satisfy the employer-liability requirements incorporated through Civil Code section 3294(b).

ISSUE NO. 67. Defendant Liberty Healthcare is entitled to summary judgment as a matter of law on Plaintiff's Seventh Cause of Action because allegations concerning staffing, scheduling, or corporate practices do not establish that Liberty assumed substantial, ongoing responsibility for Mr. Rupard's daily basic needs, negligently failed to provide those needs, or caused his injuries or death.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Corey E. Krueger and the exhibits thereto, the pleadings and records on file in this action, and such further evidence and argument as the Court may consider. Certain exhibits (Exhibits D, F, L, M, and N) are the subject of Defendants' pending Application to File Documents Under Seal (ECF No. 310). Pending the Court's ruling, those exhibits are lodged conditionally under seal, and public redacted versions (Exhibits D and F) and placeholders (Exhibits L, M, and N) are filed herewith, as explained in the accompanying Declaration of Corey E. Krueger.

DATED: November 13, 2026

**BURGER, MEYER & D'ANGELO, LLP**



Corey E. Krueger
Attorneys for Defendant,
Anthony Cruz, D.O. and Liberty Healthcare of California, Inc.