**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No. 3:23-cv-1357-CAB-JAC<br><br>**ORDER PROVISIONALLY GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>[Doc. Nos. 308, 309, 310] |

This case concerns the death of Lonnie Rupard ("Decedent") while in custody at San Diego Central Jail. Pending before the Court are (1) County Defendants' application and motion to file documents under seal in support of their forthcoming motion for summary judgment, [Doc. Nos. 308, 309], and (2) a motion by Defendants Anthony Cruz, D.O. ("Cruz") and Liberty Healthcare of California, Inc. ("Liberty Healthcare") to file documents under seal in support of their forthcoming motion for summary judgment, [Doc. No. 310]. Plaintiff Estate of Lonnie Rupard ("Estate") opposes both motions. [Doc. Nos. 314, 315, 316.]

///

///

## I. LEGAL STANDARD

There is a general principle in favor of public access to federal court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). Where a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if closure serves a compelling interest supported by specific factual findings. *Id.* at 1178–79.

## II. COUNTY DEFENDANTS' MOTION TO SEAL

County Defendants seek to file 80 documents under seal, requesting that 76 of those documents be sealed in their entirety. [*See* Doc. No. 308-2.] They group the documents into five categories based on the asserted privacy or security interests: "(a) the decedent's and non-parties' medical, mental-health, and psychiatric records; (b) the Medical Examiner and autopsy records and the decedent's criminal-history, court, booking, classification, and investigative records; (c) peace-officer personnel, training, and POST/academy records; (d) security-sensitive jail operational materials; and (e) confidential deposition transcripts and exhibits." [Doc. No. 308-1 at ¶ 4.]

### a. Decedent's and non-parties' medical records

County Defendants argue that courts recognize a compelling privacy interest in medical records that warrants sealing Decedent's "medical, mental-health, and psychiatric records." [Doc. No. 308 at 7.] That privacy interest, however, belongs to the Estate, not County Defendants. *See Estate of Esche v. Renown Reg'l Med. Ctr.*, No. 3:21-cv-00520-MMD-CLB, 2024 WL 4168618, at *3 (D. Nev. Sep. 12, 2024) (an estate may waive privacy rights of the decedent).

In light of the Estate's representation that it has waived any privacy interests it holds, [Doc. No. 314 at 3, 5–6], the Court **DENIES** County Defendants' motion to file

documents under seal that relate to Decedent's "medical, mental-health, and psychiatric records." However, to the extent those documents contain a non-party's medical or personal information, County Defendants may redact that information from the publicly filed versions.

**b. Decedent's medical examiner, autopsy, criminal-history, court, booking, classification, and investigative records**

Similarly, because the Estate has waived its privacy interest, [Doc. No. 314 at 6–7], the Court **DENIES** County Defendants' motion to file under seal any of Decedent's "Medical Examiner and autopsy records and [] criminal-history, court, booking, classification, and investigative records."

**c. Peace-officer personnel, training, and POST/academy records**

County Defendants may file the documents related to "peace-officer personnel, training, and POST/academy records" provisionally under seal. The Court will consider whether the documents should be unsealed in the context of County Defendants' motion for summary judgment once it is filed.

**d. Jail operational materials**

County Defendants may file the "jail operational" documents, including the "staffing and deployment sheets, area-activity logs, safety-check and count procedures, and related materials," provisionally under seal. [*See* Doc. No. 308 at 8.] The Court will consider whether the documents should be unsealed in the context of County Defendants' motion for summary judgment once it is filed.

**e. Confidential deposition transcripts and exhibits**

What County Defendants have categorized as "confidential deposition transcripts and exhibits" appears to primarily relate to document categories (c) and (d). As such, County Defendants may file these deposition transcripts and deposition exhibits provisionally under seal. The Court will consider whether the documents should be unsealed in the context of County Defendants' motion for summary

judgment once it is filed.

## III. CRUZ AND LIBERTY HEALTHCARE'S MOTION TO FILE UNDER SEAL

Cruz and Liberty Healthcare seek to file five documents under seal: three documents containing Decedent's medical and mental-health records and two redacted depositions. [Doc. No. 310.]

### a. Decedent's medical and mental-health records (Exhibits L, M, and N)

The Estate has waived any privacy interest in Decedent's medical and mental-health records. [Doc. No. 316 at 2.] Accordingly, the Court **DENIES** Cruz and Liberty Healthcare's motion to file under seal the documents designated "L, M, and N." *See supra* Section II.a.

### b. San Diego County's Rule 30(b)(6) nursing deposition transcript (Exhibit D)

The Court **DENIES** Cruz and Liberty Healthcare's motion to file a redacted version of San Diego County's Rule 30(b)(6) transcript, [Doc. No. 310 at 5–6], because the request does not provide the Court with sufficient information on what Cruz and Liberty Healthcare seek to have sealed.

### c. Badre deposition transcript (Exhibit F)

Cruz and Liberty Healthcare moved to file a redacted version of the deposition transcript of Nicolas Badre, M.D. According to Cruz and Liberty Healthcare's representations,[1] the redacted portions quote a document containing "[D]ecedent's psychiatric and competency information." [*Id.* at 6.] Because the Estate has waived its privacy interest in these medical and mental-health records, the Court **DENIES** Cruz and Liberty Healthcare's request to file a redacted version of the Badre deposition

[1] The Court has not received a courtesy copy of the unredacted materials that Cruz and Liberty Healthcare wish to file under seal, as required by Chambers Rule V.A. Accordingly, the Court's review is limited to their descriptions of the redacted passages in their motion.

transcript.

## IV. CONCLUSION

As detailed above, the Court **DENIES** County Defendants' request to file under seal documents implicating privacy interests that the Estate has waived. [Doc. Nos. 308, 309.] The Court provisionally **GRANTS** County Defendants' motion as to the remaining documents and will determine whether those documents should remain under seal once they are lodged in support of County Defendants' forthcoming motion for summary judgment. [Id.] The Court **DENIES** Cruz and Liberty Healthcare's motion to file under seal in its entirety. [Doc. No. 310.]

It is **SO ORDERED**.

Dated: November 13, 2026

Hon. Cathy Ann Bencivengo
United States District Judge