EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF LONNIE RUPARD,

Plaintiff,

v.

COUNTY OF SAN DIEGO, *et al.*,

Defendants.

CASE NO. 23-CV-1357-CAB-JAC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANT COUNTY OF SAN DIEGO FOR SPOLIATION OF EVIDENCE**

Judge: Hon. Cathy Ann Bencivengo

Date: December 18, 2026

**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 18, 2026, or as soon after as the matter may be heard, in the courtroom of the Honorable Cathy Ann Bencivengo, United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Plaintiff the Estate of Lonnie Rupard will and hereby does move the Court under Federal Rule of Civil Procedure 37(e) for sanctions against Defendant County of San Diego for failing to preserve surveillance video from the San Diego Central Jail. Please note, pursuant to Judge Bencivengo's Chambers Rules, the motion will be decided on the papers, without oral argument unless the Court orders otherwise. No party should appear on the hearing date unless the Court separately orders oral argument.

This motion is made on the following grounds: The County had a duty to preserve the surveillance footage from Module 7D, where Mr. Rupard was held, once Mr. Rupard died in its custody. The County took no reasonable steps to preserve the video and preserved approximately 40 hours of an incarceration that lasted 89 days, with 86 of those in Module 7D. The lost video cannot be restored or replaced. Its loss prejudices Plaintiff and the County acted with intent to deprive Plaintiff of the use of the video in this litigation.

Plaintiff respectfully requests that the Court impose the following sanctions against Defendant County of San Diego:

**A. Findings.**

1. A finding that the County failed to take reasonable steps to preserve Module 7D surveillance video it had a duty to preserve, that the video cannot be restored or replaced and that its loss has prejudiced Plaintiff.

2. A finding that the County acted with intent to deprive Plaintiff of the use of the video in this litigation.

**B. Adverse-Inference Jury Instruction.**

1. An instruction that the jury **must** presume that the lost video was unfavorable to the County.

2. In the alternative, an instruction that the jury **may** presume the lost video was unfavorable to the County.

3. In the further alternative, if the Court leaves the question of intent to the jury, an instruction that the jury may infer that the lost video was unfavorable to the County if it first finds the County acted with intent to deprive Plaintiff of its use in the litigation.

**C. Curative Measures, whether or not the Court finds intent.**

1. An order allowing Plaintiff to present evidence and argument to the jury about the County's failure to preserve the video. This includes the County's retention schedules, its Homicide Unit Manual and practices, the video it preserved in the *Schuck* matter, the course of its investigation, and the video its personnel reviewed but did not save.

2. An instruction that the County had a duty to preserve the video of Mr. Rupard's incarceration and failed to do so, and that the jury may consider that failure in weighing the evidence.

3. An order barring the County from offering its logs, or testimony or argument based on them, to show that safety checks, counts, meal service, or hygiene inspections of Mr. Rupard's cell were properly performed during any period for which the County failed to preserve video. This does not bar any witness from testifying from their own memory of Mr. Rupard.

4. An award of Plaintiff's reasonable attorney's fees and costs for investigating the spoliation and bringing this motion, in an amount to be set by later declaration or as the Court directs.

**D. Terminating Sanction.**

1. Entry of default judgment against the County on liability.

The motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Eugene G. Iredale and its exhibits; the Declaration of Gary Raney and its exhibit; the records and files in this action; and any other evidence or argument the Court may consider.

Respectfully submitted,

DATED: November 13, 2026

IREDALE & YOO, APC
EUGENE G. IREDALE
JULIA YOO
SARAH MUSUMECI

/s/ Eugene Iredale

Eugene G. Iredale
Attorneys for Plaintiff