EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD,<br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, *et al.*,<br>Defendants. | CASE NO. 23-CV-1357-CAB-JAC<br><br>**DECLARATION OF EUGENE IREDALE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT COUNTY OF SAN DIEGO FOR SPOLIATION OF EVIDENCE**<br><br>Judge: Hon. Cathy Ann Bencivengo<br><br>Date: December 18, 2026<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

I, EUGENE G. IREDALE, being duly sworn, hereby declare:

1. I am a partner at the law firm of Iredale & Yoo, APC. We represent the Plaintiff in the above-entitled action. I make this declaration based on my personal knowledge. If called to testify on the matters set forth herein, I could and would competently testify as to these matters based on my personal knowledge.

2. During discovery in this case, the County produced to Plaintiff 40 hours and 35 minutes of surveillance video from the cameras covering Mr. Rupard's cell (Bates Nos. COSD 001738 through COSD 001763). Nearly all of the footage comes from the last three days of Mr. Rupard's life. An exception is a single 19-minute clip from January 29, 2022 (10:59 a.m. to 11:18 a.m.). The March footage begins at 8:19 p.m. on March 15, 2022, and runs continuously until 10:34 a.m. on March 16, 2022, ending towards the end of the response to Mr. Schuck's medical emergency which resulted in his death in Cell 1 of the same module. This was footage preserved from the Schuck case. Then it stops. There is no video from the next 11 hours and 25 minutes. The recordings resume at 9:59 p.m. on March 16, 2022, and continue through 11:59 p.m. on March 17, 2022, a little over an hour after deputies found Mr. Rupard unresponsive in his cell. In all, Plaintiff has video for about 2% of Mr. Rupard's time in custody.

3. Plaintiff lodges the following exhibits in support of Plaintiff's motion for sanctions against the County for spoliation of evidence:

a. **Exhibit 1** is the Follow-Up Investigative Report II, Det. Blumenshine, dated Mar. 16, 2023, and Bates numbered COSD 001656–1677. This document was provided to Plaintiff by the County of San Diego during discovery.

b. **Exhibit 2** is the Follow-Up Investigative Report regarding Mr. Rupard's Autopsy, Det. Blumenshine, Bates numbered COSD 001633–1636. This document was provided to Plaintiff by the County of San Diego during discovery.

c. **Exhibit 3** is the Follow-Up Investigative Report, Det. Blumenshine, dated June 7, 2022, and Bates numbered COSD 001637–1649. This document was provided to Plaintiff by the County of San Diego during discovery.

d. **Exhibit 4** is the Inmate History Summary Report, Bates numbered COSD

000712. This document was provided to Plaintiff by the County of San Diego during discovery.

e. **Exhibit 5** consists of excerpts from the deposition of Det. Max Blumenshine, taken in this case on Jan. 7, 2026.

f. **Exhibit 6** is the Follow-Up Investigative Report III, Det. Blumenshine, dated Feb. 7, 2024, and Bates numbered COSD 000266–274. This document was provided to Plaintiff by the County of San Diego during discovery.

g. **Exhibit 7** consists of photographs of Mr. Rupard's cell taken during the homicide investigation. These photographs were provided to Plaintiff by the County of San Diego during discovery.

h. **Exhibit 8** consists of excerpts from the deposition of Cpl. Thomas Mace, taken in this case on Feb. 27, 2026.

i. **Exhibit 9** consists of excerpts from the deposition of Lt. Gino Matrone, taken in this case on Jan. 16, 2026.

j. **Exhibit 10** consists of photographs from Mr. Rupard's autopsy. These photographs were provided to Plaintiff by the County of San Diego during discovery.

k. **Exhibit 11** consists of excerpts from the deposition of Rule 30(b)(6) witness Capt. Derek Williamson taken on October 11, 2024, in the case of *Estate of Schuck v. County of San Diego*, Southern District of California Case No. 23-cv-00785-DMS-AHG, ECF No. 111-5. My firm purchased this transcript from the Southern District of California PACER website.

l. **Exhibit 12** is County Defendants' Objection to Report and Recommendation in the case of *Estate of Schuck v. County of San Diego*, Southern District of California Case No. 23-cv-00785-DMS-AHG, ECF No. 145. My firm purchased this pleading from the Southern District of California PACER website.

m. **Exhibit 13** consists of excerpts from the deposition of Bethann Schaber, M.D., taken in this case on May 5, 2025.

n. **Exhibit 14** is the Sheriff's Homicide Unit Manual of Policy and Procedures, dated Oct. 2021. This document was Exhibit 14 in the deposition of Det. Max

Blumenshine, taken in this case on Jan. 7, 2026.

o. **Exhibit 15** is excerpts from the deposition of Sgt. Michael Johnson, taken in this case on Feb. 27, 2026.

p. **Exhibit 16** is the California State Auditor, Report 2021-109, dated Feb. 2022. The document is publicly available on the California State Auditor website via the following link: https://information.auditor.ca.gov/pdfs/reports/2021-109.pdf (last accessed Nov. 13, 2026).[1]

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of November, 2026, in San Diego, California.

/s/ Eugene Iredale
EUGENE G. IREDALE

[1] Plaintiff is not offering Exhibit 16 for the truth of the matter asserted, but for its effect (providing notice) on the reader. *Est. of Arroyo by & through Wilson v. Cnty. of San Diego*, No. 3:21-CV-01956-RBM-SBC, 2026 WL 810042, at *25 n.12 (S.D. Cal. Mar. 24, 2026). There, the court overruled Defendants' hearsay and authentication objections to the California State Auditor report, noting that the Court "can properly consider the California State Auditor's Report because Plaintiffs could authenticate it at trial." *Id.*, citing *Eubanks v. Okanogan Cnty.*, NO. CV-03-0074-EFS, 2005 WL 8158680, at *4 (E.D. Wash. Feb. 2, 2005) ("The 1999 Audit Summary and Overview of Okanogan County by the Washington State Auditor . . . is a public record under Rule 901 and is self-authenticating as a domestic record of regularly conducted activity in the County under Rule 902(11).").