**Rada Feldman, Esq. (State Bar No. 285931)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**Robert S. Kahn, Esq. (State Bar No. 231277)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: ncolletti@ccllp.law**
**Email: rkahn@ccllp.law**
**Email: cpark@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-JAC<br>***Assigned to Hon. Cathy Ann Bencivengo***<br>***Magistrate Hon. Janet A. Cabral, Dept. 15A***<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINION TESTIMONY BY PLAINTIFF'S RETAINED EXPERT LORI E. ROSCOE, DNP, PhD, APRN, ANP-C, CCHP-RN; MEMORANDUM** |

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**OF POINTS AND AUTHORITIES**

Date: December 18, 2026
Time: ________
Dept.: 15A

**Complaint Filed: 07/26/2023**
**Trial Date: 02/08/2027**

**PLEASE TAKE NOTICE** that, at the date and time set forth above, Defendant County of San Diego will and hereby does move the Court, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), for an order excluding or, in the alternative, limiting the opinions and testimony of Plaintiff's retained jail-practices expert, Lori E. Roscoe, DNP, PhD, APRN, ANP-C, CCHP-RN.

The motion is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Robert S. Kahn and the exhibits thereto, the pleadings and records on file, and any argument the Court may entertain.

DATED: November 13, 2026 COLLINS + COLLINS LLP

By: ______________________
NICHOLAS R. COLLETTI
RADA FELDMAN
ROBERT S. KAHN
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE,



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# TABLE OF CONTENTS

I. INTRODUCTION .......... 7

II. LEGAL STANDARD .......... 8

III. LEGAL ARGUMENT .......... 9

A. Ms. Roscoe offers no admissible causation opinion and should be precluded from suggesting that nursing conduct caused or contributed to Mr. Rupard's death. .......... 9

B. Ms. Roscoe may not treat voluntary NCCHC and ANA standards as the measure of the County's legal duty or of constitutional adequacy .......... 10

C. Ms. Roscoe may not offer legal conclusions, including "moving force," "deliberate indifference," or constitutional-violation opinions. .......... 11

D. Ms. Roscoe is not qualified to opine on inmate classification, mental-health care, or medical causation, which lie outside her nursing field. .......... 11

E. Ms. Roscoe may not narrate the record or serve as a conduit for the medical and custodial records. .......... 12

F. Ms. Roscoe's "failure to escalate," "nursing care plan," and "foreseeable deterioration" opinions rest on ipse dixit experience and reverse-engineered reasoning, not a reliable methodology. .......... 13

G. Ms. Roscoe's opinions rest on assumed predicates she concedes she cannot establish. .......... 14

H. Ms. Roscoe's monitoring and "systemic failure" opinions are needlessly cumulative of Plaintiffs' other experts. .......... 14

I. Ms. Roscoe should be confined to the opinions and bases disclosed in her report. .......... 15

J. Ms. Roscoe's recounting of the Medical Examiner's "homicide" manner-of-death classification should be excluded under Rule 403. .......... 16

K. In the alternative, the cumulative effect of these defects warrants excluding Ms. Roscoe's testimony in its entirety. .......... 16

IV. CONCLUSION .......... 17



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
613 F. Supp. 3d 1308 (S.D. Cal. 2020) ..... 12

*Barabin v. Scapa Dryer Felts, Inc.*,
No. C07-1454JLR, 2018 WL 1570781 (W.D. Wash. Mar. 30, 2018) ..... 15

*Bell v. Wolfish*,
441 U.S. 520 (1979) ..... 10

*Cabrera v. Cordis Corp.*,
134 F.3d 1418 (9th Cir. 1998) ..... 15

*Cousins v. Lockyer*,
568 F.3d 1063 (9th Cir. 2009) ..... 10

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ..... 8

*Engilis v. Monsanto Co.*,
151 F.4th 1040 (9th Cir. 2025) ..... passim

*Flores by & through Clark v. United States*,
780 F. App'x 420 (9th Cir. 2019) ..... 9

*Gary H. v. Hegstrom*,
831 F.2d 1430 (9th Cir. 1987) ..... 10

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997) ..... 13

*Goodman v. Staples The Off. Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011) ..... 15

*Guidroz-Brault v. Mo. Pac. R.R. Co.*,
254 F.3d 825 (9th Cir. 2001) ..... 14

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ..... 11

*Hughes v. Judd*,
108 F. Supp. 3d 1167 (M.D. Fla. 2015) ..... 10

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
87 F. Supp. 3d 928 (N.D. Cal. 2015) ..... 15

*Jinro Am. Inc. v. Secure Invs., Inc.*,
266 F.3d 993 (9th Cir. 2001) ..... 16

*Krause v. County of Mohave*,
459 F. Supp. 3d 1258 (D. Ariz. 2020) ..... 17

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
523 F.3d 1051 (9th Cir. 2008) ..... 11, 16

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*Neal-Lomax v. Las Vegas Metro. Police Dep't*,
574 F. Supp. 2d 1193 (D. Nev. 2008) ........ 10, 12
No. 3:19-CV-00969-AR,
2023 WL 8701971 (D. Or. Dec. 15, 2023) ........ 12, 17
*Nyerges v. Hillstone Rest. Grp. Inc.*,
No. CV-19-02376-PHX-DWL, 2021 WL 3290463 (D. Ariz. Aug. 2, 2021) ........ 10
*Parsons v. Ryan*,
No. CV-12-00601-PHX-NVW, 2014 WL 3721030 (D. Ariz. July 28, 2014) ........ 15
*Primiano v. Cook*,
598 F.3d 558 (9th Cir. 2010) ........ 8
*Stephens v. Union Pac. R.R. Co.*,
935 F.3d 852 (9th Cir. 2019) ........ 14
*United States v. Diaz*,
876 F.3d 1194 (9th Cir. 2017) ........ 11
*United States v. Jefferson*,
No. 2:23-CR-00109-LK, 2025 WL 97378 (W.D. Wash. Jan. 12, 2025) ........ 13
*United States v. Valencia-Lopez*,
971 F.3d 891 (9th Cir. 2020) ........ 9, 11, 13
*United States v. Vera*,
770 F.3d 1232 (9th Cir. 2014) ........ 12
*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ........ 15

Federal Rules

Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1) ........ 9
Fed. R. Evid. 403 ........ 9, 13, 14, 16
Fed. R. Evid. 702 ........ 8, 16
Fed. R. Evid. 702(a) ........ 13
Fed. R. Evid. 702(b) ........ 14
Fed. R. Evid. 702(c)–(d) ........ 14

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs, the Estate of Lonnie Rupard and Justino Rupard (collectively, "Plaintiffs"), designated Lori E. Roscoe, DNP, as their expert in correctional health care. In their designation, Plaintiffs stated that Ms. Roscoe's testimony would cover the accepted nursing standards of care in correctional healthcare settings; established correctional healthcare practices relating to refusal management and monitoring of segregated incarcerated persons; recognition of deteriorating health conditions and subsequent assessment, monitoring, reassessment and provider notification; and the physical functioning, self-care, hygiene, communication and nutritional needs of Mr. Rupard during his incarceration.

Defendant County of San Diego ("County," and with the individual County Defendants, "County Defendants") respectfully requests that the Court use its gatekeeper function to exclude Ms. Roscoe's opinions on the grounds that they rest on personal experience rather than any reliable methodology. Further, several of Ms. Roscoe's opinions are not based on sufficient facts or data. In addition, Ms. Roscoe, an advanced practice registered nurse who is not a physician, is not qualified to offer the medical-causation opinions contained in her report. Ms. Roscoe offers no causation opinion and defers to the Medical Examiner; she concedes the NCCHC and ANA standards she applies "are not the law"; she narrates the records and offers them as a factual narrative the jury can read for itself; her monitoring and "systemic failure" opinions duplicate those of Plaintiffs' separately retained correctional-health and jail-practices experts; and she should be confined to her report and precluded from offering legal conclusions, including "moving force" and "deliberate indifference" labels. In the alternative, the cumulative effect of these defects warrants excluding her testimony in its entirety.

///

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides that expert opinion evidence is admissible "if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed R. Evid. 702. Before finding expert testimony admissible, the trial court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-593 (1993). The proponent of the expert opinion bears the burden of establishing qualification, reliability, and helpfulness by a preponderance of the evidence. *Id.* at 592 & n.10.

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)(quoting *Daubert*, 509 U.S. at 597). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted).

Expert testimony must be confined to the witness's field and rest on a reliable foundation with a "valid connection to the pertinent inquiry." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025). Under Rule 702, the proponent must establish each admissibility requirement by a preponderance of the evidence before the opinion reaches the jury, and "there is no presumption in favor of admission." Fed. R. Evid. 702; *Engilis*, 151 F.4th at 1049. For experience-based opinion, reliability "becomes



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

more, not less, important," and the inquiry "cannot simply lead to a 'that goes to weight, not admissibility' default." *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020). Separately, even otherwise-admissible expert testimony may be excluded under Rule 403 where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. And an expert must be confined to the opinions and bases disclosed in her Rule 26 report; an undisclosed opinion or basis is excluded automatically under Rule 37(c)(1). Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1).

## III. LEGAL ARGUMENT

### A. Ms. Roscoe offers no admissible causation opinion and should be precluded from suggesting that nursing conduct caused or contributed to Mr. Rupard's death.

Expert testimony is relevant only if it has a "valid connection to the pertinent inquiry," which in a wrongful-death-in-custody case includes whether the challenged conduct caused the death. *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025). Ms. Roscoe disclaims any such opinion. She testified that she is "not qualified to opine on what caused Mr. Rupard's death," that she "defer[s] to the medical examiner," and that "[m]edical causation I don't do." Depo. at 179:1; Depo. at 258:19–259:2. She confirmed she offers no opinion "on the cause-of-death topic" and no opinion that the County "had a policy or custom or practice that caused Mr. Rupard's death." Depo. at 259:3–9.

Yet her report asserts that the claimed nursing failures "significantly increased the risk of serious harm and death," and she contends that "but for" the nursing staff's failure to recognize Mr. Rupard's malnourished state, he would still be alive. Roscoe Report at 15. A nurse is "not qualified to offer an opinion on medical causation." *Flores by & through Clark v. United States*, 780 F. App'x 420, 422 (9th Cir. 2019). And where a death has multiple potential contributing causes, causation must be established

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

through a qualified opinion given to a reasonable degree of medical certainty; a bare "possibility" or an increased "risk" will not do. *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1193, 1198 (D. Nev. 2008). An opinion that the County's claimed failures "increased the risk" of death "logically flows" from Ms. Roscoe's standard-of-care criticisms rather than from any independent causal methodology, and such a derivative causation opinion is inadmissible. *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2021 WL 3290463, at *10 (D. Ariz. Aug. 2, 2021). The Court should bar Ms. Roscoe from offering, directly or by implication, any opinion that nursing conduct or Mr. Rupard's weight loss caused or contributed to his death.

**B. Ms. Roscoe may not treat voluntary NCCHC and ANA standards as the measure of the County's legal duty or of constitutional adequacy.**

Ms. Roscoe's opinions rest on the standards of the National Commission on Correctional Health Care (NCCHC) and the American Nurses Association (ANA), together with internal facility policy, as the measure of the County's conduct. She conceded at deposition, however, that the NCCHC and ANA standards are voluntary and "are not the law." Depo. at 181:7–8. Voluntary professional standards, "although perhaps instructive in certain cases, … do not establish the constitutional minima." *Bell v. Wolfish*, 441 U.S. 520, 543 n.27 (1979). They are not to be treated as "constitutionally mandated." *Gary H. v. Hegstrom*, 831 F.2d 1430, 1433 (9th Cir. 1987). Nor does the violation of an internal policy or a state regulation establish a federal constitutional violation. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009). Courts have accordingly rejected the contention that NCCHC standards are "sort of the floor," crediting testimony that they are "best practices" that are "not constitutionally required." *Hughes v. Judd*, 108 F. Supp. 3d 1167, 1250–1251 (M.D. Fla. 2015). Ms. Roscoe may, consistent with her discipline, describe deviations from NCCHC, ANA, or facility practice as factual matters; she may not present those



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

standards as the governing legal standard or equate their breach with the County's legal liability. The Court should preclude any testimony that a deviation from NCCHC/ANA or facility policy is a breach of the constitutional or legal standard, that NCCHC/ANA compliance is required by law, or that equates policy noncompliance with "deliberate indifference" or a constitutional violation.

**C. <u>Ms. Roscoe may not offer legal conclusions, including "moving force," "deliberate indifference," or constitutional-violation opinions.</u>**

Although an expert may embrace an ultimate issue, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Testimony crosses into an impermissible legal conclusion when it uses terms with "a specialized meaning in law" or instructs the jury how to apply the law to the facts. *United States v. Diaz*, 876 F.3d 1194, 1197–1199 (9th Cir. 2017). Expert testimony that "merely tells the jury what result to reach" is not admissible. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). Ms. Roscoe conceded she is not offering any opinion that the County had a policy, custom, or practice that "caused Mr. Rupard's death or was … a moving force behind any constitutional violation." Depo. at 259:5–9. The Court should hold her to that concession and preclude any "moving force," "deliberate indifference," or "unconstitutional" label, and any framing of "the system" or "systemic" failure offered as a legal conclusion. Depo. at 159:15–17. She may offer nursing-standard-of-care opinions; she may not tell the jury the legal result.

**D. <u>Ms. Roscoe is not qualified to opine on inmate classification, mental-health care, or medical causation, which lie outside her nursing field.</u>**

General credentials do not qualify an expert to opine outside her field; qualifications "cannot establish the reliability and thus the admissibility" of an opinion the expert is not equipped to give. *United States v. Valencia-Lopez*, 971 F.3d 891, 900

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

(9th Cir. 2020); *see Neal-Lomax*, 574 F. Supp. 2d at 1203–1204 (expert may not opine outside the specific subject of his expertise). Ms. Roscoe is a correctional nurse, not an expert on inmate classification or custodial procedures, yet her segregation-monitoring opinion rests on her lay view that Mr. Rupard's "conditions of confinement equaled a segregated patient." Depo. at 84:3–5. Inmate classification is a nonmedical custody determination outside her discipline. In *Thomsen v. NaphCare, Inc.*, Ms. Roscoe herself was "not qualified to opine on the [jail's] nonmedical standards, practices, policies, or customs," and was limited to the medical standard of care. No. 3:19-CV-00969-AR, 2023 WL 8701971, at *10 (D. Or. Dec. 15, 2023). She likewise disclaims mental-health opinions and medical causation. Depo. at 179:1; Depo. at 258:19–22. Opinions requiring classification judgment, psychiatric expertise, or medical causation fall outside "the knowledge and experience of the relevant discipline" for which she is qualified and should be excluded. *Engilis*, 151 F.4th at 1047.

### E. **<u>Ms. Roscoe may not narrate the record or serve as a conduit for the medical and custodial records.</u>**

A substantial portion of Ms. Roscoe's report is a document-by-document recitation of the medical and custodial records and policies she reviewed. Roscoe Report at 2–15 & Ex. C (Materials Reviewed). An expert "cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence," and "to the extent an expert simply rehashes otherwise admissible evidence about which [s]he has no personal knowledge, such evidence — taken on its own — is inadmissible." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1322–23 (S.D. Cal. 2020). An expert who merely relays what the records say functions "as little more than a conduit or transmitter" for that evidence rather than applying her own expertise. *United States v. Vera*, 770 F.3d 1232, 1237–38 (9th Cir. 2014). Jurors are capable of reviewing the jail and medical records and drawing their own inferences, and a narrative delivered through an expert risks unduly influencing

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

them. Fed. R. Evid. 403. Ms. Roscoe may explain the facts underlying any genuinely admissible nursing opinion, but she may not narrate the record for the jury; the Court should preclude the record-summary portions of her report and testimony.

**F. Ms. Roscoe's "failure to escalate," "nursing care plan," and "foreseeable deterioration" opinions rest on ipse dixit experience and reverse-engineered reasoning, not a reliable methodology.**

Rule 702(b)–(d) requires that an opinion rest on sufficient facts and a reliable methodology reliably applied. A "'[t]alismanic' invocation of 'clinical experience'" "without articulating a reasoned basis for [the] opinion" does not satisfy that standard. *Engilis*, 151 F.4th at 1053–1054. Experience-based opinion must connect the expert's experience to the conclusion through an explained methodology; the link cannot be left "too tenuous to be reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 900–01 (9th Cir. 2020). A court may exclude an opinion connected to the data "only by the *ipse dixit* of the expert" where "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Ms. Roscoe's opinions fail that test. Asked to identify the standard underlying her "duty to escalate" opinion, she fell back on "foundational correctional nursing practice," "good nursing," and "common sense." Depo. at 44:3; Depo. at 59:19; Depo. at 165:22. She described the "nursing care plan" the staff supposedly owed only as "something that nurses do," a definition too vague to help the jury. Depo. at 70:4–6; Fed. R. Evid. 702(a). And her "progressive and foreseeable deterioration" opinion reasons backward from Mr. Rupard's death, emphasizing "repeated opportunities … to recognize" his decline while supplying no forward chain of causation, and resting expressly on "[her] experience, education, and training" and "common sense." Roscoe Report at 15; Depo. at 162:24–25; Depo. at 165:22. An expert who reaches a desired conclusion "without testing that hypothesis in any manner" has not employed a reliable methodology. *United States v. Jefferson*, No. 2:23-CR-00109-LK, 2025 WL 97378, at

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*13–14 (W.D. Wash. Jan. 12, 2025). These opinions should be excluded under Rule 702(c)–(d).

### G. Ms. Roscoe's opinions rest on assumed predicates she concedes she cannot establish.

An opinion "resting on an assumed triggering fact the record does not support is not 'based on sufficient facts or data.'" *Engilis*, 151 F.4th at 1051, 1053. Expert testimony that "rests on assumptions that are not supported by evidence" is inadmissible; the opinion must rest on facts the expert observed, "not merely assumptions and speculation," and a party "cannot make [speculation] sufficient simply by finding an expert who is willing to assume its correctness." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856–57 (9th Cir. 2019); *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830–31 (9th Cir. 2001); Fed. R. Evid. 702(b). Each of Ms. Roscoe's principal opinions depends on a predicate she conceded she cannot establish. Her "failure to escalate" opinion assumes Mr. Rupard signed no refusal forms, an "assumption" she admitted "would change [her] opinion" if the 34 refusal forms were produced. Depo. at 35:6–11; Depo. at 35:24–36:7. Her segregation-monitoring opinion assumes policy MSD.G.2.1 applied, though she conceded Mr. Rupard was never given an administrative-segregation or "segregated" classification. Roscoe Report at 11; Depo. at 83:25–84:1. And her nutritional-decline opinion assumes a "hunger strike" she admitted was "never" declared, as to which "[t]here's nothing in the record, period," conceding "you don't know, one way or another, whether Mr. Rupard was on a hunger strike." Depo. at 146:12; Depo. at 147:4; Depo. at 148:11–21. These opinions should be excluded under Rule 702(b).

### H. Ms. Roscoe's monitoring and "systemic failure" opinions are needlessly cumulative of Plaintiffs' other experts.

Even a qualified expert's testimony may be excluded under Rule 403, which authorizes the Court to bar "needlessly presenting cumulative evidence." Fed. R. Evid.



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

403. Plaintiffs have separately retained a correctional-health-systems expert, Dr. Homer Venters, and a jail-practices expert, Gary Raney, both of whom address the same custody-monitoring, segregation, and "systemic" or organizational-failure subjects on which Ms. Roscoe opines. The Ninth Circuit has affirmed exclusion of expert testimony that "would have been a needless presentation of cumulative evidence" whose probative value was "outweighed by the waste of time." *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1421–22 (9th Cir. 1998). A difference in specialty, "standing alone," does not render substantially similar testimony non-cumulative. *Barabin v. Scapa Dryer Felts, Inc.*, No. C07-1454JLR, 2018 WL 1570781, at *3 (W.D. Wash. Mar. 30, 2018). In a prison-conditions case on point, the court held that "[d]uplicative expert testimony will be excluded, absent leave of the court," and required plaintiffs to "elect which witness will testify on which issue." *Parsons v. Ryan*, No. CV-12-00601-PHX-NVW, 2014 WL 3721030 (D. Ariz. July 28, 2014). To the extent Ms. Roscoe's monitoring and organizational-failure opinions duplicate those of Dr. Venters or Mr. Raney, the Court should preclude the duplication or require Plaintiffs to elect a single expert per issue.

## I. <u>Ms. Roscoe should be confined to the opinions and bases disclosed in her report.</u>

An expert's Rule 26(a)(2)(B) report must contain a complete statement of all opinions and the basis and reasons for them, and Rule 37(c)(1) makes exclusion of an undisclosed opinion — or basis — automatic and self-executing, absent substantial justification or harmlessness. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). That bar reaches not only ultimate opinions but their bases, so an expert may not rely at trial on a standard, record, or theory first surfaced at deposition. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 948–49 (N.D. Cal. 2015). The County requests that Ms. Roscoe be held to the opinions and

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

bases disclosed in her July 15, 2026 report and precluded from offering new or expanded opinions at trial, including any attempt to supply the causation, qualification, or methodological foundations absent from her report and testimony.

**J. <u>Ms. Roscoe's recounting of the Medical Examiner's "homicide" manner-of-death classification should be excluded under Rule 403.</u>**

Ms. Roscoe recounts that "[t]he medical examiner has ruled it a homicide" while conceding she offers no independent cause-of-death opinion and defers to the Medical Examiner. Depo. at 258:8–22. To the extent she would repeat or sponsor the "homicide" manner-of-death classification, that testimony should be excluded under Rule 403. Presenting the charged term "homicide" through a nursing expert who disclaims causation expertise has little probative value on the questions within her discipline and a high risk of unfair prejudice and of misleading the jury into treating a coroner's classification as a finding of culpability. Expert testimony may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice or jury confusion. *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006–07 (9th Cir. 2001); Fed. R. Evid. 403. The Court should preclude Ms. Roscoe from presenting the "homicide" manner-of-death classification to the jury.

**K. <u>In the alternative, the cumulative effect of these defects warrants excluding Ms. Roscoe's testimony in its entirety.</u>**

Finally, and in the alternative, once the defective categories addressed above are removed, little admissible opinion remains, and what remains is unhelpful. Expert testimony must "help the trier of fact," and testimony that "merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008); Fed. R. Evid. 702. Ms. Roscoe disclaims causation, concedes the standards she applies are not the governing legal standard, rests her principal opinions on "common sense" and on assumed predicates she cannot establish, and was limited in a prior case



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

to the medical standard of care alone. *Thomsen*, 2023 WL 8701971, at *10. Weighing the evidence and resolving such factual matters "is not outside the common ability and knowledge of a layperson." *Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1264–65 (D. Ariz. 2020). Should the Court grant the limitations sought above, the County respectfully submits that the testimony left to Ms. Roscoe would be cumulative of Plaintiffs' other experts and unhelpful to the jury, and should be excluded in its entirety. The County offers this as an alternative to, not a substitute for, the targeted limitations set forth above.

## IV. CONCLUSION

Based on the foregoing, County Defendants respectfully request that Plaintiff's expert Lori E. Roscoe, DNP, PhD, APRN, ANP-C, CCHP-RN's opinion testimony and expert report be excluded in their entirety.

DATED: November 13, 2026

COLLINS + COLLINS LLP

By: ______________________

NICHOLAS R. COLLETTI
RADA FELDMAN
ROBERT S. KAHN
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California, )
) ss.
County of Los Angeles. )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINION TESTIMONY BY PLAINTIFF'S RETAINED EXPERT LORI E. ROSCOE, DNP, PhD, APRN, ANP-C, CCHP-RN; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

---

Executed on November 13, 2026 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[signature]
------------------------------------------------------------
NATALIE URBINO
nurbino@ccllp.law

*25163*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ESTATE OF LONNIE RUPARD ET AL. V. COUNTY OF SAN DIEGO ET AL.**
**Case Number: 3:23-cv-1357-CAB-JAC**
**CCLLP File Number: 25163**

**SERVICE LIST**



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Jeremiah A. Lowe
LOWE LAW, LLP
402 W. Broadway, Suite 1720
San Diego, CA 92101
T: (619) 878-2725 - F: (619) 878-2737
jeremiah@lowelawapc.com
laura@lowelawapc.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD and the Estate of Lonnie Rupard**

Eugene G. Iredale
Julia Yoo
Sarah Musumeci
Peter Bibring
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
T: (619) 233-1525 - F: (619) 233-3221
egiredale@iredalelaw.com
jyoo@iredalelaw.com
smusumeci@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
gjun@iredalelaw.com
sbrockett@iredalelaw.com
pbibring@iredalelaw.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD**

Alexandra Sennet
Kimberly B. Pinkerton
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, CA 90245
T: (310) 203-4800 - F: (323) 486-2704
asennet@tresslerllp.com
kpinkerton@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**

Corey E. Krueger
BURGER, MEYER & D'ANGELO, LLP
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
T: (949) 427-1888 - F: (949) 427-1889
ckrueger@burgermeyer.com
vcuevas-carey@burgermeyer.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**

Corey E. Krueger
BURGER, MEYER & D'ANGELO, LLP
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
T: (949) 427-1888 - F: (949) 427-1889
ckrueger@burgermeyer.com
vcuevas-carey@burgermeyer.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111