**Rada Feldman, Esq. (State Bar No. 285931)**
**Nicholas R. Colletti, Esq. (State Bar No. 283947)**
**Robert S. Kahn, Esq. (State Bar No. 231277)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**Cristina I. Butoiu, Esq. (State Bar No. 335902)**
**COLLINS + COLLINS LLP**
**2011 Palomar Airport Road, Suite 207**
**Carlsbad, CA 92011**
**(760) 274-2110 - FAX (760) 274-2111**
**Email: rfeldman@ccllp.law**
**Email: ncolletti@ccllp.law**
**Email: rkahn@ccllp.law**
**Email: cpark@ccllp.law**
**Email: cbutoiu@ccllp.law**

Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF LONNIE RUPARD, THROUGH ITS COURT-APPOINTED ADMINISTRATOR TERRI LOPEZ;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; et al.<br><br>Defendants. | CASE NO. 3:23-cv-1357-CAB-JAC<br>***Assigned to Hon. Cathy Ann Bencivengo***<br>***Magistrate Hon. Janet A. Cabral in Dept. 15A***<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF SAN DIEGO TO EXCLUDE OR LIMIT THE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT DAPHNE GLINDMEYER, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES** |

Date: December 18, 2026
Time: __________
Dept.: 15A

**Complaint Filed: 7/26/2023**
**Trial Date: 2/22/2027**

PLEASE TAKE NOTICE that, at the date and time set forth above, Defendant County of San Diego (the "County") will and hereby does move the Court, pursuant to Federal Rule of Evidence 702 and (*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)), for an order excluding or, in the alternative, limiting the opinions and testimony of Plaintiff's retained forensic-psychiatry expert, Daphne Glindmeyer, M.D.

The motion is based on this Notice, the following Memorandum of Points and Authorities, the pleadings and records on file, and any argument the Court may entertain.

DATED: November 13, 2026 COLLINS + COLLINS LLP

By: ______________________
NICHOLAS R. COLLETTI
RADA FELDMAN
ROBERT S. KAHN
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. LEGAL STANDARD. .......... 2

III. ARGUMENT. .......... 3

A. Dr. Glindmeyer improperly equates voluntary NCCHC guidelines with the legal standard of care. .......... 3

B. Dr. Glindmeyer offers no admissible causation opinion. .......... 4

C. Dr. Glindmeyer's causation opinion rests on assumed predicates she concedes she cannot establish. .......... 5

D. Dr. Glindmeyer is not qualified to opine on California's involuntary-treatment mechanisms, which are legal instruments she has never used. .......... 6

E. Dr. Glindmeyer may not present a factual narrative or recite the records in the guise of expert opinion. .......... 7

F. Dr. Glindmeyer may not recite or vouch for the State Auditor's report and other third-party investigative findings. .......... 8

G. Dr. Glindmeyer's psychiatric standard-of-care opinions are needlessly cumulative of Plaintiffs' correctional-health expert. .......... 8

H. Dr. Glindmeyer disclaims the policy, constitutional, life-expectancy, nursing, and medical opinions, and should be held to those disclaimers. .......... 9

I. Dr. Glindmeyer should be confined to the opinions and bases disclosed in her report. .......... 9

J. Dr. Glindmeyer should be precluded from opining on dismissed parties or claims no longer at issue. .......... 10

K. Dr. Glindmeyer's adoption of the "homicide" manner-of-death classification should be excluded under Rule 403. .......... 10

L. In the alternative, the cumulative effect of these defects warrants excluding Dr. Glindmeyer's testimony in its entirety. .......... 11

IV. CONCLUSION .......... 12


COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
613 F. Supp. 3d 1308 (S.D. Cal. 2020) ... 7

*Baker v. SeaWorld Ent., Inc.*,
423 F. Supp. 3d 878 (S.D. Cal. 2019) ... 7

*Barabin v. Scapa Dryer Felts, Inc.*,
No. C07-1454JLR, 2018 WL 1570781 (W.D. Wash. Mar. 30, 2018) ... 9

*Cabrera v. Cordis Corp.*,
134 F.3d 1418 (9th Cir. 1998) ... 8

*Engilis v. Monsanto Co.*,
151 F.4th 1040 (9th Cir. 2025) ... passim

*Est. of Cruz-Sanchez v. United States*,
No. 17-CV-569-AJB-NLS, 2019 WL 4450686 (S.D. Cal. Sept. 17, 2019) ... 7

*Goodman v. Staples The Office Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011) ... 10

*Guidroz-Brault v. Mo. Pac. R.R. Co.*,
254 F.3d 825 (9th Cir. 2001) ... 6

*Hughes v. Judd*,
108 F. Supp. 3d 1167 (M.D. Fla. 2015) ... 4, 11

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
87 F. Supp. 3d 928 (N.D. Cal. 2015) ... 10

*Jinro Am. Inc. v. Secure Invs., Inc.*,
266 F.3d 993 (9th Cir. 2001) ... 3, 11

*Johns v. Bayer Corp.*,
No. 09CV1935 AJB (DHB), 2013 WL 1498965 *(S.D. Cal. Apr. 10, 2013)* ... 7

*Krause v. County of Mohave*,
459 F. Supp. 3d 1258 (D. Ariz. 2020) ... 11

*Kumho Tire Co. v. Carmichael*,
(1999) 526 U.S. 137 ... 2

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
523 F.3d 1051 (9th Cir. 2008) ... 11

*Neal-Lomax v. Las Vegas Metro. Police Dep't*,
574 F. Supp. 2d 1193 (D. Nev. 2008) ... 5, 7

*Nyerges v. Hillstone Rest. Grp. Inc.*,
No. CV-19-02376-PHX-DWL, 2021 WL 3290463 (D. Ariz. Aug. 2, 2021) ... 5

*Parsons v. Ryan*,
No. CV-12-00601-PHX-NVW, 2014 WL 3721030 (D. Ariz. July 28, 2014) ... 9

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*Stephens v. Union Pac. R.R. Co.*,
935 F.3d 852 (9th Cir. 2019) .......... 5, 6
*United States v. Jefferson*,
No. 2:23-CR-00109-LK, 2025 WL 97378 (W.D. Wash. Jan. 12, 2025).......... 6
*United States v. Valencia-Lopez*,
971 F.3d 891 (9th Cir. 2020) .......... 3, 4, 7
*United States v. Vera*,
770 F.3d 1232 (9th Cir. 2014) .......... 8
*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) .......... 3, 10

Federal Rules

Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1) .......... 3, 10
Fed. R. Evid. 401, 403.......... 8, 10
Fed. R. Evid. 403.......... passim
Fed. R. Evid. 702.......... passim
Fed. R. Evid. 702(b)–(d) .......... 5
Fed. R. Evid. 702(b), 703.......... 5, 6

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Dr. Daphne Glindmeyer is a triple-board-certified psychiatrist retained to opine that the psychiatric and mental-health care Lonnie Rupard received deviated from the standard of care and caused his death. [Declaration of Robert S. Kahn ("Kahn Decl.") ¶ 3.] Her credentials in psychiatry are not in dispute. The problem is the content of her opinions and the basis she gave for them under oath.

First, Dr. Glindmeyer equates a private organization's voluntary guidelines with the governing legal standard of care. (Kahn Decl. ¶ 5(a).) She testified that NCCHC standards "establish …the baseline of the standard of care," and that "anytime care inside of a correctional facility deviates in any respect from an NCCHC standard, that is by definition a deviation from the standard of care." (Kahn Decl. ¶ 5(a).) She acknowledged the standards are not "law," that the jail was not required to follow them, and that she applies the same nationwide standard regardless of California law. (Kahn Decl. ¶ 5(b).)

Second, she disclaims the opinions that would make her testimony fit the case. She offers no opinion on cause of death — "Whatever the medical examiner says it is, it is" — and agrees psychiatrists "should not be expressing opinions regarding …the cause of death." She offers no Monell or constitutional opinion — "I don't make opinions about constitutional violations; the judge does that." She offers no life-expectancy opinion, no opinion on the relative role of the decedent's several contributing medical conditions, and no nursing or medical (non-psychiatric) opinion.

Third, she opines that the treating psychiatrist should have used California's 5150 and Riese involuntary-treatment mechanisms, while conceding she has never written a California 5150 or filed a Riese petition. And she repeatedly concedes she cannot say the alleged failures changed the outcome.

Fourth, much of Dr. Glindmeyer's report is a document-by-document recitation of the records and of outside investigative materials — including the California State

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

Auditor's February 2022 report — offered as a factual narrative rather than as reliable psychiatric opinion.

Fifth, her psychiatric standard-of-care criticisms of the treating psychiatrist duplicate those of Plaintiffs' separately retained correctional-health expert, Dr. Venters, and are needlessly cumulative.

Under Rule 702 as amended in 2023, Plaintiffs must establish admissibility by a preponderance, with no thumb on the scale for admission. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1049–1050 (9th Cir. 2025); Fed. R. Evid. 702) Dr. Glindmeyer's opinions should be excluded or limited accordingly.

## II. LEGAL STANDARD.

Federal Rule of Evidence 702, as amended December 1, 2023, permits a qualified expert to testify only if "the proponent demonstrates to the court that it is more likely than not" that the testimony will help the trier of fact, is "based on sufficient facts or data," is "the product of reliable principles and methods," and "reflects a reliable application of the principles and methods to the facts of the case." (*Fed. R. Evid*. 702) The amendment corrected the "incorrect application" by which many courts had treated the sufficiency of an expert's basis and the application of methodology as matters of weight rather than admissibility. (*Fed. R. Evid*. 702)

The court is a gatekeeper that must ensure expert testimony is "not only relevant, but reliable," for all expert testimony. (*Kumho Tire Co. v. Carmichael*, (1999) 526 U.S. 137; *Fed. R. Evid*. 702; *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025)) The proponent bears the burden by a preponderance. (*Fed. R. Evid*. 702) The Ninth Circuit has confirmed that an opinion is "relevant if the knowledge underlying it has a valid connection to the pertinent inquiry" and "reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline," that there is "no presumption in favor of admission," and that the court "cannot abdicate its role as gatekeeper." (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1049–1050 (9th Cir. 2025)) A court need not admit an opinion "connected to existing data only by the *ipse dixit* of the expert." (*Fed.*

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*R. Evid*. 702) For "experience-based" opinion, reliability "becomes more, not less, important," and the court's flexibility extends to how to determine reliability, not whether. (*United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020)) Separately, even otherwise-admissible expert testimony may be excluded under Rule 403 where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. (*Fed. R. Evid*. 403; *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006–07 (9th Cir. 2001)) And an expert must be confined to the opinions and bases disclosed in her Rule 26 report; an undisclosed opinion or basis is excluded automatically under Rule 37(c)(1). (*Fed. R. Civ. P*. 26(a)(2)(B), 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001))

## III. ARGUMENT.

### A. Dr. Glindmeyer improperly equates voluntary NCCHC guidelines with the legal standard of care.

The centerpiece of Dr. Glindmeyer's methodology is a *per se* rule: the NCCHC standards "establish …the baseline of the standard of care," and "anytime care inside of a correctional facility deviates in any respect from an NCCHC standard, that is by definition a deviation from the standard of care." She testified the "essential" NCCHC standards form the floor of the standard of care. At the same time, she conceded the standards are not binding: asked whether the jail was "mandated to comply," she answered, "No. If they want to deviate from the standard of care, they don't have to." She agreed "[s]tandard of care is not a law," yet insisted the guideline "is the standard of care." And she applies the standard without regard to the governing jurisdiction: "California is not an island …[t]he standard of care is the same no matter where you live."

Treating a voluntary accreditation guideline as itself defining the legal standard of care is not a reliable methodology; it is an unsupported equation that a court has already rejected in Dr. Glindmeyer's own prior testimony. (Kahn Decl. ¶ 4 & Ex. C)

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

In *Hughes v. Judd*, the court found that Dr. Glindmeyer "testified unconvincingly that the NCCHC standards are 'sort of the floor," and credited the opposing expert that the standards are merely "best practices" that only about twenty percent of facilities seek or attain and that are "not constitutionally required." (*Hughes v. Judd*, 108 F. Supp. 3d 1167, 1250–1251 (M.D. Fla. 2015)) The same court found her opinions there were "based solely on a literature review" and that she was "much too much the advocate for a point of view," failing to provide "reliable, detached, and learned assistance to a finder of fact." (*Id*. at 1241) The County does not contend that Dr. Glindmeyer lacks correctional credentials, or that incarcerated patients are owed some lesser standard of care; the professional standard of care is the same in and out of custody. The defect is methodological: equating a private organization's voluntary guideline with the governing legal standard, and treating any deviation from that guideline as a *per se* breach, is not a reliable method. Because Dr. Glindmeyer's rule that any deviation is by definition a deviation rests on her *ipse dixit* rather than a validated methodology, her standard-of-care opinions should be excluded, and at a minimum she should be precluded from testifying that an NCCHC (or APA) guideline *is* the legal standard of care or that any deviation from such a guideline is *per se* a breach. (*United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020); *Fed. R. Evid*. 702)

**B. <u>Dr. Glindmeyer offers no admissible causation opinion.</u>**

Relevance under Rule 702 requires a "valid connection to the pertinent inquiry," which in this death case includes causation. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025)) Dr. Glindmeyer disclaims any causation expertise. On cause of death she testified, "Whatever the medical examiner says it is, it is," and that the only persons able to make that determination are the medical examiner or the pathologist. (Kahn Decl. ¶ 5(c).) She agreed, as "a general proposition," that "psychiatrists should not be expressing opinions regarding …the cause of death." She confirmed cause of death is "outside of our scope of expertise as psychiatrists." (Kahn Decl. ¶ 5(c).) And she has "[n]o" opinion on the "relative involvement" of the several contributing causes

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

the Medical Examiner identified, and no training in the manifestations of COVID-19 or its gastrointestinal implications. (Kahn Decl. ¶ 5(d).)

Her report nonetheless asserts that the claimed failures "resulted in Mr. Rupard's death" and that, but for them, "his death would have been prevented." (Kahn Decl. ¶ 3, Exhibit A.) That but-for conclusion "logically flows" from her standard-of-care opinions rather than from any independent causal methodology, and such a derivative causation opinion is inadmissible — all the more so where the predicate standard-of-care opinion is itself unreliable. (*Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2021 WL 3290463 (D. Ariz. Aug. 2, 2021)) Causation in a multi-cause death requires a qualified opinion to a reasonable degree of medical certainty, not deference to another's conclusion. (*Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1193, 1198 (D. Nev. 2008)) Nor may she bridge that gap with assumption: an opinion resting on assumed facts the expert cannot establish is not "based on sufficient facts or data." (*Fed. R. Evid*. 702(b), 703; *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856–57 (9th Cir. 2019)) The Court should preclude Dr. Glindmeyer from opining that the County's or any defendant's conduct caused or contributed to Mr. Rupard's death.

### C. Dr. Glindmeyer's causation opinion rests on assumed predicates she concedes she cannot establish.

Even as to matters within her discipline, Dr. Glindmeyer's opinions lack the reliable factual connection Rule 702(b)–(d) requires. (*Fed. R. Evid*. 702) She conceded she "cannot say to a reasonable degree of psychiatric probability that Mr. Rupard did qualify for a 5150 as of December 29, 2021," and had "[n]o" basis to conclude he would have qualified on January 20, 2022. (Kahn Decl. ¶ 5(i).) Asked what information she had that any different action "would have" changed the outcome, she answered "I don't" and "I don't know." (Kahn Decl. ¶ 5(i).) Her but-for opinion thus depends on a chain of assumed predicates — that Mr. Rupard would have met the criteria for an involuntary hold, that he would have accepted treatment, and that treatment would have

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

altered the outcome in time — none of which she can establish. Her factual predicate is incomplete by her own account: she worked from her own outline of the records rather than the complete sick-call logs and acknowledged psychiatry referrals reflected in the records that her summary had not accounted for. (Kahn Decl. ¶ 5(l).) Expert testimony that "rests on assumptions that are not supported by evidence" is inadmissible; the opinion must rest on facts the expert was aware of or observed, "not merely assumptions and speculation," and a party "cannot make [speculation] sufficient simply by finding an expert who is willing to assume its correctness." (*Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856–57 (9th Cir. 2019); *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830–31 (9th Cir. 2001); *Fed. R. Evid*. 702(b), 703) An opinion that a claimed breach mattered, offered by a witness who concedes she cannot connect it to any different result, is connected to the facts "only by the *ipse dixit* of the expert" and should be excluded or sharply limited. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1053 (9th Cir. 2025); *Fed. R. Evid*. 702) In short, Dr. Glindmeyer reached her but-for conclusion first and could not test it: an expert who reaches a desired conclusion "without testing that hypothesis in any manner" has not employed a reliable methodology. (*United States v. Jefferson*, No. 2:23-CR-00109-LK, 2025 WL 97378, at *13–14 (W.D. Wash. Jan. 12, 2025))

**D. <u>Dr. Glindmeyer is not qualified to opine on California's involuntary-treatment mechanisms, which are legal instruments she has never used.</u>**

Dr. Glindmeyer's liability theory turns on the contention that the treating psychiatrist should have pursued a California 5150 hold, a Riese petition, or PSU admission. (Kahn Decl. ¶ 5(j).) But she conceded she has "never written a 5150 under California law" and has "not filed a Riese petition under California law," and acknowledged that California requires even a psychiatrist to complete a certification course and examination to write a 5150. (Kahn Decl. ¶ 5(h).) She agreed the 5150 "is a …legal mechanism." (Kahn Decl. ¶ 5(h).) A medical license does not qualify an expert in every area; "general qualifications" "cannot establish the reliability and thus

the admissibility" of an opinion the expert lacks the specific experience to give. (*Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1193, 1203–1204 (D. Nev. 2008); *United States v. Valencia-Lopez,* 971 F.3d 891, 900 (9th Cir. 2020)) Opinions premised on California's 5150/LPS and Riese procedures — legal mechanisms Dr. Glindmeyer has never employed — exceed "the knowledge and experience of the relevant discipline" and should be excluded or limited to general psychiatric principles that do not opine on the operation of California law. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025))

**E. <u>Dr. Glindmeyer may not present a factual narrative or recite the records in the guise of expert opinion.</u>**

A substantial portion of Dr. Glindmeyer's report is a document-by-document recitation of the medical and custodial records — one that, by her own concession, drew on her own outline rather than the complete records and omitted documented psychiatry referrals. (Kahn Decl. ¶ 5(l).) An expert may not be "presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence," and "to the extent an expert simply rehashes otherwise admissible evidence about which [s]he has no personal knowledge, such evidence — taken on its own — is inadmissible." (*Johns v. Bayer Corp.*, No. 09CV1935 AJB (DHB), 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013))* Courts in this District routinely exclude such narratives because the underlying records "can independently come into evidence" and "jurors are capable of reviewing these same documents and drawing their own inferences," and because a narrative delivered through an expert risks "undu[ly] influencing the jurors." (*Baker v. SeaWorld Ent., Inc.,* 423 F. Supp. 3d 878, 912–13 (S.D. Cal. 2019); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1322–23 (S.D. Cal. 2020); *Est. of Cruz-Sanchez v. United States*, No. 17-CV-569-AJB-NLS, 2019 WL 4450686, at 3 (S.D. Cal. Sept. 17, 2019)) The Court should preclude Dr. Glindmeyer from presenting the record-summary portions of her report as expert

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

testimony; she may explain the facts underlying genuine psychiatric opinions, but may not narrate the record for the jury. (Kahn Decl. ¶ 3.)

**F. <u>Dr. Glindmeyer may not recite or vouch for the State Auditor's report and other third-party investigative findings.</u>**

Dr. Glindmeyer invokes the California State Auditor's February 2022 report as evidence of "notice" and "systemic" problems. That material is neither a proper basis for nor a proper subject of her psychiatric opinions. An expert who merely relays the findings of an outside investigation functions "as little more than a conduit or transmitter" for others' conclusions rather than applying her own expertise. (*United States v. Vera*, 770 F.3d 1232, 1237–38 (9th Cir. 2014)) The report's findings — including recommendations predating Mr. Rupard's incarceration — have no "tendency to make a fact … of consequence" in determining whether the psychiatric care met the standard of care, and their recitation through a psychiatric expert carries a substantial risk of unfair prejudice and jury confusion. (*Fed. R. Evid*. 401, 403) The Court should preclude Dr. Glindmeyer from reciting or endorsing the State Auditor's findings and any comparable third-party reports. (Kahn Decl. ¶ 5(k).)

**G. <u>Dr. Glindmeyer's psychiatric standard-of-care opinions are needlessly cumulative of Plaintiffs' correctional-health expert.</u>**

Even a qualified expert's testimony may be excluded under Rule 403, which authorizes the Court to bar "needlessly presenting cumulative evidence." (*Fed. R. Evid.* 403) Dr. Glindmeyer's psychiatric standard-of-care opinions — that the treating psychiatrist mismanaged Mr. Rupard's medication, monitoring, and housing — overlap the opinions of Plaintiffs' separately retained correctional-health expert, Dr. Homer Venters, who likewise faults the treating psychiatrist's clinical judgment, including medication discontinuation, the decision not to transfer, and follow-up intervals. (Kahn Decl. ¶ 3 & Ex. A.) The Ninth Circuit has affirmed exclusion of expert testimony that "would have been a needless presentation of cumulative evidence" whose probative value was "outweighed by the waste of time." (*Cabrera v. Cordis*



COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

*Corp.*, 134 F.3d 1418, 1421–22 (9th Cir. 1998)) A difference in specialty, "standing alone," does not render substantially similar testimony non-cumulative. (*Barabin v. Scapa Dryer Felts, Inc.*, No. C07-1454JLR, 2018 WL 1570781, at *3 (W.D. Wash. Mar. 30, 2018)) In a prison-conditions case on point, the court held that "[d]uplicative expert testimony will be excluded, absent leave of the court," and required plaintiffs to "elect which witness will testify on which issue." (*Parsons v. Ryan*, No. CV-12-00601-PHX-NVW, 2014 WL 3721030 (D. Ariz. July 28, 2014)) To the extent Dr. Glindmeyer's criticisms of the treating psychiatrist duplicate Dr. Venters', the Court should preclude the duplication or require Plaintiffs to elect a single expert per issue.

**H. <u>Dr. Glindmeyer disclaims the policy, constitutional, life-expectancy, nursing, and medical opinions, and should be held to those disclaimers.</u>**

Dr. Glindmeyer repeatedly narrowed her own testimony. She will offer no Monell or constitutional opinion: asked whether she would opine "that the County had a policy or custom that was the moving force behind a constitutional violation," she answered, "I don't make opinions about constitutional violations; the judge does that." (Kahn Decl. ¶ 5(e).) Her "deficient policy" testimony identified no specific County policy, resting instead on generalized "systems issues …not just attributable to one individual." (Kahn Decl. ¶ 5(e).) She will offer no life-expectancy opinion, testifying that such an assessment requires "comprehensive medical examination beyond a psychiatric expertise" and is "typically …done by actuaries." (Kahn Decl. ¶ 5(f).) She "[is] not" opining on any nursing standard of care, on medical (non-psychiatric) care, or on the conduct of sworn staff. (Kahn Decl. ¶ 5(g).) The Court should hold Dr. Glindmeyer to these concessions and preclude her from offering opinions in these areas at trial. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025))

**I. <u>Dr. Glindmeyer should be confined to the opinions and bases disclosed in her report.</u>**

An expert's Rule 26 report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," together with the facts or

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

data considered. (*Fed. R. Civ. P.* 26(a)(2)(B)) Rule 37(c)(1) "gives teeth" to that requirement: an opinion — or a basis for an opinion — not disclosed in the report is excluded automatically, a "self-executing" sanction that applies even absent bad faith, with the burden on the proponent to show substantial justification or harmlessness. (*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)) That bar reaches not only ultimate opinions but their bases, so an expert may not rely at trial on a standard, study, or record first surfaced at deposition. (*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 949 (N.D. Cal. 2015)) Dr. Glindmeyer's opinions concern decisions that, by her own account, "all" rested with the treating psychiatrist, Dr. Cruz. (Kahn Decl. ¶ 5(j).) The County requests that Dr. Glindmeyer be held to the opinions and bases disclosed in her July 13, 2026 report and precluded from supplying new causation, qualification, or methodological foundations — or new supporting authorities — at trial. (*Engilis v. Monsanto Co.*, 151 F.4th 1040, 1053 (9th Cir. 2025))

**J. <u>Dr. Glindmeyer should be precluded from opining on dismissed parties or claims no longer at issue.</u>**

To the extent Dr. Glindmeyer offers opinions directed at any individual who has been dismissed, or any claim no longer at issue, those opinions are irrelevant and should be excluded; opinion testimony that is not probative of any live issue carries a substantial risk of misleading the jury and confusing the issues. (*Fed. R. Evid.* 401, 403) [The County will identify the specific opinions, dismissed persons, and resolved claims by reference to the operative Third Amended Complaint and the Court's dismissal orders.] (Kahn Decl. ¶ 8.)

**K. <u>Dr. Glindmeyer's adoption of the "homicide" manner-of-death classification should be excluded under Rule 403.</u>**

Dr. Glindmeyer adopts the Medical Examiner's "homicide" manner-of-death classification while conceding she offers no independent cause-of-death opinion and

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

that cause of death is outside her expertise. Presenting the charged term "homicide" through a psychiatric expert who disclaims any causation expertise has little probative value on the only question within her discipline — the psychiatric standard of care — and a high risk of unfair prejudice and of misleading the jury into treating a coroner's classification as a finding of culpability. That probative value is substantially outweighed by those dangers, and the testimony should be excluded under Rule 403. (*Fed. R. Evid.* 403; *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006–07 (9th Cir. 2001); Kahn Decl. ¶ 7.)

**L. <u>In the alternative, the cumulative effect of these defects warrants excluding Dr. Glindmeyer's testimony in its entirety.</u>**

Finally, and in the alternative, the cumulative effect of these defects warrants excluding Dr. Glindmeyer's testimony in its entirety. A federal court has already found her testimony on this very subject unreliable and advocacy-driven: in *Hughes v. Judd*, the court found that she "testified unconvincingly that the NCCHC standards are 'sort of the floor,'" that her opinions were "based solely on a literature review," and that she was "much too much the advocate for a point of view," failing to provide "reliable, detached, and learned assistance to a finder of fact." (*Hughes v. Judd*, 108 F. Supp. 3d 1167, 1241, 1250–51 (M.D. Fla. 2015)) Once her *per se* NCCHC rule, her disclaimed opinions, and her unsupported causation predicates are removed, little reliable opinion remains, and testimony that "merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible." (*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008); *Fed. R. Evid.* 702) Weighing the evidence and resolving such factual matters "is not outside the common ability and knowledge of a layperson." (*Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1264–65 (D. Ariz. 2020)) Should the Court grant the limitations sought above, the County respectfully submits that what remains of Dr. Glindmeyer's testimony would be cumulative and unhelpful and should be excluded in its entirety. The County offers this as an alternative to, not a substitute for, the targeted limitations set forth above.

## IV. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court exclude Dr. Glindmeyer's testimony or, in the alternative, limit it to preclude: (1) testimony that an NCCHC or APA guideline is the legal standard of care or that any deviation from such a guideline is *per se* a breach; (2) any opinion on the cause of or contribution to Mr. Rupard's death; (3) causation opinions resting on assumed predicates she concedes she cannot establish; (4) any opinion on the operation of California's 5150/LPS or Riese procedures; (5) any factual narrative or recitation of the records offered as expert testimony; (6) any recitation of or reliance on the State Auditor's report and comparable third-party investigative findings; (7) any psychiatric standard-of-care opinion that is needlessly cumulative of Plaintiffs' correctional-health expert, or an order requiring Plaintiffs to elect a single expert per issue; (8) any policy/constitutional/Monell, life-expectancy, nursing, medical, or sworn-staff opinion she has disclaimed; (9) any opinion or basis not disclosed in her report; (10) opinions directed at dismissed parties or claims no longer at issue; and (11) the "homicide" manner-of-death classification, under Rule 403. In the alternative, the County requests that the Court exclude Dr. Glindmeyer's testimony in its entirety as cumulative and unhelpful.

///

///

///

///

///

///

///

///

///

///

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

DATED: November 13, 2026 COLLINS + COLLINS LLP

By: ______________________________
NICHOLAS R. COLLETTI
RADA FELDMAN
ROBERT S. KAHN
CAROLINE M. PARK
CRISTINA I. BUTOIU
Attorneys for Defendants,
COUNTY OF SAN DIEGO, BILL GORE, KELLY MARTINEZ, JON MONTGOMERY, CHRISTINA GOODALL (sued as CHRISTINA ANOSIKE), MIGUEL AGUILERA, JASON VILADIU, GUSTAVO MARTINEZ, JEFF AMADO, ERNESTO AGUIRRE, TREYVONNE JAMES (sued in duplicate J. TREYVONNE), BERNARDO ROMERO, MICHAEL JOHNSON, ANDREW TORRES, ALLEN WERESKI, BLADE ROMANS, LINDA GUTIERREZ, AND THOMAS MACE

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California, )
) ss.
County of Los Angeles. )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF SAN DIEGO TO EXCLUDE OR LIMIT THE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT DAPHNE GLINDMEYER, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

---

Executed on November 13, 2026 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

---------------------------------------------------------------------------------
NATALIE URBINO
nurbino@ccllp.law

COLLINS + COLLINS LLP
2011 Palomar Airport Rd., Suite 207, Carlsbad, CA 92011
T: (760) 274-2100
F: (760) 274-2111

**ESTATE OF LONNIE RUPARD ET AL. V. COUNTY OF SAN DIEGO ET AL.**
**Case Number: 3:23-cv-1357-CAB-JAC**
**CCLLP File Number: 25163**

**SERVICE LIST**

Jeremiah A. Lowe
LOWE LAW, LLP
402 W. Broadway, Suite 1720
San Diego, CA 92101
T: (619) 878-2725 - F: (619) 878-2737
jeremiah@lowelawapc.com
laura@lowelawapc.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD and the Estate of Lonnie Rupard**

Eugene G. Iredale
Julia Yoo
Sarah Musumeci
Peter Bibring
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
T: (619) 233-1525 - F: (619) 233-3221
egiredale@iredalelaw.com
jyoo@iredalelaw.com
smusumeci@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
gjun@iredalelaw.com
sbrockett@iredalelaw.com
pbibring@iredalelaw.com
**ATTORNEYS FOR PLAINTIFF JUSTINO RUPARD**

Corey E. Krueger
Alexandra Sennet
Kimberly B. Pinkerton
TRESSLER LLP
909 North Pacific Coast Highway, Suite 840
El Segundo, CA 90245
T: (310) 203-4800 - F: (323) 486-2704
ckrueger@tresslerllp.com
asennet@tresslerllp.com
kpinkerton@tresslerllp.com
**ATTORNEYS FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**

Jerome Murphy
TRESSLER LLP
233 S. Wacker Drive, 61st Floor
Chicago, IL 60606
jmurphy@tresslerllp.com
**ATTORNEY FOR DEFENDANTS ANTHONY CRUZ, M.D. and LIBERTY HEALTHCARE OF CALIFORNIA, INC.**