# EXHIBIT F

# Deposition Transcript

Case Number: 23-CV-1357-CAB-BLM
Date: December 19, 2025

In the matter of:

# JUSTINO RUPARD, et al. v COUNTY OF SAN DIEGO, et al.

# Nicolas Badre, M.D.

CERTIFIED COPY

Reported by:
Susan Swan

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

Q. And that you likely did so here based on your practice?
A. Correct.
Q. And you don't remember to whom you informed the sheriff's personnel about those observations you have shared with us?
A. I don't know who accompanied me that day, or the several potentially individuals that accompanied me that day.
Q. Did you speak to Cruz?
A. No. I don't recall.
Q. Did you speak to anyone in mental health?
A. Well, there was a communication from Ms. Alonso.
MR. KRUEGER: Vague as to time. Belated.
BY MR. IREDALE:
Q. After you saw on the 14th of March, after you saw Mr. Rupard in the cell that you describe in your report, did you speak to Ms. Alonso and tell her "This is unacceptable," or anything to that effect?
A. It's possible, but not that I recall.
Q. Do you recall speaking to anybody in mental health to draw their attention to the state that you witnessed?
A. Not that I recall. It's certainly possible.

Q. Let me ask you specifically -- why don't we mark this as Exhibit No. 6.
MR. KRUEGER: Gene, I have one of the photos as 6. Wouldn't this be 7?
03:42PM MR. IREDALE: Thank you for letting me know that. You are exactly right. This will be 7. Let me give you a moment to look at that, and after you have reviewed it, would you let me know, please.
THE WITNESS: Okay.
03:43PM (Exhibit 7 marked)
BY MR. IREDALE:
Q. Now, this is a document that is headed "Citizens Law Enforcement Review Board, Employee Response Form."
03:43PM Did I accurately quote the title of the document?
A. Yes.
Q. And did you fill out a portion of the document in response to the questions that are set forth in it?
03:43PM A. The parts in red.
Q. May I ask how it came to be that you filled out the document? Were you contacted by someone?
A. I don't recall.
Q. You were asked some questions about this visit
03:44PM at the jail on the 14th of March 2022.

Is that fair to say?
A. Yes.
Q. And you explained that you did visit Mr. Rupard at 8:12 a.m., or thereabouts, on that date?
03:44PM A. Yes.
Q. You said that the purpose of your visit was to conduct the court-ordered Penal Code 1370 evaluation?
A. Yes.
Q. You explained to them, as you have explained
03:44PM here today, that the interview was conducted from outside the cell?
A. Yes.
Q. You were asked the condition of the location, where the visit took place and asked to explain in
03:44PM detail. Your response was:
"The cell was malodorous and was unhygienic, there was feces outside the toilet"?
A. Yes.
Q. "Were deputies present during your visit?
03:45PM Please identify."
You said:
"I do not recall the names of the deputies present"?
A. Yes.
03:45PM Q. Forgive me. I don't mean to quibble and some

time has passed. But as best you recall, was there one deputy or more than one who was accompanying you during your interview?

A. I don't recall. I suspect maybe I recalled better then. It was some time ago. There may have been more than one.

At the time with COVID, it was quite complicated to do a cell-side evaluation.

Q. And you also said, when asked the purpose of the deputies, you said:

"The deputies provided a security escort. Since I was in a custodial setting, the deputy was by my side for the entirety of the interview."

Is that true?

A. Yes.

Q. You were asked in Question 4 the following question:

"During or after your visit, did you inform any sworn personnel of any concerns concerning the condition of Rupard or his cell? Please identify and explain in detail."

And then your answer there appears in red on the exhibit?

A. Yes.

report was completed?
A. No.
Q. Do you know what that represents?
A. The date -- the court date. The court hearing date.
03:52PM
Q. Do you know as you sit here today when your report was completed?
A. So we complete our report shortly prior to the court -- court dates. And then I submitted my report to Carmel Vines on March 21st.
03:52PM
Q. Thank you. That's what I was looking for. So March 21 would have been the date that you sent the report to staff in your office and then they further disseminated the report, correct?
03:53PM
A. Exactly.
Q. I'm sorry. The date of death here was the 17th, correct?
MR. IREDALE: St. Patrick's Day.
BY MR. KRUEGER:
03:53PM
Q. As far as you know, is it true to say that your report was not complete as of the time that Mr. Rupard passed?
A. The date is after -- yes. That is correct.
Q. I understand that at the time, you didn't know he had passed. But based on the dates you can see here
03:53PM

now, your report was completed after he had already passed, correct?

A. Yes.

Q. You evaluated Mr. Rupard for his competency to stand trial, correct?

A. Correct.

Q. Is that standard that you were evaluating against the same standard as whether or not someone is; for example, gravely disabled under the LPS?

A. No. It's a different evaluation.

Q. How do those two standards differ?

A. One is much more clinical in nature, but they are just asking different questions to the court. Generally, in the LPS we're looking at grave disability.

Q. Let me ask the question a different way. I think maybe I asked a poor question.

If you find, as you did with Mr. Rupard, that a particular inmate is not competent to stand trial, is that -- is it necessarily true that that person is also gravely disabled within the meaning of the LPS?

MR. IREDALE: You'll forgive me. I have to object as calling for an opinion conclusion of a legal nature. But go ahead and answer, if you can.

THE WITNESS: It's a different question.

BY MR. KRUEGER:

## REPORTER'S CERTIFICATION

I, Susan Swan, RPR, CRR, CCRR, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

That the foregoing witness was by me duly sworn; that the deposition was then taken before me at the time and place herein set forth; that the testimony and proceedings were reported stenographically by me and later transcribed into typewriting under my direction; that the foregoing is a true record of the testimony and proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name this 30th day of December, 2025.

Susan Swan

Susan Swan, RPR, CRR, CCRR
CSR No. 7338